# EXHIBIT B

1   Jennifer J. Johnston (State Bar No.: 125737)
    Email: jjohnston@condonlaw.com
2   Justin M. Schmidt (State Bar No.: 309656)
    Email: jschmidt@condonlaw.com
3   Christina V. Ferreiro (State Bar No.: 349562)
    Email: cferreiro@condonlaw.com
4   CONDON & FORSYTH LLP
    1901 Avenue of the Stars, Suite 1050
5   Los Angeles, California 90067
    Telephone: (310) 557-2030
6   Facsimile: (310) 557-1299

7   Attorneys for Defendant
    MENZIES AVIATION (USA) INC.

8

9              UNITED STATES DISTRICT COURT

10           NORTHERN DISTRICT OF CALIFORNIA

11

12   FREDERICK MARC COOLEY,      )   Case No. 3:24-cv-01437-SK
                                 )
13           Plaintiff,          )   **DECLARATION OF JOHN MAGGIO**
                                 )   **IN SUPPORT OF DEFENDANT**
14       vs.                  )   **MENZIES AVIATION (USA) INC.'S**
                                 )   **MOTION TO DISMISS PLAINTIFF'S**
15   MENZIES AVIATION (USA) INC; AMER SM)   **FIRST AMENDED COMPLAINT**
    ASIF; WILLIAM REVIS; JOHN DOE; JANE  )   **PURSUANT TO RULE 12(b)(6) OF THE**
16   DOE,                    )   **FEDERAL RULES OF CIVIL**
                                 )   **PROCEDURE**
17           Defendants.        )
                                 )   Date:      August 5, 2024
18                                  )   Time:      9:30 a.m.
                                 )   Place:     Courtroom C – 15th Floor
19   _____ )

20         I, John Maggio, declare as follows:

21         1.      I am a member of the law firm of Condon & Forsyth, LLP, counsel for defendant

22   Menzies Aviation (USA) Inc. (hereinafter "Menzies") in the above-entitled action.   Condon &

23   Forsyth LLP also were counsel for Menzies in a lawsuit filed by plaintiff in the United States

24   District Court for the Middle District of Florida entitled, *Cooley v. Amer SM Asif, et al.*, Case

25   No. 6:23-cv-00299-CEM-LHP, alleging the same causes of action alleged in this instant case.  I

26   have personal knowledge of the facts stated in this declaration and, if called as a witness, could

27   competently testify to these facts.

28

2.     This declaration is submitted in support of defendant Menzies' Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

3.     On February 21, 2023, the Plaintiff herein, Frederick Cooley, filed a lawsuit against Frontier Airlines and Amer S. M. Asif in the United Stated District Court for the Middle District of Florida.  The complaint alleged that on January 15, 2023, while boarding a Frontier Airlines flight at Orlando International Airport, Mr. Asif subjected Mr. Cooley to discrimination and civil battery.  The compliant erroneously alleged that Mr. Asif was an employee of Frontier Airlines, when, in fact, he was an employee of Menzies.  Menzies provides employees to Frontier to work as gate agents for Frontier flights at Orlando, and Mr. Asif was working as a gate agent for Plaintiff's flight at the time of the alleged incident.  *See* Complaint filed in the Middle District of Florida, attached as Exhibit "A."

4.     On June 8, 2023, Mr. Cooley filed a First Amended Complaint in the Florida action, naming Menzies as a defendant, and correctly naming Mr. Asif as a Menzies employee, and adding William Revis, another Menzies employee, as a defendant.  *See* Amended Complaint filed in the Middle District of Florida, attached as Exhibit "B."

5.     Condon & Forsyth was retained by Menzies to represent Menzies and Menzies' employees in Mr. Cooley's action, and I appeared as counsel of record for Menzies, Mr. Asif, and Mr. Revis in the Florida action.

6.     Court rules in Florida required Mr. Cooley to file a case management report; however, Mr. Cooley failed to file any case management report by the required deadline.  On January 30, 2024, the Court dismissed Mr. Cooley's action in the Middle District of Florida *sua sponte* due to Mr. Cooley's failure to file a case management report.  *See* Order of Dismissal, attached as Exhibit "C."

7.     Thereafter, on March 8, 2024, Mr. Cooley filed his complaint in this Court, repeating his allegations of racial discrimination and civil battery against Menzies, Mr. Asif, and Mr. Revis.

DECLARATION OF JOHN MAGGIO IN SUPPORT OF
MOTION TO DISMISS OF DEFENDANT
MENZIES AVIATION (USA) INC.
CASE NO.: 3:24-cv-01437-SK

- 2 -

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

8.      Before Mr. Cooley served the complaint he filed in the Northern District of California, I engaged in settlement discussions on behalf of Menzies and its employees and insurers with Mr. Cooley, and we reached a settlement agreement.  At no time during the settlement discussions did I make any agreement or commitment as to when the settlement funds would be paid.

9.      On March 25, 2024, I forwarded a release to Mr. Cooley for his review and signature.  In the release, Mr. Cooley agrees to release all of his claims that are the subject of his lawsuit against Menzies, its employees and its insurers.  The release does not contain any provisions as to when the settlement funds would be paid.  The release does, however, contain provisions stating that all of the parties' obligations under the settlement agreement are contained in the release and there are no oral agreements related to the settlement agreement that are not stated in the release.  Mr. Cooley signed and returned the release to me on March 25, 2024.  *See* Release attached as Exhibit "D."

10.     After Mr. Cooley returned the release, he telephoned me almost daily to ask when his settlement funds would be paid.  I explained to him that the settlement funds were coming from London, and it would take a bit of time for them to be transferred to our client trust account, but, hopefully, we would have them in thirty days.  However, I at no time made any promises to Mr. Cooley as to when the settlement funds would be paid.

11.     On April 25, 2024, I sent Mr. Cooley an e-mail advising him that we were expecting the funds by April 29, 2024.  There was a delay of a few days, however, and we did not receive the settlement funds in our client trust account until Friday, May 3, 2024.  On the morning of May 3, I sent Mr. Cooley an e-mail advising him that we had the settlement funds and would be transferring them to his account.  Later that same day, I sent Mr. Cooley another e-mail advising him that the wire payment had been set up and requesting that he confirm receipt of the settlement funds.  *See* April 25, 2024, and May 3, 2024, e-mails, attached as Exhibit "E."

12.     On Monday, May 6, 2024, the settlement funds were deposited in Mr. Cooley's bank account.  *See* wire transfer confirmation, attached as Exhibit "F."

13.     On that same day, May 6, 2024, instead of dismissing his complaint in the Northern District of California as he was required to do under the settlement agreement, Mr. Cooley filed a First Amended Complaint in this action, in which he alleged, incorrectly, that Menzies had breached the settlement agreement and he had withdrawn from the settlement.  *See* First Amended Complaint, ECF No. 10, attached as Exhibit "G."  However, I never received any communication from Mr. Cooley by telephone or e-mail that he was "withdrawing" from the settlement agreement, and I never received the letter that he alleges in his FAC that he sent to me withdrawing from the settlement agreement.

