# EXHIBIT D

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FREDERICK MARC COOLEY, | ) | Case No. 3:24-cv-01437-SK |
| Plaintiff, | )<br>)<br>) | **[PROPOSED] ORDER GRANTING MOTION TO DISMISS OF** |
| vs. | )<br>) | **DEFENDANT MENZIES AVIATION (USA) INC. PURSUANT TO RULE** |
| MENZIES AVIATION (USA) INC; AMER SM ASIF; WILLIAM REVIS; JOHN DOE; JANE DOE, | )<br>)<br>) | **12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE** |
| Defendants. | )<br>)<br>) | |

Defendant Menzies Aviation (USA) Inc. (hereinafter "Menzies"), by and through its attorneys of record, Condon & Forsyth LLP, has moved this Court for an order dismissing plaintiff Frederick Marc Cooley's (hereinafter "Plaintiff") First Amended Complaint ("FAC"), with prejudice, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

This is a lawsuit seeking damages arising from the alleged discrimination and civil assault of Plaintiff during the course of boarding a flight from Orlando, Florida to his final destination of Oakland, California. Plaintiff alleges that on January 15, 2023, while boarding his flight at Orlando International Airport, Menzies' employees improperly impeded his travel and grabbed his arm without his consent and that the encounter resulted in his inability to board his flight. *See* FAC, ¶¶ 11-26.

Case 3:24-cv-01437-SK   Document 29-1   Filed 06/25/24   Page 3 of 4

1    Menzies and Plaintiff have reached a settlement agreement concerning Plaintiff's claims, and, on March 25, 2024, Plaintiff signed a general release of all claims against Menzies and its employees arising out of the incident on January 15, 2023.  Menzies requests judicial notice of the release signed by Plaintiff releasing his claims against Menzies and its employees and moves to dismiss Plaintiff's FAC pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

    The Court finds that it may take judicial notice of the release entered into by Plaintiff and Menzies.  Generally, a court may not look beyond the four corners of the complaint, with the exception of matters incorporated into the complaint by reference and any matters subject to judicial notice.  See *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).  However, "[i]n order to 'prevent plaintiff's from surviving a Rule 12(b)(6) motion by deliberately omitting documents upon which their claims are based,' a court may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned."  See *id*. (quoting *Parrino v. FHP, Inc*., 146 F.3d 699, 706 (9th Cir. 1998)).  See also *Coto Settlement v. Eisenberg*, 593 F.3d 103, 1038 (9th Cir. 2010) (court may consider extrinsic documents on motion to dismiss outside the complaint "where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance.").

    Here, Plaintiff's FAC details discussions leading up to and after execution of the release, the FAC references the release at least five times, and Plaintiff's cause of action for breach of an oral agreement is dependent upon the terms and conditions set forth in the release.  *See* FAC, ¶¶ 31-41.  Thus, the Court finds that Plaintiff's FAC necessarily relies on the release, its authenticity is not questioned and, therefore, the Court may take judicial notice of the release.

    The Court also finds that Plaintiff has released all claims against Menzies and its employees arising from the incident which is the subject of his FAC.  The release between Plaintiff and Menzies provides that Plaintiff agrees to "release and forever discharge" Menzies and Menzies' employees from "any claims, losses or damages resulting from or arising out of personal injuries and denial of boarding allegedly sustained by [Plaintiff] in connection with

1  transportation on Frontier flight F91103 from Orlando, Florida to Oakland, California on January
2  15, 2023," which is the subject of this very lawsuit.  *See* Release, Ex. "D" to Maggio Decl.  The
3  release further provides that it is meant to include "any and all claims, damages, remedies,
4  actions, and causes of action alleged or brought, or which could have been alleged or brought"
5  and "all unknown, unforeseen, unanticipated, and unsuspected injuries, damages, losses and
6  liabilities, and the consequences thereof, as well as those now disclosed and known to exist."
7  *See id*.  Thus, the plain and unambiguous language of the release leaves no doubt that it was the
8  intent of the parties at the time of executing the release to bar all causes of action arising out of
9  the incident, including those causes of action alleged in Plaintiff's FAC.
10       Further, the release itself states it is the entire agreement between the parties, and that "no
11  promises or agreements or assignments not herein expressed have been made and that this
12  General Release of All Claims contains the entire agreement between the parties hereto and that
13  that [sic] the terms of this General Release of All Claims are contractual and not a mere recital."
14  *See id*., p.3.  Thus, no oral promises or agreements alleged in Plaintiff's FAC may constitute
15  additional or conditional terms to the release.  *See Hollywood Foreign Press Ass'n v. Red Zone*
16  *Cap. Partners II*, 870 F. Supp. 2d 881, 918 (C.D. Cal. 2012) (*quoting* Cal. Civ. Proc. Code §
17  1856 (West 2024)) (terms of a writing may be "'explained or supplemented by extrinsic evidence
18  of consistent additional terms,' but not if 'the writing is intended also as a complete and
19  exclusive statement of the terms of the agreement.'").  Nor may any alleged oral promises add,
20  subtract to, or vary the written terms in the release.  *Id*.
21       Accordingly, Plaintiff's claims alleged against Menzies and Menzies' employees in the
22  FAC are barred by the release signed by Plaintiff, and Plaintiff's FAC must be dismissed
23  pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.
24
25       **IT IS SO ORDERED.**
26
27  DATED: _____                    _____
                                         SALLIE KIM
28                                       United States Magistrate Judge

[PROPOSED] ORDER GRANTING MOTION TO DISMISS OF     - 3 -
DEFENDANT MENZIES AVIATION (USA) INC.
CASE NO.: 3:24-cv-01437-SK