# Exhibit L

Frederick M. Cooley
Name
465 Carlson St
Vallejo, CA 94590

_____
Prison Number

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

Frederick Marc Cooley,
       Plaintiff,

vs.

R. Leung P#8556 et al,

_____,

_____,

_____,
       Defendant(s).

CASE NO. 2:10-cv-01138-RLH-RJJ
(To be supplied by the Clerk)

First Amended Complaint
CIVIL RIGHTS COMPLAINT
PURSUANT TO
42 U.S.C. § 1983

Demand For Jury Trial

## A. JURISDICTION

1) This complaint alleges that the civil rights of Plaintiff, Frederick Cooley,
(Print Plaintiff's name)

who presently resides at Vallejo, California, were

violated by the actions of the below named individuals which were directed against

Plaintiff at _____ on the following dates
(institution/city where violation occurred)

Feb. 7, 2009 , _____ , and _____ .
   (Count I)              (Count II)                    (Count III)

**Make a copy of this page to provide the below
information if you are naming more than five (5) defendants**

2) Defendant __R. Leung #8556__ resides at __Las Vegas, NV__,
   (full name of first defendant)           (address if first defendant)
   and is employed as __LVMPD Officer__. This defendant is sued in his/her
                (defendant's position and title, if any)
   ✓ individual ___ official capacity. (Check one or both). Explain how this defendant was acting

   under color of law: __At All times mention defendant R. Leung was Las Vegas Metropolitan Police Officer__

3) Defendant __E. Ludtke #9044__ resides at __Las Vegas, NV__,
   (full name of first defendant)           (address if first defendant)
   and is employed as __LVMPD Officer__. This defendant is sued in his/her
                (defendant's position and title, if any)
   ✓ individual ___ official capacity. (Check one or both). Explain how this defendant was acting

   under color of law: __At all times mentioned defendant E. Ludtke was a Las Vegas Metropolitan Police Officer__

4) Defendant _____ resides at _____,
   (full name of first defendant)           (address if first defendant)
   and is employed as _____. This defendant is sued in his/her
                (defendant's position and title, if any)
   ___ individual ___ official capacity. (Check one or both). Explain how this defendant was acting

   under color of law: _____

5) Defendant _____ resides at _____,
   (full name of first defendant)           (address if first defendant)
   and is employed as _____. This defendant is sued in his/her
                (defendant's position and title, if any)
   ___ individual ___ official capacity. (Check one or both). Explain how this defendant was acting

   under color of law: _____

2

## COUNT ONE

Plaintiff's right guaranteed by the Fourth Amendment of the United States Constitution not to be unreasonably searched and seized was violated.

## SUPPORTING FACTS

On or about January 12, 2009, the plaintiff financed a vehicle from a local Las Vegas car dealership (Drive & Go) specifically a 1999 Buick Lesabre Custom Vin#G4HP52K2XH411675. Subsequent to the plaintiff signing a contract agreement for the vehicle, the dealer placed a 30 day placard in the vehicles rear window pursuant to Nevada State law which authorizes the operation of the vehicle within 30 days of issuance.

On February 7, 2009, the plaintiff was unlawfully stopped by Las Vegas Metropolitan Police Officer R. Leung, P#8556 while driving his vehicle at Karen and Atlantic in Las Vegas, Nevada. Plaintiff pulled over and legally parked his vehicle. Officer R. Leung approached the plaintiff's vehicle where the plaintiff asked Officer R. Leung **"What's the problem officer?"** Officer R. Leung ignored the plaintiff's question and asked the plaintiff for his license, vehicle registration and auto insurance. The plaintiff produced his valid California Driver's license, his vehicle's contract agreement and auto insurance. Officer R. Leung took the documents and went back to his police car and ran all the information. Officer R. Leung returned back to the plaintiff's vehicle and ordered the plaintiff to step out and stand in front of his vehicle. The plaintiff

