# Exhibit N

FREDERICK MARC COOLEY
465 CARLSON STREET
VALLEJO, CA 94590
(510) 512-3938
frederickcooley@yahoo.com

IN PRO SE

FILED
AUG 29 2014
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FREDERICK MARC COOLEY,

    Plaintiff,

vs.

CITY OF VALLEJO, et., al.,

    Defendant.

Case No. 2:14-cv-2011 KJM CKD (PS)

**PLAINTIFF'S 42 U.S.C. 1983 CIVIL RIGHTS COMPLAINT AND DEMAND FOR JURY TRIAL**

## CLAIMS

1. Defendant City of Vallejo, Deputy City Attorney, Kelly Trujillo violated Plaintiff's rights under the First Amendment of the United States Constitution not to be denied free speech, the right to engage in expressive, intimate or political association with his group members and not to be subjected to retaliation when Defendant Trujillo adversely suppressed, chilled or silenced Plaintiff's freedom of speech while he assisted a group member who sought to vindicate his Fourth Amendment rights not to be subjected to a excessive force by Vallejo Police Officers during a telephone conference. NACCP v. Button, 371 U.S. 415 (1963); Robert v. United States Jaycee's, 468 U.S. 609 (1984); Boy Scouts of America v. Dale 530 U.S. 640 (2000); Rizzo v. Dawson, 778 F.2d 527 (9th Cir. 1985); Blaisdell v. Frappiea 729 F.3d 1237 (9th Cir. 2013); Alpha Energy Savers, Inc. v. Hansen 381 F.3d 917 (9th Cir.

2004); Neveu v. City of Fresno, 392 F.Supp. 2d 1159 (E.D. Cal. 2005); Welch v. Brown, 907 F.Supp. 2d 1102 (E.D. Cal. 2012).

2. Defendant City of Vallejo, City Attorney Claudia Quintana is liable for the actions of Defendant Trujillo because she ratified her subordinates decision or action and the basis for it. Larez v. City of Vallejo, 946 F.2d 630 (9th Cir. 1991); Jeffers v. Gomez 267 F.3d 895 (9th Cir. 2001); Turner v. City & County of San Francisco, 892 F.Supp.2d 1188 (N.D. Cal. 2012).

## STATEMENT OF CLAIMS

On February 11, 2013, Plaintiff personally delivered to the City of Vallejo, City Attorney's Office a request to meet and confer with Defendant Deputy City Attorney, Kelly Trujillo concerning discovery disputes in a § 1983 civil action entitled Foy v. City of Vallejo, 2:11-cv-03262-MCE-CMK. The request also requested that Plaintiff (Mr. Foy's Legal Assistant) also be notified of the date of the telephonic conference "so Plaintiff can assist in identifying discovery disputes during the conference. On February 13, 2013, Defendant Trujillo served an objection to the request stating "The City will not comply with this request as Mr. Cooley (Plaintiff) is not a licensed attorney, cannot represent Mr. Foy and cannot "assist in identifying " legal issues". To do so would be to aid and abet the unauthorized practice of law in violation of California Rules of Professional Conduct. Rule 1-300 (a) read as follows: A member shall not aid any person or entity in the unauthorized practice of law. Defendant Trujillo thereafter failed and/or refused to confer with Mr. Foy and Plaintiff concerning discovery disputes violating Plaintiff's right to assist Mr. Foy in engaging in expressive association and effective speech.

