FREDERICK MARC COOLEY
P.O. BOX 4575
VALLEJO, CA 94590
(707) 373-6405
cooleyfrederickm@gmail.com

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK MARC COOLEY,<br><br>Plaintiff,<br><br>v.<br><br>MENZIES AVIATION (USA) INC.; AMER SM ASIF; WILLIAM REVIS; JOHN DOE; JANE DOE;<br><br>Defendant. | No. 3:24-cv-01437-AMO<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**<br><br>[**FRCP RULE 15**]<br><br>Date: August 29, 2024<br>Time: 2;00 pm<br>Place: Crtrm 10-19th Floor<br><br>**HONORABLE**<br><br>**ARACELL MARTINEZ-OLGUIN** |

TO: DEFENDANTS MENZIES AVIATION (USA) INC.,
    AMER SM ASIF, WILLIAM REVIS, JOHN DOE
    AND JANE DOE;

**PLEASE TAKE NOTICE THAT** on April 5, 2019, at 10:30 a.m., or as soon thereafter as this matter may be heard in Courtroom 10 of the above-titled Court, located at 450 Golden Gate Avenue, San

1

Francisco, CA 94102, Plaintiff Frederick Marc Cooley, in pro se, will and hereby does move this Court for leave to file his proposed Second Amended Complaint ("SAC") pursuant to Federal Rules of Civil Procedure, Rule 15 (a).

The facts of the SAC differs from the FAC as follows:

1. It adds the cause of action for Fraudulent Inducement under California state law.
2. It adds the case of action for Fraudulent Misrepresentation under California
3. It adds facts that points to the oral fraudulent misrepresentations made by Menzies attorney John Maggio to Cooley that he would receive payment within 30 days of returning the General Release to settle the suit, which improperly induced Cooley to accept the agreement, where defendants had no intentions on making the payment to Cooley within the timeframe agree upon.

This is the second amendment to the original complaint filed by Cooley, but it also the first request made by Cooley for leave to file amended complaint adding the cause of action for Fraudulent Inducement and Fraudulent Misrepresentation under California state law, as the first amended complaint was filed as a matter of course before service of the original complaint and only added a cause of action for Breach of Verbal Agreement.

This motion is timely. Filing the SAC will not cause any undue delay because this case is in an early stage. Moreover, the proposed amendment will not unduly prejudice named defendants.

This motion is made and based upon the Notice of Motion, the Memorandum of Points and Authorities, the Proposed Second Amended Complaint, the Declaration of Frederick Marc Cooley and on all papers and records on file in the above-entitled action, as well as such oral and documentary evidence as may be presented at the hearing on this motion.

## I. BACKGROUND

On March 8, 2024, Cooley filed his original complaint alleging diversity of citizenship, racial discrimination, civil battery under Florida state law, slander/defamation under Florida state law, negligence supervision under Florida State law, vicarious liability under Florida state law. (Doc. 1). The allegations made in the original complaint stem from a January 15, 2023, dispute defendant Amer SM Asif created over the payment of a carry-on bag. (Doc. 1).

Before the original complaint was served, on May 6, 2024, Cooley filed his first amended complaint alleging all the facts stated in his original complaint but added a cause of action for breach of verbal agreement. (Doc. 10). The allegations made in the first amended complaint address the breach of the verbal agreement between Cooley and Menzies attorney John Maggio to pay Cooley within 30 days of the return of the signed written agreement.

As the result of the filing of Cooley's first amended complaint, on June 28, 2024, Menzies filed a motion to dismiss insisting that Cooley's complaint is barred due to Cooley executing the release. (Doc. 20) The motion has been scheduled to be heard November 7, 2024, at 2:00 pm. A Case Management Conference has been scheduled for December 19, 2024, at 10:00 a.m.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure provide that leave to amend be "freely given when justice so requires." Fed. R. Civ. Proc. 15 (a). The Ninth Circuit has construed this broadly, requiring that leave to amend be granted with "extraordinary liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074 (9th Cir.1990). In determining whether it should grant leave to amend a complaint, the court must consider (1) the plaintiff's bad faith; (2) undue delay; (3) prejudice to the defendant; (4) futility of amendment; and (5) whether the plaintiff has previously amended his or her pleadings. *Nunes v. Ashcroft*, 375 F.3d 805 (9th Cir.2004) (citing *Bonin v. Calderon*, 59 F.3d 815 (9th Cir.1995)), *reh'g and reh'g en banc denied*, 375 F.3d 810 (9th Cir.2004), *cert. denied*, 543 U.S. 1188 (2005).

