# EXHIBIT A

|   |   |
|---|---|
| 1 | Jennifer J. Johnston (State Bar No.: 125737) |
|   | Email: jjohnston@condonlaw.com |
| 2 | Justin M. Schmidt (State Bar No.: 309656) |
|   | Email: jschmidt@condonlaw.com |
| 3 | Christina V. Ferreiro (State Bar No.: 349562) |
|   | Email: cferreiro@condonlaw.com |
| 4 | CONDON & FORSYTH LLP |
|   | 1901 Avenue of the Stars, Suite 1050 |
| 5 | Los Angeles, California 90067 |
|   | Telephone: (310) 557-2030 |
| 6 | Facsimile: (310) 557-1299 |

Attorneys for Defendant
MENZIES AVIATION (USA) INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| FREDERICK MARC COOLEY, | ) | Case No. 3:24-cv-01437-SK |
|---|---|---|
| Plaintiff, | ) | **NOTICE OF MOTION AND MOTION OF DEFENDANT MENZIES AVIATION (USA) INC. TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE** |
| vs. | ) | |
| MENZIES AVIATION (USA) INC; AMER SM ASIF; WILLIAM REVIS; JOHN DOE; JANE DOE, | ) | |
| Defendants. | ) | |
|   | ) | Date: August 5. 2024 |
|   |   | Time: 9:30 a.m. |
|   |   | Place: Courtroom C – 15th Floor |

TO PLAINTIFF IN PRO PER:

PLEASE TAKE NOTICE that on August 5, 2024, at 9:30 a.m., in the above-captioned court, located at 450 Golden Gate Avenue, Courtroom C – 15th Floor, San Francisco, California 94102, defendant Menzies Aviation (USA) Inc. (hereinafter "Menzies"), by and through its attorneys, Condon & Forsyth LLP, will move this Court for an order dismissing plaintiff Frederick Marc Cooley's (hereinafter "Plaintiff") First Amended Complaint ("FAC"), with prejudice, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the grounds that Plaintiff has entered into a settlement agreement with Menzies and signed a

1  release releasing all of his claims against defendants and Menzies has paid Plaintiff
2  all settlement funds owed to him under the settlement agreement.
3        This is a lawsuit seeking damages arising from the alleged discrimination
4  and civil assault of Plaintiff during the course of boarding a flight from Orlando,
5  Florida to his final destination of Oakland, California. Plaintiff alleges that on
6  January 15, 2023, while boarding his flight at Orlando International Airport,
7  Menzies' employees improperly impeded his travel and grabbed his arm without
8  his consent and that the encounter resulted in his inability to board his flight.
9        Menzies and Plaintiff have reached a settlement agreement concerning
10 Plaintiff's claims, and, on March 25, 2024, Plaintiff signed a general release of all
11 claims against Menzies and its employees arising out of the incident on January 15,
12 2023. Menzies requests judicial notice of the release signed by Plaintiff releasing
13 his claims against Menzies and its employees and moves to dismiss Plaintiff's
14 FAC pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure
15 to state a claim.
16       This motion will be based upon this Notice of Motion and Motion, the
17 Memorandum of Points and Authorities, Menzies' Request for Judicial Notice and
18 exhibits thereto, the Declaration of John Maggio and exhibits thereto, and on all
19 papers and records on file in the above-entitled action, as well as such oral and
20 documentary evidence as may be presented at the hearing of this motion.

22 Dated: June 28, 2024                                CONDON & FORSYTH LLP

24                                           By: */s/Jennifer J. Johnston*
25                                               JENNIFER J. JOHNSTON
                                              JUSTIN M. SCHMIDT
26                                               CHRISTINA V. FERREIRO
                                              Attorneys for Defendant
27                                               MENZIES AVIATION (USA) INC.

