# EXHIBIT E

FREDERICK MARC COOLEY
P.O. BOX 4575
VALLEJO, CA 94590
(707) 373-6405
cooleyfrederickm@gmail.com

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FREDERICK MARC COOLEY**, <br><br>Plaintiff, <br><br>v. <br><br>**MENZIES AVIATION (USA) INC.; AMER SM ASIF; WILLIAM REVIS; JOHN DOE; JANE DOE** <br><br>Defendants. | No. 3:24-cv-01437-AMO <br><br>**PLAINTIFF'S OPPOSITION TO MENZIES AVIATION (USA) INC. MOTION TO DISMISS HIS FIRST AMENDED COMPLAINT PURSUANT TO RULE 12 (b)(6)** <br><br>Date: August 5, 2024 <br>Time: 9:30 a.m. <br>Place: Crtrm 10, 19th Floor <br><br>**HON. ARACELI MARTINEZ-OLGUIN** |

Plaintiff Frederick Marc Cooley ("COOLEY"), in pro se, hereby submit the following points and authorities in opposition to the defendant Menzies Aviation (USA) Inc.("MENZIES") motion to dismiss this action for failure to state a claim on which relief can be granted under Federal Rules of Civil Procedure, Rule 12 (b)(6).

1

## A. **INTRODUCTION**

Cooley, a Black American male, brings causes of action against Menzies Aviation (USA) Inc. and multiple of its employees, alleging diversity of citizenship, racial discrimination, civil battery under Florida State law, slander/defamation under Florida state law, negligence supervision under Florida state law, vicarious liability under Florida state law, and breach of verbal agreement under California state law.

Cooley alleges that on January 15, 2023, when attempting to board a flight at the Orlando International Airport in Orlando Florida, Menzies' employees subjected Cooley to racial discrimination by denying Cooley to board but allowed a non-black passenger to board. Without Cooley's consent a Menzies' employee grabbed his arm and pushed and pulled Cooley in efforts of impeding Cooley's travel and to prevent him from boarding his flight, subjecting Cooley to substantial pain. Cooley alleges in violation of Florida state law he was slandered and defamed when employees falsely reported to the Orlando Police that Cooley had assaulted one of the employees.

Without court involvement Cooley and defense counsel for Menzies, "John Maggio" engaged in settlement discussions, where Mr. Maggio presented an oral offer and agreed that the payment would be made to Cooley within 30 days of notarizing the agreement and mailing it back to Mr. Maggio. On March 25, 2025, Cooley

2

mailed and emailed the notarized agreement to Mr. Maggio, which would have made the 30th day to make payment to Cooley April 24, 2024. Menzies breached the oral agreement and after not receiving the payment, on May 1, 2024, Cooley forwarded a letter to Mr. Maggio communicating that he was withdrawing from the agreement because of the breach and pursuing his claims against all the defendants. On May 6, 2024, Cooley filed the instant First Amended Complaint.

## B. LEGAL STANDARD

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. On a motion to dismiss under Rule 12(b)(6), the Court construes the allegations in the complaint in the light most favorable to the non-moving party and takes as true all material allegations in the complaint. *Sanders v. Kennedy*, 794 F.2d 478 (9th Cir. 1986). Even under the liberal pleading standard of Rule 8(a)(2), "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Rather, a plaintiff must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

3

"The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.... When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Twombly*, 550 U.S. at 557. If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *Reddy v. Litton Indus., Inc.*, 912 F.2d 291 (9th Cir. 1990); *Cook, Perkiss & Lieche, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242 (9th Cir. 1990). As a general rule, "a district court may not consider material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Branch v. Tunnell*, 14 F.3d 449 (9th Cir. 1994), *overruled on other grounds, Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). However, documents subject to judicial notice, such as matters of public record, may be considered on a motion to dismiss. *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2011). In doing so, the Court does not convert a motion to dismiss to one for summary judgment. *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991). The district court may also consider documents attached to and/or incorporated by reference in the complaint without converting the motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903 (9th Cir. 2003). "The court need not ... accept as true allegations that contradict matters properly subject to judicial notice

or by exhibit." <u>Sprewell v. Golden State Warriors</u>, 266 F.3d 979 (9th Cir. 2001).

## C. THE WRITTEN SETTLEMENT AGREEMENT IS SUBJECT TO REASONABLE DISPUTE AND THEREFORE THE TRIAL COURT SHOULD NOT TAKE JUDICIAL NOTICE OF THE AGREEMENT

On a motion to dismiss, a court normally may not look to matters beyond the complaint without converting the motion into one for summary judgment. *Mack v. South Bay Beer Distributors*, *798 F.2d 1279, 1282 (9th Cir. 1986)*, overruled on other grounds by <u>AstoriaFed. Sav. & Loan Ass'n v. Solimino</u>, *501 U.S. 104 (1991).* There are two exceptions to this rule: (1) a court may take judicial notice of material which is either submitted as part of the complaint or necessarily relied upon by the complaint; and (2) a court may take judicial notice of matters of public record. <u>Lee v. City of Los Angeles</u>, *250 F.3d 668, 688-89 (9th Cir. 2001).* Under Federal Rule of Evidence 201(b), a "judicially noticed fact must be one not subject to reasonable dispute in that it is either: (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Furthermore, a court "shall take judicial notice if requested by a party and supplied with the necessary information." <u>See</u> Fed. R. Evid. 201(d); *Mullis v. United States Bank*, *828 F.2d 1385, 1388 n.9 (9th Cir. 1987).* However, a court may not take judicial notice of a fact that is "subject to reasonable dispute." <u>Lee v. City of Los Angeles</u>, *250 F.3d 668, 689–*

5

90 *(9th Cir. 2001)* (quoting Fed.R.Evid. 201(b)) (finding that trial court erred in taking judicial notice of disputed facts contained in public records because, while the court could take judicial notice of the existence of another court's opinion which was not subject to reasonable dispute over its authenticity, judicial notice was improper "for the truth of the facts recited therein").

