# EXHIBIT G

| | |
|---|---|
| 1 | Jennifer J. Johnston (State Bar No.: 125737)<br>Email: jjohnston@condonlaw.com |
| 2 | Justin M. Schmidt (State Bar No.: 309656)<br>Email: jschmidt@condonlaw.com |
| 3 | Christina V. Ferreiro (State Bar No.: 349562)<br>Email: cferreiro@condonlaw.com |
| 4 | CONDON & FORSYTH LLP<br>1901 Avenue of the Stars, Suite 1050 |
| 5 | Los Angeles, California 90067<br>Telephone: (310) 557-2030 |
| 6 | Facsimile: (310) 557-1299 |
| 7 | Attorneys for Defendant<br>MENZIES AVIATION (USA) INC. |
| 8 | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| FREDERICK MARC COOLEY, | ) | Case No. 3:24-cv-01437-AMO |
|---|---|---|
| Plaintiff, | ) ) ) | **REPLY OF DEFENDANT MENZIES AVIATION (USA) INC. IN SUPPORT** |
| vs. | ) ) | **OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED** |
| MENZIES AVIATION (USA) INC; AMER SM ASIF; WILLIAM REVIS; JOHN DOE; JANE DOE, | ) ) ) ) | **COMPLAINT PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE** |
| Defendants. | ) ) ) ) ) ) ) | Date: November 7, 2024<br>Time: 2:00 p.m.<br>Place: Courtroom 10 - 19th Floor |

Defendant Menzies Aviation (USA) Inc. ("Menzies"), by and through its attorneys of record, Condon & Forsyth LLP, hereby submits its Reply in support of its Motion to Dismiss plaintiff Frederick Marc Cooley's First Amended Complaint with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure as follows:

---

REPLY IN SUPPORT OF MOTION TO DISMISS
CASE NO.: 3:24-cv-01437-AMO

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................... ii

INTRODUCTION .........................................................................................................................1

ARGUMENT.................................................................................................................................2

    I.     PLAINTIFF HAS FAILED TO ALLEGE ANY FACTS DISPUTING THE AUTHENTICITY AND VALIDITY OF THE RELEASE, AND THEREFORE THE RELEASE IS JUDICIALLY NOTICEABLE AND REMAINS A BAR TO HIS CLAIMS AGAINST MENZIES AND MENZIES' EMPLOYEES ..........2

    II.    PLAINTIFF SHOULD BE REQUIRED TO PAY MENZIES' ATTORNEYS' FEES INCURRED IN BRINGING THIS MOTION ..............................................3

CONCLUSION..............................................................................................................................5

REPLY IN SUPPORT OF MOTION TO DISMISS.
CASE NO.: 3:24-cv-01437-AMO

i

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bonnel v. Best Buy Stores, L.P.*,
    881 F. Supp. 2d 1164 (N.D. Cal. 2012) ...........................................................................3, 4, 5

*Hollywood Foreign Press Ass'n v. Red Zone Cap. Partners II*,
    870 F. Supp. 2d 881 (C.D. Cal. 2012) ......................................................................................3

*Lee v. City of Los Angeles*,
    250 F.3d 668 (9th Cir. 2001) ....................................................................................................2

*Mitchell v. Cnty. of Contra Costa*,
    600 F. Supp. 3d 1018 (N.D. Cal. 2022) ................................................................................4, 5

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.*,
    442 F.3d 741 (9th Cir. 2006) ................................................................................................3, 5

**Statutes**

FED. R. CIV. P. 12(b)(6) (West 2024)..................................................................................1, 2, 3, 5

CAL. CIV. PROC. CODE § 1856 (West 2024) ...................................................................................3

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

1 **MEMORANDUM AND POINTS OF AUTHORITIES**

2 **INTRODUCTION**

3 Plaintiff's Opposition to Menzies' Motion to Dismiss does not dispute the authenticity or
4 validity of the release entered into between Plaintiff and Menzies which bars all claims against
5 Menzies or its employees arising out of the incident on January 15, 2023, the same incident
6 alleged in Plaintiff's First Amended Complaint ("FAC"). Plaintiff also does not dispute that the
7 release does not require payment to be made by any specified time, that the release provides that
8 it is the entire agreement between the parties, or that he received the settlement funds within
9 forty-two days and has either retained or spent the settlement funds. Thus, Plaintiff's claims
10 against Menzies and Menzies' former employees remain barred by the express terms of the
11 release, and his FAC should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil
12 Procedure.

