# EXHIBIT I

1    Jennifer J. Johnston (State Bar No.: 125737)
     Email: jjohnston@condonlaw.com
2    Justin M. Schmidt (State Bar No.: 309656)
     Email: jschmidt@condonlaw.com
3    Christina V. Ferreiro (State Bar No.: 349562)
     Email: cferreiro@condonlaw.com
4    CONDON & FORSYTH LLP
     1901 Avenue of the Stars, Suite 1050
5    Los Angeles, California 90067
     Telephone: (310) 557-2030
6    Facsimile: (310) 557-1299

7    Attorneys for Defendant
     MENZIES AVIATION (USA) INC.

8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11

12   FREDERICK MARC COOLEY,              )  Case No. 3:24-cv-01437-AMO
                                         )
13              Plaintiff,               )  **DEFENDANT MENZIES AVIATION**
                                         )  **(USA) INC.'s SECOND REQUEST FOR**
14        vs.                            )  **JUDICIAL NOTICE SUBMITTED**
                                         )  **WITH REPLY IN SUPPORT OF**
15   MENZIES AVIATION (USA) INC; AMER SM )  **MOTION TO DISMISS PLAINTIFF'S**
     ASIF; WILLIAM REVIS; JOHN DOE; JANE )  **FIRST AMENDED COMPLAINT**
16   DOE,                                )
                                         )  Date:      November 7, 2024
17              Defendants.              )  Time:      2:00 p.m.
                                         )  Place:     Courtroom 10 – 19th Floor
18   _____)

19        Defendant Menzies Aviation (USA) Inc. (hereinafter "Menzies"), by and through its

20   attorneys, Condon & Forsyth LLP, hereby respectfully requests that pursuant to Federal Rule of

21   Evidence 201(b) and for the reasons set forth herein, the Court take judicial notice of the

22   following court documents from the civil docket in the Middle District Court of Florida in

23   connection with Plaintiff's related lawsuit against Frontier Airlines, Inc. ("Frontier"):

24        1.      Plaintiff's Complaint against Frontier Airlines, Inc., and Amer S.M. Asif, Case

25   No. 6:23-cv-00299-CEM-LHP, Doc. No. 1, filed 2/21/2023 in the Middle District Court of

26   Florida (attached hereto as Exhibit "A").

27        2.      Order of Dismissal, Case No. 6:23-cv-00299-CEM-LHP, Doc. No. 20, entered

28

     _____
     DEFENDANT MENZIES AVIATION (USA) INC.'S SECOND
     REQUEST FOR JUDICIAL NOTICE SUBMITTED WITH
     REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S
     FIRST AMENDED COMPLAINT
     CASE NO.: 3:24-cv-01437-AMO

5/1/2023 in the Middle District Court of Florida (attached hereto as Exhibit "B").

      3.     Plaintiff's Request to Re-Open Cases Against Dismissed Defendant Frontier Airlines, Inc., and Amer S.M. Asif, Case No. 6:23-cv-00299-CEM-LHP, Doc. No. 23, filed 6/8/2023 in the Middle District Court of Florida (attached hereto as Exhibit "C").

      4.     Frontier's Response in Opposition to Plaintiff's Motion to Reopen the Action, Case No. 6:23-cv-00299-CEM-LHP, Doc. No. 27, filed 6/16/2023 in the Middle District Court of Florida (attached hereto as Exhibit "D").

      5.     Minute Order Denying Plaintiff's Motion to Reopen as to Defendant Frontier Airlines Inc., Case No. 6:23-cv-00299-CEM-LHP, Doc. No. 23, entered 6/20/2023 in the Middle District Court of Florida (attached hereto as Exhibit "E").

      Menzies also requests that the Court take judicial notice of the following complaints filed by Plaintiff in multiple federal district courts and the state court of California:

      1.     Plaintiff's complaint against Solano County Sheriff's Deputies, Case No. 2:05-cv-01569-DFL-JFM, filed 8/9/2005 in the District Court for the Eastern District of California (attached hereto as Exhibit "F").

      2.     Plaintiff's complaint against Daly, et. al, Case No. 2:07-cv-00720-JKS-EFB, filed 4/16/2007 in the District Court for the Eastern District of California (attached hereto as Exhibit "G").

      3.     Plaintiff's complaint against McNabb, et.al, Case No. 2:07-cv-00509-KJD-RJJ, filed 6/13/2007 in the District Court for the District of Nevada (attached hereto as Exhibit "H").

      4.     Plaintiff's complaint against Thompson, et. al., Case No. 2:08-cv-00976-FCD-JFM, filed 5/6/2008 in the District Court for the Eastern District of California (attached hereto as Exhibit "I").

      5.     Plaintiff's complaint against Nustad, et. al., Case No. 2.08-cv-00896-RCJ-LRL, filed 7/9/2008 in the District Court for the District of Nevada (attached hereto as Exhibit "J").

      6.     Plaintiff's complaint against Marshal, et. al., Case No. 2:09-cv-00559-RLH-GWF, filed 3/25/2009 in the District Court for the District of Nevada (attached hereto as Exhibit "K").

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

DEFENDANT MENZIES AVIATION (USA) INC.'S SECOND
REQUEST FOR JUDICIAL NOTICE SUBMITTED WITH
REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT
CASE NO.: 3:24-cv-01437-AMO

- 2 -

7.      Plaintiff's complaint against Leung, Case No. 2:10-cv-01138-RCH-RJJ, filed 7/29/2011 in the District Court for the District of Nevada (attached hereto as Exhibit "L").

8.      Plaintiff's complaint against the City of Vallejo, et. al., Case No. 2:12-cv-00591-LKK-AC, filed 3/6/2012 in the District Court for the Eastern District of California (attached hereto as Exhibit "M").

9.      Plaintiff's complaint against the City of Vallejo, et. al., Case No. 2:14-cv-02011-KJM-CKD, filed 8/29/2014 in the District Court for the Eastern District of California (attached hereto as Exhibit "N").

10.     Plaintiff's complaint against Jacobs, et. al., Case No. BC670122, filed 7/27/2017 in the Superior Court of the State of California County of Los Angeles (attached hereto as Exhibit "O").

This Court may take judicial notice of the above court filings in connection with this Rule 12(b)(6) motion to dismiss.  Generally, a court may not look beyond the four corners of the complaint, with the exception of matters incorporated into the complaint by reference and any matters subject to judicial notice.  *See Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). However, under Federal Rule of Evidence 201, a court may take judicial notice of matters of public record on 12(b)(6) motion to dismiss.  *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (*citing* Fed. R. Evid. 201).  Thus, federal courts "may take judicial notice of court filings and other matters of public record."  *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).  *See also Bonnel v. Best Buy Stores, L.P.*, 881 F. Supp. 2d 1164, 1168-69 (N.D. Cal. 2012) (taking judicial notice of documents filed in another federal district court because documents were from sources whose accuracy cannot reasonably be questioned and were a matter of public record); *Mitchell v. Cnty. of Contra Costa*, 600 F. Supp. 3d 1018, 1025-26 (N.D. Cal. 2022) (taking judicial notice of seventeen previous lawsuits filed against the defendants and prior jury verdict against one defendant which related to the underlying lawsuit).

Here, the filings between Plaintiff and Frontier in the Middle District Court of Florida, as

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

DEFENDANT MENZIES AVIATION (USA) INC.'S SECOND
REQUEST FOR JUDICIAL NOTICE SUBMITTED WITH
REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT
CASE NO.: 3:24-cv-01437-AMO

- 3 -

well as the ten complaints filed by Plaintiff in multiple federal district courts and the state court of California, are noticeable because these court filings are matters of public record and derive from sources whose accuracy cannot reasonably be questioned.  Accordingly, this Court may properly take notice of the above court filings in ruling on Menzies' Motion to Dismiss.

Dated: July 18, 2024                                      CONDON & FORSYTH LLP


By: /s/ Jennifer J. Johnston
    JENNIFER J. JOHNSTON
    JUSTIN M. SCHMIDT
    CHRISTINA V. FERREIRO
    Attorneys for Defendant
    MENZIES AVIATION (USA) INC.

DEFENDANT MENZIES AVIATION (USA) INC.'S SECOND
REQUEST FOR JUDICIAL NOTICE SUBMITTED WITH
REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT
CASE NO.: 3:24-cv-01437-AMO

- 4 -

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

# Exhibit A

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT

for the

MIDDLE DISTRICT OF FLORIDA ▾

ORLANDO Division

| | | |
|---|---|---|
| FREDERICK MARC COOLEY | ) | Case No.  6:23-CV-299-CEM-LHP |
| | ) | *(to be filled in by the Clerk's Office)* |
| | ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | Jury Trial: *(check one)* ☑ Yes ☐ No |
| *(Write the full name of each plaintiff who is filing this complaint.* | ) | |
| *If the names of all the plaintiffs cannot fit in the space above,* | ) | |
| *please write "see attached" in the space and attach an additional* | ) | |
| *page with the full list of names.)* | ) | |
| -v- | ) | |
| | ) | |
| FRONTIER AIRLINES, INC.; | ) | |
| AMER SM ASIF; | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |
| *(Write the full name of each defendant who is being sued.  If the* | ) | |
| *names of all the defendants cannot fit in the space above, please* | ) | |
| *write "see attached" in the space and attach an additional page* | | |
| *with the full list of names.)* | | |

## COMPLAINT FOR A CIVIL CASE

### I.    The Parties to This Complaint

#### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | FREDERICK MARC COOLEY |
| Street Address | P.O. BOX 4575 |
| City and County | VALLEJO, SOLANO |
| State and Zip Code | CALIFORNIA, 94590 |
| Telephone Number | (707) 373-6405 |
| E-mail Address | cooleyfrederickm@gmail.com |

#### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | FRONTIER AIRLINE INC. |
| Job or Title *(if known)* | |
| Street Address | 4545 AIRPORT WAY |
| City and County | DENVER, |
| State and Zip Code | COLORADO, 80239 |
| Telephone Number | 800-432-1350 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | AMER SM ASIF |
| Job or Title *(if known)* | |
| Street Address | 8837 LATREC AVE |
| City and County | ORLANDO, ORANGE COUNTY |
| State and Zip Code | FLORIDA, 32819 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

**II.** **Basis for Jurisdiction**

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal question          ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

**A.** **If the Basis for Jurisdiction Is a Federal Question**

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.
Federal Aviation Act, 49 U.S.C. § 44902; Equal Rights Under The Law 42 U.S.C.A. § 1981'

**B.** **If the Basis for Jurisdiction Is Diversity of Citizenship**

1. The Plaintiff(s)

    a. If the plaintiff is an individual
       The plaintiff, *(name)* _____ , is a citizen of the
       State of *(name)* _____ .

    b. If the plaintiff is a corporation
       The plaintiff, *(name)* _____ , is incorporated
       under the laws of the State of *(name)* _____ ,
       and has its principal place of business in the State of *(name)*
       _____ .

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

    a. If the defendant is an individual
       The defendant, *(name)* _____ , is a citizen of
       the State of *(name)* _____ . Or is a citizen of
       *(foreign nation)* _____ .

      b.    If the defendant is a corporation

The defendant, *(name)* _____ , is incorporated under

the laws of the State of *(name)* _____ , and has its

principal place of business in the State of *(name)* _____ .

Or is incorporated under the laws of *(foreign nation)* _____ ,

and his principal place of business in *(name)* _____ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

    3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

AMOUNT IN CONTROVERSY TO BE DETERMINED BY A JURY.

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

SEE ADDITIONAL PAGES

## IV.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

PLAINTIFF REQUESTS COMPENSATORY AND PUNITIVE DAMAGES UNDER FEDERAL AND FLORIDA STATE LAW. RELIEF IS ALSO BEING SOUGHT FOR THE INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

---

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:      02/11/2023

Signature of Plaintiff

Printed Name of Plaintiff      FREDERICK MARC COOLEY

### B. For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

FREDERICK MARC COOLEY
P.O. BOX 4575
VALLEJO, CA 94590
(707) 373-6405
cooleyfrederickm@gmail.com

In Pro Se

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA

### ORLANDO, DIVISION

FREDERICK MARC COOLEY,

    Plaintiff,

    v.

FRONTIER AIRLINES, INC.;
AMER SM ASIF;

    Defendants.

No.

### ADDITIONAL PAGES
### STATEMENT OF FACTS

1. On November 28, 2022, Plaintiff Frederick Marc Cooley ("**COOLEY**"), a Black American male, booked with Defendant Frontier Airlines, Inc. ("**FRONTIER**") through its agent "Justfly", an international roundtrip ticket from Oakland, California to Santo Domingo, Dominican Republic with a departure date of December 12, 2022, and a return date of January 14, 2023.

2. On January 14, 2023, Frontier cancelled Cooley's departure at the Las Americas International Airport, in Santo Domingo, Dominican Republic and provided a hotel until the next day January 15, 2023, at 10:00 am.

3. On January 15, 2023, Cooley returned back to Las Americas International Airport and paid $89 for a carry-on bag.

1

4. The flight was then delayed until 12:30 p.m.

5. Cooley boarded the flight that included a transfer to Orlando International Airport to fly to Las Vegas, Nevada with Oakland, California.

6. Cooley arrived at 3:00 p.m. and laid over in Orlando International Airport located at 9102 JEFF FUQUA BLVD., Orlando, Florida 32827 for approximately 6 hours at gate 10 waiting to depart.

7. Using his boarding pass, Cooley attempted to board Frontier Flight F91103 at the gate where he was greeted by Defendant Frontier Airline Inc. employee, Amer S M Asif ("**ASIF**"), a non-Black-American male.

8. Asif checked Cooley's boarding pass and pointed out that the boarding pass did not describe a carry-on bag was authorized for the flight and directed Cooley to pay for a carry-on.

9. Cooley attempted to provide proof that he had paid $89 for a carry-on bag but was told by a black male Frontier Airline employee that he could see that Cooley paid $89 but could not determine what Cooley paid $89 for and told Cooley that he would have to pay $89 for the carry-on bag.

10. Cooley thereafter paid $89 for the carry-on bag a second time after a non-black American woman boarding the flight also paid for a carry-on bag.

11. Asif knew Cooley and at least 30 other passengers had waited at gate #10 a minimum of six hours to board flight # F91103 to Las Vegas and that the flight was the last flight of the day departing at 9:15 p.m.

12. Asif took Cooley's receipt for carry-on payment and subjected Cooley to discrimination when Asif told Cooley that the non-black American woman could board the plane, but Cooley could not.

13. Cooley continued down the Jet Bridge to the airplane and Asif subjected Cooley to civil battery when he intentionally and offensively grabbed Cooley's shoulder without Cooley's consent and unsuccessfully attempted to pull Cooley back.

14. As Cooley walked down the Jet Bridge, on at least two more occasions Asif subjected Cooley to civil battery by intentionally and offensively grabbing Cooley without his consent, as Cooley told Asif to let go of him and to stop touching him, which Asif continued to do to impede Cooley's travel.

2

15. Asif slandered Cooley by falsely reporting to his supervisor and to Orlando police that Cooley subjected Asif to battery, resulting in Cooley being denied rebooking a flight with Frontier.

16. Cooley was forced to purchase another ticket to fly on a different airline to reach his final destination.

17. Cooley was subjected to significant emotional distress.

3



This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuse may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; July 2022; All rights reserved.

PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED

PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL

FROM:

Frederick Cooley
P.O. Box 4575
Vallejo, Ca 94590

TO:

United States District Court
Middle District of Florida
Clerk of the Court
401 West Central Blvd
Orlando, Florida
32801

UNITED STATES
POSTAL SERVICE

**PRIORITY®
MAIL**

Retail

US POSTAGE PAID
**$9.65**

Origin: 94590
02/16/23
0580670175-15

PRIORITY MAIL®

0 Lb 8.80 Oz

RDC 04

EXPECTED DELIVERY DAY: 02/21/23

C016

SHIP
TO:
401 W CENTRAL BLVD
ORLANDO FL 32801-0401

USPS TRACKING® #

9505 5102 7458 3047 3198 06

EP14F July 2022
OD: 12 1/2 x 9 1/2

USPS.COM/PICKUP

This package is made from post-consumer waste. Please recycle - again.



UNITED STATES
POSTAL SERVICE ®

PRIORITY
MAIL ®

RATE ENVELOPE
ANY WEIGHT

KED ■ INSURED

Free Package Pickup,
the QR code.

.COM/PICKUP

001000014

EP14F July 2022
OD: 12 1/2 x 9 1/2

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

# Exhibit B

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**FREDERICK MARC COOLEY,**

**Plaintiff,**

**v.**                                                                     **Case No. 6:23-cv-299-CEM-LHP**

**FRONTIER AIRLINE INC. and**
**AMER SM ASIF,**

**Defendants.**
_____/

## ORDER

THIS CAUSE is before the Court on the Notice of Settlement (Doc. 19), which advises the Court that the above-styled action has been settled as to Defendant Frontier Airline Inc., only.

Accordingly, it is **ORDERED** and **ADJUDGED** that the claims against Frontier Airline Inc. are **DISMISSED with prejudice** subject to the right of any party, within sixty days from the date of this Order, upon good cause, to move the Court to re-open the case as to Defendant Frontier Airline Inc. in accordance with Local Rule 3.09(b). The Clerk is directed to terminate Frontier Airline Inc. as a Defendant and amend the case style accordingly.

**DONE** and **ORDERED** in Orlando, Florida on May 1, 2023.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

# Exhibit C

FREDERICK MARC COOLEY
P.O. BOX 4575
VALLEJO, CA 94590
(707) 373-6405
cooleyfrederickm@gmail.com

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA

## ORLANDO DIVISION

| | |
|---|---|
| **FREDERICK MARC COOLEY**, | No. 6:23-cv-299-CEM-LHP |
| Plaintiff, | **PLAINTIFF'S REQUEST TO RE-OPEN CASE AGAINST DISMISSED DEFENDANT FRONTIER AIRLINE INC.** |
| v. | |
| **FRONTIER AIRLINE INC. et.al.**, | **LOCAL RULE 3.09 (b)** |
| Defendant. | |

Plaintiff Frederick Marc Cooley, in pro se, hereby submits his request for an order re-opening case against Frontier Airline Inc. for good cause in accordance with Local Rule 3.09(b). This request is made and based upon the Declaration of Frederick Marc Cooley.

## DECLARATION OF FREDERICK MARC COOLEY

1. My name is Frederick Marc Cooley, and I am the pro se Plaintiff named in the above-entitled civil action that was filed February 21, 2023.

2. Originally Frontier Airline Inc. was named as a defendant to the action but after

1

1       discussing the validity of my claims and Frontier's defenses with Frontier

2       Airline Inc.'s attorney of record Brian T. Maye, I decided to settle the matter.

3   3. My decision to settle was based on Mr. Maye's representation that Asif SM

4       Amer was not an employee of Frontier Airline Inc. and that a monetary

5       payment would be made to me in about two weeks after signing the settlement

6       agreement and Frontier would not have to file an answer to the complaint.

7   4. On May 1, 2023, the Court issued an order dismissing with prejudice my

8       claims against Frontier Airline with an opportunity to re-open the case upon

9       good cause in accordance with local rule 3.09 (b).

10   5. I discovered Mr. Maye was not being totally candid with me about Mr. Asif not

11       being an employee of Employee of Frontier Airline Inc..

12   6. First, I obtained Orlando Police Department videos at my own expense that

13       show Mr. Asif wearing a green shirt with a white Frontier Airlines embroidered

14       logo.