14.     On June 17, 2024, after I learned that Mr. Cooley filed his Amended Complaint making these allegations, I attempted to contact Mr. Cooley to discuss the matter.  However, he failed to return my telephone call or respond to my e-mail.  *See* June 17, 2024 e-mail, attached as Exhibit "H."

15.     Mr. Cooley also has retained the settlement funds that were wired to his account in furtherance of the settlement agreement.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 27th day of June 2024 at 3300 Lenox Road, Atlanta, Georgia.

_____
John Maggio

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

# EXHIBIT A

# UNITED STATES DISTRICT COURT

### for the

### MIDDLE DISTRICT OF FLORIDA ▾

### ORLANDO Division

| | | |
|---|---|---|
| FREDERICK MARC COOLEY | ) | Case No.  6:23-CV-299-CEM-LHP |
| | ) | *(to be filled in by the Clerk's Office)* |
| | ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | Jury Trial: *(check one)* ☑ Yes ☐ No |
| *(Write the full name of each plaintiff who is filing this complaint.* | ) | |
| *If the names of all the plaintiffs cannot fit in the space above,* | ) | |
| *please write "see attached" in the space and attach an additional* | ) | |
| *page with the full list of names.)* | ) | |
| -v- | ) | |
| FRONTIER AIRLINES, INC.; | ) | |
| AMER SM ASIF; | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |
| *(Write the full name of each defendant who is being sued. If the* | ) | |
| *names of all the defendants cannot fit in the space above, please* | | |
| *write "see attached" in the space and attach an additional page* | | |
| *with the full list of names.)* | | |

## COMPLAINT FOR A CIVIL CASE

### I.     The Parties to This Complaint

#### A.     The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | FREDERICK MARC COOLEY |
| Street Address | P.O. BOX 4575 |
| City and County | VALLEJO, SOLANO |
| State and Zip Code | CALIFORNIA, 94590 |
| Telephone Number | (707) 373-6405 |
| E-mail Address | cooleyfrederickm@gmail.com |

#### B.     The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

    Name                        FRONTIER AIRLINE INC.

    Job or Title *(if known)*

    Street Address              4545 AIRPORT WAY

    City and County             DENVER,

    State and Zip Code        COLORADO, 80239

    Telephone Number        800-432-1350

    E-mail Address *(if known)*

Defendant No. 2

    Name                        AMER SM ASIF

    Job or Title *(if known)*

    Street Address               8837 LATREC AVE

    City and County             ORLANDO, ORANGE COUNTY

    State and Zip Code        FLORIDA, 32819

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 3

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 4

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

**II.    Basis for Jurisdiction**

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction?  *(check all that apply)*

[✔] Federal question          [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

**A.      If the Basis for Jurisdiction Is a Federal Question**

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.
 Federal Aviation Act, 49 U.S.C. § 44902; Equal Rights Under The Law 42 U.S.C.A. § 1981'

**B.      If the Basis for Jurisdiction Is Diversity of Citizenship**

1.      The Plaintiff(s)

a.      If the plaintiff is an individual

The plaintiff, *(name)* _____ , is a citizen of the State of *(name)* _____ .

b.      If the plaintiff is a corporation

The plaintiff, *(name)* _____ , is incorporated under the laws of the State of *(name)* _____ ,

and has its principal place of business in the State of *(name)* _____ .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.      The Defendant(s)

a.      If the defendant is an individual

The defendant, *(name)* _____ , is a citizen of the State of *(name)* _____ . Or is a citizen of *(foreign nation)* _____ .

Page 3 of 5

b.   If the defendant is a corporation

The defendant, *(name)* _____ , is incorporated under

the laws of the State of *(name)* _____ , and has its

principal place of business in the State of *(name)* _____ .

Or is incorporated under the laws of *(foreign nation)* _____ ,

and has its principal place of business in *(name)* _____ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.   The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:
AMOUNT IN CONTROVERSY TO BE DETERMINED BY A JURY.

## III.   Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.
SEE ADDITIONAL PAGES

## IV.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

PLAINTIFF REQUESTS COMPENSATORY AND PUNITIVE DAMAGES UNDER FEDERAL AND FLORIDA STATE LAW. RELIEF IS ALSO BEING SOUGHT FOR THE INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:          02/11/2023

Signature of Plaintiff

Printed Name of Plaintiff          FREDERICK MARC COOLEY

### B.    For Attorneys

Date of signing:          _____

Signature of Attorney          _____

Printed Name of Attorney          _____

Bar Number          _____

Name of Law Firm          _____

Street Address          _____

State and Zip Code          _____

Telephone Number          _____

E-mail Address          _____

FREDERICK MARC COOLEY
P.O. BOX 4575
VALLEJO, CA 94590
(707) 373-6405
cooleyfrederickm@gmail.com

In Pro Se

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA

### ORLANDO, DIVISION

FREDERICK MARC COOLEY,

      Plaintiff,

    v.

FRONTIER AIRLINES, INC.;
AMER SM ASIF;

      Defendants.

No.

## ADDITIONAL PAGES
## STATEMENT OF FACTS

1. On November 28, 2022, Plaintiff Frederick Marc Cooley ("**COOLEY**"), a Black American male, booked with Defendant Frontier Airlines, Inc. ("**FRONTIER**") through its agent "Justfly", an international roundtrip ticket from Oakland, California to Santo Domingo, Dominican Republic with a departure date of December 12, 2022, and a return date of January 14, 2023.

2. On January 14, 2023, Frontier cancelled Cooley's departure at the Las Americas International Airport, in Santo Domingo, Dominican Republic and provided a hotel until the next day January 15, 2023, at 10:00 am.

3. On January 15, 2023, Cooley returned back to Las Americas International Airport and paid $89 for a carry-on bag.

1

4. The flight was then delayed until 12:30 p.m.

5. Cooley boarded the flight that included a transfer to Orlando International Airport to fly to Las Vegas, Nevada with Oakland, California.

6. Cooley arrived at 3:00 p.m. and laid over in Orlando International Airport located at 9102 JEFF FUQUA BLVD., Orlando, Florida 32827 for approximately 6 hours at gate 10 waiting to depart.

7. Using his boarding pass, Cooley attempted to board Frontier Flight F91103 at the gate where he was greeted by Defendant Frontier Airline Inc. employee, Amer S M Asif ("**ASIF**"), a non-Black-American male.

8. Asif checked Cooley's boarding pass and pointed out that the boarding pass did not describe a carry-on bag was authorized for the flight and directed Cooley to pay for a carry-on.

9. Cooley attempted to provide proof that he had paid $89 for a carry-on bag but was told by a black male Frontier Airline employee that he could see that Cooley paid $89 but could not determine what Cooley paid $89 for and told Cooley that he would have to pay $89 for the carry-on bag.