complied. As the plaintiff got out of his vehicle and approached the police car, a second Las Vegas Metropolitan Police Officer, Officer E. Ludtke, P#9044 ordered the plaintiff to submit to a pat search of his person. The plaintiff immediately communicated to Officer E. Ludtke that **"he was not agreeing to a pat search of his person because he had not done anything wrong and that he was not on probation or parole with search conditions"**. Officer E. Ludtke placed the plaintiff in handcuffs and conducted a search of his person by pat searching and searching the inside of the plaintiff's pockets. Officer Ludtke asked plaintiff several questions which plaintiff communicated to Officer Ludtke that **"the questions did not have anything to do with the reason why he was stopped, then asked officer Ludtke if he was under arrest"** Officer Ludtke communicated that the plaintiff was not under arrest. Plaintiff then demanded that officer Ludtke take the handcuffs off and let him go on his way. Officer Ludtke ignored the plaintiffs demand and asked plaintiff if he had anything illegal in his vehicle. The plaintiff communicated **"No he did not have anything illegal in his vehicle."** Officer Ludtke asked the plaintiff if he minded if he searched his vehicle. The plaintiff told officer Ludtke **"Yes he do mind if you search my vehicle and demanded again that officer Ludtke take the handcuffs off and let him go on his way."** Only after plaintiff refused to give consent to search his vehicle did officer Lueng then direct officer Ludtke to search the plaintiff's vehicle as an inventory search during the towing process because he was arresting the plaintiff for failing to change his valid California Driver's license over to Nevada Driver's license. The plaintiff's vehicle was subsequently impounded. Officer Leung has a practice or custom of stopping vehicles that display 30 day dealer placards to confirm if the placards are authentic.

## PREVIOUS LAWSUITS

No other actions in state or federal courts involving the same or similar facts as involved in this action have been filed.

outline).

a) Defendants: _____

b) Name of court and docket number: _____

c) Disposition (for example, was the case dismissed, appealed or is it still pending?): _____

d) Issues raised: _____
_____
_____

e) Approximate date it was filed: _____

f) Approximate date of disposition: _____

2) Have you filed an action in federal court that was **dismissed because it was determined to be frivolous, malicious, or failed to state a claim upon which relief could be granted?** ____ Yes __✓__ No. If your answer is "Yes", describe each lawsuit. (If you had more than three actions dismissed based on the above reasons, describe the others on an additional page following the below outline.)

Lawsuit #1 dismissed as frivolous, malicious, or failed to state a claim:

a) Defendants: _____.

b) Name of court and case number: _____.

c) The case was dismissed because it was found to be (check one): _____ frivolous _____ malicious or _____ failed to state a claim upon which relief could be granted.

d) Issues raised: _____
_____

e) Approximate date it was filed: _____

f) Approximate date of disposition: _____

Lawsuit #2 dismissed as frivolous, malicious, or failed to state a claim:

a) Defendants: _____.

b) Name of court and case number: _____.

7

c)  The case was dismissed because it was found to be (check one): _____ frivolous \_\_\_\_ malicious or \_\_\_\_ failed to state a claim upon which relief could be granted.

d)  Issues raised: _____

e)  Approximate date it was filed: _____

f)  Approximate date of disposition: _____

Lawsuit #3 dismissed as frivolous, malicious, or failed to state a claim:

a)  Defendants: _____.

b)  Name of court and case number: _____.

c)  The case was dismissed because it was found to be (check one): _____ frivolous \_\_\_\_ malicious or \_\_\_\_ failed to state a claim upon which relief could be granted.

d)  Issues raised: _____

e)  Approximate date it was filed: _____

f)  Approximate date of disposition: _____

3)  Have you attempted to resolve the dispute stated in this action by seeking relief from the proper administrative officials, e.g., have you exhausted available administrative grievance procedures? \_\_\_ Yes  ✓ No. If your answer is "No", did you not attempt administrative relief because the dispute involved the validity of a: (1) \_\_\_ disciplinary hearing; (2) \_\_\_ state or federal court decision; (3) \_\_\_ state or federal law or regulation; (4) \_\_\_ parole board decision; or (5) \_\_\_ other _____.
If your answer is "Yes", provide the following information. Grievance Number _____.
Date and institution where grievance was filed _____.

Response to grievance: _____

----

### E. REQUEST FOR RELIEF

I believe that I am entitled to the following relief:

I am requesting to be awarded compensatory, punitive and emotional distress under state law.

I understand that a false statement or answer to any question in this complaint will subject me to penalties of perjury. **I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.** See 28 U.S.C. § 1746 and 18 U.S.C. § 1621.