On August 6, 2014, Plaintiff personally scheduled a telephone Federal Rules of Civil Procedure, Rule 26 (f) conference at 2:00 that afternoon with City of Vallejo, Deputy City Attorney Kelly Trujillo for Leon Jerome Martin (Plaintiff in Martin v. City of Vallejo, 2:14-cv-0554-JAM-DAD), who is not knowledgeable in law or the § 1983 civil litigation process or its purpose, who Plaintiff constitutionally assists by engaging in expressive, intimate, or political association protected by the First Amendment of the United States Constitution and who is a member of the Plaintiff's group that have sought, is seeking and/or will seek vindication of their Fourth Amendment rights not to be subjected to unnecessary and excessive use of force by Vallejo Police Officers. The purpose of the conference was to discuss discovery cutoff dates and other issues with Plaintiff's assistance. When calling Defendant Trujillo, no live answer was made. On August 7, 2014, Plaintiff emailed Defendant Trujillo and communicated the purpose of the conference. Defendant Trujillo responded to the email and communicated that she "would not engage with a non-lawyer purporting to represent a Plaintiff". Defendant Trujillo finally agreed to confer with Mr. Martin. Plaintiff personally arranged the conference and called Defendant Trujillo with Mr. Martin on the phone. During the phone conversation Defendant Trujillo attempted to convince Mr. Martin that the Rule 26 conference should be continued until August 14, 2014, one day before Mr. Martin's status report (Pretrial Scheduling) due August 15, 2014. After Mr. Martin agreed to continue the conference, Plaintiff realized that Defendant Trujillo was attempting to manipulate the fact that Mr. Martin did not understand the purpose of the status report or the Rule 26 (f) conference, Plaintiff attempted to assist Mr. Martin by verbally communicating to Defendant Trujillo Mr. Martin's position that he would like the City of Vallejo to stipulate to specific discovery requests and that August 14, 2014, would not provide adequate time for Plaintiff to assist in the preparation and filing of Mr. Martin's Status Report would be due the next day August 15, 2014. Defendant Trujillo immediately suppressed, chill, silenced Plaintiff and

by police dog, kicked and beat Plaintiff with baton and/or flashlight resulting in Foy receiving approximately 17 staples in the crown of his head, a broke jaw, a broke ankle, knocked unconscious and other injuries.

2. Frederick Marc Cooley, in pro se, settled claims against City of Vallejo, Vallejo Police Officers Eric Jensen and Sean Kenney in Cooley v. City of Vallejo, et., al., 2:12-cv-00591-LKK-AC, alleging officers beat Cooley with a flashlight breaking his hand and other injuries.

3. David Michael Capenhurst, in pro se, settled claims against City of Vallejo Police Officers Eric Jensen and Steven Fowler in Capenhurst v. City of Vallejo, et., al., 2:13-cv-01371-LKK-AC, alleging while Plaintiff was handcuffed and with provocation Jensen struck Capenhurst in his head with a flashlight resulting in him receiving approximately 5 staples in his head.

4. Anthony Tyrone Garrison currently litigating claims against City of Vallejo, Vallejo Police Officers Bautista in Garrison v. City of Vallejo, et., al., 2:13-cv-00479-JAM-KJN alleging Bautista kicked Plaintiff in the face while he lay down on the ground in a prone position.

5. Tyrone Jerome Hicks currently litigating claims against City of Vallejo, Vallejo Police Officers Sean Kenney and Postolaki in Hicks v. City of Vallejo, et., al., 2:14-cv-0669-LKK-DAD, alleging that officer Kenney choked and restrained Plaintiff in to tight handcuffs, unlawfully arrested him, unlawfully impounded his vehicle and initiated a malicious prosecution against him and Postolaki failed to intercede.

6. Leon Jerome Martin currently litigating claims against City of Vallejo, Vallejo

Police Officers P. Messina, T. Agustin, J. Huff and J. Bauer in Martin v. City of Vallejo, et., al., 2:14-cv-0554-JAM-DAD, alleging that officer P. Messina without warning deployed his taser in "dart mode" into Plaintiff's person, sprayed pepper spray into Plaintiff's face, released a K-9 onto Plaintiff's person mauling him in the face and body and beat Plaintiff with a flashlight. Officers T. Agustin, J. Huff and J. Bauer all punched and kicked Plaintiff while he was in a prone position.

7. Frederick Marceles Cooley currently litigating claims against City of Vallejo, Vallejo Police Officers Brett Clark and Dustin Joseph in Cooley v. City of Vallejo, et., al., 2:14-cv-00620-TLN-KJN, alleging that Defendant Joseph without warning intentionally deployed his taser in "dart mode" into Plaintiff forehead inches away from his right eye.

8. Frederick Marceles Cooley currently litigating claims against City of Vallejo, Vallejo Police Officer William Badour in Cooley v. City of Vallejo, et., al., 2:14-cv-00241-MCE-DAD, alleging that Defendant Badour placed Plaintiff in handcuffs extremely tight and refused to loosen the handcuffs after Plaintiff complained for approximately one hour.