## III. ARGUMENT

Cooley readily qualifies for leave to amend his complaint. The proposed SAC is filed in good faith, is timely, will not cause undue prejudice to defendants or the added parties and is clearly not futile.

4

## A. THE PROPOSED SAC IS FILED IN GOOD FAITH

Nothing suggests that plaintiffs' proffer that additional evidence was forthcoming which would enable them to add necessary details to their complaint was false or made in bad faith or for an improper purpose. *Eminence Capital, LLC v. Aspeon, Inc.*, (9th Cir. 2003) 316 F.3d 1048.

In this instant case, Cooley in good faith seeks to amend his complaint with a cause of action for "Fraudulent Inducement" and "Fraudulent Misrepresentation". The cause of action for fraud defines the actions and inactions of Menzies attorney John Maggio who on behalf of Menzies improperly induced Cooley into accepting the agreement by making a verbal agreement that Cooley would be made payment with 30 days of returning the General Release and then breaching that agreement. Cooley brings this motion for leave to amend in good faith, and not for purposes of delay. There are no facts in the record indicating that this motion has been filed in bad faith.

## B. THE MOTION IS TIMELY AND WILL NOT CAUSE UNDUE DELAY

The undue delay factor inquiry focuses on whether the plaintiff knew of the facts or legal bases for the amendments at the time the operative pleading was filed and nevertheless failed to act promptly to add them to the pleadings." *McFall v. Stacy & Witbeck, Inc.*, No. 14-CV-04150-JSC, 2016 WL 2851589, at *3 (N.D. Cal. May 16,

5

2016). In this instant case, it is early in the litigation, no scheduling order has been issued nor has any discovery been taken. Cooley has expeditiously acted to add to his complaint the cause of actions for Fraudulent Inducement and Fraudulent Misrepresentation, therefore the court should freely grant Cooley leave to amend his complaint.

### C. THE PROPOSED SAC WILL NOT PREJUDICE DEFENDANTS

When analyzing the Rule 15 factors, prejudice is the factor that carries the most weight, and the burden of showing undue prejudice falls on the party opposing the proposed amendment. *Eminence Cap.*, 316 F.3d at 1052. In this instant case, Menzies will not be prejudiced, and they will not be able to point to any prejudice to the amendment.

### D. FILING THE PROPOSED SAC IS NOT FUTILE

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815 (9th Cir. 1995). "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531 (9th Cir. 1989). "A proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, (9th Cir. 1988).

6

A lawyer communicating on behalf of a client with a nonclient may not knowingly make false statements of material fact to nonclient; misrepresentation can occur through direct statement or through affirmation of a misrepresentation of another, as when lawyer knowingly affirms client's false or misleading statement. *Freeman v. Freeman v. Brutzkus,* (2010) 182 Cal. App. 4th 1065 citing *Shafer v. Berger, Kahn, Shafton, Moss, Figler, Simon & Gladstone,* (2003) 107 Cal.App.4th 54. "A lawyer who makes a fraudulent misrepresentation is subject to liability ... when the other elements of the tort are established...." Freeman Id.

In this instant case, Cooley has sufficiently alleged facts against Menzies and their attorney John Maggio, for fraudulent Inducement and Fraudulent Misrepresentation because Maggio misrepresented on behalf of Menzies with Cooley ("a nonclient") and made false verbal statements of material fact to Cooley, specifically that in exchange for his general release of all Cooley's claims, a payment would be paid to Cooley within 30 days of March 25, 2024. The payment was not paid to Cooley within 30 days due to Maggio's misrepresentations and inducement tactics and Maggio is therefore liable.

///
///

7

## IV. CONCLUSION

For the foregoing reasons, Cooley respectfully requests that the court grant him leave to file his Second Amended Complaint.

Date 7/22/24

*Frederick Marc Cooley*

**FREDERICK MARC COOLEY**
**PLAINTIFF**