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

NOTICE OF MOTION AND MOTION TO DISMISS OF
DEFENDANT MENZIES AVIATION (USA) INC.    - 2 -
CASE NO.: 3:24-cv-01437-SK

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ....................................................................................... ii

INTRODUCTION ....................................................................................................... 1

STATEMENT OF ISSUES TO BE DECIDED ........................................................ 1

SUMMARY OF ARGUMENT ................................................................................... 1

RELEVANT ALLEGATIONS AND PROCEDURAL HISTORY ......................... 2

ARGUMENT ................................................................................................................ 5

    I.    PLAINTIFF'S FAC MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM BECAUSE PLAINTIFF HAS RELEASED ALL CLAIMS AGAINST MENZIES AND MENZIES' EMPLOYEES .... 5

        A.    This Court May Take Judicial Notice of the Release Because Plaintiff's Allegations in his FAC Reference the Release and Plaintiff's FAC Necessarily Relies on the Release ..................... 5

        B.    Plaintiff's General Release Bars All Causes of Action in Plaintiff's FAC .......................................................................... 6

CONCLUSION ............................................................................................................. 9

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

CONDON & FORSYTH LLP  
1901 Avenue of the Stars, Suite 1050  
Los Angeles, California 90067-6036  
Telephone: (310) 557-2030

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Coto Settlement v. Eisenberg*,
    593 F.3d 103 (9th Cir. 2010) ............................................................................... 5

*Hollywood Foreign Press Ass'n v. Red Zone Cap. Partners II*,
    870 F. Supp. 2d 881 (C.D. Cal. 2012) .................................................................. 8

*Marder v. Lopez*,
    450 F.3d 445 (9th Cir. 2006) ............................................................................ 6, 7

*Parrino v. FHP, Inc.*,
    146 F.3d 699 (9th Cir. 1998) ............................................................................... 5

*Pellett v. Sonotone Corp.*,
    26 Cal. 2d 705, 160 P.2d 783 (1945) ................................................................... 6

*Swartz v. KPMG LLP*,
    476 F.3d 756 (9th Cir. 2007) ............................................................................... 5

*Villacres v. ABM Indus. Inc.*,
    189 Cal. App. 4th 562, 117 Cal. Rptr. 3d 398 (2010) ......................................... 6

**Statutes**

28 U.S.C. § 1332 ......................................................................................................... 4

Fed. R. Civ. P. 12(b)(6) (West 2024) .............................................................. 1, 5, 8, 9

CAL. CIV. PROC. CODE § 1856 (West 2024) ............................................................... 8

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

This is a lawsuit seeking damages arising from the alleged discrimination and civil assault of Plaintiff during the course of boarding a flight from Orlando, Florida to his final destination of Oakland, California. Plaintiff alleges that on January 15, 2023, while boarding his flight at Orlando International Airport, Menzies' employees improperly impeded his travel and grabbed his arm without his consent and that the encounter resulted in his inability to board his flight.

Counsel for Menzies engaged in settlement discussions with Plaintiff, and on March 25, 2024, Plaintiff signed a general release of all claims against Menzies and its employees. The release provides that, in exchange for reasonable consideration, Plaintiff agrees to release any and all claims against Menzies and Menzies' employees arising out of the incident on January 15, 2023. The release does not provide any stated time limit by which Plaintiff was required to receive the settlement funds. The release does provide that all of the parties' obligations under the settlement agreement are contained in the release and there are no oral agreements related to the settlement agreement that are not stated in the release. Menzies requests judicial notice of the release signed by Plaintiff releasing his claims against Menzies and its employees.

On May 6, 2024, the settlement funds were deposited in Plaintiff's bank account. Plaintiff has retained these settlement funds.

On this basis, Menzies moves to dismiss Plaintiff's claims alleged against it and its employees pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.

## STATEMENT OF ISSUE TO BE DECIDED

Whether Plaintiff's claims alleged against Menzies and Menzies' employees in the First Amended Complaint are barred by the release signed by Plaintiff, submitted to this Court by way of a Request for Judicial Notice.

**SUMMARY OF ARGUMENT**

The release signed by Plaintiff bars all claims alleged in Plaintiff's First Amended Complaint against Menzies and Menzies' employees.