In this instant case, the court should not take judicial notice of the agreement because there is a reasonable dispute as to whether Menzies breached the agreement and whether Cooley effectively withdrew from the agreement due to the breach. See Decl. of ("Frederick Marc Cooley"). The trial court should not take judicial notice of the written agreement because its consideration will certainly convert this motion to dismiss into one for summary judgment without the opportunity for discovery.

### D. **THE RELEASE SIGNED BY COOLEY DOES NOT BAR HIS CLAIMS BECAUSE MENZIES BREACHED THE AGREEMENT AND COOLEY THEREAFTER WITHDREW FROM THE AGREEMENT**

Oral settlement agreements can be binding on the parties. *Harrop v. Western Airlines, Inc.*, 550 F.2d 1143 *(9th Cir. 1977)*. "Where material facts concerning the existence or terms of an agreement to settle are in dispute," the Court must hold an evidentiary hearing. *Callie v. Near*, 829 F.2d 888 *(9th Cir. 1987)* (citing *Russell v. Puget Barge Co.* 737 F.2d 1510 (9th Cir. 1984). Whether the parties intended only to be bound upon the execution of a written, signed

6

agreement is a factual issue, but circumstances of the settlement negotiations may defeat such a conclusion. *Id.* at 890–891 (citing *Ozyagcilar v. Davis*, 701 F.2d 306 (4th Cir.1953), and *Fulgence v. J. Rat McDermott & Co.*, 662 F.2d 1207, 1209 (5th Cir.1981).

California law allows a party to seek rescission for failure of consideration. See Cal. Civ. Code § 1689 (b), (2), (3), (4). Specifically pursuant to Cal. Civil Code § 1689 (b) A party to a contract may rescind the contract in the following cases:

> (2) If the consideration for the obligation of the rescinding party fails, in whole or in part, through the fault of the party as to whom he rescinds;
>
> 4) If the consideration for the obligation of the rescinding party, before it is rendered to him, fails in a material respect from any cause.

The right to rescind exists even if "there has been a partial performance by the party against whom the right is exercised." *Coleman v. Mora*, (1968) *263 Cal.App.2d 137*. "A failure of consideration must be 'material,' or go to the 'essence' of the contract before rescission is appropriate." *Wyler v. Feuer*, 85 Cal.App.3d 392 (9th Cir. 1983). "Whether a breach constitutes a failure of consideration sufficient to be deemed material and thus to warrant rescission of a contract is a question of fact ...." *Fed. Deposit Ins. Corp. v. Air Fla. Sys., Inc.*, 822 F.2d 833, 840 (9th Cir.1987). Under California law, if one party breaches a settlement, the other has the option of enforcing the terms of the settlement or rescinding

7

the settlement and suing on the original claims. *Arnold v. U.S.* (1987) 816 F.2d 1306. "*Delay* in performance is a material failure [of consideration] only if *time is of the essence*, i.e., if prompt performance is, by the express language of the contract or by its very nature, a vital matter. *City of Larkspur v. Marin County Flood Control etc, Dist.*, (1985) 168 Cal. App. 947.

In *Tolbert v. Garrett*, (9th Cir. 1993) 996 F.2d 1227, the Court of Appeals, vacated a summary judgment and remanded for further proceedings to resolve the factual dispute as to whether Garrett had materially breached the settlement agreement and if he did such a breach would entitle Tolbert to rescind the agreement.

In this instant case, Cooley argues that there has been a material failure of consideration on Menzies' part, in regard to the out of court oral agreement to deliver to Cooley payment within 30 days of the submission of his signed general release agreement.

Specifically, Menzies offers as evidence a declaration from John Maggio ("Maggio"), counsel for Menzies. Mr. Maggio states in his declaration that "at no time during the settlement discussions did I make any agreement or commitment as to when the settlement funds would be paid. (Doc. 21, pg. 3, ¶8). Mr. Maggio's statement clearly disputes Cooley's claim that Mr. Maggio told Cooley that he would receive payment within 30 days. (Doc. 10, pg.6, ¶33). More importantly Cooley in a good faith effort in attempting to put defendants on notice by forwarding letter to Mr. Maggio May 1,

8

2024, communicating that Cooley withdrew from the agreement and chose to pursue his claims against all the defendants. See Supporting Decl. of ("Frederick Marc Cooley").

In light of the need to resolve the factual dispute concerning the breach and validity of the settlement agreement the court should deny the motion to dismiss.

## CONCLUSION

For the above-stated reasons Menzies motion to dismiss should be denied.

Date 7/11/24

Frederick M. Cooley

FREDERICK MARC COOLEY

9