13 Moreover, Plaintiff's attempt to withdraw from the settlement agreement after signing a
14 valid release is nothing more than a tactic to squeeze more money out of Menzies. Plaintiff
15 engaged in identical tactics in his related action filed in the Middle District Court of Florida
16 against Frontier Airlines ("Frontier"), in which he entered into a valid settlement agreement with
17 Frontier and later attempted to rescind the settlement agreement and reopen his case against
18 Frontier based on certain claims, including the claim that Frontier breached an agreement to pay
19 the settlement funds within two weeks. A public record search reveals that the instant action is
20 but one of a long line of complaints filed by Plaintiff over the course of nearly two decades.
21 Plaintiff's misuse of the judicial system here for personal gain should not be condoned, and his
22 claims should be dismissed with prejudice and Menzies should be awarded its attorneys' fees in
23 bringing this motion to dismiss. *See* Declaration of Jennifer J. Johnson ("Johnson Decl."), at ¶¶
24 2-6.
25 / /
26 / /
27 / /
28 / /

REPLY IN SUPPORT OF MOTION TO DISMISS. - 1 -
CASE NO.: 3:24-cv-01437-AMO

# ARGUMENT

## I

### PLAINTIFF HAS FAILED TO ALLEGE ANY FACTS DISPUTING THE AUTHENTICITY AND VALIDITY OF THE RELEASE, AND THEREFORE THE RELEASE IS JUDICIALLY NOTICEABLE AND REMAINS A BAR TO HIS CLAIMS AGAINST MENZIES AND MENZIES' EMPLOYEES

Plaintiff incorrectly argues that the Court should not take judicial notice of the release entered into between Plaintiff and Menzies because the settlement agreement is subject to a "reasonable dispute." *See* Opp'n, p. 6. Plaintiff's reliance on *Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001) is misplaced. In *Lee*, the Ninth Circuit held that although matters of public record are subject to judicial notice on a Rule 12(b)(6) motion, the district court erred in taking judicial notice of the plaintiff's "waiver of extradition," because, while the document was a matter of public record, the validity and contents of the document were disputed. *Id*. at 689-90. Here, by contrast, Plaintiff has not alleged any facts disputing the authenticity of the release, the validity of the release, or the contents of the release.

Specifically, Plaintiff does not dispute the following dispositive facts: (1) that the release is authentic and that by signing the release he agreed to its terms; (2) that the release does not contain any provision requiring Menzies' to deliver the settlement funds within thirty days or any other specified time; and (3) that by the releases' express terms, Plaintiff agreed that no promises or agreements not expressed in the release have been made and the release contains the entire agreement of the parties. Thus, unlike in *Lee*, there is no "reasonable dispute" concerning the validity and contents of the release. This is unsurprising because, as argued in Menzies' Motion to Dismiss, Plaintiff's cause of action for "breach of oral agreement," necessarily relies on the validity and contents of the release, without which he has no claim for its breach. But Plaintiff may not use the release as both a shield and a sword, and as Plaintiff relies on the release for his cause of action and does not dispute its contents, he may not avoid notice of the release in an attempt to avoid dismissal of his claims.

Moreover, Plaintiff also does not dispute that Menzies' fully complied with the terms of the release as it is written. Nowhere in his Opposition does Plaintiff dispute that Menzies paid

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

1  him the settlement funds within forty-two days of its execution, and that, to date, he has either
2  retained or spent those settlement funds.  Nor does Plaintiff claim that he and Menzies made an
3  oral agreement which modified the written release after the release was executed.  Rather, he
4  alleges that there was an oral agreement made before he signed the release, but which is not
5  stated in the release.  See Opp'n, at pp. 6 -7.  However, where Plaintiff agreed to the terms of the
6  release providing that it is the entire agreement between the parties and that no outside promises
7  or agreements not expressed in the release have been made, he cannot contradict the express
8  terms of the release by alleging outside promises were made before its execution.  See
9  *Hollywood Foreign Press Ass'n v. Red Zone Cap. Partners II*, 870 F. Supp. 2d 881, 918 (C.D.
10 Cal. 2012) (terms of a writing may be "'explained or supplemented by extrinsic evidence of
11 consistent additional terms,' but not if 'the writing is intended also as a complete and exclusive
12 statement of the terms of the agreement.'") (*quoting* Cal. Civ. Proc. Code § 1856 (West 2024)).
13 Accordingly, the release remains a bar to any and all claims by Plaintiff against Menzies and
14 Menzies' former employees arising out of the incident on January 15, 2023, and Plaintiff's FAC
15 must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure
16 to state a claim.

17                                                          II

18  **PLAINTIFF SHOULD BE REQUIRED TO PAY MENZIES' ATTORNEYS' FEES
                        INCURRED IN BRINGING THIS MOTION**
19

20         As noted above, Plaintiff is misusing the judicial system for personal gain and causing
21 Menzies to incur needless attorneys' fees and cost.   *See* Johnson Decl., at ¶¶ 2-6.  This is not the
22 first time Plaintiff has engaged in this behavior.  In fact, Plaintiff's baseless accusations against
23 Menzies and Menzies' counsel are identical to those made in his related lawsuit against Frontier.
24 Menzies requests that this Court take judicial notice of the filings made in connection with
25 Plaintiff's lawsuit against Frontier in the Middle District Court of Florida arising out of the same
26 incident that forms the basis of Plaintiff's lawsuit against Menzies.  *See Reyn's Pasta Bella, LLC*
27 *v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (federal courts "may take judicial notice
28 of court filings and other matters of public record."); *Bonnel v. Best Buy Stores, L.P.*, 881 F.