15   7. I immediately contacted Mr. Maye and he assured me again that Mr. Asif was

16       not an employee of Frontier Airlines but was employed by Menzies Aviation

17       (USA) Inc.

18   8. Mr. Maye explained to me that Frontier Airline Inc. does not have any

19       employees that work at the Orlando International Airport and that the only

20       employees of Frontier Airlines are related to the plane such as the captain, his

21       co-pilots and the Stewards and stewardesses.

22   9. While researching case law in the effort of amending Menzies Aviation (USA)

23       Inc. to my civil complaint I discovered a cited case entitle **Menzies Aviation**

24       **(USA) Inc. v. Wilcox**, 978 F. Supp. 2d 983 (D. Minn, 2013).

25   10. In the factual background of that case it states in pertinent part "Plaintiff

26       Menzies Aviation (USA), Inc. ("Menzies") is a non-airline owned aviation

27       support company providing aviation ground handling services, such as air

28       cargo, baggage, passenger, and ramp handling services, at multiple airports.

11. "Mid-2013, Menzies added Frontier Airlines as a customer."

12. Not one time during negotiations or after I signed the agreement to settle the matter did Mr. Maye communicate that Frontier Airlines was customer of Menzies Aviation (USA) Inc. who paid Menzies for passenger services that Menzies provided at the Orlando International Airport.

13. Had Mr. Maye correctly communicated to me the relationship between Frontier Airline Inc and Menzies Aviation (USA) Inc. I would not have made the decision to settle on the terms of the current settlement and continued to litigate my claims if no settlement could be reached.

14. Moreover, I have not received the settlement check as of this date (06/07/2023) and Frontier Airlines refuses to provide me with a copy of the receipt of their payment retained by them showing that they sent a check.

15. I am requesting the court to find good cause to reopen the case against Frontier Airline Inc. due to the misrepresentations and lack of candor of Frontier and their attorney of record.

Date 6/7/2023

Frederich M. Cooley

FREDERICK MARC COOLEY

DECLARANT

3

# Exhibit D

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FREDERICK MARC COOLEY,

           Plaintiff,

vs.

                                   Case No. 6:23-cv-00299-CEM-LHP

FRONTIER AIRLINES, INC.,
AMER SM ASIF,

           Defendants

_____ /

## **DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO REOPEN THE ACTION**

Defendant, Frontier Airlines, Inc. ("Frontier"), by and through its attorneys, hereby responds to Plaintiff's Request to Reopen the Case Against Dismissed Defendant Frontier Airlines, Inc. (Doc. 23) as follows:

## **INTRODUCTION**

The parties entered into a valid settlement agreement April 28, 2023. Frontier promptly submitted payment to the address provided by Plaintiff on May 10, 2023 (Ex. 2; Decl. of Maye ¶ 10, June 15, 2023), though Plaintiff maintains he has not received payment. (Doc. 23). Plaintiff now seeks to reopen this case in an attempt to force Frontier back into a matter that Plaintiff has already agreed to settle. The bases for Plaintiff's request have no grounding in fact or precedent. The Court should deny this request.

Plaintiff asserts in his Request to Reopen that his decision to settle the case was based on two main factors: (1) Defendant Amer SM Asif ("Asif") was not an employee of Frontier and (2) the settlement payment would be made "in about two weeks after signing the settlement agreement." (Doc. 23). Plaintiff offers no authority to support his position that there is good cause to reopen this case. First, he fails to provide any support for his allegation that Frontier's counsel misrepresented facts. Second, Plaintiff refuses to provide a physical mailing address or agree to other arrangements that would allow a second attempt to send the settlement payment. Third, beyond this refusal, the Court no longer maintains jurisdiction over this matter because the settlement terms were not incorporated into the dismissal order. Therefore, the Court should not reopen the case.

## **BACKGROUND**

Plaintiff brought his initial suit against Frontier and Defendant Asif for an alleged battery that occurred at the Orlando International Airport. Plaintiff had a telephone call with Frontier's counsel, Brian Maye, on April 27, 2023, during which Mr. Maye informed Plaintiff that Asif was not a Frontier employee. Decl. of Maye ¶ 4. Asif was an employee of Menzies Aviation, which provided services to Frontier at the Orlando International Airport. Decl. of Maye ¶ 5. As a result, Mr. Maye communicated that Frontier was not responsible for Plaintiff's injuries. Decl. of Maye ¶ 6. Plaintiff argued that even if Asif was not a Frontier employee, Frontier

1061253\313853308.v1

could still be held responsible for Plaintiff's injures under a theory of apparent agency. Decl. of Maye ¶ 6. Plaintiff noted that Asif was wearing a Frontier uniform at the time of the incident. Decl. of Maye ¶ 4. At the end of the call, Mr. Maye presented a settlement offer to Plaintiff. Decl. of Maye ¶ 6.

The following day, April 28, 2023, Plaintiff emailed Mr. Maye to accept the settlement offer. Decl. of Maye ¶ 7. Plaintiff signed a written settlement agreement/release and faxed it to Mr. Maye on April 28, 2023. Decl. of Maye ¶ 7. On May 10, 2023, after Plaintiff's request for an electronic transfer of funds could not be accommodated, a check for the settlement amount was mailed to Plaintiff at the address Plaintiff provided, a P.O. Box in Vallejo, California. Decl. of Maye ¶¶ 8-10.

Upon the filing of the Notice of Settlement (Doc. 19), this Court entered a Dismissal Order on May 1, 2023, dismissing claims against Frontier with prejudice "subject to the right of any party, within sixty days from the date of this Order, upon good cause, to move The Court to re-open the case as to Defendant Frontier Airlines, Inc.in accordance with Local Rule 3.09(b)." (Doc. 20).

On June 5, 2023, Plaintiff contacted Mr. Maye and communicated that the settlement check had not been received. Decl. of Maye ¶ 11. He also stated he had grounds "to reopen the case against Frontier Airlines Inc. due to their breach of agreement to pay me $5000 and the fact that contrary to your representation that it

1061253\313853308.v1

appears that Mr. Asif and other employees are employed by Frontier Airlines." Decl.

of Maye ¶ 11; Ex. 1. In response, Mr. Maye notified Plaintiff that the check had been

mailed and reiterated that Asif was not an employee of Frontier. Decl. of Maye ¶ 12.

Plaintiff countered by stating,

> The payment has not been mailed and it's been over a
> month since we made the agreement that you represented
> would be paid out in two weeks. The agreement has been
> breached and since your word has not been good about
> payment by mail tell your client to keep the money and I
> will seek an order to reopen due [to] your clients [sic]
> refusal to electronically submit the payment.

Decl. of Maye ¶ 13; Ex. 1.

On June 6, 2023, Plaintiff demanded proof that the check had been issued.

Decl. of Maye ¶ 14. Shortly thereafter, Mr. Maye provided the check issuance record

to Plaintiff as prove that a settlement check had been tendered. Decl. of Maye ¶ 14;

*see* Ex. 2. Mr. Maye also offered to stop payment on the settlement check mailed

May 10th and send a new check overnight via FedEx. Decl. of Maye ¶ 15. As FedEx

does not deliver to P.O. boxes, this method required a physical address, which

Plaintiff refused to provide. Decl. of Maye ¶ 15. Instead, he reiterated his intent to

file a motion to reopen the case.

On June 9, 2023, a stop payment was effectuated on the original

settlement check, and a new settlement check was issued and mailed to Plaintiff on

June 12, 2023, at the address Plaintiff provided, a P.O. Box in Vallejo, California.

1061253\313353308.v1

Decl. of Maye ¶ 16. Mr. Maye then notified Plaintiff on two occasions via email that a new settlement check had been mailed to his P.O. Box. Decl. of Maye ¶ 16. As of the date of this filing, Plaintiff had not responded to Mr. Maye's emails that a second settlement check had been mailed to him. Decl. of Maye ¶ 16.

Plaintiff now alleges he has good cause to reopen the case against Frontier under Local Rule 3.09(b) due to the "misrepresentations and lack of candor of Frontier" and Mr. Maye. (Doc. 23). Plaintiff claims Mr. Maye never communicated that Frontier was a customer of Menzies Aviation, which employed Asif. *(Id.)*. Plaintiff claims, had he known this information, he "would not have made the decision to settle on the terms of the current settlement" and would have proceeded with litigation "if no settlement could be reached." *(Id.)*. Plaintiff provides no legal support for his allegations of misrepresentation, apart from a single case that he uses to define Menzies' relationship with Frontier. *(Id.)*. Further, Plaintiff has not cooperated with Frontier's attempts to resend a settlement check. Neither point Plaintiff raises is sufficient "good cause" as defined by the Middle District to reopen this case. Therefore, Plaintiff's request should be denied.

## ARGUMENT

Plaintiff agrees that he decided to settle this case on April 28, 2023. (Doc. 23). Now Plaintiff seeks to reopen the case pursuant to the good cause requirement set forth in the Dismissal Order. (Doc. 20). The Middle District has defined the

1061253\313853308.v1

necessary conditions to set aside a settlement agreement, holding that, "[u]nder [the good cause standard], the determinative issue is whether the mediated settlement agreement should be set aside." (*Menaged v. City of Jacksonville Beach*, No. 3:11-cv-586-J-12JBT, 2013 U.S. Dist. LEXIS 16630, at \*5 (M.D. Fla. Jan. 14, 2013)).

## I. PLAINTIFF'S MOTION FAILS TO DEMONSTRATE FRAUD, DURESS, OR INCAPACITY NECESSARY TO SHOW GOOD CAUSE TO REOPEN THIS ACTION

In determining whether a settlement agreement should be set aside, state contract law applies. (*Id.*). Accordingly, settlement agreements are only set aside when "obtained by fraud, duress, or incapacity of a party." (*Id*. at \*6). Here, Plaintiff has not alleged duress or incapacity. Consequently, Plaintiff's only grounds for setting aside the settlement agreement must be fraud. However, the conduct Plaintiff describes falls well short of fraudulent behavior. Plaintiff asserts that Mr. Maye told him Asif was not an employee of Frontier Airline. This is a factual statement made by Mr. Maye that Plaintiff has not disputed. Further, Plaintiff has not provided any evidence to show that Asif is a Frontier employee. Plaintiff's most significant contention is that Mr. Maye never informed Plaintiff of Frontier's relationship with Menzies Aviation. This is not fraud. Rather, this issue is a red herring and has no bearing on the settlement agreement that Plaintiff voluntarily and willingly entered into.

1061253\313853308.v1

Plaintiff has failed to show he entered into the settlement agreement as a result of fraud, duress, or incapacity. Therefore, he has not shown good cause to reopen this case. Plaintiff's motion should be denied.

## II. PLAINTIFF'S ALLEGATION THAT HE HAS NOT BEEN PAID ACCORDING TO THE TERMS OF THE SETTLEMENT AGREEMENT IS NOT SUFFICIENT GOOD CAUSE TO REOPEN THIS ACTION

The crux of Plaintiff's second basis is that Frontier breached the terms of the settlement agreement. Plaintiff argues that he has not been paid according to the terms of the settlement agreement. (Doc. 23). He contends that his agreement with Mr. Maye was for payment "in about two weeks." (*Id*.)  First, Plaintiff's allegation is factually incorrect as the settlement check was mailed on May 10, 2023. Second, Plaintiff's challenge of Frontier's delayed payment is not one of the enumerated bases required to set aside the settlement agreement: fraud, duress, or incapacity. (*See* Section I, *supra*). Instead, this allegation must be addressed by a Motion to Enforce.

Courts in this District have addressed the issue of reopening a case due to a breach of settlement terms and held "[e]nforcement of a privately negotiated settlement agreement (which is merely a contract between the parties) requires an independent basis for federal jurisdiction." (*Swift v. Dreambuilder Inv., LLC*, No. 8:14-cv-1103-T-33AEP, 2014 U.S. Dist. LEXIS 147411, at *4 (M.D. Fla. Oct. 16, 2014)). The Court explained that when the Court issues a dismissal order without

incorporating the terms of the settlement into that order—as it did here—"[t]he Court is under no obligation to retain jurisdiction over a settled case…" (*Id.* at *3). As such, the Plaintiff's request on these grounds fails.

## III.   PLAINTIFF'S MOTION FAILS TO COMPLY WITH LOCAL RULE 3.01(g)

Local Rule 3.01(g) imposed a duty upon the movant to confer with the opposing party in a good faith effort to resolve the issues raised in his motion prior to filing same *and* to include certification of his efforts to confer and results thereof. Plaintiff's motion fails to comply with the requirements of Local Rule 3.01(g) and for this reason, too, should be denied.

## **CONCLUSION**

Plaintiff has not shown good cause to reopen this case. Moreover, Plaintiff's Motion fails to comply with Local Rule 3.01(g).  For these reasons, the Court should deny Plaintiff's Request to Reopen the Case.

Respectfully submitted,

*s/ Steven D. Lehner*
Steven D. Lehner
Florida Bar No. 39373
slehner@hinshawlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this June 16, 2023, I electronically filed the foregoing

with the Clerk of the Court by using the CM/ECF system which will send a notice

of electronic filing to the following:

Frederick Cooley
P.O. Box 4575
Vallejo, California 94590
Email:  cooleyfrederickm@gmail.com
*Pro Se Plaintiff*

_s/ Steven D. Lehner_
Steven D. Lehner
Florida Bar No. 39373
slehner@hinshawlaw.com
HINSHAW & CULBERTSON LLP
100 South Ashley Drive
Suite 500
Tampa, FL 33602
Telephone: 813-276-1662
Facsimile: 813-436-8738
Secondary:
TAMDocket@hinshawlaw.com;
mmatthews@hinshawlaw.com;
hbrown@hinshawlaw.com
*Attorneys for Defendant FRONTIER*
*AIRLINES, INC.*

# Exhibit E

**U.S. District Court**
**Middle District of Florida (Orlando)**
**CIVIL DOCKET FOR CASE #: 6:23-cv-00299-CEM-LHP**

Cooley v. Amer Sm Asif et al
Assigned to: Judge Carlos E. Mendoza
Referred to: Magistrate Judge Leslie Hoffman Price
Cause: 42:1981 Civil Rights

Date Filed: 02/21/2023
Date Terminated: 01/30/2024
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Frederick Marc Cooley**                    represented by    **Frederick Marc Cooley**
                                                                P.O. Box 4575
                                                                Vallejo, CA 94590
                                                                707-373-6405
                                                                Email: cooleyfrederickm@gmail.com
                                                                PRO SE

V.

**Defendant**

**Frontier Airline Inc.**                    represented by    **Steven D. Lehner**
*TERMINATED: 05/01/2023*                                       Hinshaw & Culbertson LLP
                                                                100 South Ashley Drive
                                                                Suite 1310
                                                                Tampa, FL 33602
                                                                813-276-1662
                                                                Fax: 813-276-1956
                                                                Email: slehner@hinshawlaw.com
                                                                *ATTORNEY TO BE NOTICED*

**Defendant**

**Amer Sm Asif**                             represented by    **John Maggio**
                                                                Condon & Forsyth, LLP
                                                                701 Brickell Avenue
                                                                Miami, FL 33131
                                                                305-492-7303
                                                                Fax: 212/370-4482
                                                                Email: jmaggio@condonlaw.com
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Eli Burton**
                                                                Condon & Forsyth LLP
                                                                7 Times Square
                                                                Suite Floor 18
                                                                New York, NY 10036

212-894-6838
Email: eburton@condonlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Menzies Aviation (USA) Inc.**                    represented by **John Maggio**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eli Burton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**John Doe**

**Defendant**

**William Revis**                    represented by **John Maggio**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eli Burton**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/21/2023 | 1 | COMPLAINT against Amer Sm Asif, Frontier Airline Inc. with Jury Demand filed by Frederick Marc Cooley (1 Service Copy). (Attachments: # 1 Mailing Envelope)(BCB) (Entered: 02/24/2023) |
| 02/21/2023 | 2 | MOTION to Proceed In Forma Pauperis / Affidavit of Indigency by Frederick Marc Cooley. (Attachments: # 1 Mailing Envelope)(BCB) Motions referred to Magistrate Judge Leslie Hoffman Price. (Entered: 02/24/2023) |
| 02/27/2023 | 3 | **INITIAL ORDER re: Case Management and Deadlines. Signed by Judge Carlos E. Mendoza on 2/27/2023. (MEH)** (Entered: 02/27/2023) |
| 02/27/2023 | 4 | **NOTICE TO COUNSEL AND PARTIES: Failure to comply with ANY Local Rules or Court Orders may result in the imposition of sanctions including, but not limited to, the dismissal of this action or entry of default without further notice. Signed by Judge Carlos E. Mendoza on 2/27/2023. (MEH)** (Entered: 02/27/2023) |
| 03/09/2023 | 5 | Request to Withdraw 2 MOTION to Proceed In Forma Pauperis / Affidavit of Indigency by Frederick Marc Cooley. (Attachments: # 1 Exhibit, # 2 Mailing Envelope)(SRD) Motions referred to Magistrate Judge Leslie Hoffman Price. (Entered: 03/10/2023) |
| 03/09/2023 | 6 | CERTIFICATE of interested persons and corporate disclosure statement by Frederick Marc Cooley. (Attachments: # 1 Mailing Envelope)(SRD) (Additional attachment(s) added on 3/13/2023: # 1 Mailing Envelope) (SRD). (Entered: 03/10/2023) |
| 03/09/2023 | 7 | NOTICE of a related action per Local Rule 1.07(c) by Frederick Marc Cooley. Related case(s): No (Attachments: # 1 Mailing Envelope)(SRD) (Entered: 03/10/2023) |