10. Cooley thereafter paid $89 for the carry-on bag a second time after a non-black American woman boarding the flight also paid for a carry-on bag.

11. Asif knew Cooley and at least 30 other passengers had waited at gate #10 a minimum of six hours to board flight # F91103 to Las Vegas and that the flight was the last flight of the day departing at 9:15 p.m.

12. Asif took Cooley's receipt for carry-on payment and subjected Cooley to discrimination when Asif told Cooley that the non-black American woman could board the plane, but Cooley could not.

13. Cooley continued down the Jet Bridge to the airplane and Asif subjected Cooley to civil battery when he intentionally and offensively grabbed Cooley's shoulder without Cooley's consent and unsuccessfully attempted to pull Cooley back.

14. As Cooley walked down the Jet Bridge, on at least two more occasions Asif subjected Cooley to civil battery by intentionally and offensively grabbing Cooley without his consent, as Cooley told Asif to let go of him and to stop touching him, which Asif continued to do to impede Cooley's travel.

15. Asif slandered Cooley by falsely reporting to his supervisor and to Orlando police that Cooley subjected Asif to battery, resulting in Cooley being denied rebooking a flight with Frontier.

16. Cooley was forced to purchase another ticket to fly on a different airline to reach his final destination.

17. Cooley was subjected to significant emotional distress.



This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuse may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; July 2022; All rights reserved.

PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED

**FROM:**

Frederick Cooley
P.O. Box 4575
Vallejo, Ca 94590

**TO:**

United States District Court
Middle District of Florida
Clerk of the Court
401 West Central Blvd
Orlando, Florida
32801

PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL

**PRIORITY MAIL**

Retail

UNITED STATES POSTAL SERVICE

P

US POSTAGE PAID

**$9.65**

Origin: 94590
02/16/23
0580670175-15

PRIORITY MAIL®

0 Lb 8.60 Oz

RDC 04

EXPECTED DELIVERY DAY: 02/21/23

C016

SHIP
TO:
401 W CENTRAL BLVD
ORLANDO FL 32801-0401

USPS TRACKING® #

9505 5102 7458 3047 3198 06

EP14F July 2022
OD: 12 1/2 x 9 1/2

USPS.COM/PICKUP

This package is made from post-consumer waste. Please recycle - again.



UNITED STATES
POSTAL SERVICE ®

PRIORITY
MAIL ®

RATE ENVELOPE
ANY WEIGHT

free Package Pickup,
the QR code.

.COM/PICKUP

KED ∎ INSURED

001000014

EP14F July 2022
OD: 12 1/2 x 9 1/2

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

# EXHIBIT B

# UNITED STATES DISTRICT COURT

### for the

## MIDDLE DISTRICT OF FLORIDA ▼

### ORLANDO Division

| | | |
|---|---|---|
| FREDERICK MARC COOLEY | ) | Case No.     6:23-cv-00299-CEM-LHP |
| | ) | *(to be filled in by the Clerk's Office)* |
| *Plaintiff(s)* | ) | |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) ) ) | Jury Trial: *(check one)* ☑ Yes ☐ No |
| –v– | ) | |
| FRONTIER AIRLINE INC.; MENZIES AVIATION (USA) INC.; AMER SM ASIF JOHN DOE; JANE DOE; WILLIAM REVIS | ) ) ) | |
| | ) | |
| *Defendant(s)* | ) | |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) ) ) | |

### FIRST AMENDED

## COMPLAINT FOR A CIVIL CASE

## I.   The Parties to This Complaint

### A.   The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | FREDERICK MARC COOLEY |
| Street Address | P.O. BOX 4575 |
| City and County | VALLEJO, SOLANO |
| State and Zip Code | CALFIORNIA. 94590 |
| Telephone Number | (707) 373-6405 |
| E-mail Address | cooleyfrederickm@gmail.com |

### B.   The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

    Name                            FRONTIER AIRLINE INC.

    Job or Title *(if known)*

    Street Address               4545 AIRPORT WAY

    City and County            DENVER, ARAPAHOE

    State and Zip Code        COLORADO 80239

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 2

    Name                            MENZIES AVIATION (USA), INC.

    Job or Title *(if known)*

    Street Address                4900 DIPLOMACY ROAD

    City and County            FORT WORTH, TARRANT COUNTY

    State and Zip Code        TEXAS, 76155

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 3

    Name                            AMER S.M. ASIF

    Job or Title *(if known)*     GATE AGENT

    Street Address                8837 LATREC AVE, #102

    City and County            ORLANDO, ORANGE

    State and Zip Code        FLORIDA, 32819

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 4

    Name                            JOHN DOE

    Job or Title *(if known)*     SUPERVISOR

    Street Address

    City and County            ORLANOD, ORANGE

    State and Zip Code        FLORIDA, 32819

    Telephone Number

    E-mail Address *(if known)*

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal question          ☑ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.
42 U.S. 1981

### B.    If the Basis for Jurisdiction Is Diversity of Citizenship

1.    The Plaintiff(s)

a.    If the plaintiff is an individual

The plaintiff, *(name)*  FREDERICK MARC COOLEY          , is a citizen of the State of *(name)*          CALIFORNIA          .

b.    If the plaintiff is a corporation

The plaintiff, *(name)*          , is incorporated under the laws of the State of *(name)*          ,

and has its principal place of business in the State of *(name)*

.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

a.    If the defendant is an individual

The defendant, *(name)*          AMER S.M. ASIF          , is a citizen of the State of *(name)*          FLORIDA          . Or is a citizen of *(foreign nation)*

b.    If the defendant is a corporation

The defendant,  *(name)*    MENZIES AVIATION (USA) INC    , is incorporated under

the laws of the State of *(name)*    FLORIDA    , and has its

principal place of business in the State of *(name)*    TEXAS    .

Or is incorporated under the laws of *(foreign nation)*    ,

and has its principal place of business in *(name)*    .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:
PLAINTIFF HAS SUFFERED SUBSTANTIAL COMPENSATORY DAMAGES WHICH SHOULD BE DETERMINED BY A JURY.