_____
(Name of Person who prepared or helped prepare this complaint if not Plaintiff)

*Frederick M. Cooley*
(Signature of Plaintiff)

7/29/11
(Date)

----
(Additional space if needed; identify what is being continued)

Frederick Marc Cooley
465 Carlson Street
Vallejo, Ca 94590

In Propria Persona

UNITED STATE DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Frederick Marc Cooley,<br><br>    Plaintiff,<br><br>vs.<br><br>R. leung, et. al.,<br><br>    Defendant. | Case No.: 2:10-cv-01138-RLH-RJJ<br><br>**Plaintiff's Legal Authorities In Support In Support Of His "First Amended Complaint"** |

    Plaintiff, Frederick Marc Cooley, in pro se, hereby files his legal authority in support of his "First Amended Complaint", pursuant to the court's order.

    These legal authorities are made and based upon the attached Memorandum of Points and Authorities, all papers and pleadings on file herein, and any oral argument allowed at the time of a scheduled hearing.

Dated: 7/29/11

                                          **Frederick Marc Cooley**
                                          **465 Carlson Street**
                                          **Vallejo, Ca 94590**
                                          **cooleyfrederick@ymail.com**

-1-

## **Memorandum Of Points And Authorities**

**Plaintiff Should Be Allowed To Proceed With His Complaint Because Defendants Unlawfully Impounded His Vehicle.**

In Miranda v. City of Cornelius, (9th cir. 2005) 429 F.3d 858, the Ninth Circuit Court of Appeal, considered a constitutional challenge to the impoundment of a vehicle from the owner's driveway after a police officer observed the husband teaching his unlicensed wife how to drive. On appeal plaintiff/appellant (Miranda) argued that the defendants impoundment of their vehicle violated their constitutional rights under the Fourth Amendment. Miranda alleged that the impoundment was an unreasonable seizure under the Fourth Amendment because it conflicts with the principles of the "community caretaking doctrine". Id. Generally, the community caretaking doctrine allows the police to impound where necessary to ensure that location or operation of vehicles does not jeopardize the public safety. Id. The Court held that, under the special circumstances of Miranda case, the impoundment of their vehicle was an unreasonable seizure not justified by the community caretaking doctrine because the police had no duty to protect a vehicle parked on the owner's property and there was no reason to believe that impoundment would prevent any threat to public safety from its unlawful operation beyond the brief period during which the car was impounded. Id. A driver's arrest, or citation for a non-criminal traffic violation, is not relevant except insofar as it affects the driver's ability to remove the vehicle from a location which jeopardizes the

public safety or is at risk of loss. Id. The reasonableness of an impoundment under the community caretaking function does not depend on whether the officer had probable cause to believe that there was a traffic violation bu on whether the impoundment fits within the "authority of police to seize and remove from the streets vehicles impeding traffic or threatening public safety and convenience." Dakota v. Opperman, (1976) 428 U.S. 364. Whether an impoundment is warranted under this community caretaking doctrine depends on the location of the vehicle and the police officer's duty to prevent it from creating a hazard to other drivers or being a target for vandalism or theft. United States v. Jensen, (9th Cir. 2005) 425 F.3d 698.

In this instant case, plaintiff had a status hearing June 20, 2011, where he discussed with the court whether he had viable claims to proceed with his complaint. The court advised plaintiff that because he was found guilty of failing to change his California Driver's License over to Nevada Driver's License he will not be able to proceed with his complaint for any of his claims, more specifically the impoundment of plaintiff's vehicle, not unless his conviction is overturned. This is contrary to Miranda v. City of Cornelius (9th cir. 2005) 429 F.3d 858. Both Mr. and Mrs. Miranda were found guilty of their traffic infractions and the court of appeal decided that factor had no role in the issue of the "community caretaking doctrine".

In this instant case, plaintiff was stopped by defendant R. Leung for no legal reason, pat searched and arrested for not changing his California Driver's License over to Nevada Driver's License. Plaintiff legally parked his vehicle and defendant R. Leung impounded plaintiff only because plaintiff refuse to agree to a search of his vehicle. Defendant R. Leung nor defendant E. Ludtke had no "Community Caretaking" reason for impounding plaintiff's vehicle.

## Conclusion

Plaintiff should be allowed to proceed with his complaint because LVMPD Defendants did not have a "Community Caretaking" reason for impounding plaintiff's vehicle.

Date 7/29/11

Frederick Marc Cooley

-4-