9. Latasha Nicole Creer currently litigating claims against City of Valljeo Police Officers Knight, Long, Martinez, and Does 1-20, in Creer v. City of Vallejo, et., al., 2:14-cv-1428-JAM-DAD, alleging that she was illegally detained and subjected to excessive force when officers detained her without reasonable suspicion or probable cause to detain her at gun point.

10. Christopher White, Zerita White, G'Shelle White and Dantrell Stevens currently litigating claims against City of Vallejo Police Officers Knight, Long, Martinez,

and Does 1-20, in White, et., al. v. City of Vallejo, et., al., 2:14-cv-1603-MCE-DAD, alleging that Plaintiffs were illegally detained, searched, and subjected to excessive force without reasonable suspicion or probable cause to detain them at gun point.

11. Deshawn Cathey currently litigating claims against City of Vallejo Police Officer Jodi Brown, badge #637, in Cathey v. City of Vallejo, et., al. 2:14-cv-1749-JAM-AC, alleging that Plaintiff was unlawfully stopped, search, subjected to excessive force and incarcerated.

In each of these cases, Plaintiff is not a licensed attorney but he provides legal assistance that consist of but is not limited to researching case law, rules of the Court etc.., preparing and filing court documents, preparing and filing court documents, preparing legal correspondence, assisting in the discovery process, assisting in identifying discovery discrepancies, assisting during conferences between parties and the court and assisting during any trial or hearing set by the court. Plaintiff is engaging in "expressive association" with group members protected by the First Amendment of the United States Constitution. See NAACP v. Button, 371 U.S. 415 (1963); Boy Scouts of America v. Dale, 530 U.S. 640 (2000); Rizzo v. Dawson, 778 F.2d 527; Blaisdell v. Frappiea 729 F.3d 1237 (9th Cir. 2013).

In consideration of the totality of information, Plaintiff's personal experience and associations, Plaintiff believes and intends to prove that the City of Vallejo has a longstanding practice, pattern, policy or custom of allowing Deputy City Attorneys to violate Plaintiff's First Amendment rights to engage in expressive association with his group members, while he assist in the litigation of their § 1983 civil actions. Plaintiff further believes and intends to prove that City of Vallejo Deputy City Attorneys have violated Plaintiff's First Amendment rights and have not been disciplined or retrained.

Plaintiff also believes and intends to prove that members of the City of Vallejo, City Attorneys Office have engaged in a repeated practice of violating the First Amendment rights of individuals who engaged in expressive association and freedom of speech including plaintiff. As a matter of official policy "rooted in an entrenched posture of deliberate indifference to the constitutional rights of primarily citizens who live in the City of Vallejo, the City of Vallejo has allowed its Deputy City Attorneys to violate their citizen's First Amendment rights to form groups that wish to vindicate their constitutional rights, engage in expressive, intimate or political expression and exercise their right to freedom of speech. Moreover, Defendants Trujillo and Quintana's actions reflect a municipal practice, pattern, policy or custom of the City of Vallejo.

At all times mentioned Defendant Kelly Trujillo was employed as a City of Vallejo Deputy City Attorney and acting under the color of state law and is liable in her individual capacity.

At all times mentioned Defendant Claudia Quintana was employed as a City of Vallejo City Attorney and acting under the color of state law and is liable in her individual and official capacity.

At all times mention Defendant City of Vallejo is the employer of Defendants Trujillo and Quintana is liable in its official capacity.

**RELIEF**

Plaintiff is seeking declaratory, injunctive relief, compensatory and punitive damages. Plaintiff also demands a jury trial. Therefore, Plaintiff will be requesting that the court allow him to litigate his claims under federal law.

Date 8/29/14

_____
PLAINTIFF

**DECLARATION**

I declare under penalty of under the laws of the United States of America that the foregoing statements are true and correct.

Date 8/29/14

_____
DECLARANT

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Frederick Marc Cooley

**(b)** County of Residence of First Listed Plaintiff: Solano
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS
City of Vallejo

County of Residence of First Listed Defendant: Solano
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
2:14-cv-2011 KJM CKD (PS)

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC Section 1983

Brief description of cause:
City of Vallejo Deputy City Violated Plaintiff's First Amendment rights

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE: 
DOCKET NUMBER:

DATE: 8/29/14
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

**Attachment 2**