**RELEVANT ALLEGATIONS AND PROCEDURAL HISTORY**

On February 21, 2023, Plaintiff filed a lawsuit against Frontier Airlines and Amer SM Asif in the United Stated District Court for the Middle District of Florida. The complaint alleged that on January 15, 2023, while boarding a Frontier Airlines flight at Orlando International Airport, Mr. Asif subjected Plaintiff to discrimination and civil battery. The complaint erroneously alleged that Mr. Asif was an employee of Frontier, when, in fact, he was an employee of Menzies. Menzies provides employees to Frontier to work as gate agents for Frontier flights at Orlando, and Mr. Asif was working as a gate agent for Plaintiff's flight at the time of the alleged incident. *See* Declaration of John Maggio ("Maggio Decl."), ¶ 3; Complaint filed in the Middle District of Florida, Exhibit "A" to Maggio Decl.

On June 8, 2023, Plaintiff filed a First Amended Complaint in the Florida action, naming Menzies as a defendant, and correctly naming Mr. Asif as a Menzies employee, and adding William Revis, another Menzies employee, as a defendant. *See* Maggio Decl., ¶ 4; Amended Complaint filed in the Middle District of Florida, Exhibit "B" to Maggio Decl. Condon & Forsyth was retained by Menzies to represent Menzies and the Menzies' employees in Plaintiff's action. *See* Maggio Decl., ¶ 5. John Maggio, a member of Condon & Forsyth, appeared as counsel of record for Menzies, Mr. Asif, and Mr. Revis. *See id.*, ¶ 1, 5.

On January 30, 2024, the Court dismissed Plaintiff's complaint filed in the Middle District of Florida *sua sponte* on the grounds that Plaintiff failed to file a case management report as required by Florida court rules. *See* Maggio Decl., ¶ 6; Order of Dismissal, Exhibit "C" to Maggio Decl. Thereafter, on March 8, 2024, Plaintiff filed his complaint in this Court repeating his allegations against Menzies,

NOTICE OF MOTION AND MOTION TO DISMISS OF DEFENDANT MENZIES AVIATION (USA) INC.
CASE NO.: 3:24-cv-01437-SK

- 2 -

Mr. Asif, and Mr. Revis.[1]

Before Plaintiff served the complaint he filed in the Northern District of California, Mr. Maggio engaged in settlement discussions on behalf of Menzies and its employees and insurers with Plaintiff and a settlement agreement was reached. *See* Maggio Decl., ¶ 8. At no time during the settlement discussions were any representations made to Plaintiff as to when the settlement funds would be paid. *See id*.

On March 25, 2024, Mr. Maggio forwarded a release to Plaintiff for his review and signature. In the release, Plaintiff agreed, in exchange for reasonable consideration, to "release and forever discharge" Menzies and Menzies' employees from "any claims, losses or damages resulting from or arising out of personal injuries and denial of boarding allegedly sustained by [Plaintiff] in connection with transportation on Frontier flight F91103 from Orlando, Florida to Oakland, California on January 15, 2023[.]" *See* Release,[2] Exhibit "D" to Maggio Decl., p. 1. The release covers "any and all claims, damages, remedies, actions, and causes of action alleged or brought, or which could have been alleged or brought" and "all unknown, unforeseen, unanticipated, and unsuspected injuries, damages, losses and liabilities, and the consequences thereof, as well as those now disclosed and known to exist." *See id*.

The release does not contain any provisions as to when the settlement funds would be paid. The release does, however, provide that "no promises or agreements or assignments not herein expressed have been made and that this General Release of All Claims contains the entire agreement between the parties hereto and that that [sic] the terms of this General Release of All Claims are

---

[1] Mr. Asif and Mr. Revis were Menzies employees at the time of the incident. However, they are no longer employed by Menzies and, as of the time of this Motion, Menzies is not in contact with them.

[2] The exact settlement amount is redacted from the release due to a confidentiality provision in the release which prohibits disclosure of the settlement amount. However, Menzies can provide the Court with an unredacted copy of the release pursuant to a Court order requiring its production.