Case 3:24-cv-01437-AMO Document 36-1 Filed 07/8/24 Page 8 of 9

1 Supp. 2d 1164, 1168-69 (N.D. Cal. 2012) (taking judicial notice of documents filed in another
2 federal district court because documents were from sources whose accuracy cannot reasonably
3 be questioned and were a matter of public record); *Mitchell v. Cnty. of Contra Costa*, 600 F.
4 Supp. 3d 1018, 1025-26 (N.D. Cal. 2022) (taking judicial notice of seventeen previous lawsuits
5 filed against the defendants and prior jury verdict against one defendant which related to the
6 underlying lawsuit).

7 A review of the docket from the Middle District Court of Florida reveals that, as in this
8 case, Plaintiff entered into settlement discussions with counsel for Frontier, and then signed a
9 written settlement agreement releasing his claims against Frontier. *See* Frontier Airline's
10 Opposition to Plaintiff's Motion to Reopen the Action, Ex. D to Request for Judicial Notice, at
11 pp. 2-3. The Florida court then entered an order dismissing Plaintiff's claims against Frontier
12 with prejudice, in accordance with the settlement agreement. *See* Order of Dismissal, Ex. B to
13 Request for Judicial Notice, at p. 1. However, Plaintiff thereafter filed a motion to reopen his
14 case against Frontier, claiming that his decision to settle was based on alleged oral promises from
15 Frontier's counsel, including an oral promise that the settlement funds would be paid within two
16 weeks, but that he had not received the settlement funds within that time frame, and thus the
17 settlement agreement was breached. *See* Plaintiff's Request to Re-Open Case Against Dismissed
18 Defendant Frontier Airline Inc., Ex. C to Request for Judicial Notice., at pp. 1-3.

19 Frontier opposed Plaintiff's motion to reopen the action, denying Plaintiff's accusations
20 and explaining that counsel for Frontier offered proof to Plaintiff that the settlement check was
21 sent to Plaintiff within two weeks, and that when Plaintiff claimed he had not received the check,
22 counsel for Frontier issued a stop payment on the original settlement check and a new settlement
23 check was mailed to Plaintiff. *See* Frontier Airline's Opposition to Plaintiff's Motion to Reopen
24 the Action, Ex. D to Request for Judicial Notice., at pp. 3-4. The Florida court denied Plaintiff's
25 motion to reopen his case against Frontier airlines, reasoning that "Plaintiff and Frontier entered
26 into a settlement agreement, so any claims at this point would be based on that contract, not his
27 original Complaint." *See* Middle District of Florida Civil Docket, Order Denying Motion to
28 Reopen, Doc. No. 29, Ex. E to Request for Judicial Notice.

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

1      Here, Plaintiff is engaging in the same tactics in his case against Menzies as with his case against Frontier. In both instances, he signed releases only to then make unfounded claims that the defendants breached the settlement agreements by not paying the settlement funds within a certain time. In doing so, Plaintiff not only has cast aspersions on the integrity of reputable attorneys who have attempted to deal with him in good faith, but he also has wasted valuable court resources for improper motives.

      Plaintiff is no stranger to the judicial system having filed numerous pro se actions in the past. Menzies requests that this court take judicial notice of ten complaints filed by Plaintiff as a pro se litigant from the years of 2005 to 2017. *See Reyn's Pasta Bella, LL.*, 442 F.3d at 746 n.6; *Bonnel*, 881 F. Supp. 2d at 1168-69; *Mitchell*, 600 F. Supp. 3d at 1025-26. Plaintiff's misuse of the judicial system here should not be condoned and Menzies requests that, in addition to dismissal of Plaintiff's FAC, this Court award Menzies the attorney's fees it has incurred in bringing this motion to dismiss. *See* Johnson Decl., at ¶¶ 4-6.

## CONCLUSION

      Menzies respectfully requests that this Court dismiss Plaintiff's First Amended Complaint, with prejudice, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and award Menzies the attorneys' fees it has incurred in bringing this motion.

Dated: July 18, 2024                    CONDON & FORSYTH LLP

                                               By: /s/Jennifer J. Johnston
                                                  JENNIFER J. JOHNSTON
                                                  JUSTIN M. SCHMIDT
                                                  CHRISTINA V. FERREIRO
                                                  Attorneys for Defendant
                                                  MENZIES AVIATION (USA) INC.

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030