| 03/10/2023 | | FEES Paid by Frederick Marc Cooley (Filing fee $402.00, Receipt Number ORL-107262). (BCB) (Entered: 03/10/2023) |
|---|---|---|
| 03/13/2023 | 8 | **ORDER granting 5 Motion to Withdraw re 2 MOTION to Proceed In Forma Pauperis, denying as moot 2 Motion to Proceed In Forma Pauperis. Signed by Magistrate Judge Leslie Hoffman Price on 3/13/2023. (MKH)** (Entered: 03/13/2023) |
| 03/21/2023 | 9 | SUMMONS issued as to Frontier Airline Inc. (SRD) (Entered: 03/21/2023) |
| 03/23/2023 | 10 | SUMMONS issued as to Amer Sm Asif. (SRD) (Entered: 03/24/2023) |
| 03/30/2023 | 11 | RETURN of service executed on 3/22/23 by Frederick Marc Cooley as to Frontier Airline Inc. (Attachments: # 1 Mailing Envelope)(BCB) (Additional attachment(s) added on 4/4/2023: # 2 Main Document) (BCB). (Entered: 03/31/2023) |
| 04/03/2023 | 12 | **NOTICE TO COUNSEL AND PARTIES: The Orlando Division of the Middle District of Florida is currently operating in a Judicial Emergency due to a judicial vacancy and the number of cases in the division. Accordingly, civil cases, and especially newly filed civil cases, will be the Court's lowest priority unless emergency issues are presented. Counsel and the parties are encouraged to consider consenting to the Magistrate Judge for the entire case or disposition of any dispositive motions in order to have their case considered on a more timely basis. Signed by Judge Carlos E. Mendoza on 4/3/2023. (MEH)** (Entered: 04/03/2023) |
| 04/20/2023 | 13 | MOTION for Miscellaneous Relief, specifically Request For Permission to use the Court's Electronic Filing System (CM/ECF) by Frederick Marc Cooley. (Attachments: # 1 Mailing Envelope)(SRD) (Entered: 04/21/2023) |
| 04/20/2023 | 14 | CERTIFICATE of service by Frederick Marc Cooley re 13 MOTION for Miscellaneous Relief, specifically Request For Permission to use the Court's Electronic Filing System (CM/ECF). (SRD) (Entered: 04/21/2023) |
| 04/24/2023 | 15 | **ORDER granting 13 Plaintiff's Request for Permission to Use the Court's Electronic Filing System. Signed by Magistrate Judge Leslie Hoffman Price on 4/24/2023. (MKH)** (Entered: 04/24/2023) |
| 04/24/2023 | 16 | Unopposed MOTION for Extension of Time to May 2, 2023, to File Response/Reply as to 1 Complaint by Frontier Airline Inc. (Lehner, Steven) Modified on 4/25/2023 (SPM). (Entered: 04/24/2023) |
| 04/24/2023 | 18 | RETURN of service executed on 04/17/2023 by Frederick Marc Cooley as to Amer Sm Asif. (Attachments: # 1 Mailing Envelope)(SRD) (Entered: 04/25/2023) |
| 04/25/2023 | 17 | **ORDER granting 16 Motion for Extension of Time. The deadline for Defendant to respond to the complaint is extended up to and including May 2, 2023. Signed by Magistrate Judge Leslie Hoffman Price on 4/25/2023. (MKH)** (Entered: 04/25/2023) |
| 04/25/2023 | | Set deadlines: for Frontier Airline Inc. Answer due by 5/2/2023. (SPM) (Entered: 04/25/2023) |
| 04/28/2023 | 19 | NOTICE of settlement by Frontier Airline Inc. (Lehner, Steven) (Entered: 04/28/2023) |
| 05/01/2023 | 20 | **ORDER- The claims against Frontier Airline Inc. are DISMISSED with prejudice subject to the right of any party, within sixty days from the date of this Order, upon good cause, to move the Court to re-open the case as to Defendant Frontier Airline Inc. in accordance with Local Rule 3.09(b). The Clerk is directed to terminate Frontier Airline Inc. as a Defendant and amend the case style accordingly. Signed by Judge Carlos E. Mendoza on 5/1/2023. (MEH)** (Entered: 05/01/2023) |

| | | |
|---|---|---|
| 05/01/2023 | 21 | **ENTERED IN ERROR (MEH). (Entered: 05/01/2023)** |
| 06/08/2023 | 22 | AMENDED COMPLAINT against Amer Sm Asif, Frontier Airline Inc. with Jury Demand. filed by Frederick Marc Cooley.(Cooley, Frederick) (Entered: 06/08/2023) |
| 06/08/2023 | 23 | MOTION to Reopen Case Against Dismissed Defendant Frontier Airline Inc. by Frederick Marc Cooley. (Cooley, Frederick) Modified on 6/8/2023 (SPM). (Entered: 06/08/2023) |
| 06/08/2023 | 24 | PROPOSED summons to be issued by Frederick Marc Cooley. (Cooley, Frederick) (Entered: 06/08/2023) |
| 06/08/2023 | 25 | PROPOSED summons to be issued by Frederick Marc Cooley. (Cooley, Frederick) (Entered: 06/08/2023) |
| 06/08/2023 | 26 | PROPOSED summons to be issued by Frederick Marc Cooley. (Cooley, Frederick) (Entered: 06/08/2023) |
| 06/16/2023 | 27 | RESPONSE in Opposition re 23 MOTION to Reopen Case Against Dismissed Defendant Frontier Airline Inc. filed by Frontier Airline Inc. (Attachments: # 1 Exhibit Emails, # 2 Exhibit Proof of Issuance of Check)(Lehner, Steven) Modified on 6/21/2023 to edit docket text (BCB). (Entered: 06/16/2023) |
| 06/16/2023 | 28 | DECLARATION of Brian Maye re 27 Response in Opposition to Motion, by Frontier Airline Inc. (Lehner, Steven) Modified on 6/21/2023 to edit docket text (BCB). (Entered: 06/16/2023) |
| 06/20/2023 | 29 | **ENDORSED ORDER denying 23 Motion to Reopen as to Defendant Frontier Airline Inc. Plaintiff and Frontier entered into a settlement agreement, so any claims at this point would be based on that contract, not his original Complaint. The Court declines to retain jurisdiction over the settlement agreement. Signed by Judge Carlos E. Mendoza on 6/20/2023. (KMS)** (Entered: 06/20/2023) |
| 07/31/2023 | 30 | First MOTION to Amend *COMPLAINT* by Frederick Marc Cooley. (Cooley, Frederick) (Entered: 07/31/2023) |
| 08/07/2023 | 31 | **ORDER TO SHOW CAUSE- Plaintiff shall SHOW CAUSE as to why this case should not be dismissed for failure to prosecute. Failure to do so may result in the imposition of sanctions, including dismissal of this case, without further notice. Show Cause Response is due on or before August 21, 2023. Signed by Judge Carlos E. Mendoza on 8/7/2023. (MEH)** (Entered: 08/07/2023) |
| 08/21/2023 | 32 | RESPONSE TO ORDER TO SHOW CAUSE filed by Frederick Marc Cooley. (Cooley, Frederick) (Entered: 08/21/2023) |
| 08/22/2023 | 33 | SUMMONS issued as to Amer Sm Asif, Menzies Aviation (USA) Inc. (SPM) (Entered: 08/22/2023) |
| 08/24/2023 | 34 | ***INCORRECT EVENT- PLAINTIFF TO REFILE AS "SUMMONS RETURNED EXECUTED"*** PROOF of service by Frederick Marc Cooley (Cooley, Frederick) Modified on 8/24/2023 (LSS). (Entered: 08/24/2023) |
| 08/24/2023 | 35 | ***INCORRECT EVENT- PLAINTIFF TO REFILE AS "SUMMONS RETURNED EXECUTED"*** PROOF of service by Frederick Marc Cooley (Cooley, Frederick) Modified on 8/24/2023 (LSS). (Entered: 08/24/2023) |
| 09/01/2023 | 36 | RETURN of service executed on August 22, 2023 by Frederick Marc Cooley as to Menzies Aviation (USA) Inc. (Cooley, Frederick) (Entered: 09/01/2023) |
| 09/01/2023 | 37 | RETURN of service executed on August 22, 2023 by Frederick Marc Cooley as to Amer Sm Asif. (Cooley, Frederick) (Entered: 09/01/2023) |

| 09/05/2023 | 38 | **ENDORSED ORDER discharging 31 Order to Show Cause in light of the 32 Response. Signed by Judge Carlos E. Mendoza on 9/5/2023. (KMS)** (Entered: 09/05/2023) |
|---|---|---|
| 09/12/2023 | 39 | **ORDER granting 30 Plaintiff's Motion for Leave to File an Amended Complaint and Add Parties. Signed by Magistrate Judge Leslie Hoffman Price on 9/12/2023. (MKH)** (Entered: 09/12/2023) |
| 09/12/2023 | | Set/reset deadlines/hearings: Amended Complaint due by 9/19/2023 (JK) (Entered: 09/12/2023) |
| 09/12/2023 | 40 | SECOND AMENDED COMPLAINT against All Defendants with Jury Demand. filed by Frederick Marc Cooley.(Cooley, Frederick)(Modified on 9/13/2023 to edit docket text) (JDR). (Entered: 09/12/2023) |
| 09/12/2023 | 41 | PROPOSED summons to be issued by Frederick Marc Cooley. (Attachments: # 1 Proposed Summons, # 2 Proposed Summons)(Cooley, Frederick) (Entered: 09/12/2023) |
| 09/13/2023 | 42 | SECOND AMENDED COMPLAINT against All Defendants with Jury Demand. filed by Frederick Marc Cooley.(Cooley, Frederick) (Modified on 9/13/2023 to edit docket text) (JDR). (Entered: 09/13/2023) |
| 09/13/2023 | 43 | SUMMONS issued as to Amer Sm Asif, Menzies Aviation (USA) Inc., William Revis. (AJS) (Entered: 09/13/2023) |
| 09/13/2023 | 44 | RETURN of service executed on 09/13/2023 by Frederick Marc Cooley as to All Defendants. (Cooley, Frederick) (Entered: 09/13/2023) |
| 10/16/2023 | 45 | First MOTION for Clerk's Default against All Defendants by Frederick Marc Cooley. (Cooley, Frederick) Motions referred to Magistrate Judge Leslie Hoffman Price. (Entered: 10/16/2023) |
| 10/16/2023 | 46 | Second MOTION for Clerk's Default against All Defendants by Frederick Marc Cooley. (Cooley, Frederick) Motions referred to Magistrate Judge Leslie Hoffman Price. (Entered: 10/16/2023) |
| 10/17/2023 | 47 | **ORDER denying as moot 45 Motion for Clerk's Default; denying without prejudice 46 Motion for Clerk's Default. Plaintiff shall file a renewed motion on or before October 31, 2023, which must establish, with citation to applicable legal authority, that service of process on each Defendant was proper under governing law. A renewed motion may be supported by amended returns of service, as appropriate. Signed by Magistrate Judge Leslie Hoffman Price on 10/17/2023. (MKH)** (Entered: 10/17/2023) |
| 10/17/2023 | 48 | ANSWER and affirmative defenses to 42 Amended Complaint by Amer Sm Asif, Menzies Aviation (USA) Inc., William Revis.(Maggio, John) (Entered: 10/17/2023) |
| 10/17/2023 | 49 | CORPORATE Disclosure Statement by Menzies Aviation (USA) Inc. identifying Corporate Parent Menzies Aviation, Inc., Corporate Parent John Menzies, plc. for Menzies Aviation (USA) Inc.(Maggio, John) (Entered: 10/17/2023) |
| 10/18/2023 | 50 | NOTICE TO COUNSEL John Maggio and Eli Burton of Local Rule 2.02(a), which states, "The first paper filed on behalf of a party must designate only one lead counsel who - unless the party changes the designation - remains lead counsel throughout the action." Counsel must file a **Notice of Lead Counsel Designation** identifying lead counsel. (Signed by Deputy Clerk). (ARL) (Entered: 10/18/2023) |
| 10/18/2023 | 51 | NOTICE TO COUNSEL Eli Burton of Local Rule 2.01(a), which requires membership or special admission in the Middle District bar to practice in the Middle District, except for the limited exceptions identified in the Rule. To apply for membership in the Middle |

| | | District, visit www.flmd.uscourts.gov/for-lawyers. (Signed by Deputy Clerk). (ARL) (Entered: 10/18/2023) |
|---|---|---|
| 10/19/2023 | 52 | NOTICE of Lead Counsel Designation by John Maggio on behalf of Amer Sm Asif, Menzies Aviation (USA) Inc., William Revis. Lead Counsel: John Maggio. (Maggio, John) (Entered: 10/19/2023) |
| 01/30/2024 | 53 | **ORDER dismissing case without prejudice. Any motion for reconsideration must be filed within fourteen days of this Order, comply with all Local Rules, and include the following: a certification that the pro se Plaintiff has personally read the Court's Initial Order and the Local Rules cited therein; an explanation for why the deadline was missed; and as a separate docket entry, the Case Management Report. The Clerk is directed to close this case. Signed by Judge Carlos E. Mendoza on 1/30/2024. (MEH)** (Entered: 01/30/2024) |

# Exhibit F

1  FREDERICK MARC COOLEY
   RASHAWN GREEN
2  465 CARLSON STREET
   VALLEJO, CA 94590
3  (707) 645-7311
   PRO SE LITIGANT



AUG - 9 2005

CLEF            COURT
EASTERN DISTRICT OF CALIFORNIA
BY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FREDERICK MARC COOLEY AND      )   Case No.: CVS 05-1569 DFL JFM P5
                               )
RASHAWN GREEN,                 )   **CIVIL COMPLAINT PURSUANT**
                               )   **42  U.S.C. SECTION 1983 AND**
         Plaintiffs,           )   **DEMAND FOR JURY TRIAL**
                               )
    vs.                        )
                               )
SOLANO COUNTY SHERIFF'S        )
                               )
DEPUTIES, C. BRADFORD BADGE #  )
                               )
IL 88 AND A. ROPER BADGE # IL 69, )
                               )
         Defendants.           )
_____)

1. **Jurisdiction.** This court has jurisdiction over this complaint because it arises under the laws of the United States.

2. **Venue.** Venue is appropriate in this court because both of the defendants reside in this district and substantial amount of the acts and omissions giving rise to this lawsuit occurred in this district.

3. **Intradistrict Assignment.** This lawsuit should be assigned to the Sacramento division of this court because substantial part of this lawsuit occurred in Solano County, City Of Vallejo.

-1-

**4. Plaintiffs.** Plaintiffs Frederick Marc Cooley and Rashawn Green are residence of Solano County, City Of Vallejo and at all times mentioned are citizens of the United States.

**5. Defendants.** Defendant C. Bradford is employed as a Solano County Sheriff's Deputy at the Solano County Sheriff's Department, located in Solano County and is being sued in her official and individual capacity.

Defendant A. Roper is also employed as a Solano County Sheriff's Deputy at the Solano County Sheriff's Department, located in Solano County and is being sued in his official and individual capacity.

### Statement Of Claim

On June 14, 2005 at approximately 1410 hours Solano County Sheriff's Deputy C. Bradford conducted a traffic stop on a blue 1995 Chevy Impala, License Plate number 4JXT284, allegedly for a broken brake light. The vehicle was driven by the Plaintiff Rashawn Green, who was accompanied by Plaintiff Frederick Marc Cooley a passenger of the vehicle.

After Deputy C. Bradford stopped and approached the vehicle, she requested that the driver Rashawn Green, provide valid California Driver's license, vehicle registration and proof of auto insurance. Upon request Plaintiff Rashawn Green provided all requested documentation.

-2-

Deputy C. Bradford then requested from the passenger Frederick Marc Cooley identification, which Plaintiff Frederick Marc Cooley provided Deputy C. Bradford with his valid California Driver's license.

Deputy C. Bradford ran both Plaintiff's Rashawn Green and Frederick Marc Cooley identification information via Solano County Sheriff's Department radio dispatch, who communicated to Deputy C. Bradford that both plaintiff's licenses were valid, without any outstanding warrants. The Solano County Sheriff's radio dispatch also communicated to Deputy C. Bradford that Plaintiff Frederick Marc Cooley was on parole under the jurisdiction of the California Department Of Corrections.

Deputy C. Bradford returned back to the front passenger side of the vehicle and contacted Plaintiff Frederick Marc Cooley and asked if he was on parole, which Plaintiff Frederick Marc Cooley confirmed that he was actively on parole.

Deputy C. Bradford ordered Plaintiff Frederick Marc Cooley to exit the vehicle because she was going to conduct a parole search of his person due to his parole status. Plaintiff Frederick Marc Cooley communicated to Deputy C. Bradford that he would not consent to a search of his person because his parole status alone was not enough to require him to submit to a search of his person and that she did not have reasonable suspicion that he committed or was about to commit a crime.

Deputy C. Bradford communicated to Plaintiff Frederick Marc Cooley that the conditions of his parole requires him to submit to a search upon any officer's request and if he continue to refuse, she would arrest him for violating that condition of parole.

Deputy C. Bradford conducted a search of Plaintiff Frederick Marc Cooley's person on a public street in a residential area and the result of the search was negative for violations of parole.

Deputy C. Bradford directed Plaintiff Frederick Marc Cooley to sit on the front of her squad car while her back up, Solano County Deputy Sheriff "Munk", watched him.

Deputy C. Bradford ordered Plaintiff Rashawn Green to exit his vehicle asked if she could search his person and vehicle.  Plaintiff Rashawn Green communicated to Deputy C. Bradford that he was not giving her consent to search his person or vehicle.

Deputy C. Bradford conducted a unconsented search of Plaintiff Rashawn Green's person, directed him to sit on the front of her squad car next to Plaintiff Frederick Marc Cooley and conducted a unconsented search of Plaintiff Rashawn Green's vehicle.  The searches resulted negative seizures of contraband or any illegal activity.

On March 18, 2005, Solano County Sheriff's Deputy, A. Roper stopped Plaintiff Frederick Marc Cooley for an unkwown traffic reason.  Deputy A. Roper requested from Plaintiff Frederick Marc Cooley valid California Driver's license, vehicle registration, and proof of auto insurance, which he provided to Deputy A. Roper.

After running Plaintiff Frederick Marc Cooley's identification information, Deputy A. Roper learned via Solano County Sheriff's Department radio

-4-

1  dispatch that Plaintiff Frederick Marc Cooley was on parole under the
2  jurisdiction of the California Department Of Corrections.

3

4  Deputy A. Roper ordered Plaintiff Frederick Marc Cooley out of the vehicle and
5  advised him that he was going to conduct a parole search of his person and the
6  vehicle his was in control of, due to his parole status.

7

8  Deputy A. Roper conducted the search of Plaintiff Frederick Marc Cooley's
9  person and the vehicle that he was in control of in at crowded gas station and
10  the search resulted in negative parole violations.

11

12  Since these specific traffic stops and searches family members, friends,
13  neighbors and residents who witnessed or learned of these traffic stops and
14  searches, where Plaintiff Frederick Marc Cooley was detained and his person,
15  vehicle and other individuals person and vehicle have been searched due to
16  Plaintiff Frederick Marc Cooley's parole status have questioned whether
17  Plaintiff Frederick Marc Cooley is criminally active because productive citizens
18  do not submit to searches of their person and property because of simple traffic
19  infractions and are reluctant to associate themselves with Plaintiff Frederick
20  Marc Cooley because of the abnormal searches.

21

22

23  **Demand For Jury Trial.**

24

25  Plaintiff's Frederick Marc Cooley and Rashawn Green respectfully demand a
26  jury trial on the merits of this complaint.

27

28

**Relief.**

Plaintiff's Frederick Marc Cooley and Rashawn Green seek monetary damages in the total amount of **Sixty-Five thousand dollars ($65,000)** payable to both plaintiffs for the violations of their constitutional rights not to be unreasonably searched, for public humiliation and mental stress.

Plaintiff Frederick Marc Cooley also seeks a court order directing the Solano County Sheriff's Department to change it's protocol on searches of parolees, specifically requiring written consent to search from a parolee when no reasonable suspicion that a crime has been or is about to be committed.

Signed this  7   day of  August   ,2005.

Frederick M. Cooley

**Plaintiff**

-6-

1    I declare under penalty of perjury that the foregoing is true and correct.

2

3

4

5    Date: 8/8/05

6

7

8                                                    **Plaintiff**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Frederick Marc Cooley
Rashawn Green

## DEFENDANTS
Frederick VI
C. Bradford And A. Roper

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
465 Carlson St.
Vallejo CA 94590
(707) 645-7311

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☑ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PLF | DEF |  | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal of Business In Another State | ☐ 5 | ☐ |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☑ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | | Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900Appeal of Fee |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff | Determination Under |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | or Defendant) | Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☑ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS—Third Party | State Statutes |
| | | ☐ 550 Civil Rights | Security Act | 26 USC 7609 | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

42 U.S. 1983 Civil Complaint Fourth Amendment Violations

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 65,000 To both Plaintiffs
CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 8/8/05

SIGNATURE OF ATTORNEY OF RECORD
Frederick M Cooley

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

Attachment 2

# Exhibit G

1  Frederick M. Cooley

2  CCDC# 1738781, 7B-10L

3  330 S. Casino Center Dr.