## III.    Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.
SEE ADDITIONAL PAGES ATTACHED

## IV.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

COMPENSATORY AND PUNITIVE DAMAGES

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    06/07/2023

Signature of Plaintiff    _Frederick M. Cooley_

Printed Name of Plaintiff    FREDERICK MARC COOLEY

### B.    For Attorneys

Date of signing:    _____

Signature of Attorney    _____
Printed Name of Attorney    _____
Bar Number    _____
Name of Law Firm    _____
Street Address    _____
State and Zip Code    _____
Telephone Number    _____
E-mail Address    _____

1   FREDERICK MARC COOLEY
    P.O. BOX 4575
2   VALLEJO, CA 94590
    (707) 373-6405
3   cooleyfrederickm@gmail.com
4   In Pro Se
5
6                        UNITED STATE DISTRICT COURT
7
8                        MIDDLE DISTRICT OF FLORIDA
9
10                           ORLANDO DIVISION
11
12  FREDERICK MARC COOLEY,              No.  6:23-cv-0299-CEM-LHP
13                Plaintiff,            FIRST AMENDED COMPLAINT
14       v.
15  FRONTIER AIRLINE INC.; MENZIES
    AVIATION INC.; AMER SM ASIF;
16  JOHN DOE; JANE DOE, WILLIAM
    REVIS;
17
18                Defendant.
19
20                   **ADDITIONAL DEFENANTS**
21
          Claims are sought against defendant Jane Doe number 5, who is a Menzies
22  Aviation USA Inc, employee with a job title of supervisor and who resides and employed
23  in the City of Orlando, County of Orange, State of Florida, 32819.
24
          Claims are sought against defendant Willaim Revis ("**REVIS**") number 6, who is a
25  Menzies Aviation USA Inc. employee and who resides in the City of Orlando, County
26  Orange, State of Florida, 32819.
27
28
                                     1

**STATEMENT OF FACTS**

1. On November 28, 2022, Plaintiff Frederick Marc Cooley ("**COOLEY**"), a Black American adult male, booked with defendant Frontier Airlines, Inc. ("**FRONTIER**") through its agent "Justfly", an international roundtrip ticket from Oakland, California to Santo Domingo, Dominican Republic with a departure date of December 12, 2022, and a return date of January 14, 2023.

2. On January 14, 2023, Frontier cancelled Cooley's departure at the Las Americas international Airport, in Santo Domingo, Dominican Republic for an unknown reason and Frontier offered and provided to Cooley a hotel until the next day January 15, 2023, with the understanding that his flight would depart at 10:00 am.

3. On January 15, 2023, Cooley returned to Las Americas International prior to his flight's departure and paid $89 for a carry-on bag.

4. The flight was then delayed until 12:30 p.m.

5. Cooley boarded the flight which included a layover at Orlando International Airport to fly to Las Vegas, Nevada with another layover to Cooley's final destination to Oakland, California, as Cooley is a citizen of the United States of America and resides in the State of California, County of Solano, City of Vallejo.

6. Cooley arrived at 3:00 p.m. and laid over in Orlando International Airport located at 9102 JEFF FUQUA BLVD., Orlando, Florida 32827 for approximately 6 hours at gate 10 waiting to depart.

7. Cooley is informed and believes that while using his boarding pass, Cooley attempted to board Frontier Airline Flight F91103 at gate 10, where he was greeted by a Defendant Menzies Aviation (USA), Inc. ("**MENZIES**") gate agent Defendant Amer SM Asif ("**ASIF**") a non-Black American adult male, who is a

citizen of the United States of America, and resides in the State of Florida, County of Orange, City of Orlando.

8. Menzies is a non-airline-owned aviation support company providing aviation ground handling services, such as air cargo, baggage, passenger, and ramp handling services, at multiple airports.

9. Menzies provides ground handling services to multiple commercial aviation carriers at Orlando International Airport.

10. Mid–2013, Menzies added Frontier Airlines as a customer.

11. Defendant Asif scanned Cooley's boarding pass and pointed out that the boarding pass did not describe a carry-on bag was authorized for the flight, refused to let Cooley's boarding and directed Cooley to pay for a carry-on bag in order to board the plan with the bag.

12. Cooley attempted to provide proof that he had paid $89 for the carry-on bag at the Las Americas International Airport in Santo Domingo, Dominican Republic but Cooley was told by an unidentified Black American adult male Menzies Aviation employee that he could see that Cooley paid $89 but he could not determine what Cooley paid $89 for and told Cooley that he would have to pay $89 for the carry-on bag.

13. Cooley thereafter paid $89 for the carry-on bag a second time after a non-Black American adult woman boarding the flight also paid for a carry-on bag.

14. Asif took Cooley's receipt for the carry-on payment and subjected Cooley to discrimination when Asif told Cooley that the non-Black American woman could board the plane, but Cooley could not.

15. Cooley continued down the jet bridge to board the plane and Asif subjected Cooley to civil battery when Asif intentionally and offensively grabbed Cooley's without Cooley's consent and unsuccessfully attempted to pushed and pull Cooley back subjecting cooley to substantial pain in his right arm.

16. As Cooley walked down the Jet Bridge, on at least two more occasions Asif

3

subjected Cooley to civil battery by intentionally and offensively grabbing Cooley without his consent, as Cooley told Asif to let go of him and to stop touching him which Asif continued to do in effort to impede Cooley's travel.

17. Asif and his co-worker defendant William Revis ("**REVIS**") both slandered/defamed Cooley by submitting false reports to defendant supervisors ("**JOHN DOE**") and ("**JANE DOE**"), and false police reports to Orlando Police Officers, and other airport employees that Cooley battered Asif, resulting in Cooley being denied completing his travel and the opportunity to rebooking another flight with Frontier.

18. Cooley was forced to purchase an airline ticket from United Airlines for a one-way $538.90 plane ticket with United Airlines to complete his travel and $162 for a hotel room at La Quinta by Wyndham until the next morning.

19. Frontier, Menzies, John Doe and Jane Doe are liable for Asif's discriminatory actions.

20. Frontier, Menzies, John Doe and Jane Doe are vicariously liable for Asif's negligent actions that resulted in substantial monetary, emotional and physical injuries.

21. Frontier, Menzies, John Doe and Jane Doe are liable for their negligence in supervising Asif, Revis and other Menzies subordinates because they were aware or should have become aware that Asif, Revis and other Menzies subordinates were unfit and failed to investigate, discharge or reassign.

# EXHIBIT C

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**FREDERICK MARC COOLEY,**

**Plaintiff,**

v.                                                    **Case No.  6:23-cv-299-CEM-LHP**

**AMER SM ASIF, MENZIES
AVIATION (USA) INC., JOHN
DOE, and WILLIAM REVIS,**

**Defendants.**
_____/

**ORDER**

THIS CAUSE is before the Court upon *sua sponte* review. This Court entered

an Initial Order (Doc. 3), which reminds the parties of their obligations under Local

Rule 3.02. (*Id.* at 2). That Rule states that "within forty days after any defendant

appears in an action originating in this court," or "within forty days after the

docketing of an action removed or transferred to this court," "[t]he parties must file

[a] case management report." M.D. Fla. R. 3.02(b)(1)–(2). The parties were also

warned that failure to comply with any Local Rules or Court Orders may result in

the imposition of sanctions including, but not limited to, the dismissal of this action

without further notice. (Notice to Counsel and Parties, Doc. 4). The parties have failed to file a case management report, and the time to do so has passed.[1]

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. This case is **DISMISSED without prejudice**.