NOTICE OF MOTION AND MOTION TO DISMISS OF DEFENDANT MENZIES AVIATION (USA) INC.
CASE NO.: 3:24-cv-01437-SK
- 3 -

1 contractual and not a mere recital." *See id.*, p. 3. Plaintiff signed and returned the
2 release on March 25, 2024. *See* Maggio Decl., ¶ 9.
3       After Plaintiff returned the release, he telephoned Mr. Maggio almost daily
4 to ask when his settlement funds would be paid. It was explained to him that the
5 settlement funds were coming from London, and it would take a bit of time for
6 them to be transferred to the law firm's client trust account, but, hopefully, they
7 would arrive in thirty days. However, at no time were any promises made to
8 Plaintiff as to when the settlement funds would be paid. *See* Maggio Decl., ¶ 10.
9       On April 25, 2024, Mr. Maggio sent Plaintiff an e-mail advising him that the
10 funds were expected by April 29, 2024. There was a delay of a few days, however,
11 and the settlement funds were not received in the law firm's client trust account
12 until Friday, May 3, 2024. On the morning of Monday, May 3, Mr. Maggio sent
13 Plaintiff an e-mail advising him that the firm received the settlement funds, and
14 they would be transferred to his account. Later that same day, Mr. Maggio sent
15 Mr. Cooley another e-mail advising him that the wire payment had been set up and
16 requesting that he confirm receipt of the settlement funds. *See* Maggio Decl., ¶ 11;
17 April 25, 2024, and May 3, 2024, e-mails, Exhibit "E" to Maggio Decl. On May 6,
18 2024, the settlement funds were deposited in Plaintiff's bank account. *See* Maggio
19 Decl., ¶ 12; Wire transfer confirmation, Exhibit "F" to Maggio Decl.
20       On that same day, May 6, 2024, instead of dismissing his complaint in the
21 Northern District of California, Plaintiff filed a First Amended Complaint ("FAC")
22 in this action, in which he alleged, incorrectly, that Menzies had breached the
23 settlement agreement and he had withdrawn from the settlement. *See* FAC, ECF
24 No. 10, Exhibit "G" to Maggio Decl. Plaintiff, however, never informed Mr.
25 Maggio by telephone or e-mail that he was "withdrawing" from the settlement
26 agreement, and Mr. Maggio never received the letter that Plaintiff alleges in his
27 FAC that he sent withdrawing from the settlement. *See* Maggio Decl., ¶ 13.
28 Moreover, even if Plaintiff sent any such communication, Plaintiff had no legal

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

NOTICE OF MOTION AND MOTION TO DISMISS OF
DEFENDANT MENZIES AVIATION (USA) INC.
CASE NO.: 3:24-cv-01437-SK

- 4 -

grounds for "withdrawing" from the settlement after he had signed a release of all claims.

On June 17, 2024, after learning that Plaintiff filed his Amended Complaint making these allegations, Mr. Maggio attempted to contact Plaintiff by telephone and e-mail to discuss the matter. However, Plaintiff failed to respond to either Mr. Maggio's telephone call or e-mail. *See* Maggio Decl., ¶ 14; June 17, 2024 e-mail, Exhibit "H" to Maggio Decl. Plaintiff also has retained the settlement funds that were wired to his account pursuant to the settlement agreement. *See* Maggio Decl., ¶ 15.

Plaintiff's FAC alleges causes of action against Menzies for: (1) Racial Discrimination; (2) Civil Battery under Florida State Law; (3) Slander/Defamation under Florida State Law; Neglignece Supervision [*sic*] under Florida State Law; (5) Vicarious Liability under Florida State Law; and (5) Breach of Verbal Agreement under California Law.[3]

## ARGUMENT

## I

## PLAINTIFF'S FAC MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM BECAUSE PLAINTIFF HAS RELEASED ALL CLAIMS AGAINST MENZIES AND MENZIES' EMPLOYEES

**A. This Court May Take Judicial Notice of the Release Because Plaintiff's Allegations in his FAC Reference the Release and Plaintiff's FAC Necessarily Relies on the Release.**

This Court may take judicial notice of the General Release signed by Plaintiff in considering this Rule 12(b)(6) motion to dismiss. Generally, a court may not look beyond the four corners of the complaint, with the exception of matters incorporated into the complaint by reference and any matters subject to judicial notice. *See Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).