4  Las Vegas, NV 89101

5

6  In Propria Persona

7

# FILED

APR 16 2007

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
        DEPUTY CLERK

8          United States District Court

9          Eastern District Of California

10                        207 - CV - 0720 DFL EFB PC

11  Frederick Marc Cooley,          Case No. _____

12              Plaintiff,

13

14       V.S.                        Civil Rights Complaint

15                                   Pursuant To

16  Carol A. Daly, Chair,            42 U.S.C. Section 1983

17  California Board of Prison

18  Terms, And John Doe,

19              Defendants.

20

21              Jurisdiction

22

23       1. This complaint alleges that the civil rights of Frederick

24  M. Cooley, who presently resides at 330 S. Casino Center Dr.,

25  Las Vegas, Nevada 89101, were violated by the actions of the

26  below mentioned individuals, which were directed against

27

28

                        ①

1  Plaintiff on April 17, 2006.

2

3       2. Defendant Carol A. Daly resides in Sacramento,

4  California and is employed as the Chair of California Board of

5  Prison Terms. This defendant is being sued in her official

6  capacity and is responsible for developing and implementing

7  policies and procedures for parole eligibility, parole suspension

8  parole discharge and revocation hearings.

9

10      3. Defendant "John Doe" resides in Sacramento, California

11  and is a employee of the California Board of Prison Terms. This

12  defendant is being sue in his/her individual and official capacity

13  and is responsible for taking action to suspend parolee's

14  parole.

15

16      4. Jurisdiction is invoked pursuant to 28 U.S.C. Section

17  1343(a)(3) and 42 U.S.C Section 1983.

18

19              Statement of Case

20

21  The California Board of Prison Terms decision to suspend Plaintiff's

22  Parole violates the fourteenth Amendment of the United States

23  Constitution because the Plaintiff's Parole Automically discharged

24  early pursuant to California Penal Code section 3001 (a), when

25  BPT failed to find good cause to return Plaintiff on parole.

26

27

28

## Supporting Facts

3. On Feb. 6, 2004, Plaintiff entered a no contest plea in Los Angeles
4. County Superior for a violation of Penal Code section 245 (A)(1) Assault
5. by means of force likely to produce great bodily injury and he
6. was sentenced to state Prison for a term of two years. On Dec. 12, 2004
7. Plaintiff was released on parole under the jurisdiction of CDC. By
8. January 15, 2005 Plaintiff had completed well over thirteen
9. months of continuous parole with no revocation terms, suspensions
10. or dead time for absconding. No good cause was found
11. by the Board of Prison Terms retain Plaintiff on parole pursuant
12. to California Penal Code 3001 (a). The Plaintiff's parole automatically
13. discharged. his parole number V-28960.

15. On April 17, 2006, Defendant "John Doe" took action and suspended
16. Plaintiff's parole for absconding pursuant to the policies and
17. procedures developed and implemented by Defendant Carol A.
18. Daly, chair, of the California Board of Prison Terms.

20. On Feb. 27, 2007, Plaintiff was booked into custody of the
21. Las Vegas Metropolitan Police Department for a California
22. parole violation warrant.

## Previous Lawsuits And Administrative Relief

No actions in state or federal court have been filed for the same or similar facts as involved in this action.

No actions in state or federal court have been dismissed because it was determined to be frivolous, malicious or failed to state a claim upon which relief could be granted.

No attempt to exhaust administrative remedies have been made because the California Board of Prison Terms do not have an administrative appeal process.

## Request For Relief

Plaintiff is seeking injunctive relief, directing the defendants to discharge Plaintiff off parole and release him immediately.

I understand that a false statement or answer to any question in this complaint will subject me to penalties of perjury. I declare under penalty of perjury under laws of the United States of America that the foregoing is true and correct.

4/12/07

# Exhibit H

Frederick M. Cooley
Name
330 S. Casino Center Dr.

Los Vegas, NV 89101

#1738781  (7B-10L)
▬▬▬ Number
Jail

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

Frederick Marc Cooley  ,
                    Plaintiff,

vs.

R. McNabb, P# 8399  ,

B. Embrey, P# 8644  ,

F. Oliveri, P# 8272  ,

R. Cera,  ,

_____  ,
                    Defendant(s).

2:07-cv-00509-KJD-RJJ

CIVIL RIGHTS COMPLAINT
PURSUANT TO
42 U.S.C. § 1983

"Jury Trial Demanded"

## A. JURISDICTION

1) This complaint alleges that the civil rights of Plaintiff, **Frederick M. Cooley** .
(Print Plaintiff's name)

who presently resides at **330 S. Casino Center Dr., Las Vegas, NV** , were

violated by the actions of the below named individuals which were directed against

Plaintiff at **Las Vegas / Clark County Detention center** on the following dates
(institution/city where violation occurred)

**January 20, 2006** , **January 20, 2006** , and **March 24, 2007** .
(Count I)                        (Count II)                        (Count III)

**Make a copy of this page to provide the below
information if you are naming more than five (5) defendants**

2) Defendant **R. McNabb, P# 8399** resides at **Las Vegas, Nevada**,
     (full name of first defendant)           (address if first defendant)
and is employed as **Las Vegas Metropolitan Police Officer**. This defendant is sued in his/her
          (defendant's position and title, if any)
   ✓ individual ____ official capacity. (Check one or both). Explain how this defendant was
acting

under color of law: **Defendant was on duty as Las Vegas Metropolitan Police Officer
at all times mentioned.**

3) Defendant **B. Embrey, P# 8644** resides at **Las Vegas, Nevada**,
     (full name of first defendant)           (address if first defendant)
and is employed as **LVMP Officer**. This defendant is sued in his/her
          (defendant's position and title, if any)
  ✓ individual ____ official capacity. (Check one or both). Explain how this defendant was
acting

under color of law: **Defendant was on duty as a Las Vegas Metropolitan
Police Officer at all times mentioned**

4) Defendant **F. Oliveri, P# 8272** resides at **Las Vegas, Nevada**,
     (full name of first defendant)           (address if first defendant)
and is employed as **LVMP Officer**. This defendant is sued in his/her
          (defendant's position and title, if any)
   ✓ individual ____ official capacity. (Check one or both). Explain how this defendant was
acting

under color of law: **Defendant was on duty as a Las Vegas Metropolitan
Police Officer at all times mentioned**

5) Defendant **R. Cera** resides at **Las Vegas, Nevada**,
     (full name of first defendant)           (address if first defendant)
and is employed as **LVMP Officer**. This defendant is sued in his/her
          (defendant's position and title, if any)
   ✓ individual ____ official capacity. (Check one or both). Explain how this defendant was
acting

under color of law: **Defendant was on duty as a Las Vegas Metropolitan
Police officer at all times mentioned.**

2

6) Defendant _____ resides at _____,
        (full name of first defendant)               (address if first defendant)

and is employed as _____ . This defendant is sued in his/her
           (defendant's position and title, if any)

___ individual ___ official capacity. (Check one or both). Explain how this defendant was acting

under color of law: _____

_____


7) Jurisdiction is invoked pursuant to 28 U.S.C. § 1343 (a)(3) and 42 U.S.C. § 1983. If you wish to assert jurisdiction under different or additional statutes, list them below.

_____

_____

- - - - - - - - - - - - - - - - - - - - - - - - - - -

## B. NATURE OF THE CASE

1)     Briefly state the background of your case.

On 1/20/06, defendant LVMP R. McNabb, P# 8359, unlawfully detained Plaintiff and used excessive force against him by attempting to conduct a suspicionless pat search of Plaintiff's person for weapons. Then defendant LVMP R. McNabb P# 8359, conspired with defendant's LVMP B. Embrey P# 8644 and F. Olivers P# 8272 using excessive force and illegally seizing Plaintiff's person by chasing Plaintiff, where defendant LVMP B. Embrey, P# 8644 activated his conducted energy weapon (Taser Gun) on Plaintiff, defendant F. Olivers, P# 8272 pulled Plaintiff off a electronic fence to the ground face down, handcuffed Plaintiff and then defendant LVMP B. Embrey P# 8644, kicked Plaintiff in the back of his head and stepped on Plaintiff's neck before taking him into custody. On March 24, 2007, defendant LVMP R. Cera denied Plaintiff one of the three nutritional meals he was entitled while Plaintiff was incarcerated Clark County Detention Center."

- - - - - - - - - - - - - - - - - - - - - - - - - - -

## C. CAUSE OF ACTION

3

## COUNT I

The following civil rights has been violated: <u>Plaintiff's right not to be</u> <u>unreasonably searched and seized as guaranteed by the</u> <u>Fourth Amendment of U.S. Constitution was violated.</u>

Supporting Facts: [Include all fact you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be sure you describe exactly what each specific defendant (by name) did to violate your rights].

On 1-30-06, at approximately 7:00 pm Plaintiff Frederick Cooley was given a ride by his companion "Ronald Carlson" to the Cambridge Market located at 3510 Cambridge in Las Vegas, Nevada. The Plaintiff and companion entered the market purchased coffee and food items and sat down and began playing gaming machines located inside the market. While playing the gaming machines, the Plaintiff and his companion observed numerous police patrol cars outside the market. Within five minutes of the Plaintiff and his companion observing the officers congregating outside the market, Defendant LVMP R. McNabb P#8399 approached the store entrance, opened the door and without entering the store, he ordered Plaintiff's companion "Ronald Carlson to exit the store, which he complied. Defendant LVMP R. McNabb P#8399 turned to the Plaintiff Frederick Cooley and stated "You come out too". Plaintiff's reply to the order was "For What? I am playing a machine". Defendant LVMP R. McNabb P#8399 commanded and ordered Plaintiff to exit the store in a loud demanding tone of voice, which Plaintiff complied but reluctantly. Upon exiting the store, Plaintiff observed his companion "Ronald Carlson" being handcuffed and placed in the back of a patrol car. Then Defendant LVMP R. McNabb P#8399 ordered the Plaintiff to stand in front of his patrol car so he could conduct a pat search for weapons. Plaintiff immediately rejected the defendant's LVMP R. McNabb P#8399

(See Count II for Continued Facts)

4

## COUNT II

The following civil rights has been violated: Plaintiff's right to be free from cruel and unusual punishment as guaranteed by the Eighth Amendment of the United States Constitution was violated.

Supporting Facts: [Include all fact you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be sure you describe exactly what each specific defendant (by name) did to violate your rights].

Order by communicating that "He had not done anything for him to believe that he was in possession of a weapon." Plaintiff asked defendant R. McNabb P# 8399 "Had the store employees or anyone notified police identifying Plaintiff as an suspect of any type of criminal offense who was armed with a weapon?" Defendant R. McNabb P# 8399 answer was "No." Plaintiff then asked defendant R. McNabb P# 8399, "What makes you think I have a weapon to be pat searched for?" Defendant LVMP R. McNabb's P# 8399 answer to this was "Your friend has several warrants and thats what I do for a living, I search people". Plaintiff specifically communicated to defendant LVMP R. McNabb P# 8399 "He was not submitting to a pat search of his person because the police had no business with him", then Plaintiff attempted to walk away. Defendant R. McNabb P# 8399 then grabbed Plaintiff's right arm, forcing Plaintiff to drop his coffee on the ground. By reflex Plaintiff pulled his arm free from the grasp of defendant LVMP R. McNabb P# 8399. Defendant LVMP R. McNabb P# 8399 attempted to grab Plaintiff again and Plaintiff fled on foot. During the Plaintiff's flight, he attempted to climb over an apartment electronic parking gate. Before Plaintiff could scale over the gate LVMP B. Embrey P# 8644 and F. Oliveri P# 8272 driving a marked police patrol car pulled up to the electronic parking gate, activating the gate open and preventing

(continued pg. 5-A)

5

## COUNT III

The following civil rights has been violated: Plaintiff's right to be free from cruel and unusual punishment as guaranteed by the Eighth Amendment was violated

> Supporting Facts: [Include all fact you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be sure you describe exactly what each specific defendant (by name) did to violate your rights].

At approximately 1:00 am on March 24, 2007, jail staff directing inmates housed in 7B to exit their cells, so that solvents could be sprayed on the floors, walls, doors on the inside and outside of cell areas. This was a follow up of solvents sprayed less than 24 hrs earlier as prevention of contracting the out spread of the "Nerovirus" which had infected over 150 inmates and staff members at the Clark County Detention Center. No clean had been made prior to 11:00 am. At approximately 10:00 am during 3/24/07, Plaintiff Frederick Cooley observed CCOC 7B module inmate workers serving lunch by placing lunch trays on the floor by each cell door, under the direction of Defendant LVMP R.Cera. Several inmates had a discrepancy about being served lunch with their trays on the floor. The Plaintiff rejected his tray, which was a "special diet tray" (due to his medical condition "High Blood Pressure") on the grounds the trays where placed on the floor where solvents were sprayed twice prior to lunch. Defendant LVMP R.Cera approached Plaintiff's assigned cell, where the Plaintiff attempted to express his concerns to Defendant LVMP R.Cera, verbally in a respectful even tone manner. Defendant R.Cera displayed a unappreciative attitude that Plaintiff would voice his concerns and closed Plaintiff's cell door in his face. Less than five minutes later inmate workers approached, Plaintiff's cell door was opened and

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## D. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1) Have you filed other actions in state or federal courts involving the **same or similar facts** as involved in this action? _____ Yes _✓_ No. If your answer is "Yes", describe each lawsuit. (If more than one, describe the others on an additional page following the below

outline).

a)    Defendants: _____

b)    Name of court and docket number: _____

c)    Disposition (for example, was the case dismissed , appealed or is it still pending?):

      _____

d)    Issues raised: _____

      _____

      _____

e)    Approximate date it was filed: _____

f)    Approximate date of disposition: _____

2)    Have you filed an action in federal court that was **dismissed because it was determined to be frivolous, malicious, or failed to state a claim upon which relief could be granted?** ____ Yes ✔No. If your answer is "Yes", describe each lawsuit. (If you had more than three actions dismissed based on the above reasons, describe the others on an additional page following the below outline.)

Lawsuit #1 dismissed as frivolous, malicious, or failed to state a claim:

a)    Defendants: _____.

b)    Name of court and case number: _____.

c)    The case was dismissed because it was found to be (check one): _____ frivolous ____ malicious or ____ failed to state a claim upon which relief could be granted.

d)    Issues raised: _____

      _____

e)    Approximate date it was filed: _____

f)    Approximate date of disposition: _____

Lawsuit #2 dismissed as frivolous, malicious, or failed to state a claim:

a)    Defendants: _____.

b)    Name of court and case number: _____.

c)    The case was dismissed because it was found to be (check one): _____ frivolous _____ malicious or _____ failed to state a claim upon which relief could be granted.

d)    Issues raised: _____

_____

e)    Approximate date it was filed: _____

f)    Approximate date of disposition: _____

Lawsuit #3 dismissed as frivolous, malicious, or failed to state a claim:

a)    Defendants: _____.

b)    Name of court and case number: _____.

c)    The case was dismissed because it was found to be (check one): _____ frivolous _____ malicious or _____ failed to state a claim upon which relief could be granted.

d)    Issues raised: _____

_____

e)    Approximate date it was filed: _____

f)    Approximate date of disposition: _____

3)    Have you attempted to resolve the dispute stated in this action by seeking relief from the proper administrative officials, e.g., have you exhausted available administrative grievance procedures? ✓ Yes ___ No. If your answer is "No", did you not attempt administrative relief because the dispute involved the validity of a: (1) ___ disciplinary hearing; (2) ___ state or federal court decision; (3) ___ state or federal law or regulation; (4) ___ parole board decision; or (5) ___ other _____.

If your answer is "Yes", provide the following information. Grievance Number _____.

Date and institution where grievance was filed **3/24/07/ Clark County Detention Center**.

Response to grievance: **Plaintiff grieved the incident on 3/24/07. The grievance was suppose to be answered 72 hrs after filing. Plaintiff handed grievance to LVMP Bernandino P# 8507 who gave Plaintiff a pink copy. No answer has been given.**

8

Administrative Grievance policy and procedure is inadequate because no response has been given to Plaintiff's employee misconduct claim.

- - - - - - - - - - - - - - - - - - - -

### E. REQUEST FOR RELIEF

I believe that I am entitled to the following relief:

Compensatory damages in the amount of seventy-five thousand dollars ($75,000.00) from each defendant and Punitive damages in the amount of ten thousand dollars ($10,000.00) from each defendant.

_____

_____

_____

_____

I understand that a false statement or answer to any question in this complaint will subject me to penalties of perjury. **I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.** See 28 U.S.C. § 1746 and 18 U.S.C. § 1621.

_____          *Frederick M. Coolbrith*
(Name of Person who prepared or helped          (Signature of Plaintiff)
prepare this complaint if not Plaintiff)

4/12/07
(Date)

- - - - - - - - - - - - - - - - - - - - - - - - - -

(Additional space if needed; identify what is being continued)

Page 5 is being Continued. (See pg 5-A Attached)
Page 6 is being Continued. (See pg 6-A Attached)

9

<u>Continued From Page 5</u>

the Plaintiff maintaining his balance to pull over the gate. Defendant LVMP B.Embrey P#8644 and F. Oliveri P#8272 exited their patrol car. Defendant B.Embrey P#8644 then activated his conducted energy weapon hitting Plaintiff in his right side while Defendant LVMP F. Oliveri pulled Plaintiff off the gate and handcuffed him. While defendant LVMP officer B. Embrey P#8644 rolled up the wire to his energy weapon to disconnect it from the Plaintiff. Defendant B. Embrey P#8644 approached the Plaintiff who was being held faces down by defendant LVMP F. Oliveri P#8272 who pat searched and searched p inside of Plaintiff's jacket pockets and pants pockets, Defendant B.Embrey P#8644 stood over plaintiff and asked "How does it feel to get tasered?" The Plaintiff reply to this was "I don't Know you faggot as pig!" Defendant LVMP B.Embrey P#8644 then kicked the Plaintiff in the back of his head and stepped on the back of his neck cause minor abrasions on Plaintiff's left cheek. Plaintiff suffers from chronic migraine head aches every since this incident.

5-A

Continued From Page 6

attempted to issue a second tray of food to Plaintiff, which plaintiff rejected because it was not a diet tray, displaying Plaintiff's full name as a "Cardiac". Plaintiff was not issued a lunch on that date. Plaintiff was very upset about this and suffered a severe headache there after for two days.

6-A

# Exhibit I



# FILED

MAY  6 2008

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

1013578

**Frederick Marc Cooley**
(Name of Plaintiff)
**P.O. Box 650**
(Address of Plaintiff)
**Indian Springs, NV 89070**

08-CV-976 FCDJFM P
(Case Number)

vs.

**Geraldine Thompson**

**C. Wells**

**John or Jane Doe**
(Names of Defendants)

COMPLAINT

Demand For Jury Trial

I. Previous Lawsuits:

A. Have you brought any other lawsuits while a prisoner:  ☑ Yes  ☐ No

B. If your answer to A is yes, how many?:  **1**  Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper using the same outline.)

1. Parties to this previous lawsuit:

Plaintiff  **Frederick Marc Cooley**

Defendants  **R. Mcnabb, et al**

FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

Rev'd 5/99

2. Court (if Federal Court, give name of District; if State Court, give name of County)

_United States District Court, District of Nevada_

3. Docket Number _2: 07 - CV- 00509 -KJD- RJJ_

4. Name of judge to whom case was assigned _Kent Dawson/Robert J. Johnston_

5. Disposition (For example: Was the case dismissed? Was it appealed? Is it still pending?)
_Case still pending_

6. Approximate date of filing lawsuit _April 7, 2007_

7. Approximate date of disposition _____

II. Exhaustion of Administrative Remedies

A. Is there a grievance procedure available at your institution?   ☐ Yes   ☐ No

B. Have you filed a grievance concerning the facts relating to this complaint?
   ☐ Yes   ☐ No
   If your answer is no, explain why not _____

C. Is the grievance process completed?   ☐ Yes   ☐ No

III. Defendants

(In Item A below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use item B for the names, positions and places of employment of any additional defendants.)