2. Any motion for reconsideration must be filed within fourteen days of this Order, comply with all Local Rules, and include the following:

   a. a certification that the pro se Plaintiff has personally read the Court's Initial Order and the Local Rules cited therein;

   b. an explanation for why the deadline was missed; and

   c. as a separate docket entry, the Case Management Report.

3. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on January 30, 2024.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[1] If fault for noncompliance lies entirely with Defendants, Plaintiff may seek reconsideration on that basis.

# EXHIBIT D

## GENERAL RELEASE OF ALL CLAIMS

The undersigned, FREDERICK MARC COOLEY (hereinafter and collectively "Releasor"), being over the age of eighteen years and residing at ████████████████████, for the total and sole consideration of ████████████████ (████████) (hereinafter the "Settlement Proceeds"), for themselves and in their own right, do hereby release and forever discharge MENZIES AVIATION (USA), INC., as well as any of their subsidiaries, parent companies, divisions, corporations, joint ventures, related or affiliated companies, successors, directors, officers, agents, employees, servants, joint venturers, affiliates, affiliates' employees, stockholders, survivors, heirs, executors, assigns, and all of their Underwriters including but not limited to participating insurance companies and their adjusters, investigators and attorneys, and any and all other persons or entities who are liable or who might be claimed to be liable (hereinafter "Releasees"), for or on account of any claims, losses or damages resulting from or arising out of personal injuries and denial of boarding allegedly sustained by Releasor in connection with transportation on Frontier flight F91103 from Orlando, Florida to Oakland, California on January 15, 2023 (hereinafter referred to as the "Incident"), and which is subject of a lawsuit in the United States District Court, Northern District Of California under case number. 3:24-cv-01437-SK (hereinafter the "Action").

This General Release of All Claims includes, but is not limited to, any and all claims, damages, remedies, actions, and causes of action alleged or brought, or which could have been alleged or brought under the laws, codes, treaties and statutes of any and all local, state, federal, or foreign law. Further, this General Release of All Claims extends and applies to, and also covers and includes, all unknown, unforeseen, unanticipated, and unsuspected injuries, damages, losses and liabilities, and the consequences thereof, as well as those now disclosed and known to exist. The provisions of any local, state, federal, or foreign law, statute, or judicial decision, code or rule providing in substance that releases shall not extend

to claims, demands, injuries, damages, losses and liabilities which are unknown or unsuspected to exist at the time herein to persons executing such releases, are hereby expressly waived.

It is fully understood and agreed that this General Release of All Claims specifically includes, but is not limited to, any and all liens, subrogation interests, and/or claims of any nature or kind whatsoever, to include, but not limited to, funeral expenses, hospital liens, medical liens, attorneys' fees liens, Workers' Compensation liens, Veterans' Administration liens, and any and all governmental liens, claims or interests, which, if any such claims, liens and/or interests exist, or shall hereafter arise, the Releasor agrees to fully satisfy and to save, hold harmless, defend and indemnify these Releasees.

Releasor further understands and agrees that the payment of the aforesaid Settlement Proceeds in full and final settlement of this matter is the compromise of a disputed claim or claims and that the payment made is not to be construed as an admission of liability on the part of any and all parties and entities hereby released, by whom liability is expressly and without limitation denied.

Pursuant to U.S. Federal law, Releasees are obligated to report specific information about Releasor relating to Medicare eligibility status and Releasor hereby consents to the dissemination of Releasor's personal information as necessary for Releasees to comply with U.S. Federal law and releases Releasees for any breach of confidentiality or privacy infringement claims related to such compliance. To that end, Releasor agrees to provide their full cooperation to Releasees to ensure compliance with all reporting requirements and other provisions under the Medicare Secondary Payer Act, Section 111 of the Medicare, Medicaid, and State Children's Health Insurance Program Extension Act of 2007 and any other applicable U.S. Federal or State laws, and Releasor agrees to defend, indemnify, and hold harmless Releasees for any penalties incurred by Releasees based upon Releasor's non-cooperation or misinformation, whether intentional or unintentional.

In the event that Releasor is Medicare eligible, Releasor further understands and agrees that

the Settlement Proceeds shall not be disbursed until Releasees' receipt of a Final Demand Letter advising the total amount, if any, of Medicare's right to reimbursement; that Releasees shall then repay Medicare for that right to reimbursement directly from the Settlement Proceeds; and that Releasees shall thereafter disburse the remainder of the Settlement Proceeds to Releasor.

Releasor further agrees, in the event that Releasor is Medicare eligible, to notify the Centers for Medicare and Medicaid Services or the appropriate agency thereof and any and all other persons or entities asserting rights, claims or liens against the payment of the Settlement Proceeds, and Releasor agrees to comply with all obligations imposed by the Medicare Secondary Payer Act and all other applicable U.S. Federal or State laws. Releasor additionally agrees to defend, indemnify and hold harmless Releasees for any amounts, including attorneys' fees, paid by Releasees as a result of any liens or claims asserted against the Settlement Proceeds, or made directly against Releasees, by any person or entity who is not a party to this General Release of All Claims but who claims any interest in the Settlement Proceeds or subject matter of this General Release of All Claims.

It is further declared and represented that no promises or agreements or assignments not herein expressed have been made and that this General Release of All Claims contains the entire agreement between the parties hereto and that that the terms of this General Release of All Claims are contractual and not a mere recital.

By execution of this General Release of All Claims, the undersigned Releasor acknowledges, understands, declares, covenants, and agrees that the terms of this settlement have been completely read and fully understood, and are for the purpose of making a full and final compromise, adjustment and settlement of any and all actions, causes of action and claims, disputed or otherwise, on the account of any losses, damages, injuries and matters of whatsoever nature or name, and for the express

purpose of precluding forever any further or other claims, causes of action, and actions of whatsoever name or nature as against any person and/or entity for any purpose at any time arising out of or as a result of the aforesaid Incident, and it is specifically intended, covenanted, and agreed by the parties to this General Release of All Claims that all persons and entities, whether known or unknown, whether named in this General Release of All Claims or not named, be released from any and all further claims and/or actions as a result of or relating to the Incident as aforementioned.

By execution of this General Release of All Claims, the undersigned Releasor acknowledges, covenants, agrees and stipulates in consideration of the Settlement Proceeds to defend and indemnify and forever hold harmless the aforesaid Releasees as against loss and/or liability from any and all further claims, demands and/or actions which exist or may hereafter exist and at any time be made or brought against the aforesaid Releasees by Releasor or on Releasor's behalf.

The undersigned Releasor further acknowledges that any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information, or conceals for the purposes of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime and shall be subject to a civil penalty not to exceed five thousand dollars and the stated value of the claim for each such violation.