---

[3] Plaintiff's FAC also alleges a "cause of action" for "Diversity of Citizenship." *See* FAC ¶ 10. This appears to be a scrivener's error, as diversity of citizenship is a statutory basis for subject matter jurisdiction under 28 U.S.C. § 1332.

NOTICE OF MOTION AND MOTION TO DISMISS OF DEFENDANT MENZIES AVIATION (USA) INC. - 5 -
CASE NO.: 3:24-cv-01437-SK

However, "[i]n order to 'prevent plaintiff's from surviving a Rule 12(b)(6) motion by deliberately omitting documents upon which their claims are based,' a court may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned." *See id.* (*quoting Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998)). *See also Coto Settlement v. Eisenberg*, 593 F.3d 103, 1038 (9th Cir. 2010) (court may consider extrinsic documents on motion to dismiss outside the complaint "where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance.").

Here, Plaintiff dedicates twelve (12) paragraphs of his FAC to allegations surrounding his discussions with counsel for Menzies leading up to and after execution of the release. *See* FAC at ¶¶ 31 – 43. Plaintiff's FAC also specifically references the release at least five (5) times. *See id.* at ¶¶ 33 – 35, 37 – 38. Further, Plaintiff's cause of action for breach of an "oral agreement" that was allegedly entered into contemporaneously with the release necessarily relies on the terms and conditions found within the release. *See id.* at ¶¶ 10, 32-33, 37 – 41. Accordingly, this Court may properly take notice of the release in ruling on Menzies' Motion to Dismiss.

**B. Plaintiff's General Release Bars All Causes of Action in Plaintiff's FAC.**

A release is the "'abandonment, relinquishment or giving up of a right or claim to the person against whom it might have been demanded or enforced . . . and its effect is to extinguish a cause of action.'" *Marder v. Lopez*, 450 F.3d 445, 449 (9th Cir. 2006) (*quoting Pellett v. Sonotone Corp.*, 26 Cal. 2d 705, 160 P.2d 783 (1945)). "The rule for releases is that absent special vitiating circumstances, a general release bars claims based upon events occurring prior to the date of the release." *Villacres v. ABM Indus. Inc.*, 189 Cal. App. 4th 562, 589, 117 Cal. Rptr. 3d 398, 419 (2010).

NOTICE OF MOTION AND MOTION TO DISMISS OF
DEFENDANT MENZIES AVIATION (USA) INC.
CASE NO.: 3:24-cv-01437-SK

- 6 -

In *Marder*, the plaintiff, a dancer whose life story was the basis for the film "Flashdance," entered into a general release with a production studio in which she agreed to relinquish all claims arising out of the creation of the film "Flashdance." *Marder*, 450 F.3d at 447. After the film's release in theaters, the plaintiff brought intellectual property claims against the studio relating to the film and a music video connected to the film. *Id*. The defendants brought a 12(b)(6) motion to dismiss on the grounds that the plaintiff had signed a general release of all claims arising out of the creation of the film, and the district court granted the defendant's motion. *Id*.

The Ninth Circuit affirmed, holding the plaintiff's complaint was barred by the release, in which the plaintiff agreed she "releases and discharges [the defendant] . . . of and from each and every claim, demand, debt, liability, cost and expense of any kind or character which have arisen or are based in whole or in part on any matters occurring at any time prior to the date of this [r]elease," and also released the defendant from claims "arising out of or in any way connected with, either directly or indirectly, any and all arrangements . . . in connection with the preparation of screenplay material and the production, filming and exploitation of . . . Flashdance." *Id*. at 449.

The court reasoned that a release is to be interpreted under ordinary contract principles, which requires the court to "give effect to the parties' mutual intent as it existed when they contracted," and to interpret the parties' intent "from the language of the [r]elease, so long as that language is not ambiguous or uncertain." *Id*. The court held that the release's language was exceptionally broad, as it released the defendant of "each and every claim" arising out of the creation of the film, and thus the only reasonable interpretation of the release is that it encompassed the intellectual property claims the plaintiff asserted in her lawsuit. *Id*.