A. Defendant _Geraldine Thompson_ is employed as _California Dept._
_of Corrections Parole Unit Supervisor_ at _1840 Capitol St. Vallejo, Ca 94590, Solano_
County.
B. Additional defendants _Defendant Dept. of Corrections, Parole Officer_
_C. Wells at 1840 Capitol St. Vallejo, Ca 94590, Solano County. Defendant_
_John or Jane Doe is employed as a Cal Board of Prison Terms as_
_Parole Board Commissioner in Sacramento, Ca._

4

IV.    Statement of Claim

(State here as briefly as possible the facts of your case.  Describe how each defendant is involved, including dates and places.  Do not give any legal arguments or cite any cases or statutes.  Attach extra sheets if necessary.)

On 2/6/04, Plaintiff Frederick Marc Cooley, was sentenced to a two year prison term by the Los Angeles County Superior Court for the violation of Penal Code section 245(A)(1). On 12/12/04, Plaintiff was released on parole. On 12/8/05 John or Jane Doe, a Cal. Board of Prison Terms Parole Board Commissioner violated the Plaintiff's state created constitutionally protected liberty interest guaranteed by the Due Process Clauses of the U.S. Constitution, by deciding to retain Plaintiff on parole four days before he was to have completed one year of continuous parole contrary to Cal. Penal Code section 3001(a) and Cal. Admin. Code, title 15 section 2535(b). When the Board failed to act to retain Plaintiff on parole within the specified time frame

(See Extra Sheets)
Attached

V.    Relief.

(State briefly exactly what you want the court to do for you.  Make no legal arguments.  Cite no cases or statutes.)

Plaintiff requests injunctive relief directing defendants to discharge Plaintiff off parole and quash the outstanding no bail fugitive warrant immediately. Plaintiff also requests compensatory and punitive damages.

Signed this 28 day of April , 20 08 .

*Frederick M. Cooley*
(Signature of Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct.

4/28/08
(Date)

*Frederick M. Cooley*
(Signature of Plaintiff)

5

Set by Penal Code section 3001(a) and Cal. Admins Code, title 15 Section 2535(b), the Plaintiff's parole discharged by operation of law January 11, 2006.

On 4/11/06, Defendant C. Wells, a Cal. Dept. of Corrections, Parole Officer, unlawfully attempted a home visit at the Plaintiff's address with negative results. Defendant C. Wells reported that he spoke with the Plaintiff's father Frederick Cooley Senior who communicated that Plaintiff was not home. Defendant C. Wells left a business card with instructions for Plaintiff to report immediately.

Plaintiff's Father Frederick Cooley Senior communicated to him that evening, that Defendant C. Wells had visited earlier that day and during their conversation Defendant C. Wells communicated to Plaintiff's father that the Plaintiff tested positive for illegal drugs and that the Plaintiff was to report to Defendant C. Wells office immediately or he would issue a warrant for his arrest.

Plaintiff's father also advised Plaintiff that he could no longer reside in his home due to him engaging in drugs according to his conversation with Defendant C. Wells and that Plaintiff would have to pack his belongings and move out at that time. Plaintiff moved out and has not spoken to his

father since.

Defendant C. Wells' parole violation report states that the Plaintiff failed to report as directed and on 4/17/06, the Cal. Board of Prison Terms took action suspending Plaintiff's parole. On 4/25/06, Defendant C. Wells spoke with Plaintiff's father and according to the violation report Plaintiff's father communicated to defendant C. Wells that he had not seen Plaintiff. On 5/5/06 a parolee at large report was submitted by defendant C. Wells according to the violation report a fugitive warrant was issued for the Plaintiff's arrest.

On 2/27/07, Plaintiff was arrested in Las Vegas, Nevada and booked in the Clark County Detention Center for the Cal. Dept. of Corrections no bail fugitive warrant #W990442897 and local Las Vegas charges.

On March 1, 2007, a parole hold was lodged against the Plaintiff. On 3/3/07, Defendant C. Wells recommended to his Supervisor Defendant Geraldine Thompson to retain the parole hold. On 3/5/07, Defendant Geraldine Thompson made a decision to retain the parole hold.

On 3/26/08, Plaintiff exhausted his state court remedies and the California Supreme Court denied his petition for writ of habeas corpus, case #S161360.

# Exhibit J

**Frederick Marc Cooley**
Name

**P.O. Box 650**

**Indian Springs, NV 89070**
Address

**# 1013578**
Prison Number

_FILED ✓RECEIVED
_ENTERED __SERVED ON
COUNSEL /PARTIES OF RECORD

2008 JUL -9 P 2: 12

CLERK US DISTRICT COURT
DISTRICT OF NEVADA

BY_____DEPUTY

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

**Frederick Marc Cooley**,
             Plaintiff,

vs.

**Nustad**,

**Zimmerman**,

**John Doe**,

_____,

_____,
          Defendant(s).

    )
    )
    )
    )
    )
    )
    )
    )
    )
    )
    )
    )
    )

### 2:08-cv-00896-RCJ-LRL

**CIVIL RIGHTS COMPLAINT
PURSUANT TO
42 U.S.C. § 1983**

**Jury Trial Demand**

### A. JURISDICTION

1)    This complaint alleges that the civil rights of Plaintiff, **Frederick M. Cooley**,
                                                  (print Plaintiff's name)

who presently resides at **High Desert State Prison**, were
                        (mailing address or place of confinement)
violated by the actions of the below named individuals which were directed against

Plaintiff at **High Desert State Prison** on the following dates
                (institution/city where violation occurred)

**2/1/08 to 2/10/08**, _____, and _____.
     (Count I)                (Count II)                (Count III)

**Make a copy of this page to provide the below
information if you are naming more that five (5) defendants**

2) Defendant _____Nustad_____ resides at ___Indian Springs, NV___ ,
         (full name of first defendant)          (address of first defendant)

and is employed as _Senior Correctional Officer_ . This defendant is sued in his/her
                (defendant's position and title, if any)

___✓___ individual ___✓___ official capacity. (Check one or both). Explain how this defendant was acting

under color of law: _Defendant was on duty as a Nevada Department_
_of Corrections Senior Officer at all times mentioned_ .

3) Defendant _____Zimmerman_____ resides at ___Indian Springs, NV___ ,
         (full name of first defendant)          (address of first defendant)

and is employed as _Correctional Officer_ . This defendant is sued in his/her
                (defendant's position and title, if any)

___✓___ individual ___✓___ official capacity. (Check one or both). Explain how this defendant was acting

under color of law: _Defendant was on duty as a Nevada Department_
_of Corrections, Correctional Officer at all times mentioned_ .

4) Defendant _____John Doe_____ resides at ___Indian Springs, NV___ ,
         (full name of first defendant)          (address of first defendant)

and is employed as _Correctional Officer_ . This defendant is sued in his/her
                (defendant's position and title, if any)

___✓___ individual ___✓___ official capacity. (Check one or both). Explain how this defendant was acting

under color of law: _Defendant was on duty as a Nevada Department_
_of Corrections, Correctional Officer at all times mentioned_ .

5) Defendant _____ resides at _____ ,
         (full name of first defendant)          (address of first defendant)

and is employed as _____ . This defendant is sued in his/her
                (defendant's position and title, if any)

___ individual ___ official capacity. (Check one or both). Explain how this defendant was acting

under color of law: _____

_____

§1983-Form
eff. 1/97

2

6) Defendant _____ resides at _____,
   _____(full name of first defendant)_____    _____(address if first defendant)_____
   and is employed as _____ . This defendant is sued in his/her
   _____(defendant's position and title, if any)_____
   __ individual __ official capacity. (Check one or both). Explain how this defendant was acting

   under color of law: _____

7) Jurisdiction is invoked pursuant to 28 U.S.C. § 1343 (a)(3) and 42 U.S.C. § 1983. If you wish to assert jurisdiction under different or additional statutes, list them below.

---

## B. NATURE OF THE CASE

1) Briefly state the background of your case.

Defendant's Nustad, Zimmerman, and John Doe attempted to serve Plaintiff bird tainted and cross-contaminated food. Defendants refused to serve plaintiff food under conditions which did not pose an immediate danger to his health and well being from February 1, 2008 to February 10, 2008

---

## C. CAUSE OF ACTION

3

## COUNT I

The following civil rights has been violated: Plaintiff's rights guaranteed by the Eigth Amendment of the United States Constitution have been violated.

Supporting Facts: [Include all fact you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be sure you describe exactly what each specific defendant (by name) did to violate your rights].

On February 1, 2008 at evening meal, plaintiff observed one of approximately three domestic birds that nested in High Desert State Prison 1A Housing Unit flying over, walking and feeding on food that was to be served to prisoners housed in the unit. The food was left unattended by Defendant Zimmerman who plaintiff attempted to notify by alerting the tower officer defendant Mustad via cell call button and yelling out his cell door. Plaintiff specifically notified defendant John Doe a unknown black correctional officer who refused to disclose his identity, that birds had tainted the food. Defendant John Doe ask plaintiff if he wanted his tray that defendant John Doe attempted to pass him through Plaintiff's cell door food port. Plaintiff rejected the food. Defendant John Doe continued to serve the bird tainted food to prisoners. Plaintiff communicated to defendants Mustad and Zimmerman that not only was the food tainted by birds, the food was also cross-contaminated by the use of a unsanitized food service area and carts used for serving food, collecting food trays and collecting shaving razors at shower time. Defendants refused to sanitize and Plaintiff did not eat at meal from 2/1/08 to 2/10/08 because of the unsanitary conditions

## COUNT II

The following civil rights has been violated: _____

_____

_____

    Supporting Facts: [Include all fact you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be sure you describe exactly what each specific defendant (by name) did to violate your rights].

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## D. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1)    Have you filed other actions in state or federal courts involving the **same or similar facts** as involved in this action? ___ Yes ✓ No. If your answer is "Yes", describe each lawsuit. (If more than one, describe the others on an additional page following the below outline).

a) Defendants: _____

b) Name of court and docket number: _____

c) Disposition (for example, was the case dismissed , appealed or is it still pending?):

_____

d) Issues raised: _____

_____

_____

e) Approximate date it was filed: _____

f) Approximate date of disposition: _____

2) Have you filed an action in federal court that was **dismissed because it was determined to be frivolous, malicious, or failed to state a claim upon which relief could be granted?**

____ Yes ✓ No. If your answer is "Yes", describe each lawsuit. (If you had more than three actions dismissed based on the above reasons, describe the others on an additional page following the below outline.)

Lawsuit #1 dismissed as frivolous, malicious, or failed to state a claim:

a) Defendants: _____

b) Name of court and case number: _____

c) The case was dismissed because it was found to be (check one): _____ frivolous

____ malicious or ____ failed to state a claim upon which relief could be granted.

d) Issues raised: _____

_____

e) Approximate date it was filed: _____

f) Approximate date of disposition: _____

Lawsuit #2 dismissed as frivolous, malicious, or failed to state a claim:

a) Defendants: _____

b) Name of court and case number: _____

c) The case was dismissed because it was found to be (check one): _____ frivolous

7

_____ malicious or _____ failed to state a claim upon which relief could be granted.

d) Issues raised: _____

_____

e) Approximate date it was filed: _____

f) Approximate date of disposition: _____

Lawsuit #3 dismissed as frivolous, malicious, or failed to state a claim:

a) Defendants: _____.

b) Name of court and case number: _____.

c) The case was dismissed because it was found to be (check one): _____ frivolous
_____ malicious or _____ failed to state a claim upon which relief could be granted.

d) Issues raised: _____

_____

e) Approximate date it was filed: _____

f) Approximate date of disposition: _____

3) Have you attempted to resolve the dispute stated in this action by seeking relief from the proper administrative officials, e.g., have you exhausted available administrative grievance procedures? ✓ Yes _____ No. If your answer is "No", did you not attempt administrative relief because the dispute involved the validity of a: (1) _____ disciplinary hearing; (2) _____ state or federal court decision; (3) _____ state or federal law or regulation; (4) _____ parole board decision; or (5) _____ other _____
If your answer is "Yes", provide the following information. Grievance Number 200627253328
                                                                                                      200627135129
Date and institution where grievance was filed High Desert State Prison 2/11/08 .

Response to grievance: The grievance was rejected as an
improper grievance stating it lacks standing. Grievances
are attached _____

_____

Case 2:08-cv-04529-DMC-JAD Document 3 Filed 07/08/2008 Page 81 of 137

- - - - - - - - - - - - - - - - - -

## E. REQUEST FOR RELIEF

I believe that I am entitled to the following relief:

Compensatory damages in the amount of five
thousand dollars ($5,000.00). Punitive damages
in the amount of ten thousand dollars ($10,000.00).

I understand that a false statement or answer to any question in this complaint will subject me to penalties of perjury. **I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.** See 28 U.S.C. § 1746 and 18 U.S.C. § 1621.

_Frederick M. Cook_
(Signature of Plaintiff)

_____
(Name of Person who prepared or helped
prepare this complaint if not Plaintiff)

7/3/08
(Date)

- - - - - - - - - - - - - - - - - - - - - - - - - - -
(Additional space if needed; identify what is being continued)

9

# NEVADA DEPARTMENT OF CORRECTIONS

## MEMORANDUM

TO:  Frederick Cooley #1013578

FROM:  Grievance Coordinator

DATE:  6-19-2008

SUBJECT:  Improper Grievance          Log #: 20062735129

The attached grievance is being returned to you for the following reason(s):

[ ] Non-grievable issue.
  - [ ] State and federal court decision.
  - [ ] State, federal and local laws and regulations.
  - [ ] Parole Board decision.
  - [x] Lacks standing. No new info from when 20062725328 as not accepted for this reason as well.

[ ] Untimely submission.

[ ] No remedy noted.

[ ] Abuse of Inmate Grievance Procedure.
  - [ ] Any language, writing or illustration deemed to be obscene, profane or derogatory.
  - [ ] A threat of serious bodily injury to a specific individual.
  - [ ] Specific claims or incidents previously filed by the same inmate.
  - [ ] More than four (4) unfounded, frivolous or vexatious grievances per month.
  - [ ] Allegations proven to be false.

[ ] The grievance contains more than one incident, issue, etc.

[x] Other: Did not submit completed Administrative Claim Form (DOC 3095) per AR 740.1.4.3.2

You may re-submit your grievance after correcting the above deficiencies. Failure to re-submit the grievance through the prescribed timeframe shall constitute abandonment.

_____   7-1-08   _____   7/1/08
Witness Signature           Date      Inmate Signature            Date

cc:  Original – Inmate, Copy - Grievance File

DOC-3098 (10/03)

2006 27 35129
Log Number ~~2006272528~~

# NEVADA DEPARTMENT OF CORRECTIONS
## INFORMAL GRIEVANCE

NAME: Cooley                    I.D. NUMBER: 1013578

INSTITUTION: HDSP        UNIT: 6B33

GRIEVANT'S STATEMENT: From 2/1/08 to 2/10/08 I had not ate a meal because of 1A housing units unsanitary conditions specifically the serving of bird tainted food which was cross-contaminated by the use of a unsanitized food service area and carts used for serving food, collecting used food trays and collecting used shaving razors

SWORN DECLARATION UNDER PENALTY OF PERJURY

INMATE SIGNATURE: Frederick M. Cooley   DATE: 5/28/08 TIME: _____

GRIEVANCE COORDINATOR SIGNATURE: A. Henson   DATE: 6/3/08 TIME: 7pm

GRIEVANCE RESPONSE: _____

_____

_____

_____

_____

CASEWORKER SIGNATURE: _____ DATE: _____

_____ GRIEVANCE UPHELD _____ GRIEVANCE DENIED _____ ISSUE NOT GRIEVABLE PER AR 740

GRIEVANCE COORDINATOR APPROVAL: _____ DATE: _____

_____ INMATE AGREES _____ INMATE DISAGREES

INMATE SIGNATURE: _____ DATE: _____

FAILURE TO SIGN CONSTITUTES ABANDONMENT OF THE CLAIM. A FIRST LEVEL GRIEVANCE MAY BE PURSUED IN THE EVENT THE INMATE DISAGREES.

RECEIVED
JUN 0 3 2008
HIGH DESERT STATE PRISON
GRIEVANCE COORDINATOR

| Original: | To inmate when complete, or attached to formal grievance |
| Canary: | To Grievance Coordinator |
| Pink: | Inmate's receipt when formal grievance filed |
| Gold: | Inmate's initial receipt |

## NEVADA DEPARTMENT OF CORRECTIONS
## GRIEVANT'S STATEMENT CONTINUATION FORM

NAME: __Cooley__          I.D. NUMBER: __1013575__

INSTITUTION: __HDSP__          UNIT #: __6B33__

GRIEVANCE #: __20062725328__   GRIEVANCE LEVEL: __Informal__

GRIEVANT'S STATEMENT CONTINUATION:   PG. __2__   OF __3__

at shower time. Unit officers continued to serve meals
under these conditions even after acknowledging that
I refused every meal served in the unit due to the
lack of sanitation. This is an attempt to exhaust
my administrative remedies pursuant to the
Prison litigation Reform Act (PLRA) 42 U.S.C section
1997 e(). I am requesting that I be compensated
by being paid a total of $5,000 for the failure
of Unit officers failing to sanitize properly before
serving meals specifically Senior Officer Nustad. I have
a constitutionally guaranteed Eigth Amendment
right to be served nutritional meals under conditions
that do not pose a immediate danger to my health
and well being. This is notification of my
intentions to file a 42 U.S.C. section 1983 civil
claim against Senior Officer Nustad. Senior Officer

Original:      Attached to Grievance
Pink:          Inmate's Copy

RECEIVED
JUN 03 2008
HIGH DESERT STATE PRISON
GRIEVANCE COORDINATOR

DOC – 3097 (01/02)

# NEVADA DEPARTMENT OF CORRECTIONS
## GRIEVANT'S STATEMENT CONTINUATION FORM

NAME: Cooley      I.D. NUMBER: 1013578

INSTITUTION: HDSP      UNIT #: 6B33

GRIEVANCE #: 20062725328      GRIEVANCE LEVEL: Informal

GRIEVANT'S STATEMENT CONTINUATION:    PG. 3   OF 3

Nustad was fully aware that approximately three domestic birds nested in the ceiling of unit 1A when on Feb. 1, 2008 I communicated to Senior Officer Nustad and two other officers that observed the birds flying, over, walking and feeding on the food that was being served to the unit. The food was served to inmates housed in the unit Knowingly by officers in violation of A.R. 720. Eating under these conditions was not acceptable and was the result of me not eating for ten days especially after I was sick for two weeks upon my arrival here at HDSP 1/16/08 where I was provided inadequate medical attention.

Original:    Attached to Grievance
Pink:    Inmate's Copy

RECEIVED
JUN 0 3 2008
HIGH DESERT STATE PRISON
GRIEVANCE COORDINATOR

DOC – 3097 (01/02)

# NEVADA DEPARTMENT OF CORRECTIONS

## MEMORANDUM

TO:     Cooley, Fredrick #1013578

FROM:   J. Henson

DATE:    May 16, 2008

SUBJECT:    Improper Grievance 20062725328

The attached grievance is being returned to you for the following reason(s):

[ ] Non-grievable issue.

    [ ] State and federal court decision.

    [ ] State, federal and local laws and regulations.