The amount of the Settlement Proceeds and the contents of this General Release of All Claims shall remain confidential and shall not be disclosed, other than to the Releasor's attorneys, tax advisors, investment and financial advisors, and any taxing authority as needed or as otherwise required by law, or upon the order of a court of competent jurisdiction. Releasor further agrees that any breach of the above confidentiality provision shall result in liquidated damages in the amount of two thousand and five hundred dollars ($2,500.00) per occurrence. Releasor acknowledges that: (i)

the amount of loss or damages likely to be incurred as a result of a breach of the foregoing paragraph is incapable of calculation or estimation; (ii) that the amount of the liquidated damages agreed herein bears a reasonable relationship to, and is not plainly or grossly disproportionate to, the probable loss likely to be incurred in connection with failure by Releasor to maintain the confidentiality of the terms of this General Release of All Claims; (iii) that one of the reasons for the parties to reach an agreement as to such amounts was the uncertainty and cost of litigation regarding the question of actual damages; and (iv) that Releasor and Releasees are sophisticated parties and/or are represented by sophisticated and able legal counsel in the negotiation of this General Release of All Claims.

To secure this settlement and payment of the aforesaid sum, Releasor hereby declares, covenants and warrants that Releasor is over eighteen (18) years of age; that Releasor is suffering from no legal disabilities whatsoever which would impair or disable Releasor from executing this General Release of All Claims; and that Releasor relies wholly upon their own judgment, belief and knowledge as to and of the nature, extent, and duration of injuries, losses, disabilities and damages, and causes of actions and claims claimed, which could have been alleged or claimed, and/or which have been alleged or claimed as sustained by the Releasor, and that no representations or statements about them made by an attorney, representative, or agent of the said Releasees has influenced Releasor making or induced Releasor to make this statement.

IN WITNESS WHEREOF I have hereunto set my hand and Seal and delivered these presents

12:46 ?м

at ___V , 25___ this day of ___March___, 2024.

I HAVE READ THIS GENERAL RELEASE OF ALL CLAIMS:

FREDERICK MARC COOLEY

Sworn to before me this

25 day of MARCH 2024

See Attached California
Acknowledgement Jurat

_____

Notary Public

**CALIFORNIA JURAT**                                    GOVERNMENT CODE § 8202

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of Solano

Subscribed and sworn to (or affirmed) before me on

this __25__ day of __MARCH__, 20__24__, by
     Date        Month         Year

(1) __FREDERICK MARC COOLDY__

(and (2) __N/A_____ ),
                Name(s) of Signer(s)

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

SYLVESTER CULLEN
Notary Public - California
Solano County
Commission # 2465994
My Comm. Expires Oct 10, 2027

*Place Notary Seal and/or Stamp Above*

Signature __Sylvester C__
          Signature of Notary Public

─────────────── OPTIONAL ───────────────

*Completing this information can deter alteration of the document or
fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**

Title or Type of Document: __GENERAL RELEASE OF ALL CLAIMS__

Document Date: __MARCH 25, 2024__     Number of Pages: __6__

Signer(s) Other Than Named Above: __NONE__

©2019 National Notary Association

# EXHIBIT E

| **From:** | John Maggio <JMaggio@condonlaw.com> |
| **Sent:** | Thursday, April 25, 2024 7:19 AM |
| **To:** | Frederick Cooley |
| **Subject:** | Settlement funds |

Dear Mr. Cooley,

Further to our call yesterday, I have been told that we should have funds Monday, April 29.  Apologies for the short delay, but I will touch base next week.

Regards,
John

---

**John Maggio**
Partner


**Condon & Forsyth LLP**
7 Times Square  /  New York, NY 10036
701 Brickell Avenue  /  Suite 1550  /  Miami, FL 33131
NY 212.894.6792  /  FL 305.492.7303
Mobile 718.753.9536
condonlaw.com

***************************************************
NOTICE: This message is intended only for use by the named addressee and may contain privileged and/or confidential information. If you are not the named addressee you should not disseminate, copy or take any action in reliance on it. If you have received this message in error please notify info@condonlaw.com and delete this message and any attachments accompanying it immediately.

*Any U.S. federal tax advice contained in this correspondence (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

| **From:** | John Maggio <JMaggio@condonlaw.com> |
| **Sent:** | Friday, May 3, 2024 6:50 AM |
| **To:** | Frederick Cooley |
| **Subject:** | Settlement funds |

Dear Mr. Cooley,
The money arrived.
I'm at a meeting but was just alerted that it is here.
Our accounting department should be setting up the wire now and I will confirm once my meeting is over.
John

Get Outlook for iOS

| | |
|---|---|
| **From:** | John Maggio <JMaggio@condonlaw.com> |
| **Sent:** | Friday, May 3, 2024 4:06 PM |
| **To:** | Frederick Cooley |
| **Subject:** | RE: Settlement funds |

Mr. Cooley,

Further to my earlier email, I have been told the wire payment was set up.  Please confirm once you receive the $███
Again, thank you for your patience.
Enjoy the weekend.

_____

**John Maggio**
Partner


**Condon & Forsyth LLP**
7 Times Square  /  New York, NY 10036
701 Brickell Avenue  /  Suite 1550  /  Miami, FL 33131
NY 212.894.6792  /  FL 305.492.7303
Mobile 718.753.9536
condonlaw.com

**************************************************
NOTICE: This message is intended only for use by the named addressee and may contain privileged and/or confidential information. If you are not the named addressee you should not disseminate, copy or take any action in reliance on it. If you have received this message in error please notify info@condonlaw.com and delete this message and any attachments accompanying it immediately.

*Any U.S. federal tax advice contained in this correspondence (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

# EXHIBIT F



Wire Summary as of Jun 12, 2024 at 01:06 PM ET

# CitiBusiness® Online

## WIRE TRANSFER DETAILS

## Wire Transfer Status: **Complete**

*Fed Ref/CHIPS:* ▬▬▬▬▬▬▬▬▬         *Global ID:* ▬▬▬▬▬▬

| From | | To | |
|---|---|---|---|
| Account Name | --- | Beneficiary | **Frederick Marc Cooley** |
| Account Number | *****▬▬ | Beneficiary Account Number | ▬▬▬▬ |
| Account Type | Checking | ABA | ▬▬▬▬ |
| Set Up By | Alexis Banioniene | Beneficiary Address | --- |
| | | Beneficiary Phone | --- |
| | | Bank Address | SELF-HELP FCU, DURHAM, NC |
| | | Special Instructions | Settlement of Claim of FrederickMarc Cooley |

| Scheduling & Dates | | Amount & Additional Info | |
|---|---|---|---|
| Date Submitted | 05/06/2024 | Amount | ▬▬▬▬ USD |
| Date Completed | 05/06/2024 08:58 AM | Customer Reference No. | --- |
| | | Citibank Reference No. | 1270639722 |
| | | Additional Reference | --- |
| | | Additional Description for Statements | --- |

*This information is provided for your convenience only. It is not a substitute for the periodic statement which is the official record of your account activity.*

# EXHIBIT G

1  Frederick Marc Cooley
2  P.O. Box 4575
   Vallejo, Ca 94590
3  (707) 373-6405
   cooleyfrederickm@gmail.com
4

5              UNITED STATES DISTRICT COURT

6              NORTHERN DISTRICT OF CALIFORNIA

7

8   **FREDERICK MARC COOLEY,**            No.