The same is true here. Plaintiff signed a "General Release," in which he

---

NOTICE OF MOTION AND MOTION TO DISMISS OF
DEFENDANT MENZIES AVIATION (USA) INC.
CASE NO.: 3:24-cv-01437-SK

- 7 -

agreed to "release and forever discharge" Menzies and Menzies' employees from "any claims, losses or damages resulting from or arising out of personal injuries and denial of boarding allegedly sustained by [Plaintiff] in connection with transportation on Frontier flight F91103 from Orlando, Florida to Oakland, California on January 15, 2023," and which is the subject of this very lawsuit. *See* Release, Ex. "D" to Maggio Decl. The language of Plaintiff's release is identical to or broader than the release in *Marder*. To be sure, Plaintiff's release goes even further to include "any and all claims, damages, remedies, actions, and causes of action alleged or brought, or which could have been alleged or brought" and "all unknown, unforeseen, unanticipated, and unsuspected injuries, damages, losses and liabilities, and the consequences thereof, as well as those now disclosed and known to exist." *See id*.

The release identifies Plaintiff by name, and specifies the same date, location, and events as described in Plaintiff's FAC. The release states that Plaintiff agrees to release and forever discharge any and all claims which were or could have been brought arising out of the incident on January 15, 2023, at Orlando International Airport, which is the same incident that is the basis for Plaintiff's lawsuit. Thus, the plain and unambiguous language of the release leaves no doubt that it was the intent of the parties at the time of executing the release to bar all causes of action arising out of the incident, including those causes of action alleged in Plaintiff's FAC.

To the extent that Plaintiff argues the release is ineffective due to an alleged "oral agreement" which made the release contingent upon Plaintiff's receipt of payment within thirty days, he is mistaken. The release does not contain any provision or language concerning the time for payment and does not state the release is contingent upon payment within thirty days. *See* Release, Ex. "D" to Maggio Decl. Moreover, the release plainly states that "no promises or agreements or assignments not herein expressed have been made and that this General Release

NOTICE OF MOTION AND MOTION TO DISMISS OF DEFENDANT MENZIES AVIATION (USA) INC.
CASE NO.: 3:24-cv-01437-SK

- 8 -

of All Claims contains the entire agreement between the parties hereto and that that [sic] the terms of this General Release of All Claims are contractual and not a mere recital." *See id*. at p. 3.

Basic contract law principles provide that the terms of a writing may be "'explained or supplemented by extrinsic evidence of consistent additional terms,' but not if 'the writing is intended also as a complete and exclusive statement of the terms of the agreement.'" *Hollywood Foreign Press Ass'n v. Red Zone Cap. Partners II*, 870 F. Supp. 2d 881, 918 (C.D. Cal. 2012) (*quoting* Cal. Civ. Proc. Code § 1856 (West 2024)). Here, the release clearly states that the release contains the entire agreement between the parties and that no promises or agreements not contained within the release have been made. Thus, although Menzies adamantly denies that any oral agreement was made to make payment to Plaintiff within thirty days, no such evidence of any alleged oral agreement may be received, and no outside promises may constitute additional terms, where the release clearly states it is the entire agreement between the parties.

Moreover, it is also fundamental contract law that "extrinsic evidence and other rules of construction may be used to interpret the words chosen, but not to add, subtract, or vary the words used in the written agreement." *Id*. Thus, Plaintiff's allegations that he desired, wished, and communicated for payment to made within thirty days, or that such a promise was made, is irrelevant because these allegations would add, subtract to, or vary the words used in the release.

Accordingly, Plaintiff fails to state a claim against Menzies and the Menzies' employees named in his FAC because he has released all claims against them, and Plaintiff's FAC must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.

/ /

/ /

/ /

# CONCLUSION

Menzies respectfully requests that this Court dismiss Plaintiff's First Amended Complaint, with prejudice, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Dated: June 28, 2024                              CONDON & FORSYTH LLP


By: */s/Jennifer J. Johnston*
    JENNIFER J. JOHNSTON
    JUSTIN M. SCHMIDT
    CHRISTINA V. FERREIRO
    Attorneys for Defendant
    MENZIES AVIATION (USA) INC.