    [ ] Parole Board decision.

    [X] Lacks standing.

[ ] Untimely submission.

[X] No remedy noted.

[ ] Abuse of Inmate Grievance Procedure.

    [ ] Any language, writing or illustration deemed to be obscene, profane or derogatory.

    [ ] A threat of serious bodily injury to a specific individual.

    [ ] Specific claims or incidents previously filed by the same inmate.

    [ ] More than four (4) unfounded, frivolous or vexatious grievances per month.

    [ ] Allegations proven to be false.

[ ] The grievance contains more than one incident, issue, etc.

[X] Other; specify.
    You failed to attach the response to the first informal grievance that you submitted on this same issue. You may resubmit with necessary documents attached.

---

Witness Signature     Date       Inmate Signature     Date

cc:     Original – Inmate       Copy - Grievance File

RECEIVED
JUN 0 3 2008
HIGH DESERT STATE PRISON
GRIEVANCE COORDINATOR

DOC-3098 (10/03)

Log Number 2006 27 25305

# NEVADA DEPARTMENT OF CORRECTIONS
## INFORMAL GRIEVANCE

NAME: Cooley                          I.D. NUMBER: 1013578

INSTITUTION: HDSP                     UNIT: 4A18

GRIEVANT'S STATEMENT: From 2/1/08 to 2/10/08 I did not ate a meal because of

1A housing units unsanitary conditions specifically the serving of bird turnited

which was cross-contaminated by the use of a unsanitized food service

area and carts used for serving food. Collecting used food trays, and

collecting used shaving razors at shower time. Unit officers continued

## SWORN DECLARATION UNDER PENALTY OF PERJURY

INMATE SIGNATURE: Frederick M. Cooley    DATE: 4/15/08  TIME: _____

GRIEVANCE COORDINATOR SIGNATURE: _____  DATE: 4/16/08  TIME: 7 pm

GRIEVANCE RESPONSE: _____

_____

_____

_____

_____

CASEWORKER SIGNATURE: _____  DATE: _____

____ GRIEVANCE UPHELD ____ GRIEVANCE DENIED ____ ISSUE NOT GRIEVABLE PER AR 740

GRIEVANCE COORDINATOR APPROVAL: _____  DATE: _____

_____ INMATE AGREES _____ INMATE DISAGREES

INMATE SIGNATURE: _____  DATE: _____

FAILURE TO SIGN CONSTITUTES ABANDONMENT OF THE CLAIM. A FIRST LEVEL GRIEVANCE MAY
BE PURSUED IN THE EVENT THE INMATE DISAGREES.

| Original: | To inmate when complete, or attached to formal grievance |
|-----------|----------------------------------------------------------|
| Canary:   | To Grievance Coordinator |
| Pink:     | Inmate's receipt when formal grievance filed |
| Gold:     | Inmate's initial receipt |

RECEIVED
JUN 0 3 2008
HIGH DESERT STATE PRISON
GRIEVANCE COORDINATOR

DOC 3091 (12 / 01)

## NEVADA DEPARTMENT OF CORRECTIONS
## GRIEVANT'S STATEMENT CONTINUATION FORM

NAME: _Cooley_                                   I.D. NUMBER: _1013578_

INSTITUTION: _HDSP_                              UNIT #: _4A19_

GRIEVANCE #: _20062705035_   GRIEVANCE LEVEL: _III_

GRIEVANT'S STATEMENT CONTINUATION:   PG. _2_   OF _2_

To serve meals under these conditions even after
acknowledging that I refused every meal served in the
unit due to the lack of sanitation. This is an attempt
to exhaust my administrative remedies pursuant to
the Prison litigation Reform Act (PLRA).

Original:      Attached to Grievance
Pink:          Inmate's Copy

DOC – 3097 (01/02)

[faded/illegible header text] ... on 2/5/08.
This is a deliberate indifference to the conditions of my confinement because Senior
officer knows I will not eat the bird tainted contaminated food.

Log Number ~~20D07705D25~~

# NEVADA DEPARTMENT OF CORRECTIONS
## INFORMAL GRIEVANCE

NAME: Cooley    I.D. NUMBER: 1013578

INSTITUTION: HDSP    UNIT:

GRIEVANT'S STATEMENT: I have not eaten a meal since 2/1/08 because of 1A
housing unit unsanitary conditions specifically the serving of bird tainted food
which is cross contaminated by the use of unsanitized food service area and
carts used for serving food, collecting used food trays, and collecting used
shaving razors at shower time. Officers continue to serve meals under these conditions
knowingly.

SWORN DECLARATION UNDER PENALTY OF PERJURY   2/7/08

INMATE SIGNATURE: [signature]   DATE: 2/5/07   TIME:

GRIEVANCE COORDINATOR SIGNATURE: [signature]   DATE: 2/5/08   TIME: 9:30

GRIEVANCE RESPONSE:

CASEWORKER SIGNATURE: _____ DATE: _____

_____ GRIEVANCE UPHELD _____ GRIEVANCE DENIED _____ ISSUE NOT GRIEVABLE PER AR 740

GRIEVANCE COORDINATOR APPROVAL: _____ DATE: _____ RECEIVED

APR 16 2003

H.D.S.P. - AWP

_____ INMATE AGREES __✓__ INMATE DISAGREES

INMATE SIGNATURE: [signature]   DATE: 4/15/08

FAILURE TO SIGN CONSTITUTES ABANDONMENT OF THE CLAIM. A FIRST LEVEL GRIEVANCE MAY
BE PURSUED IN THE EVENT THE INMATE DISAGREES.

RECEIVED
FEB 11 2008
HIGH DESERT STATE PRISON
GRIEVANCE COORDINATOR

| | | |
|---|---|---|
| Original: | To inmate when complete, or attached to formal grievance | |
| Canary: | To Grievance Coordinator | |
| Pink: | Inmate's receipt when formal grievance filed | |
| Gold: | Inmate's initial receipt | |

RECEIVED
JUN 03 2008
HIGH DESERT STATE PRISON
GRIEVANCE COORDINATOR

DOC 3091 (12 / 01)

## INMATE REQUEST FORM

| 1.) INMATE NAME | DOC # | 2.) HOUSING UNIT | 3.) DATE |
|---|---|---|---|
| Cooley | 1013578 | 1A33 | 2/7/08 |

4.) __REQUEST FORM TO:__ (CHECK BOX)

| | | |
|---|---|---|
| __ MENTAL HEALTH | __ CANTEEN | |
| __ CASEWORKER | __ MEDICAL | __ LAW LIBRARY | __ DENTAL |
| __ EDUCATION | __ VISITING | __ SHIFT COMMAND | |
| __ LAUNDRY | __ PROPERTY ROOM | __ OTHER _____ | |

RECEIVED

FEB 11 2008

H.D.S.P. AWO OFFICE

5.) __NAME OF INDIVIDUAL TO CONTACT:__ Warden, Associate Warden, Captain W. Liveoni

6.) __REQUEST:__ ( PRINT BELOW) I have not consumed a meal served in HDSP 1A housing unit since dinner time Feb. 1, 2008, due to correctional officers knowingly serving bird tainted food and also serving meals on contaminated and/or cross-contaminated cart used for collecting dirty trays and used for saving razors at shower time. The cart is never disinfected. All senior officers assigned to 1A housing unit have been put on notice that I refuse all meals served in the unit and why, yet they continue to serve meals under conditions that present an immediate danger to my health and well-being. On 2/4/08, I was seen by a doctor for a unrelated reason. My blood pressure registered at 167/104 due to being upset and hungry. I am requesting that meal serving practices be changed, so I can eat.

7.) INMATE SIGNATURE _____ DOC # 1013578

8.) RECEIVING STAFF SIGNATURE _____ DATE 2.19.08

## 9.) RESPONSE TO INMATE

You are now housed in unit 4. This resolves your issue

10.) RESPONDING STAFF SIGNATURE _____ DATE 2-15-08

DOC – 3012 (REV. 7/01)

# Exhibit K

Frederick Marc Cooley
Name
P.O. Box 66
3603 Las Vegas BLVD. North Suite 116
Las Vegas NV 89115
Prison Number

FILED ☑ RECEIVED
SERVED ON
COUNSEL/PARTIES OF RECORD

2009 MAR 25   A 10: 34

CLERK US DISTRICT COURT
DISTRICT OF NEVADA

BY: _____ DEPUTY

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

Frederick Marc Cooley,
              Plaintiff,

vs.

J. Marshal, P#8462,

T. Mungie, P#9334,

_____,

_____,

_____,
            Defendant(s).

)
)
)
)
)
)
)
)
)
)
)
)
)
)

2:09-cv-00559-RLH-GWF

**CIVIL RIGHTS COMPLAINT**
**PURSUANT TO**
**42 U.S.C. § 1983**

Demand For Jury Trial

## A. JURISDICTION

1)   This complaint alleges that the civil rights of Plaintiff, Frederick Cooley,
                                           (Print Plaintiff's name)

who presently resides at _____, were

violated by the actions of the below named individuals which were directed against

Plaintiff at Las Vegas, Nevada _____ on the following dates
            (institution/city where violation occurred)

March 13, 2009 , _____ , and _____.
    (Count I)           (Count II)           (Count III)

**Make a copy of this page to provide the below
information if you are naming more than five (5) defendants**

2) Defendant _I. Marshal, P# 8462_ resides at _Las Vegas, NV_ ,
        (full name of first defendant)       (address if first defendant)
and is employed as _Las Vegas Metropolitan Police Officer_ This defendant is sued in his/her
           (defendant's position and title, if any)
   _✓_ individual ____ official capacity. (Check one or both). Explain how this defendant was
acting

under color of law: _Defendant was on duty as a Las Vegas Metropolitan_
_Police Dept. Officer at all times mentioned_

3) Defendant _T. Mungle, P# 9334_ resides at _Las Vegas, NV_ ,
        (full name of first defendant)       (address if first defendant)
and is employed as _LVMP Officer_ . This defendant is sued in his/her
           (defendant's position and title, if any)
   _✓_ individual ____ official capacity. (Check one or both). Explain how this defendant was
acting

under color of law: _Defendant was on duty as a Las Vegas_
_Metropolitan Police Officer at all times mentioned_

4) Defendant _____ resides at _____ ,
        (full name of first defendant)       (address if first defendant)
and is employed as _____ . This defendant is sued in his/her
           (defendant's position and title, if any)
   ___ individual ____ official capacity. (Check one or both). Explain how this defendant was
acting

under color of law: _____

5) Defendant _____ resides at _____ ,
        (full name of first defendant)       (address if first defendant)
and is employed as _____ . This defendant is sued in his/her
           (defendant's position and title, if any)
   ___ individual ____ official capacity. (Check one or both). Explain how this defendant was
acting

under color of law: _____

6) Defendant _____ resides at _____,
           (full name of first defendant)         (address if first defendant)
and is employed as _____ . This defendant is sued in his/her
         (defendant's position and title, if any)
___ individual ___ official capacity. (Check one or both). Explain how this defendant was acting

under color of law: _____

_____

7) Jurisdiction is invoked pursuant to 28 U.S.C. § 1343 (a)(3) and 42 U.S.C. § 1983. If you wish to assert jurisdiction under different or additional statutes, list them below.

_____

_____

- - - - - - - - - - - - - - - - - - - - - - - - -

## B. NATURE OF THE CASE

1)    Briefly state the background of your case.

On March 13, 2009, defendants J. Marshal and J. Mungie conspired to conduct a suspicionless pat search of Plaintiffs person thenfalsely arrested and imprisoning him. Plaintiff was imprison five consecutive day and was subsequently released on March 17, 2009 due to the charges of failing to obey pedestrian signal were denied

- - - - - - - - - - - - - - - - - - - - - - - - -

## C. CAUSE OF ACTION

3

## COUNT ONE

Plaintiff's right guaranteed by the Fourth Amendment of the United States Constitution not to be unreasonably searched and seized was violated.

## SUPPORTING FACTS

On March 13, 2009, at approximately 12:30 a.m. the plaintiff was walking east bound Fremont Street in Las Vegas, Nevada. As the plaintiff approached the intersection of Fremont Street and Maryland Parkway, the traffic and pedestrian signals were green and the plaintiff proceeded to walk in the crosswalk and walked across Maryland Parkway on Fremont Street. As the plaintiff approached the curb he observed two Las Vegas Metropolitan Police Officers later identified as J. Marshal P#8462 and T. Mungie P#9334, riding mountain bikes, west bound on Fremont Street towards Maryland Parkway. The officers conducted a pedestrian stop on plaintiff by activating their police lights. The officers dismounted their bikes and approached plaintiff. Officer J. Marshal P#8462 ordered plaintiff to place his hands behind his back. The plaintiff complied. Officer J. Marshal P#8462 then placed handcuffs on the plaintiff and conducted a pat search of his person. The plaintiff then asked the officers why he was being arrested. Officer T. Mungie P#9334 advised plaintiff that he was being arrested for failing to obey a traffic signal. The plaintiff communicated to officers J. Marshal and T. Mungie that he crossed the street on a green pedestrian light and that he did obeyed the traffic signal. The plaintiff was placed in a Las Vegas Metropolitan Police van where plaintiff could see that the pedestrian lights that could seen west on Fremont Street were

## COUNT TWO


Plaintiff's right guaranteed by the Fourth Amendment of the United States Constitution not to be falsely arrested was violated.


## SUPPORTING FACTS


defective, specifically the pedestrian lights would not change green when the traffic lights turned green, where pedestrian lights remained red. The plaintiff communicated to the officers that the pedestrian lights were defective. The officers investigated and confirmed the plaintiff's observations but had plaintiff transported to the Las Vegas City Jail and booked in for the violation of NRS. 484.325.4. The plaintiff was incarcerated for five consecutive days and subsequently released from custody on March 17, 2009, due the charges being denied.

## COUNT THREE

Plaintiff's right guaranteed by the Fourth Amendment of the United States Constitution not to be falsely imprisoned was violated.

## SUPPORTING FACTS

See counts one and two for supporting facts.

## PREVIOUS LAWSUITS

No other actions have been filed by the plaintiff in state or federal courts involving the same or similar facts as involved in this action.

outline).

a)    Defendants: _____

b)    Name of court and docket number: _____

c)    Disposition (for example, was the case dismissed , appealed or is it still pending?):

        _____

d)    Issues raised: _____

        _____

        _____

e)    Approximate date it was filed: _____

f)    Approximate date of disposition: _____

2)    Have you filed an action in federal court that was **dismissed because it was determined to be frivolous, malicious, or failed to state a claim upon which relief could be granted?** ____ Yes ✓ No. If your answer is "Yes", describe each lawsuit. (If you had more than three actions dismissed based on the above reasons, describe the others on an additional page following the below outline.)

Lawsuit #1 dismissed as frivolous, malicious, or failed to state a claim:

a)    Defendants: _____.

b)    Name of court and case number: _____.

c)    The case was dismissed because it was found to be (check one): _____ frivolous ____ malicious or ____ failed to state a claim upon which relief could be granted.

d)    Issues raised: _____

        _____

e)    Approximate date it was filed: _____

f)    Approximate date of disposition: _____

Lawsuit #2 dismissed as frivolous, malicious, or failed to state a claim:

a)    Defendants: _____.

b)    Name of court and case number: _____.

7

# Exhibit L

Frederick M. Cooley
Name
465 Carlson St
Vallejo, CA 94590

_____
Prison Number

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA

Frederick Marc Cooley,
                    Plaintiff,

vs.

R. Leung P#8556 et al,

_____, 

_____, 

_____, 
                    Defendant(s).

)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. 2:10-CV-01138-RLH-RJJ
(To be supplied by the Clerk)
First
Amended Complaint
CIVIL RIGHTS COMPLAINT
PURSUANT TO
42 U.S.C. § 1983

Demand For Jury Trial

### A. JURISDICTION

1) This complaint alleges that the civil rights of Plaintiff, Frederick Cooley,
                                                      (Print Plaintiff's name)

who presently resides at Vallejo, California, were

violated by the actions of the below named individuals which were directed against

Plaintiff at _____ on the following dates
              (institution/city where violation occurred)

Feb. 7, 2009, _____, and _____.
    (Count I)              (Count II)              (Count III)

**Make a copy of this page to provide the below
information if you are naming more than five (5) defendants**

2) Defendant <u>R. Leung P# 8556</u> resides at <u>Las Vegas, NV</u>,
(full name of first defendant)                    (address if first defendant)
and is employed as <u>LVMPD Officer</u>. This defendant is sued in his/her
(defendant's position and title, if any)
<u>✓</u> individual ____ official capacity. (Check one or both). Explain how this defendant was acting

under color of law: <u>At All times mention defendant R. leung
was Las Vegas Metropolitan Police Officer</u>

3) Defendant <u>E. Ludtke #9044</u> resides at <u>Las Vegas, NV</u>,
(full name of first defendant)                    (address if first defendant)
and is employed as <u>LVMPD Officer</u>. This defendant is sued in his/her
(defendant's position and title, if any)
<u>✓</u> individual ____ official capacity. (Check one or both). Explain how this defendant was acting

under color of law: <u>At all times mentioned defendant E.
Ludtke was a Las Vegas Metropolitan Police Officer.</u>

4) Defendant _____ resides at _____,
(full name of first defendant)                    (address if first defendant)
and is employed as _____. This defendant is sued in his/her
(defendant's position and title, if any)
___ individual ____ official capacity. (Check one or both). Explain how this defendant was acting

under color of law: _____
_____

5) Defendant _____ resides at _____,
(full name of first defendant)                    (address if first defendant)
and is employed as _____. This defendant is sued in his/her
(defendant's position and title, if any)
___ individual ____ official capacity. (Check one or both). Explain how this defendant was acting

under color of law: _____
_____

2

# COUNT ONE

Plaintiff's right guaranteed by the Fourth Amendment of the United States Constitution not to be unreasonably searched and seized was violated.

# SUPPORTING FACTS

On or about January 12, 2009, the plaintiff financed a vehicle from a local Las Vegas car dealership (Drive & Go) specifically a 1999 Buick Lesabre Custom Vin#G4HP52K2XH411675.  Subsequent to the plaintiff signing a contract agreement for the vehicle, the dealer placed a 30 day placard in the vehicles rear window pursuant to Nevada State law which authorizes the operation of the vehicle within 30 days of issuance.