9              Plaintiff,                 **FIRST AMENDED COMPLAINT FOR A
                                          CIVIL CASE**
10       v.
                                          [DEMAND FOR JURY TRIAL]
11  **MENZIES AVIATION (USA) INC;
    AMER SM ASIF; WILLIAM REVIS;**
12  **JOHN DOE; JANE DOE,**

13             Defendants.

14

15                    A. **JURISDICTION**

16

17     1. This court has Federal jurisdiction over this action pursuant to 28 U.S.C. 1332

18        [**Diversity of Citizenship**] and 42 U.S.C 1981 [**Racial Discrimination**].

19

20                      B. **PLAINTIFF**

21

22     2. Plaintiff Frederick Marc Cooley is a Black American male and is domiciled in

23        the United State of America and currently resides in the State of California,

24        County of Contra Costa.

25

26

27

28
                            1

## C. **DEFENDANTS**

3.  Defendant, Menzies Aviation (USA) Inc. is incorporated under the laws of the State of Florida at the Orlando International Airport, in Orange County, Orlando, Florida and has the principal place of business in the State of Texas at 4900 Diplomacy Road, Fort Worth, Tarrant, County.

4.  Defendant Amer SM Asif is at all times mentioned employed as a gate agent at the Orlando International Airport, in Orange County, Orlando, Florida at 8450 Jeff Fuqua Blvd., Orlando, Florida 32819.

5.  Defendant William Revis is at all times mentioned employed as a sky bridge operator at the Orlando International Airport, in Orange County, Orlando, Florida at 8450 Jeff Fuqua Blvd., Orlando, Florida 32819.

6.  Defendant John Doe is at all times mentioned employed as a Menzies Aviation (USA) Inc. supervisor at the Orlando International Airport, in Orange County, Orlando, Florida at 8450 Jeff Fuqua Blvd., Orlando, Florida 32819.

7.  Defendant Jane Doe is at all times mentioned employed as a Menzies Aviation (USA) Inc., supervisor at the Orlando International Airport, in Orange County, Orlando, Florida at 8450 Jeff Fuqua Blvd., Orlando, Florida 32819.

## D. **PREVIOUS RELATED LAWSUITS**

8.  A previous related lawsuit alleging the same cause action alleged in this instant case was filed a civil action entitled **Cooley v. Amer SM Asif**, et., al., **6:23-299-CEM-LHP** in the United State District Court, Middle District of Florida. See attached "**Order of Dismissal Without Prejudice**".

9. Defendants Menzies Aviation (USA) Inc., Amer SM Asif, and Willams Revis was represented by John Maggio, Esq., 701 Brickell Avenue-Suite 1550, Miami, Florida, 33131, (305) 492-7303. See attached "Menzies Aviation (USA) Inc., Amer SM Asif and Williams Revis Notice of Lead Counsel Designation."

## E. <u>CAUSE ACTION</u>

10. (1) **Diversity of Citizenship**;(2) **Racial Discrimination**;(3) **Civil Battery under Florida State Law**;(4) **Slander/Defamation under Florida State Law**; (5) **Negligence Supervision under Florida State Law**; (6) **Vicarious liability under Florida State Law** (6) **Breach of Verbal Agreement under California law.**

## F. <u>SUPPORTING FACTS</u>

11. On November 26, 2022, Plaintiff Frederick Marc Cooley ("**COOLEY**"), a Black American adult and life-long resident of California, booked with Frontier Airline, Inc. through its agent "Justfly", an international roundtrip ticket from Oakland, California to Santo Domingo Dominican Republic with a departure date of December 12, 2022, and a return date of January 14, 2023.

12. On January 14, 2023, Frontier Airlines cancelled Cooley's departure at the Las Americas International Airport, Santo Domingo, Dominican Republic for an unknown reason and Frontier offered and provided to Cooley a hotel until the next day January 15, 2023, with the understanding his flight would depart at 10:00 am.

13. On January 15, 2023, Cooley returned to Las Americas International for the hotel prior to his flight's departure and paid $89 for a carry-on bag that was to be transported to Cooley's destination Oakland, California.

3

14. The flight was then delayed until 12:30 pm..

15. Cooley boarded the flight with the carry-on bag that he paid $89 for.

16. The flight included a layover at Orlando International Airport to Las Vegas, Nevada with another layover to Cooley's destination in Oakland, California.

17. Cooley arrived at about 3:00 pm and lay-over in Orlando International Airport located at 9102 Jeff Fuqua Blvd., Orlando, Florida, 32827 for approximately 8 hours at gate 10 waiting to depart.

18. While using his valid boarding pass, Cooley attempted to board Frontier Airline Flight F91 at gate 10, where he was greeted by Defendant Menzies Aviation (USA) ("**MENZIES**"), Amer SM Asif, ("**ASIF**") a non-Black American adult male, who is a citizen of the United States of America, and resides in the State of Florida, County of Orange, City of Orlando.

19. Menzies is a non-airline owned aviation support company providing aviation ground handling services, such as air cargo, baggage, passenger, and ramp handling services at multiple airports including Orlando International Airport.

20. Defendant Asif scanned Cooley's boarding pass and pointed out that the boarding pass did not describe a carry-on bag that was authorized for the flight.

21. Cooley attempted to offer proof that he had paid $89 for the carry-on-bag at the Las Americas International Airport in Santo Domingo, Dominican Republic but Cooley was told by an unidentified Black American adult male Menzies Aviation employee that he could see that Cooley paid $89 but he could not determine what Cooley paid $89 for and told Coley that he would have to pay $89 for the carry-on bag.

22. Cooley thereafter paid $89 for the carry-on bag a second time after a non-Black American woman boarding the flight also paid for a carry-on bag.

23. Asif took Cooley's receipt for his carry-on bag payment and subject Cooley to racial discrimination when Asif told Cooley that the non-Black American

4

1       woman could board the plane, but Cooley could not.

2   24. Cooley continued down the jet bridge to board the plane and Asif subjected

3       Cooley to civil battery under Florida state law when Asif intentionally and

4       offensively grabbed Cooley without his consent and unsuccessfully attempted

5       to push and pull Cooley back subjecting Cooley to substantial pain in his right

6       arm.

7   25. As Cooley made his way down the jet bridge, on at least two more occasions

8       Asif subjected Cooley to civil battery by intentionally and offensively grabbing

9       Cooley by his right arm and without his consent, as Cooley repeatedly told Asif

10      to let him go and to stop touching him, which Asif continued to do in effort to

11      impede Cooley's travel, resulting in substantial pain.