On February 7, 2009, the plaintiff was unlawfully stopped by Las Vegas Metropolitan Police Officer R. Leung, P#8556 while driving his vehicle at Karen and Atlantic in Las Vegas, Nevada.  Plaintiff pulled over and legally parked his vehicle.  Officer R. Leung approached the plaintiff's vehicle where the plaintiff asked Officer R. Leung **"What's the problem officer?"**  Officer R. Leung ignored the plaintiff's question and asked the plaintiff for his license, vehicle registration and auto insurance.  The plaintiff produced his valid California Driver's license, his vehicle's contract agreement and auto insurance.  Officer R. Leung took the documents and went back to his police car and ran all the information.  Officer R. Leung returned back to the plaintiff's vehicle and ordered the plaintiff to step out and stand in front of his vehicle.  The plaintiff

complied.  As the plaintiff got out of his vehicle and approached the police car, a second Las Vegas Metropolitan Police Officer, Officer E. Ludtke, P#9044 ordered the plaintiff to submit to a pat search of his person.  The plaintiff immediately communicated to Officer E. Ludtke that **"he was not agreeing to a pat search of his person because he had not done anything wrong and that he was not on probation or parole with search conditions".**  Officer E. Ludtke placed the plaintiff in handcuffs and conducted a search of his person by pat searching and searching the inside of the plaintiff's pockets.  Officer Ludtke   asked plaintiff several questions which plaintiff communicated to Officer Ludtke that **"the questions did not have anything to do with the reason why he was stopped, then asked officer Ludtke if he was under arrest"**  Officer Ludtke communicated that the plaintiff was not under arrest. Plaintiff then demanded that officer Ludtke take the handcuffs off and let him go on his way.  Officer Ludtke ignored the plaintiffs demand and asked plaintiff if he had anything illegal in his vehicle.  The plaintiff communicated **"No he did not have anything illegal in his vehicle."**  Officer Ludtke asked the plaintiff if he minded if he searched his vehicle.  The plaintiff told officer Ludtke **"Yes he do mind if you search my vehicle and demanded again that officer Ludtke take the handcuffs off and let him go on his way."**  Only after plaintiff refused to give consent to search his vehicle did officer Lueng then direct officer Ludtke to search the plaintiff's vehicle as an inventory search during the towing process because he was arresting the plaintiff for failing to change his valid California Driver's license over to Nevada Driver's license.  The plaintiff's vehicle was subsequently impounded.  Officer Leung has a practice or custom of stopping vehicles that display 30 day dealer placards to confirm if the placards are authentic.

## PREVIOUS LAWSUITS

No other actions in state or federal courts involving the same or similar facts as involved in this action have been filed.

outline).

a)    Defendants: _____

b)    Name of court and docket number: _____

c)    Disposition (for example, was the case dismissed , appealed or is it still pending?):

    _____

d)    Issues raised: _____

    _____

    _____

e)    Approximate date it was filed: _____

f)    Approximate date of disposition: _____

2)    Have you filed an action in federal court that was **dismissed because it was determined to be frivolous, malicious, or failed to state a claim upon which relief could be granted?** ____ Yes ____ No. If your answer is "Yes", describe each lawsuit. (If you had more than three actions dismissed based on the above reasons, describe the others on an additional page following the below outline.)

Lawsuit #1 dismissed as frivolous, malicious, or failed to state a claim:

a)    Defendants: _____.

b)    Name of court and case number: _____.

c)    The case was dismissed because it was found to be (check one): _____ frivolous ____ malicious or ____ failed to state a claim upon which relief could be granted.

d)    Issues raised: _____

    _____

e)    Approximate date it was filed: _____

f)    Approximate date of disposition: _____

Lawsuit #2 dismissed as frivolous, malicious, or failed to state a claim:

a)    Defendants: _____.

b)    Name of court and case number: _____.

7

c)   The case was dismissed because it was found to be (check one): _____ frivolous _____ malicious or _____ failed to state a claim upon which relief could be granted.

d)   Issues raised: _____

_____

e)   Approximate date it was filed: _____

f)   Approximate date of disposition: _____

Lawsuit #3 dismissed as frivolous, malicious, or failed to state a claim:

a)   Defendants: _____.

b)   Name of court and case number: _____.

c)   The case was dismissed because it was found to be (check one): _____ frivolous _____ malicious or _____ failed to state a claim upon which relief could be granted.

d)   Issues raised: _____

_____

e)   Approximate date it was filed: _____

f)   Approximate date of disposition: _____

3)   Have you attempted to resolve the dispute stated in this action by seeking relief from the proper administrative officials, e.g., have you exhausted available administrative grievance procedures? ____ Yes __✓__ No. If your answer is "No", did you not attempt administrative relief because the dispute involved the validity of a: (1) ____ disciplinary hearing; (2) ____ state or federal court decision; (3) ____ state or federal law or regulation; (4) ____ parole board decision; or (5) ____ other _____.

If your answer is "Yes", provide the following information. Grievance Number _____.

Date and institution where grievance was filed _____.

Response to grievance: _____

_____

_____

8

---------------------

### E. REQUEST FOR RELIEF

I believe that I am entitled to the following relief:

I am requesting to be awarded compensatory, punitive and emotional distress under state law.

I understand that a false statement or answer to any question in this complaint will subject me to penalties of perjury. **I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.** See 28 U.S.C. § 1746 and 18 U.S.C. § 1621.

_____
(Name of Person who prepared or helped
prepare this complaint if not Plaintiff)

*Frederick M. Cortright*
(Signature of Plaintiff)

7/29/11
(Date)

- - - - - - - - - - - - - - - - - - - - - - - - - -
(Additional space if needed; identify what is being continued)

9

Frederick Marc Cooley
465 Carlson Street
Vallejo, Ca 94590

In Propria Persona

UNITED STATE DISTRICT COURT

DISTRICT OF NEVADA

Frederick Marc Cooley,

        Plaintiff,

   vs.

R. leung, et. al.,

        Defendant.

Case No.: 2:10-cv-01138-RLH-RJJ

**Plaintiff's Legal Authorities In Support In Support Of His "First Amended Complaint"**

    Plaintiff, Frederick Marc Cooley, in pro se, hereby files his legal authority in support of his "First Amended Complaint", pursuant to the court's order.

    These legal authorities are made and based upon the attached Memorandum of Points and Authorities, all papers and pleadings on file herein, and any oral argument allowed at the time of a scheduled hearing.

**Dated:** 7/29/11

**Frederick Marc Cooley**
**465 Carlson Street**
**Vallejo, Ca 94590**
**cooleyfrederick@ymail.com**

## Memorandum Of Points And Authorities

### Plaintiff Should Be Allowed To Proceed With His Complaint Because Defendants Unlawfully Impounded His Vehicle.

In Miranda v. City of Cornelius, (9th cir. 2005) 429 F.3d 858, the Ninth Circuit Court of Appeal, considered a constitutional challenge to the impoundment of a vehicle from the owner's driveway after a police officer observed the husband teaching his unlicensed wife how to drive. On appeal plaintiff/appellant (Miranda) argued that the defendants impoundment of their vehicle violated their constitutional rights under the Fourth Amendment. Miranda alleged that the impoundment was an unreasonable seizure under the Fourth Amendment because it conflicts with the principles of the "community caretaking doctrine". Id. Generally, the community caretaking doctrine allows the police to impound where necessary to ensure that location or operation of vehicles does not jeopardize the public safety. Id. The Court held that, under the special circumstances of Miranda case, the impoundment of their vehicle was an unreasonable seizure not justified by the community caretaking doctrine because the police had no duty to protect a vehicle parked on the owner's property and there was no reason to believe that impoundment would prevent any threat to public safety from its unlawful operation beyond the brief period during which the car was impounded. Id. A driver's arrest, or citation for a non-criminal traffic violation, is not relevant except insofar as it affects the driver's ability to remove the vehicle from a location which jeopardizes the

public safety or is at risk of loss.  Id.  The reasonableness of an impoundment under the community caretaking function does not depend on whether the officer had probable cause to believe that there was a traffic violation bu on whether the impoundment fits within the "authority of police to seize and remove from the streets vehicles impeding traffic or threatening public safety and convenience."  Dakota v. Opperman, (1976) 428 U.S. 364.  Whether an impoundment is warranted under this community caretaking doctrine depends on the location of the vehicle and the police officer's duty to prevent it from creating a hazard to other drivers or being a target for vandalism or theft.  United States v. Jensen, (9th Cir. 2005) 425 F.3d 698.

In this instant case, plaintiff had a status hearing June 20, 2011, where he discussed with the court whether he had viable claims to proceed with his complaint.  The court advised plaintiff that because he was found guilty of failing to change his California Driver's License over to Nevada Driver's License he will not be able to proceed with his complaint for any of his claims, more specifically the impoundment of plaintiff's vehicle, not unless his conviction is overturned.  This is contrary to Miranda v. City of Cornelius (9th cir. 2005) 429 F.3d 858.  Both Mr. and Mrs. Miranda were found guilty of their traffic infractions and the court of appeal decided that factor had no role in the issue of the "community caretaking doctrine".

In this instant case, plaintiff was stopped by defendant R. Leung for no legal reason, pat searched and arrested for not changing his California Driver's License over to Nevada Driver's License. Plaintiff legally parked his vehicle and defendant R. Leung impounded plaintiff only because plaintiff refuse to agree to a search of his vehicle. Defendant R. Leung nor defendant E. Ludtke had no "Community Caretaking" reason for impounding plaintiff's vehicle.

## Conclusion

Plaintiff should be allowed to proceed with his complaint because LVMPD Defendants did not have a "Community Caretaking" reason for impounding plaintiff's vehicle.

Date 7/29/11

Frederick Marc Cooley

# Exhibit M

Original Copy

# FILED

MAR - 6 2012

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT

### FOR THE EASTERN DISTRICT OF CALIFORNIA

Frederick Marc Cooley
(Name of Plaintiff)
500 Union Avenue
(Address of Plaintiff)
Fairfield, Ca 94533

vs.

City of Vallejo
Sean Kenny #620
Eric Jensen # 574
(Names of Defendants)

2:12 - N - 591 -

(Case Number)

COMPLAINT
Demand For Jury Trial

I. Previous Lawsuits:

   A. Have you brought any other lawsuits while a prisoner:    ☐ Yes    ☐ No

   B. If your answer to A is yes, how many?: _____ Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper using the same outline.)

      1. Parties to this previous lawsuit:

         Plaintiff _____

         Defendants _____
         _____

FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983          Rev'd 5/99

›

2. Court (if Federal Court, give name of District; if State Court, give name of County)

_____

3. Docket Number _____

4. Name of judge to whom case was assigned _____

5. Disposition (For example: Was the case dismissed? Was it appealed? Is it still pending?)

_____

6. Approximate date of filing lawsuit _____

7. Approximate date of disposition _____

II. Exhaustion of Administrative Remedies

   A. Is there a grievance procedure available at your institution?   ☑ Yes      ☐ No

   B. Have you filed a grievance concerning the facts relating to this complaint?

                                                      ☐ Yes        ☑ No

   If your answer is no, explain why not All stated violations
   Occurred prior to incarceration.

   C. Is the grievance process completed?              ☐ Yes        ☐ No

III. Defendants

   (In Item A below, place the full name of the defendant in the first blank, his/her official
   position in the second blank, and his/her place of employment in the third blank. Use item B
   for the names, positions and places of employment of any additional defendants.)

   A. Defendant Sean Kenney #620 is employed as Vallejo Police
   Officer at Vallejo, California

   B. Additional defendants Defendant Eric Jensen #574 is employed
   as a Vallejo Police officer at Vallejo, California. Defendant
   Joel Kahn is employed as a medical Doctor at Sutter Solano
   Medical Center in Vallejo, California. The City of Vallejo and
   the Vallejo Police Department are the employment entities who
   employ defendants Sean Kenny #620 and Eric Kenny #574. The County
   of Solano and Sutter Solano Medical Center are
   the employment entities who employ defendant Joel Kahn.

IV.   Statement of Claim

(State here as briefly as possible the facts of your case.  Describe how each defendant is
involved, including dates and places.  Do not give any legal arguments or cite any cases or
statutes.  Attach extra sheets if necessary.)

On 11/5/11, subsequent to being arrested and placed in handcuffs by
Vallejo Police Officer Sean Kenny #620, while lying face down in a prone
position plaintiff was beat with a flashlight by Vallejo Police Officer
Eric Jensen #574, resulting in the plaintiff suffering from a broke
right hand, head contusion and concussion, multiple bruises and
abrasions to his hands, wrists, legs and elbows on his left and
right side of his body. Officer Sean Kenny #620 then pulled
plaintiff to his feet, escorted plaintiff to a patrol car and
slammed the plaintiff chin first into the rear of a patrol car
                                                    (see Additional sheets)

V. Relief.

(State briefly exactly what you want the court to do for you.  Make no legal arguments.  Cite
no cases or statutes.)

Plaintiff is seeking compensatory and punitive damages.
He is also seeking damages for emotional distress under
California State law.

Signed this  1  day of  March  , 20 12 .

_Frederick M. Cox____
(Signature of Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct.

3/1/12
(Date)

_Frederick M. Cox____
(Signature of Plaintiff)

resulting in plaintiff receiving eight sutures in his chin. The plaintiff complained to officer Sean Kenny #620 that he believed that his hand was broke and that the handcuff's were to tight causing him extreme pain, requesting that officer Kenny #620 to losen the handcuffs. Defendant officer Sean Kenny #620, told plaintiff to "Shut the fuck up" and then officer Sean Kenny #620 tightened the handcuff's up on both plaintiff's hands, tight as he could get them causing plaintiff extreme pain. Officer Sean Kenny #620, roughly ruffly escorted plaintiff, by pushing, pulling and shoving plaintiff to the left rear driver side door of his patrol car and told plaintiff to "get in the fuckin car." When plaintiff failed to move fast enough, officer Sean Kenny shoved plaintiff into the back of the patrol car and slammed the car door on plaintiff's left and right ankles causing additional pain and abrasions. Officer's Eric Jensen #574 drove, plaintiff and officer Sean Kenny to Sutter Solano Medical Center, Emergency Room. Officer Sean Kenny #620, aggressively pulled plaintiff out of the patrol car and was escorted by both officers Sean Kenny #620 and Eric Jensen #574 into the emergency room. Officer Sean Kenny #620 handcuffed plaintiff's right hand to a hospital bed without losening the handcuff. A unidentified nurse entered the hospital room and asked plaintiff how he got his injuries. Before plaintiff could respond officer Eric Jensen #620 told the nurse that plaintiff "got his injuries during a car crash". Plaintiff then told the nurse that "no all my injuries came from

Police beating me with a flashlight and other acts of excessive force". Plaintiff identified all his injuries to the nurse and requested that the handcuff be removed from his right hand which was swollen, because he was in extreme pain. The handcuff was not removed upon that request. Medical Doctor, Joel Kahn examined plaintiff and ordered ex-rays be taken of plaintiff's injuries. The handcuff was taken off by officer Sean Kenny for the first time and only for purpose of taking ex-rays but immediately placed tightly back on plaintiff swollen right hand. The plaintiff was returned back to the hospital room escorted by officer Sean Kenny #620, while officer Eric Jensen #574 stood outside the room. Plaintiff saw officer officer Eric Jensen #574, stop Doctor Joel Kahn before he could enter plaintiff's hospital room and stated to Dr. Kahn in a audible but low volumne tone of voice that "plaintiff was in a car crash and that his injuries were caused by the crash and not by flashlights like the plaintiff describe to him." Without adequately evaluating plaintiff's ex-rays, Dr. Kahn cleared plaintiff to the custody of the Vallejo Police Department. Officer Sean Kenney placed the left cuff on plaintiff extremely tight. Plaintiff complained to the Dr. Joel Kahn that the handcuff's were hurting him and asked if

ignored him. Plaintiff was transported to the Vallejo Police Department and placed in a holding cell, handcuffed and in severe pain for approximately two additional hours. A unidentified Vallejo Police Officer communicated to plaintiff that "he was directed to transport plaintiff back to the emergency room because something was wrong with his hand." Upon returning back to the hospital plaintiff was told he suffered from a broke hand.

At all times mention the acts described above occured in Vallejo, California.

# Exhibit N

# FILED

AUG 29 2014

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
                    DEPUTY CLERK

1  FREDERICK MARC COOLEY
   465 CARLSON STREET
2  VALLEJO, CA 94590
   (510) 512-3938
3  frederickcooley@yahoo.com

4  IN PRO SE

5

6              UNITED STATES DISTRICT COURT

7              EASTERN DISTRICT OF CALIFORNIA

8

9  FREDERICK MARC COOLEY,          )  Case No. 2:14-cv-2011 KJM CKD (PS)
                                   )
10             Plaintiff,          )  PLAINTIFF'S 42 U.S.C. 1983 CIVIL
                                   )  RIGHTS COMPLAINT AND DEMAND
11        vs.                      )  FOR JURY TRIAL
                                   )
12  CITY OF VALLEJO, et., al.,     )
                                   )
13             Defendant.          )

14

15                    __CLAIMS__

16

17     1. Defendant City of Vallejo, Deputy City Attorney, Kelly Trujillo violated

18  Plaintiff's rights under the First Amendment of the United States Constitution not to

19  be denied free speech, the right to engage in expressive, intimate or political

20  association with his group members and not to be subjected to retaliation when

21  Defendant Trujillo adversely suppressed, chilled or silenced Plaintiff's freedom of

22  speech while he assisted a group member who sought to vindicate his Fourth

23  Amendment rights not to be subjected to a excessive force by Vallejo Police Officers

24  during a telephone conference. NACCP v. Button, 371 U.S. 415 (1963); Robert v.

25  United States Jaycee's, 468 U.S. 609 (1984); Boy Scouts of America v. Dale 530 U.S.

26  640 (2000); Rizzo v. Dawson, 778 F.2d 527 (9th Cir. 1985); Blaisdell v. Frappiea 729

27  F.3d 1237 (9th Cir. 2013); Alpha Energy Savers, Inc. v. Hansen 381 F.3d 917 (9th Cir.

28

2004); Neveu v. City of Fresno, 392 F.Supp.2d 1159 (E.D. Cal. 2005); Welch v. Brown, 907 F.Supp. 1102 (E.D. Cal. 2012).

2. Defendant City of Vallejo, City Attorney Claudia Quintana is liable for the actions of Defendant Trujillo because she ratified her subordinates decision or action and the basis for it. Larez v. City of Vallejo, 946 F.2d 630 (9th Cir. 1991); Jeffers v. Gomez 267 F.3d 895 (9th Cir. 2001); Turner v. City & County of San Francisco, 892 F.Supp.2d 1188 (N.D. Cal. 2012).

### **STATEMENT OF CLAIMS**

On February 11, 2013, Plaintiff personally delivered to the City of Vallejo, City Attorney's Office a request to meet and confer with Defendant Deputy City Attorney, Kelly Trujillo concerning discovery disputes in a § 1983 civil action entitled Foy v. City of Vallejo, 2:11-cv-03262-MCE-CMK. The request also requested that Plaintiff (Mr. Foy's Legal Assistant) also be notified of the date of the telephonic conference "so Plaintiff can assist in identifying discovery disputes during the conference. On February 13, 2013, Defendant Trujillo served an objection to the request stating "The City will not comply with this request as Mr. Cooley (Plaintiff) is not a licensed attorney, cannot represent Mr. Foy and cannot "assist in identifying " legal issues". To do so would be to aid and abet the unauthorized practice of law in violation of California Rules of Professional Conduct. Rule 1-300 (a) read as follows: A member shall not aid any person or entity in the unauthorized practice of law. Defendant Trujillo thereafter failed and/or refused to confer with Mr. Foy and Plaintiff concerning discovery disputes violating Plaintiff's right to assist Mr. Foy in engaging in expressive association and effective speech.

1    On August 6, 2014, Plaintiff personally scheduled a telephone Federal Rules of

2    Civil Procedure, Rule 26 (f) conference at 2:00 that afternoon with City of Vallejo,

3    Deputy City Attorney Kelly Trujillo for Leon Jerome Martin (Plaintiff in Martin v. City of

4    Vallejo, 2:14-cv-0554-JAM-DAD), who is not knowledgeable in law or the § 1983 civil

5    litigation process or its purpose, who Plaintiff constitutionally assists by engaging in

6    expressive, intimate, or political association protected by the First Amendment of the

7    United States Constitution and who is a member of the Plaintiff's group that have

8    sought, is seeking and/or will seek vindication of their Fourth Amendment rights not

9    to be subjected to unnecessary and excessive use of force by Vallejo Police Officers.

10   The purpose of the conference was to discuss discovery cutoff dates and other issues

11   with Plaintiff's assistance.  When calling Defendant Trujillo, no live answer was made.