12  26. Asif and his co-worker defendant William Revis ("**REVIS**") both

13      slandered/defamed Cooley by submitting false, sworn handwritten statements

14      and verbal accusations against Cooley to Orlando Police Officers and

15      defendant Menzies Aviation supervisors ("**John Doe**") and ("**Jane Doe**") and

16      other airport employees that Cooley assaulted Asif, resulting in Cooley being

17      denied the opportunity to complete his travel or rebooking with Frontier

18      Airlines.

19  27. After reviewing airport video surveillance of the encounter and with Cooley and

20      Asif, and other witnesses the Orlando Police officers determined that Cooley

21      had not violated any Florida state laws and terminated Cooley's detention.

22  28. Cooley was forced to purchase an airline ticket from United Airlines for a one-

23      way $538.90 plane ticket to San Francisco International Airport to complete his

24      travel and $162 for a hotel room at La Quintan by Wyndham until the next

25      morning.

26  29. Menzies, John Doe and Jane Doe are all vicariously liable for Asif and Revis'

27      actions that resulted in substantial monetary, emotional and physical injuries to

28      Cooley, as defendants learned of the false allegations against Cooley at the

1   scene, when John Doe and Jane Doe in their supervisory roles disputed the

2   Orlando Police Officers decision to not arrest Cooley then verbally threating to

3   place Cooley on a black list where Cooley could not fly with any airline ever

4   again.

5   30. Menzies, John Doe and Jane Doe are all liable for their negligence in

6   supervising Asif, Revis and other Menzies subordinates because they were

7   aware or should have been aware that Asif, Revis and other Menzies

8   employees were unfit and defendants failed to take action to investigate,

9   discharge or reassign.

10  31. On March 18, 2024, Defendant Menzies Aviation (USA) Inc.'s attorney of

11  record, John Maggio Florida State Bar No.: 125425, Florida State Bar No.:

12  116142, 701 Brickell Avenue, Suite 1550 Miami, FL 33131 (305) 492-7303,

13  jmaggio@condonlaw.com, contacted Cooley by telephone and communicated

14  a settlement offer to Cooley, after negotiating a settlement agreement since

15  November 2023.

16  32. Cooley specifically asked how long it would take for him to receive payment to

17  resolve the matter?

18  33. Mr. Maggio communicated that Cooley would receive payment within 30 days

19  of notarizing the general release and mailing it back to Mr. Maggio.

20  34. On March 25, 2024, Mr. Maggio sent Cooley an email and attached to the

21  email was a "General Release of all claims".

22  35. On March 25, 2024, Cooley signed, dated and had the agreement notarized,

23  then mailed the agreement priority mail and sent Mr. Maggio a copy of the

24  notarized release agreement and U.S. Postal receipt showing that Cooley

25  mailed to Mr. Maggio the release agreement by priority mail.

26  36. On April 4, 2024, Cooley provided his banking information so the settlement

27  payment would be deposited in Cooley's banking institution electronically.

28  37. When Cooley did not receive the payment from Menzies to his savings

6

1       account Cooley by April 23, 2024, on April 24, 2024, Cooley called Mr. Maggio

2       to inquire about the non-payment, due the verbal agreement that Cooley

3       would receive the funds within 30 days of sending the notarized general

4       release.

5    38. Cooley communicated to Mr. Maggio that his decision to accept the agreement

6       was contingent on receiving the payment within 30 days and he did not agree

7       with the delay.

8    39. Mr. Maggio communicated to Cooley that he would check on the non-

9       payment.

10    40. On April 25, 2024, Mr. Maggio sent Cooley an email assuring that payment

11       would be made on April 29, 2024.

12    41. When the payment was not made on April 29, 2024, on May 1, 2024, Cooley

13       mailed Mr. Maggio a letter pointing the fact that the non-payment was breach

14       of the oral agreement to pay Cooley within 30 days and that Cooley was

15       withdrawing from the agreement.

16    42. As of the date of this First Amended Complaint, May 6, 2024, Cooley still has

17       not received the payment.

18    43. The non-payment has caused substantial damage to Cooley's ability to pay off

19       existing debt that Cooley anticipated that he would pay off upon receipt of the

20       payment from defendants, which negatively impacts Cooley's credit score.

21

22                         **G. RELIEF**

23

24      Cooley seeks compensatory and punitive damages for the violation of Florida and

25 California and Federal protected rights. Specifically, Cooley "**Demands a Jury**

26 **Trial**" and Cooley seeks the following damage awards from each individual defendant:

27

28      1. An award in the amount of $125,000 in Compensatory Damages and $25,000

1  in Punitive Damages against defendant Amer SM Asif.

2. An award in the amount of $75,000 in Compensatory Damages and $15,000

3  in Punitive Damages against defendant William Revis.

3. An award in the amount of $75,000 in Compensatory Damages and $15,000

5  in Punitive Damages against defendant John Doe.

4. An award in the amount of $75,000 in Compensatory Damages and $15,000

7  in Punitive Damages against defendant Amer Jane Doe.

5. An award in the amount of $75,000 in Compensatory Damages against

9  defendant Menzies Aviation (USA) Inc.

## H. CERTIFICATION AND CLOSING

Under Federal Rules of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint; (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law ;(3) the factual contentions have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11. I agree to provide the Clerk's office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's office may result in the dismissal of my case.

Date 5/5/24

*Frederick M. Cooley*

**FREDERICK MARC COOLEY**

**PLAINTIFF**

8

# EXHIBIT H

| **From:** | John Maggio <JMaggio@condonlaw.com> |
| **Sent:** | Monday, June 17, 2024 9:37 AM |
| **To:** | Frederick Cooley |
| **Subject:** | RE: Settlement funds |
| **Attachments:** | Confirmation- $ ████ Settlement for Frederick Cooley.pdf |

**Importance:**      High

Dear Mr. Cooley,

Further to my voice message left today, I have learned you have filed an Amended Complaint even though we have reached a settlement.

Despite my email to you on May 3 that we had the money and that the wire payment was set up (and asked you to confirm when you received the money), you instead filed this Amended Complaint on May 6.  You then obtained a Summons on May 28, 2024 – after you received the settlement funds on May 6.

Please contact me to discuss.

Regards,
John

_____

**John Maggio**
Partner

**Condon & Forsyth LLP**
7 Times Square  /  New York, NY 10036
701 Brickell Avenue  /  Suite 1550  /  Miami, FL 33131
NY 212.894.6792  /  FL 305.492.7303
Mobile 718.753.9536
condonlaw.com

*************************************************
NOTICE: This message is intended only for use by the named addressee and may contain privileged and/or confidential information. If you are not the named addressee you should not disseminate, copy or take any action in reliance on it. If you have received this message in error please notify info@condonlaw.com and delete this message and any attachments accompanying it immediately.

*Any U.S. federal tax advice contained in this correspondence (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.