12   On August 7, 2014, Plaintiff emailed Defendant Trujillo and communicated the

13   purpose of the conference.  Defendant Trujillo responded to the email and

14   communicated that she "would not engage with a non-lawyer purporting to represent

15   a Plaintiff".  Defendant Trujillo finally agreed to confer with Mr. Martin.  Plaintiff

16   personally arranged the conference and called Defendant Trujillo with Mr. Martin on

17   the phone.  During the phone conversation Defendant Trujillo attempted to convince

18   Mr. Martin that the Rule 26 conference should be continued until August 14, 2014,

19   one day before Mr. Martin's status report (Pretrial Scheduling) due August 15, 2014.

20   After Mr. Martin agreed to continue the conference, Plaintiff realized that Defendant

21   Trujillo was attempting to manipulate the fact that Mr. Martin did not understand the

22   purpose of the status report or the Rule 26 (f) conference, Plaintiff attempted to assist

23   Mr. Martin by verbally communicating to Defendant Trujillo Mr. Martin's position that

24   he would like the City of Vallejo to stipulate to specific discovery requests and that

25   August 14, 2014, would not provide adequate time for Plaintiff to assist in the

26   preparation and filing of Mr. Martin's Status Report would be due the next day August

27   15, 2014.  Defendant Trujillo immediately suppressed, chill, silenced Plaintiff and

28

1  by police dog, kicked and beat Plaintiff with baton and/or flashlight resulting in Foy

2  receiving approximately17 staples in the crown of his head, a broke jaw, a broke

3  ankle, knocked unconscious and other injuries.

4

5       2.  Frederick Marc Cooley, in pro se, settled claims against City of Vallejo,

6  Vallejo Police Officers Eric Jensen and Sean Kenney in Cooley v. City of Vallejo, et., al.,

7  2:12-cv-00591-LKK-AC, alleging officers beat Cooley with a flashlight breaking his

8  hand and other injuries.

9

10      3.  David Michael Capenhurst, in pro se, settled claims against City of Vallejo

11  Police Officers Eric Jensen and Steven Fowler in Capenhurst v. City of Vallejo, et., al.,

12  2:13-cv-01371-LKK-AC, alleging while Plaintiff was handcuffed and with provocation

13  Jensen struck Capenhurst in his head with a flashlight resulting in him receiving

14  approximately 5 staples in his head.

15

16      4.  Anthony Tyrone Garrison currently litigating claims against City of Vallejo,

17  Vallejo Police Officers Bautista in Garrison v. City of Vallejo, et., al., 2:13-cv-00479-

18  JAM-KJN alleging Bautista kicked Plaintiff in the face while he lay down on the ground

19  in a prone position.

20

21      5.   Tyrone Jerome Hicks currently litigating claims against City of Vallejo,

22  Vallejo Police Officers Sean Kenney and Postolaki in Hicks v. City of Vallejo, et., al.,

23  2:14-cv-0669-LKK-DAD, alleging that officer Kenney choked and restrained Plaintiff in

24  to tight handcuffs, unlawfully arrested him, unlawfully impounded his vehicle and

25  initiated a malicious prosecution against him and Postolaki failed to intercede.

26

27      6.  Leon Jerome Martin currently litigating claims against City of Vallejo, Vallejo

28

Police Officers P. Messina, T. Agustin, J. Huff and J. Bauer in Martin v. City of Vallejo, et., al., 2:14-cv-0554-JAM-DAD, alleging that officer P. Messina without warning deployed his taser in "dart mode" into Plaintiff's person, sprayed pepper spray into Plaintiff's face, released a K-9 onto Plaintiff's person mauling him in the face and body and beat Plaintiff with a flashlight. Officers T. Agustin, J. Huff and J. Bauer all punched and kicked Plaintiff while he was in a prone position.

7. Frederick Marceles Cooley currently litigating claims against City of Vallejo, Vallejo Police Officers Brett Clark and Dustin Joseph in Cooley v. City of Vallejo, et., al., 2:14-cv-00620-TLN-KJN, alleging that Defendant Joseph without warning intentionally deployed his taser in "dart mode" into Plaintiff forehead inches away from his right eye.

8. Frederick Marceles Cooley currently litigating claims against City of Vallejo, Vallejo Police Officer William Badour in Cooley v. City of Vallejo, et., al., 2:14-cv-00241-MCE-DAD, alleging that Defendant Badour placed Plaintiff in handcuffs extremely tight and refused to loosen the handcuffs after Plaintiff complained for approximately one hour.

9. Latasha Nicole Creer currently litigating claims against City of Valljeo Police Officers Knight, Long, Martinez, and Does 1-20, in Creer v. City of Vallejo, et., al., 2:14-cv-1428-JAM-DAD, alleging that she was illegally detained and subjected to excessive force when officers detained her without reasonable suspicion or probable cause to detain her at gun point.

10. Christopher White, Zerita White, G'Shelle White and Dantrell Stevens currently litigating claims against City of Vallejo Police Officers Knight, Long, Martinez,

1    and Does 1-20, in White, et., al. v. City of Vallejo, et., al., 2:14-cv-1603-MCE-DAD,

2    alleging that Plaintiffs were illegally detained, searched, and subjected to excessive

3    force without reasonable suspicion or probable cause to detain them at gun point.

4

5        11. Deshawn Cathey currently litigating claims against City of Vallejo Police

6    Officer Jodi Brown, badge #637, in Cathey v. City of Vallejo, et., al. 2:14-cv-1749-JAM-

7    AC, alleging that Plaintiff was unlawfully stopped, search, subjected to excessive force

8    and incarcerated.

9

10        In each of these cases, Plaintiff is not a licensed attorney but he provides legal

11    assistance that consist of but is not limited to researching case law, rules of the Court

12    etc.., preparing and filing court documents, preparing and filing court documents,

13    preparing legal correspondence, assisting in the discovery process, assisting in

14    identifying discovery discrepancies, assisting during conferences between parties and

15    the court and assisting during any trial or hearing set by the court.  Plaintiff is

16    engaging in "expressive association" with group members protected by the First

17    Amendment of the United States Constitution.  See NAACP v. Button, 371 U.S. 415

18    (1963); Boy Scouts of America v. Dale, 530 U.S. 640 (2000); Rizzo v. Dawson, 778 F.2d

19    527; Blaisdell v. Frappiea 729 F.3d 1237 (9th Cir. 2013).

20

21        In consideration of the totality of information, Plaintiff's personal experience

22    and associations, Plaintiff believes and intends to prove that the City of Vallejo has a

23    longstanding practice, pattern, policy or custom of allowing Deputy City Attorneys to

24    violate Plaintiff's First Amendment rights to engage in expressive association with his

25    group members, while he assist in the litigation of their § 1983 civil actions.  Plaintiff

26    further believes and intends to prove that City of Vallejo Deputy City Attorneys have

27    violated Plaintiff's First Amendment rights and have not been disciplined or retrained.

28

1   Plaintiff also believes and intends to prove that members of the City of Vallejo, City

2   Attorneys Office have engaged in a repeated practice of violating the First Amendment

3   rights of individuals who engaged in expressive association and freedom of speech

4   including plaintiff.  As a matter of official policy "rooted in an entrenched posture of

5   deliberate indifference to the constitutional rights of primarily citizens who live in the

6   City of Vallejo, the City of Vallejo has allowed its Deputy City Attorneys to violate their

7   citizen's First Amendment rights to form groups that wish to vindicate their

8   constitutional rights, engage in expressive, intimate or political expression and

9   exercise their right to freedom of speech.  Moreover, Defendants Trujillo and

10  Quintana's actions reflect a municipal practice, pattern, policy or custom of the City of

11  Vallejo.

12

13          At all times mentioned Defendant Kelly Trujillo was employed as a City of

14  Vallejo Deputy City Attorney and acting under the color of state law and is liable in her

15  individual capacity.

16

17          At all times mentioned Defendant Claudia Quintana was employed as a City of

18  Vallejo City Attorney and acting under the color of state law and is liable in her

19  individual and official capacity.

20

21          At all times mention Defendant City of Vallejo is the employer of Defendants

22  Trujillo and Quintana is liable in its official capacity.

23

24

25

26

27

28

**RELIEF**

Plaintiff is seeking declaratory, injunctive relief, compensatory and punitive damages. Plaintiff also demands a jury trial. Therefore, Plaintiff will be requesting that the court allow him to litigate his claims under federal law.

Date 8/29/14

_____

PLAINTIFF

**DECLARATION**

I declare under penalty of under the laws of the United States of America that the foregoing statements are true and correct.

Date 8/29/14

_____

DECLARANT

JS 44 (Rev 12/12)    Case 2:14-cv-02011-KJM-CKD    **CIVIL COVER SHEET**    Filed 08/29/14    Page 1 of 1

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Frederick Marc Cooley | City of Vallejo |

**(b)** County of Residence of First Listed Plaintiff  *Solano*
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  *Solano*
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

2:14-cv-2011 KJM CKD (PS)

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❏ 1  U.S. Government Plaintiff

❏ 3  Federal Question
      *(U.S. Government Not a Party)*

❏ 2  U.S. Government Defendant

❏ 4  Diversity
      *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ☒ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - | ❏ 690 Other | ❏ 423 Withdrawal | ❏ 400 State Reapportionment |
| ❏ 130 Miller Act | ❏ 315 Airplane Product | Product Liability | | 28 USC 157 | ❏ 410 Antitrust |
| ❏ 140 Negotiable Instrument | Liability | ❏ 367 Health Care/ | | | ❏ 430 Banks and Banking |
| ❏ 150 Recovery of Overpayment | ❏ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ❏ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ❏ 820 Copyrights | ❏ 460 Deportation |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers' | Product Liability | | ❏ 830 Patent | ❏ 470 Racketeer Influenced and |
| ❏ 152 Recovery of Defaulted | Liability | ❏ 368 Asbestos Personal | | ❏ 840 Trademark | Corrupt Organizations |
| Student Loans | ❏ 340 Marine | Injury Product | | | ❏ 480 Consumer Credit |
| (Excludes Veterans) | ❏ 345 Marine Product | Liability | | **SOCIAL SECURITY** | ❏ 490 Cable/Sat TV |
| ❏ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ❏ 710 Fair Labor Standards | ❏ 861 HIA (1395ff) | ❏ 850 Securities/Commodities/ |
| of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | Act | ❏ 862 Black Lung (923) | Exchange |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle | ❏ 371 Truth in Lending | ❏ 720 Labor/Management | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 190 Other Contract | Product Liability | ❏ 380 Other Personal | Relations | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| ❏ 195 Contract Product Liability | ❏ 360 Other Personal | Property Damage | ❏ 740 Railway Labor Act | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| ❏ 196 Franchise | Injury | ❏ 385 Property Damage | ❏ 751 Family and Medical | | ❏ 895 Freedom of Information |
| | ❏ 362 Personal Injury - | Product Liability | Leave Act | | Act |
| | Medical Malpractice | | ❏ 790 Other Labor Litigation | | ❏ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 791 Employee Retirement | **FEDERAL TAX SUITS** | ❏ 899 Administrative Procedure |
| ❏ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ❏ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | or Defendant) | Agency Decision |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate | | ❏ 871 IRS—Third Party | ❏ 950 Constitutionality of |
| ❏ 240 Torts to Land | ❏ 443 Housing/ | Sentence | | 26 USC 7609 | State Statutes |
| ❏ 245 Tort Product Liability | Accommodations | ❏ 530 General | | | |
| ❏ 290 All Other Real Property | ❏ 445 Amer. w/Disabilities - | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 446 Amer. w/Disabilities - | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration | | |
| | Other | ❏ 550 Civil Rights | Actions | | |
| | ❏ 448 Education | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
❏ 2 Removed from State Court
❏ 3 Remanded from Appellate Court
❏ 4 Reinstated or Reopened
❏ 5 Transferred from Another District *(specify)*
❏ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*.
42 USC Section 1983

Brief description of cause:
City of Vallejo Deputy City Violated Plaintiff's First Amendment rights

| VII. REQUESTED IN COMPLAINT: | ❏ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F R Cv P | DEMAND $ | CHECK YES only if demanded in complaint:  JURY DEMAND:  ❏ Yes   ❏ No |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | *(See instructions)*  JUDGE | DOCKET NUMBER |
|---|---|---|

DATE  8/29/14

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #         AMOUNT         APPLYING IFP         JUDGE         MAG. JUDGE

**Attachment 2**

# Exhibit O

Filed in Forma ~~Pauperis~~ (CRC 3.50, et seq.) per order
dated: _____

Amount recoverable pursuant to GC §68637 _____
Plus a one time administrative fee upon judgment if the
party becomes a judgment creditor (GC §6103.5, 68638)

JUL 2 6 2017 FEE WAIVER PENDING

1  FREDERICK MARC COOLEY
   P.O. BOX 4575
2  VALLEJO, CA 94590
   (510) 512-3938
3

**FILED**
Superior Court of California
County of Los Angeles

**JUL 27 2017**

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy

4

5

6

SUPERIOR COURT OF THE STATE OF CALIFORNIA

7

_A8 White_

8

COUNTY OF LOS ANGELES

9

10

| | |
|---|---|
| 11  FREDERICK MARC COOLEY, an individual,<br><br>12            Plaintiff,<br><br>13      v.<br><br>14  HENRY JACOBS AND LYNN E. JACOBS, individually and jointly; ZACHARY GUY JONES, an individual; ROBIN NICOLE COOLEY, an individual; ALL OTHER PERSONS UNKNOWN CLAIMING ANY RIGHT TITLE, ESTATE, LIEN, OR INTEREST IN REAL PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFF'S OWNERSHIP INTEREST OR ANY CLOUD ON PLAINTIFF'S RIGHTS THERETO; AND DOES 1 THROUGH 50, inclusive.<br><br>            Defendant. | No.        **BC 6 7 0 1 2 2**<br>**VERIFIED COMPLAINT**<br><br>**1.  ADVERSE POSSESSION AND QUIET TITLE**<br><br>**2.  DECLARATORY RELIEF** |

23    PLAINTIFF complains and for cause of action alleges as follows:

24

25

26

27

28

1

1    1.  PLAINTIFF FREDERICK MARC COOLEY at all times mentioned in this

2      complaint was a resident of Los Angeles, California.

3    2.  DEFENDANT HENRY JACOBS at all times mentioned in this complaint was a

4      resident of Los Angeles, California.

5    3.  DEFENDANT LYNN E. JACOBS at all times mentioned in this complaint was

6      a resident of Los Angeles, California.

7    4.  DEFENDANT ZACHARY GUY JONES at all times mentioned in this complaint

8      was a resident of Los Angeles, California.

9    5.  DEFENDANT ROBIN NICOLE COOLEY at all times mentioned in this

10     complaint was a resident of Los Angeles, California.

11   6.  PLAINTIFF does not know the true names of the defendants all persons

12     unknown claiming any lea or equitable right, title, estate, lien, or interest in the

13     property described in the complaint adverse to Plaintiff's title or any cloud on

14     Plaintiff's title thereto and DOES 1 THROUGH 50, inclusive therefore sues

15     them by those fictitious names.  The names, capacities and relationship of

16     DOES 1 THROUGH 50 will be alleged by amendment to this complaint when

17     they are known.

18   7.  PLAINTIFF is the owner by adverse possession of real property located at

19     1597 W. 37th Street, Los Angeles, Ca 90016, Lot 5 Tract 75, as per map

20     recorded in BOOK 13, Page 17 in the office of the Los Angeles County

21     Recorder.

22   8.  PLAINTIFF has possession of all real property described in paragraph 6 of this

23     complaint by actual, open hostile continuous and exclusive possession.

24   9.  PLAINTIFF'S possession has been actual, open, hostile, continuous, and

25     exclusive possession since 1991 in excess of the five year period set forth in

26     code of civil procedure sections 318, 319, 321-323.

27

28

10. PLAINTIFF has been in continuous possession during the five period described in paragraph 6 of this complaint including any period "TACKED" adverse to defendants, and all other persons, in support of PLAINTIFF's title to real property.

11. PLAINTIFF has paid all taxes and assessments that have been levied or assessed against the real property described in paragraph 4 of the complaint during five year period.

12. DEFENDANTS claim an estate or interest in the real property described that is adverse to PLAINTIFF.

WHEREFORE, PLAINTIFF demands judgment against defendants as follows:

1. For quiet title judgment that PLAINTIFF is the fee simple owner of all right, title and interest in and to the described real property;

2. For judgment that defendants do not have any right, title, estate, or interest in or lien on the described real property.

3. For such further relief as the Court may deem proper.

DATE 7/27/16

FREDERICK MARC COOLEY

3

**VERIFICATION**

I am FREDERICK MARC COOLEY PLAINTIFF individually in this action.  I have read the VERIFIED COMPLAINT and know its contents.  The same is based upon my knowledge, except as to those matters that I have alleged in the complaint on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the STATE of CALIFORNIA that the foregoing statements are true and correct.

EXECUTED this 27th day of July, 2017, at Los Angeles, California.

FREDERICK MARC COOLEY

4

| SHORT TITLE: | CASE NUMBER |
|---|---|

BC 670122

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|
| Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

*(left margin)* Auto Tort / Other Personal Injury/Property Damage/Wrongful Death Tort

| LACIV 109 (Rev 2/16) | **CIVIL CASE COVER SHEET ADDENDUM** | Local Rule 2.3 |
|---|---|---|
| LASC Approved 03-04 | **AND STATEMENT OF LOCATION** | Page 1 of 4 |

| SHORT TITLE: | CASE NUMBER |
|---|---|
| | |

| | A<br>Civil Case Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons -See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Warranty/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation         Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☑ A6032  Quiet Title | 2, 6 |
| | | ☑ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

| SHORT TITLE: | CASE NUMBER |
|---|---|
| | |

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C  Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|
| **Judicial Review** | | |
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | | |
| Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | | |
| Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | ☐ A6160  Abstract of Judgment | 2, 6 |
| | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | | |
| RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | | |
| Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | ☐ A6190  Election Contest | 2 |
| | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | ☐ A6100  Other Civil Petition | 2, 9 |

| SHORT TITLE: Cooley v. Jacobs | CASE NUMBER |
|---|---|

**Step 4:  Statement of Reason and Address**:  Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected.  Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

REASON:

☐ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☑ 6. ☐ 7.  ☐ 8. ☐ 9. ☐ 10. ☐ 11.

ADDRESS: 1597 W. 37th Street

| CITY: Los Angeles | STATE: CA | ZIP CODE: 90016 |
|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: 7/27/17

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet, Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5.  Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6.  A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| FREDERICK MARC COOLEY<br>P.O. BOX 4575<br>VALLEJO, CA 94590<br><br>TELEPHONE NO.: (510) 512-3938    FAX NO.:<br>ATTORNEY FOR *(Name):* | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>JUL 27 2017<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By_____ Deputy<br>Shamya Bolden |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
STREET ADDRESS: 111 N. HILL STREET
MAILING ADDRESS:
CITY AND ZIP CODE: LOS ANGELES, CA 90012
BRANCH NAME: STANLEY MOSK

CASE NAME:
COOLEY V. JACOBS et. al

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: BC 670122 |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant *(Cal. Rules of Court, rule 3.402)* | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☑ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.☐ monetary  b.☑ nonmonetary; declaratory or injunctive relief  c.☐ punitive
4. Number of causes of action *(specify):* QUIET TITLE, ADVERSE POSSESSION & DECLARATORY RELIEF
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date:
FREDERICK MARC COOLEY
*(TYPE OR PRINT NAME)*                                           ► _____
                                                    *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |