1   Jennifer J. Johnston (State Bar No.: 125737)
    Email: jjohnston@condonlaw.com
2   Justin M. Schmidt (State Bar No.: 309656)
    Email: jschmidt@condonlaw.com
3   Christina V. Ferreiro (State Bar No.: 349562)
    Email: cferreiro@condonlaw.com
4   CONDON & FORSYTH LLP
    1901 Avenue of the Stars, Suite 1050
5   Los Angeles, California 90067
    Telephone: (310) 557-2030
6   Facsimile: (310) 557-1299

7   Attorneys for Defendant
    MENZIES AVIATION (USA) INC.

8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11

12  FREDERICK MARC COOLEY,              )   Case No. 3:24-cv-01437-AMO
                                        )
13              Plaintiff,              )   **NOTICE OF MOTION AND MOTION**
                                        )   **OF DEFENDANT MENZIES**
14       vs.                            )   **AVIATION (USA) INC. TO DISMISS**
                                        )   **PLAINTIFF'S SECOND AMENDED**
15  MENZIES AVIATION (USA) INC; AMER SM )   **COMPLAINT PURSUANT TO RULE**
    ASIF; WILLIAM REVIS; JOHN DOE; JANE )   **12(b)(6) OF THE FEDERAL RULES OF**
16  DOE,                                )   **CIVIL PROCEDURE**
                                        )
17              Defendants.             )   Date:      March 6, 2025
                                        )   Time:      2:00 p.m.
18                                      )   Place:     Courtroom 10 - 19th Floor
                                        )
19  _____)

20  TO PLAINTIFF IN PRO PER:

21          PLEASE TAKE NOTICE THAT on March 6, 2024, at 2:00 p.m., in the above captioned

22  court, located at 450 Golden Gate Avenue, Courtroom 10 – 19th Floor, San Francisco, California

23  94102, defendant Menzies Aviation (USA) Inc. ("Menzies"), by and through its attorneys,

24  Condon & Forsyth LLP, will move this Court for an order dismissing plaintiff Frederick Marc

25  Cooley's (hereinafter "Plaintiff") Second Amended Complaint ("SAC"), with prejudice,

26  pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the grounds that Plaintiff

27  has entered into a settlement agreement with Menzies and signed a release releasing all of his

28  claims against defendants and Menzies has paid Plaintiff all settlement funds owed to him under

the settlement agreement.

This is a lawsuit seeking damages arising from the alleged discrimination and civil assault of Plaintiff during the course of boarding a flight from Orlando, Florida to his final destination of Oakland, California. Plaintiff alleges that on January 15, 2023, while boarding his flight at Orlando International Airport, Menzies' employees improperly impeded his travel and grabbed his arm without his consent and that the encounter resulted in his inability to board his flight.

Menzies and Plaintiff have reached a settlement agreement concerning Plaintiff's claims, and, on March 25, 2024, Plaintiff signed a general release of all claims against Menzies and its employees arising out of the incident on January 15, 2023. Menzies requests judicial notice of the release signed by Plaintiff releasing his claims against Menzies and its employees and moves to dismiss Plaintiff's SAC pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.

This motion will be based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities, Menzies' Request for Judicial Notice and exhibits thereto, the Declaration of John Maggio and exhibits thereto, and on all papers and records on file in the above-entitled action, as well as such oral and documentary evidence as may be presented at the hearing of this motion.


Dated: November 7, 2024                CONDON & FORSYTH LLP


By: _/s/Jennifer J. Johnston_____
    JENNIFER J. JOHNSTON
    JUSTIN M. SCHMIDT
    CHRISTINA V. FERREIRO
    Attorneys for Defendant
    MENZIES AVIATION (USA) INC.

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................. ii-iv

INTRODUCTION ................................................................................................ 1

STATEMENT OF ISSUES TO BE DECIDED ..................................................... 2

SUMMARY OF ARGUMENT ............................................................................ 2

RELEVANT ALLEGATIONS AND PROCEDURAL HISTORY ......................... 2

ARGUMENT ...................................................................................................... 6

I.     PLAINTIFF'S SAC MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM BECAUSE PLAINTIFF HAS RELEASED ALL CLAIMS AGAINST MENZIES AND MENZIES' EMPLOYEES ........................................... 6

    A.    This Court May Take Judicial Notice of the Release Because Plaintiff's Allegations in his SAC Reference the Release and Plaintiff's SAC Necessarily Relies on the Release ........................................... 6

    B.    Plaintiff's General Release Bars All Causes of Action in Plaintiff's SAC ........................................... 7

II.    PLAINTIFF'S FRAUD CLAIMS MUST BE DISMISSED BECAUSE HE DOES NOT ALLEGE FACTS GIVING RISE TO ANY PLAUSIBLE CLAIM FOR FRAUD, AND BECAUSE HE HAS NOT RESCINDED THE RELEASE OR RETURNED THE SETTLEMENT FUNDS ........................................... 9

    A.    Plaintiff's SAC Does Not State Fact Sufficient to State Any Plausible Claim For Fraud Under The Federal Rules of Civil Procedure And California Law ........................................... 9

        1.    Plaintiff Has Not Alleged Any Particular Facts Showing A Misrepresentation ........................................... 11

        2.    Plaintiff Has Not Alleged Any Particular Facts Showing Knowledge of Falsity ........................................... 12

        3.    Plaintiff Has Not Alleged Any Particular Facts Showing Intent To Defraud ........................................... 13

        4.    Plaintiff Has Not Alleged Any Particular Facts Showing Justifiable Reliance ........................................... 15

    B.    Plaintiff's Fraud Claims Are Barred Because He Has Not Rescinded The Release Or Returned The Settlement Funds ........................................... 17

III.    PLAINTIFF SHOULD BE REQUIRED TO PAY MENZIES' ATTORNEYS' FEES INCURRED IN BRINGING MOTIONS TO DISMISS PLAINTIFFS FAC AND SAC ........................................... 18

CONCLUSION ................................................................................................... 20

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Baldwin Park Unified Sch. Dist. v. Genesis Mgmt. & Ins. Servs. Corp.*,
   Case No. CV 16-9349-DMG (EX), 2017 WL 5635018 (C.D. Cal. July 10, 2017)..........11, 12

*Bonnel v. Best Buy Stores, L.P.*,
   881 F. Supp. 2d 1164 (N.D. Cal. 2012) ...........................................................................19, 20

*Brown v. Wells Fargo Bank, N.A.*,
   168 Cal. App. 4th 938, 85 Cal. Rptr. 3d 817 (2008)..............................................................15

*Cisco Sys., Inc. v. STMicroelectronics, Inc.*,
   77 F. Supp. 3d 887 (N.D. Cal. 2014) .....................................................................................10

*Cooper v. Pickett*,
   137 F.3d 616 (9th Cir.1997) ...................................................................................................10

*Coto Settlement v. Eisenberg*,
   593 F.3d 103 (9th Cir. 2010) ....................................................................................................6

*Davis v. HSBC Bank Nevada, N.A.*,
   691 F.3d 1152 (9th Cir. 2012) ................................................................................................15

*Edwards v. Marin Park, Inc.*,
   356 F.3d 1058 (9th Cir.2004) .................................................................................................10

*Goodman v. Kennedy*,
   18 Cal. 3d 335, 556 P.2d 737 (1976) ................................................................................13, 14

*Graham v. Bank of Am., N.A.*,
   226 Cal. App. 4th 594, 172 Cal. Rptr. 3d 218 (2014).......................................................11, 12

*Guido v. Koopman*,
   1 Cal. App. 4th 837, 2 Cal. Rptr. 2d 437 (1991)..............................................................15, 16

*Hinesley v. Oakshade Town Center*,
   135 Cal. App. 4th 289, 37 Cal. Rptr. 3d 364 (2005)..............................................................10

*Hollywood Foreign Press Ass'n v. Red Zone Cap. Partners II*,
   870 F. Supp. 2d 881 (C.D. Cal. 2012) .....................................................................................9

*Linear Tech. Corp. v. Applied Materials, Inc.*,
   152 Cal. App. 4th 115, 61 Cal. Rptr. 3d 221 (2007)..............................................................14

*Mangindin v. Washington Mut. Bank*,
   637 F. Supp. 2d 700 (N.D. Cal. 2009) ...................................................................................10

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

*Marder v. Lopez,*
　　450 F.3d 445 (9th Cir. 2006) ..................................................................7, 8

*Mitchell v. Cnty. of Contra Costa,*
　　600 F. Supp. 3d 1018 (N.D. Cal. 2022) ..............................................19, 20

*Muse Brands, LLC v. Gentil,*
　　Case No. 15–cv–01744–JSC, 2015 WL 4572975 (N.D. Cal. July 29, 2015) ........................12

*Neu–Visions Sports Inc. v. Soren/McAdam/Bartells,*
　　86 Cal. App. 4th 303, 103 Cal. Rptr. 2d 159 (2000)..................................11

*Parrino v. FHP, Inc.,*
　　146 F.3d 699 (9th Cir. 1998) ......................................................................6

*Pellett v. Sonotone Corp.,*
　　26 Cal. 2d 705, 160 P.2d 783 (1945) ..........................................................7

*Pemberton v. Nationstar Mortg. LLC,*
　　331 F. Supp. 3d 1018 (S.D. Cal. 2018)..................................................13, 14

*People v. Ashley,*
　　42 Cal. 2d 246, 267 P.2d 271 (1954) .........................................................14

*Reeder v. Specialized Loan Servicing LLC,*
　　52 Cal. App. 5th 795, 266 Cal. Rptr. 3d 578 (2020)...................................13

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.,*
　　442 F.3d 741 (9th Cir. 2006) ..............................................................19, 20

*Rosenthal v. Great Western Fin. Securities Corp.,*
　　14 Cal. 4th 394, 58 Cal. Rptr. 2d 875, 926 P.2d 1061 (1996) ...................10

*Smith v. Allstate Insurance Co.,*
　　160 F. Supp. 2d 1150 (S.D. Cal. 2001).....................................................12

*Swartz v. KPMG LLP,*
　　476 F.3d 756 (9th Cir. 2007) ...............................................................6, 10

*Tenzer v. Superscope, Inc.,*
　　39 Cal. 3d 18, 702 P.2d 212 (1985) ..........................................................14

*Vill. Northridge Homeowners Assn. v. State Farm Fire & Cas. Co.,*
　　50 Cal. 4th 913, 114 Cal. Rptr. 3d 280, 237 P.3d 598 (2010) ...............17, 18

*Villacres v. ABM Indus. Inc.,*
　　189 Cal. App. 4th 562, 117 Cal. Rptr. 3d 398 (2010)..................................7

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

**Statutes**

28 U.S.C. § 1332 ......................................................................................................5

FED. R. CIV. P. 9(b) (West 2024) ..................................................................10, 12

FED. R. CIV. P. 12(b)(6) (West 2024).........................................................1, 6, 9, 20

CAL. CIV. PROC. CODE § 1856 (West 2024) ............................................................9

CAL. CIV. CODE § 1691 (West 2024) ...............................................................17, 18

**Other Authorities**

5 Witkin, Summary of Cal. Law (10th ed. 2005) Torts, § 774 .....................................11

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Counsel for Menzies engaged in settlement discussions with Plaintiff and, on March 25, 2024, Plaintiff signed a general release of all claims against Menzies and its employees. The release provides that, in exchange for reasonable consideration, Plaintiff agrees to release any and all claims against Menzies and Menzies' employees arising out of the incident on January 15, 2023. The release does not provide any stated time limit by which Plaintiff was required to receive the settlement funds. The release does provide that all of the parties' obligations under the settlement agreement are contained in the release and there are no oral agreements related to the settlement agreement that are not stated in the release. Menzies requests judicial notice of the release signed by Plaintiff releasing his claims against Menzies and its employees. On May 6, 2024, the settlement funds were deposited in Plaintiff's bank account. Plaintiff has retained these settlement funds.

Plaintiff's attempt to withdraw from the settlement agreement after signing a valid release is nothing more than a tactic to squeeze more money out of Menzies. Plaintiff engaged in identical tactics in his related action filed in the Middle District Court of Florida against Frontier Airlines ("Frontier"), in which he entered into a valid settlement agreement with Frontier and later attempted to rescind the settlement agreement and reopen his case against Frontier based on certain claims, including the claim that Frontier breached an agreement to pay the settlement funds within two weeks. A public record search reveals that the instant action is but one of a long line of complaints filed by Plaintiff over the course of nearly two decades. Plaintiff's misuse of the judicial system here for personal gain should not be condoned, and his claims should be dismissed with prejudice and Menzies should be awarded its attorneys' fees in moving to dismiss Plaintiff's claims. *See* Declaration of Jennifer J. Johnson ("Johnson Decl."), at ¶¶ 2-6.

On this basis, Menzies moves to dismiss Plaintiff's claims alleged against it and its employees pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim and requests an award of attorney's fees and costs in moving to dismiss Plaintiff's claims.

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

1

**STATEMENT OF ISSUES TO BE DECIDED**

2  I.   Whether Plaintiff's claims alleged against Menzies and Menzies' employees in the

3       Second Amended Complaint are barred by the release signed by Plaintiff, submitted to

4       this Court by way of a Request for Judicial Notice.

5  II.  Whether Plaintiff's allegations state any plausible cause of action for Fraudulent

6       Inducement Under California Law or Fraudulent Misrepresentation Under California

7       Law.

8  III. Whether Menzies should be awarded attorney's fees and costs incurred in brining this

9       motion to dismiss as a result of Plaintiff's meritless claims.

10

11

**SUMMARY OF ARGUMENT**

12  I.   The release signed by Plaintiff bars all claims alleged in Plaintiff's Second Amended

13       Complaint against Menzies and Menzies' employees.

14  II.  Plaintiff has not alleged any facts with the requisite particularity required to state any

15       plausible claim for Fraudulent Inducement Under California Law, Fraudulent

16       Misrepresentation Under California Law, or any cause of action sounding in fraud under

17       California law.

18  III. Plaintiff's claims against Menzies have no merit and are being brought solely for the

19       purpose of strong-arming Menzies into paying Plaintiff more money, thus Menzies

20       should be awarded attorney's fees and costs incurred in moving to dismiss Plaintiff's

21       claims.

22

23

**RELEVANT ALLEGATIONS AND PROCEDURAL HISTORY**

24       On February 21, 2023, Plaintiff filed a lawsuit against Frontier Airlines and Amer SM

25  Asif in the United Stated District Court for the Middle District of Florida.  The complaint alleged

26  that on January 15, 2023, while boarding a Frontier Airlines flight at Orlando International

27  Airport, Mr. Asif subjected Plaintiff to discrimination and civil battery.  The complaint

28  erroneously alleged that Mr. Asif was an employee of Frontier, when, in fact, he was an

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

employee of Menzies.  Menzies provides employees to Frontier to work as gate agents for Frontier flights at Orlando, and Mr. Asif was working as a gate agent for Plaintiff's flight at the time of the alleged incident.  *See* Declaration of John Maggio ("Maggio Decl."), ¶ 3; Complaint filed in the Middle District of Florida, Exhibit "A" to Maggio Decl.

On June 8, 2023, Plaintiff filed a First Amended Complaint in the Florida action, naming Menzies as a defendant, and correctly naming Mr. Asif as a Menzies employee, and adding William Revis, another Menzies employee, as a defendant.  *See* Maggio Decl., ¶ 4; Amended Complaint filed in the Middle District of Florida, Exhibit "B" to Maggio Decl.  Condon & Forsyth was retained by Menzies to represent Menzies and the Menzies' employees in Plaintiff's action.  *See* Maggio Decl., ¶ 5.  John Maggio, a member of Condon & Forsyth, appeared as counsel of record for Menzies, Mr. Asif, and Mr. Revis.  *See id.*, ¶ 1, 5.

On January 30, 2024, the Court dismissed Plaintiff's complaint filed in the Middle District of Florida *sua sponte* on the grounds that Plaintiff failed to file a case management report as required by Florida court rules.  *See* Maggio Decl., ¶ 6; Order of Dismissal, Exhibit "C" to Maggio Decl.  Thereafter, on March 8, 2024, Plaintiff filed his complaint in this Court repeating his allegations against Menzies, Mr. Asif, and Mr. Revis.[1]

Before Plaintiff served the complaint he filed in the Northern District of California, Mr. Maggio engaged in settlement discussions on behalf of Menzies and its employees and insurers with Plaintiff and a settlement agreement was reached.  *See* Maggio Decl., ¶ 8.  At no time during the settlement discussions were any representations made to Plaintiff as to when the settlement funds would be paid.  *See id.*

On March 25, 2024, Mr. Maggio forwarded a release to Plaintiff for his review and signature.  In the release, Plaintiff agreed, in exchange for reasonable consideration, to "release and forever discharge" Menzies and Menzies' employees from "any claims, losses or damages resulting from or arising out of personal injuries and denial of boarding allegedly sustained by [Plaintiff] in connection with transportation on Frontier flight F91103 from Orlando, Florida to

---

[1] Mr. Asif and Mr. Revis were Menzies employees at the time of the incident.  However, they are no longer employed by Menzies.

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

1  Oakland, California on January 15, 2023[.]" *See* Release,[2] Exhibit "D" to Maggio Decl., p. 1.

2  The release covers "any and all claims, damages, remedies, actions, and causes of action alleged

3  or brought, or which could have been alleged or brought" and "all unknown, unforeseen,

4  unanticipated, and unsuspected injuries, damages, losses and liabilities, and the consequences

5  thereof, as well as those now disclosed and known to exist." *See id*.

6        The release does not contain any provisions as to when the settlement funds would be

7  paid.  The release does, however, provide that "no promises or agreements or assignments not

8  herein expressed have been made and that this General Release of All Claims contains the entire

9  agreement between the parties hereto and that that [sic] the terms of this General Release of All

10  Claims are contractual and not a mere recital." *See id*., p. 3.  Plaintiff signed and returned the

11  release on March 25, 2024.  *See* Maggio Decl., ¶ 9.

12        After Plaintiff returned the release, he telephoned Mr. Maggio to ask when his settlement

13  funds would be paid.  It was explained to him that the settlement funds were coming from

14  London, and it would take a bit of time for them to be transferred to the law firm's client trust

15  account, but, hopefully, they would arrive in thirty days.  However, at no time were any promises

16  made to Plaintiff as to when the settlement funds would be paid.  *See* Maggio Decl., ¶ 10.

17        On April 25, 2024, Mr. Maggio sent Plaintiff an e-mail advising him that the funds were

18  expected by April 29, 2024.  There was a delay of a few days, however, and the settlement funds

19  were not received in the law firm's client trust account until Friday, May 3, 2024.  On the

20  morning of Monday, May 3, Mr. Maggio sent Plaintiff an e-mail advising him that the firm

21  received the settlement funds, and they would be transferred to his account.  Later that same day,

22  Mr. Maggio sent Mr. Cooley another e-mail advising him that the wire payment had been set up

23  and requesting that he confirm receipt of the settlement funds.  *See* Maggio Decl., ¶ 11; April 25,

24  2024, and May 3, 2024, e-mails, Exhibit "E" to Maggio Decl.  On May 6, 2024, the settlement

25  funds were deposited in Plaintiff's bank account.  *See* Maggio Decl., ¶ 12; Wire transfer

26

27  _____

[2] The exact settlement amount is redacted from the release due to a confidentiality provision in
28  the release which prohibits disclosure of the settlement amount.  However, Menzies can provide
the Court with an unredacted copy of the release pursuant to a Court order requiring its
production.

1   confirmation, Exhibit "F" to Maggio Decl.

2       On that same day, May 6, 2024, instead of dismissing his complaint in the Northern

3   District of California, Plaintiff filed a First Amended Complaint ("FAC") in this action, in which

4   he alleged, incorrectly, that Menzies had breached the settlement agreement and he had

5   withdrawn from the settlement.  *See* FAC, ECF No. 10, Exhibit "G" to Maggio Decl.  Plaintiff,

6   however, never informed Mr. Maggio by telephone or e-mail that he was "withdrawing" from

7   the settlement agreement, and Mr. Maggio never received the letter that Plaintiff alleges in his

8   FAC that he sent withdrawing from the settlement.  *See* Maggio Decl., ¶ 13.  Moreover, even if

9   Plaintiff sent any such communication, Plaintiff had no legal grounds for "withdrawing" from

10  the settlement after he had signed a release of all claims.

11      On June 17, 2024, after learning that Plaintiff filed his FAC making these allegations, Mr.

12  Maggio attempted to contact Plaintiff by telephone and e-mail to discuss the matter.  However,

13  Plaintiff failed to respond to either Mr. Maggio's telephone call or e-mail.  *See* Maggio Decl., ¶

14  14; June 17, 2024 e-mail, Exhibit "H" to Maggio Decl.  Plaintiff also has retained the settlement

15  funds that were wired to his account pursuant to the settlement agreement.  *See* Maggio Decl., ¶

16  15.

17      Plaintiff's FAC alleges causes of action against Menzies for: (1) Racial Discrimination;

18  (2) Civil Battery under Florida State Law; (3) Slander/Defamation under Florida State Law;

19  Negligence Supervision [*sic*] under Florida State Law; (5) Vicarious Liability under Florida State

20  Law; and (5) Breach of Verbal Agreement under California Law.  *See* FAC, ECF No. 10, Exhibit

21  "G" to Maggio Decl.  Menzies filed a motion to dismiss Plaintiff's FAC, and after all briefing

22  was complete on both sides, Plaintiff moved to amend his complaint and the Court entered an

23  order allowing him to  file his Second Amended Complaint ("SAC").  Plaintiff's SAC alleges

24  two additional causes of action against Menzies for Fraudulent Inducement under California

25  State Law and Fruadulent Misrepresentation under California State Law.[3]

26

27

28  [3] Plaintiff's SAC also alleges a "cause of action" for "Diversity of Citizenship." *See* SAC ¶ 10.
    This appears to be a scrivener's error, as diversity of citizenship is a statutory basis for subject
    matter jurisdiction under 28 U.S.C. § 1332.

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

**ARGUMENT**

**I**

**PLAINTIFF'S SAC MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM BECAUSE PLAINTIFF HAS RELEASED ALL CLAIMS AGAINST MENZIES AND MENZIES' EMPLOYEES**

**A.    This Court May Take Judicial Notice of the Release Because Plaintiff's Allegations in his SAC Reference the Release and Plaintiff's SAC Necessarily Relies on the Release.**

This Court may take judicial notice of the General Release signed by Plaintiff in considering this Rule 12(b)(6) motion to dismiss.  Generally, a court may not look beyond the four corners of the complaint, with the exception of matters incorporated into the complaint by reference and any matters subject to judicial notice.  *See Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).  However, "[i]n order to 'prevent plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting documents upon which their claims are based,' a court may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned."  *See id.* (*quoting Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998)).  *See also Coto Settlement v. Eisenberg*, 593 F.3d 103, 1038 (9th Cir. 2010) (court may consider extrinsic documents on motion to dismiss outside the complaint "where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance.").

Here, Plaintiff dedicates thirteen (13) paragraphs of his SAC to allegations surrounding his settlement discussions with counsel for Menzies leading up to and after execution of the release.  *See* SAC at ¶¶ 31 – 43.  Plaintiff's SAC also specifically references the release at least six (6) times.  *See id.* at ¶¶ 33 – 35, 37 – 38, 41. Moreover, Plaintiff's cause of action for breach of an "oral agreement" that was allegedly entered into contemporaneously with the release necessarily relies on the terms and conditions found within the release.  *See id.* at ¶¶ 10, 32 – 33, 37 – 41.  Further, Plaintiff's causes of action for Fraudulent Inducement and Fraudulent Misrepresentation necessarily relies on the release as these causes of action allege that Plaintiff was induced into entering the release based on a fraudulent misrepresentation.  *See id.* at ¶¶ 10,

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

31 – 41.  Accordingly, this Court may properly take notice of the release in ruling on Menzies'

Motion to Dismiss.

### B.      Plaintiff's General Release Bars All Causes of Action in Plaintiff's SAC.

A release is the "'abandonment, relinquishment or giving up of a right or claim to the

person against whom it might have been demanded or enforced . . . and its effect is to extinguish

a cause of action.'"  *Marder v. Lopez*, 450 F.3d 445, 449 (9th Cir. 2006) (*quoting Pellett v.*

*Sonotone Corp.*, 26 Cal. 2d 705, 160 P.2d 783 (1945)).  "The rule for releases is that absent

special vitiating circumstances, a general release bars claims based upon events occurring prior

to the date of the release."  *Villacres v. ABM Indus. Inc.*, 189 Cal. App. 4th 562, 589, 117 Cal.

Rptr. 3d 398, 419 (2010).

In *Marder*, the plaintiff, a dancer whose life story was the basis for the film

"Flashdance," entered into a general release with a production studio in which she agreed to

relinquish all claims arising out of the creation of the film "Flashdance."  *Marder*, 450 F.3d at

447.  After the film's release in theaters, the plaintiff brought intellectual property claims against

the studio relating to the film and a music video connected to the film.  *Id*.  The defendants

brought a 12(b)(6) motion to dismiss on the grounds that the plaintiff had signed a general

release of all claims arising out of the creation of the film, and the district court granted the

defendant's motion.  *Id*.

The Ninth Circuit affirmed, holding the plaintiff's complaint was barred by the release, in

which the plaintiff agreed she "releases and discharges [the defendant] . . . of and from each and

every claim, demand, debt, liability, cost and expense of any kind or character which have arisen

or are based in whole or in part on any matters occurring at any time prior to the date of this

[r]elease," and also released the defendant from claims "arising out of or in any way connected

with, either directly or indirectly, any and all arrangements . . . in connection with the

preparation of screenplay material and the production, filming and exploitation of . . .

Flashdance."  *Id*. at 449.

The court reasoned that a release is to be interpreted under ordinary contract principles,

which requires the court to "give effect to the parties' mutual intent as it existed when they

1   contracted," and to interpret the parties' intent "from the language of the [r]elease, so long as that

2   language is not ambiguous or uncertain." *Id*.  The court held that the release's language was

3   exceptionally broad, as it released the defendant of "each and every claim" arising out of the

4   creation of the film, and thus the only reasonable interpretation of the release is that it

5   encompassed the intellectual property claims the plaintiff asserted in her lawsuit.  *Id*.

6          The same is true here.  Plaintiff signed a "General Release," in which he agreed to

7   "release and forever discharge" Menzies and Menzies' employees from "any claims, losses or

8   damages resulting from or arising out of personal injuries and denial of boarding allegedly

9   sustained by [Plaintiff] in connection with transportation on Frontier flight F91103 from

10  Orlando, Florida to Oakland, California on January 15, 2023," and which is the subject of this

11  very lawsuit.  *See* Release, Ex. "D" to Maggio Decl.  The language of Plaintiff's release is

12  identical to or broader than the release in *Marder*.  To be sure, Plaintiff's release goes even

13  further to include "any and all claims, damages, remedies, actions, and causes of action alleged

14  or brought, or which could have been alleged or brought" and "all unknown, unforeseen,

15  unanticipated, and unsuspected injuries, damages, losses and liabilities, and the consequences

16  thereof, as well as those now disclosed and known to exist."  *See id*.

17         The release identifies Plaintiff by name, and specifies the same date, location, and events

18  as described in Plaintiff's SAC.  The release states that Plaintiff agrees to release and forever

19  discharge any and all claims which were or could have been brought arising out of the incident

20  on January 15, 2023, at Orlando International Airport, which is the same incident that is the basis

21  for Plaintiff's lawsuit.  Thus, the plain and unambiguous language of the release leaves no doubt

22  that it was the intent of the parties at the time of executing the release to bar all causes of action

23  arising out of the incident, including those causes of action alleged in Plaintiff's SAC.

24         To the extent that Plaintiff argues the release is ineffective due to an alleged "oral

25  agreement" which made the release contingent upon Plaintiff's receipt of payment within thirty

26  days, he is mistaken.  The release does not contain any provision or language concerning the

27  time for payment and does not state the release is contingent upon payment within thirty days.

28  *See* Release, Ex. "D" to Maggio Decl.  Moreover, the release plainly states that "no promises or

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

- 8 -

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

agreements or assignments not herein expressed have been made and that this General Release of All Claims contains the entire agreement between the parties hereto and that that [sic] the terms of this General Release of All Claims are contractual and not a mere recital." *See id*. at p. 3.

Basic contract law principles provide that the terms of a writing may be "'explained or supplemented by extrinsic evidence of consistent additional terms,' but not if 'the writing is intended also as a complete and exclusive statement of the terms of the agreement.'" *Hollywood Foreign Press Ass'n v. Red Zone Cap. Partners II*, 870 F. Supp. 2d 881, 918 (C.D. Cal. 2012) (*quoting* Cal. Civ. Proc. Code § 1856 (West 2024)). Here, the release clearly states that the release contains the entire agreement between the parties and that no promises or agreements not contained within the release have been made. Thus, although Menzies adamantly denies that any oral agreement was made to make payment to Plaintiff within thirty days, no such evidence of any alleged oral agreement may be received, and no outside promises may constitute additional terms, where the release clearly states it is the entire agreement between the parties.

Moreover, it is also fundamental contract law that "extrinsic evidence and other rules of construction may be used to interpret the words chosen, but not to add, subtract, or vary the words used in the written agreement." *Id*. Thus, Plaintiff's allegations that he desired, wished, and communicated for payment to made within thirty days, or that such a promise was made, is irrelevant because these allegations would add, subtract to, or vary the words used in the release.

Accordingly, Plaintiff fails to state a claim against Menzies and the Menzies' employees named in his SAC because he has released all claims against them, and Plaintiff's SAC must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.

## II

**PLAINTIFF'S FRAUD CLAIMS MUST BE DISMISSED BECAUSE HE DOES NOT ALLEGE FACTS GIVING RISE TO ANY PLAUSIBLE CLAIM FOR FRAUD, AND BECAUSE HE HAS NOT RESCINDED THE RELEASE OR RETURNED THE SETTLEMENT FUNDS**

### A.    Plaintiff's SAC Does Not State Fact Sufficient to State Any Plausible Claim For Fraud Under The Federal Rules of Civil Procedure And California Law.

Federal Rule of Civil Procedure Rule 9(b) provides that "[i]n alleging fraud or mistake, a

1   party must state with particularity the circumstances constituting fraud or mistake." *See* FED. R.

2   CIV. P. 9(b).  The Ninth Circuit has held that pleading claims of fraud under Rule 9(b) "requires

3   more specificity including an account of the 'time, place, and specific content of the false

4   representations as well as the identities of the parties to the misrepresentations.'" *Swartz v.*

5   *KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quoting *Edwards v. Marin Park, Inc.*, 356 F.3d

6   1058, 1066 (9th Cir.2004)).  Moreover, "a plaintiff seeking to state a claim for fraud must also

7   plead knowledge of falsity, or scienter." *Mangindin v. Washington Mut. Bank*, 637 F. Supp. 2d

8   700, 706 (N.D. Cal. 2009).  Although the requirement for pleading scienter is less rigorous than

9   the factual circumstances constituting fraud, "nothing in the Federal Rules of Civil Procedure

10  relieves a plaintiff of the obligation to 'set forth facts from which an inference of scienter could

11  be drawn.'"  *Id*. (quoting *Cooper v. Pickett*, 137 F.3d 616, 628 (9th Cir.1997)).

12       Here, Plaintiff alleges a cause of action for Fraud in the Inducement and Fraudulent

13  Misrepresentation.  Under California law, the elements of fraudulent misrepresentation are: (1) a

14  misrepresentation; (2) scienter or knowledge of the misrepresentation's falsity; (3) intent to

15  induce reliance on the misrepresentation, (4) justifiable reliance on the misrepresentation, and (5)

16  resulting damages.  *Cisco Sys., Inc. v. STMicroelectronics, Inc.*, 77 F. Supp. 3d 887, 897 (N.D.

17  Cal. 2014) (applying California law).  Fraud in the inducement is a subset of the tort of fraud,

18  and encompasses the same elements, but it "occurs when 'the promisor knows what he is signing

19  but his consent is induced by fraud, mutual assent is present and a contract is formed, which, by

20  reason of the fraud, is voidable.'"  *See Hinesley v. Oakshade Town Center*, 135 Cal. App. 4th

21  289, 295, 37 Cal. Rptr. 3d 364 (2005) (*quoting Rosenthal v. Great Western Fin. Securities Corp.*,

22  14 Cal. 4th 394, 415, 58 Cal. Rptr. 2d 875, 926 P.2d 1061 (1996)).  However, as will be shown

23  below, Plaintiff's SAC does not sufficiently state a claim under Rule 9(b) for either Fraud in the

24  Inducement or Fraudulent Misrepresentation because Plaintiff has not sufficiently alleged the

25  first four elements of both causes of action: (1) a misrepresentation; (2) knowledge of falsity; (3)

26  intent induce reliance, or (4) justifiable reliance.

27

28

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

NOTICE OF MOTION AND MOTION TO DISMISS OF
DEFENDANT MENZIES AVIATION (USA) INC.
CASE NO.: 3:24-cv-01437-AMO

- 10 -

1

2

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

### 1.    Plaintiff Has Not Alleged Any Particular Facts Showing A Misrepresentation.

First, Plaintiff has not alleged any factual representation that constitutes an actionable "misrepresentation" in his SAC.  "Representations of opinion … are ordinarily not actionable representations of fact."  *Graham v. Bank of Am., N.A.*, 226 Cal. App. 4th 594, 606, 172 Cal. Rptr. 3d 218, 228 (2014).  "'It is hornbook law that an actionable misrepresentation must be made about past or existing facts; statements regarding future events are merely deemed opinions.'"  *Id*. (*quoting Neu–Visions Sports Inc. v. Soren/McAdam/Bartells*, 86 Cal. App. 4th 303, 308, 103 Cal. Rptr. 2d 159, 164 (2000)).  A representation is also deemed an opinion if it expresses only a "'belief the maker, without certainty, as to the existence of a fact.'"  *Id*. (*quoting* 5 Witkin, Summary of Cal. Law (10th ed. 2005) Torts, § 774).

In *Graham*, for example, the plaintiff brought an action against lender entities alleging that he was induced into obtaining a loan for a home based on fraudulent misrepresentations by the lender's appraisers regarding the future value of the home and that the loan would be "good" for the plaintiff if he later wished to flip the home for a profit.  *Id*. at 602-03.  The court held that the plaintiff had not alleged any actionable "misrepresentation" because the loan appraisal was not an existing fact, rather, it was a prediction about future events which was based on a fair estimation but that was not promised with certainty, and therefore the appraisal was merely an opinion.  *Id*. at 607-08.  Likewise, the court held that the statement that the loan would be "good" for the plaintiff to turn a profit was merely a prediction about a future event, and therefore was not an actionable misrepresentation.  *Id*.; *see also Baldwin Park Unified Sch. Dist. v. Genesis Mgmt. & Ins. Servs. Corp.,* Case No. CV 16-9349-DMG (EX), 2017 WL 5635018 at *4-5.  (C.D. Cal. July 10, 2017) (finding that the plaintiff did not allege any factual misrepresentation to sustain a claim for fraud where the defendants' counsel merely stated an "opinion" and "recommendation" to the plaintiff on how to obtain missing information in order to resolve an insurance claim dispute but was not certain as to the outcome of his recommendation).

The same is true here. Plaintiff's SAC alleges that while discussing Menzies' settlement offer, Plaintiff inquired to counsel for Menzies how long it would take for Plaintiff to receive the

settlement funds, and in response to Plaintiff's inquiry, counsel for Menzies purportedly stated that Plaintiff would receive payment within thirty days of notarizing and returning the release. Other than alleging mere conclusions, Plaintiff has not and cannot allege or prove specific facts showing that this statement, even if made, was a misrepresentation. *b.* As in *Graham* and *Baldwin Park Unified Sch. Dist.*, any stated time frame provided by counsel for Menzies was not a statement of a past or existing fact, rather, it was merely a "prediction" or "opinion" of a future event that was based on a reasonable belief, but which was not made with certainty. *Graham*, 226 Cal. App. 4th at 607-08; *Baldwin Park Unified Sch. Dist.*, 2017 WL 5635018 at *4-5. Thus, the sole statement in Plaintiff's SAC forming the basis for his fraud claims does not constitute any actionable "misrepresentation" under California law.

### 2. Plaintiff Has Not Alleged Any Particular Facts Showing Knowledge of Falsity.

As to the second element, knowledge of falsity, this element requires that Plaintiff's SAC "must allege facts sufficient to plausibly establish that the statement was false *when made*." *Muse Brands, LLC v. Gentil*, Case No. 15–cv–01744–JSC, 2015 WL 4572975, at *4 (N.D. Cal. July 29, 2015). It is not sufficient that statements made "turned out to be false" where there are no facts "to support a plausible inference that the statements were actually false when made." *Id*. Nor is the mere fact that an agreement was later breached sufficient to support a claim of fraudulent intent, because such a finding "'contradicts the heightened pleading requirements of Rule 9(b) and would allow every breach of contract to support a claim of fraud so long as the plaintiff adds to his complaint a general allegation that the defendant never intended to keep her promise.'" *Id*. (*quoting Smith v. Allstate Insurance Co.*, 160 F. Supp. 2d 1150, 1153–54 (S.D. Cal. 2001)).

Here, Plaintiff has not pled any facts showing that the statement by Menzies's counsel that payment would be made within thirty days of execution of the release was a knowingly false statement *at the time it was made*. Plaintiff's SAC only adds the same general allegation that counsel for Menzies "fraudulently misrepresented to [Plaintiff]" that he would receive payment within thirty days of executing the release and that Counsel for Menzies sent Plaintiff the release

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

"knowing that he and his clients Menzies had no intentions on performing" the alleged oral agreement to make payment within thirty days of execution of the release. *See* SAC, at ¶¶ 33-34. However, California courts consistently hold that bald allegations such as those in Plaintiff's SAC are "the very sort of general and conclusory allegations that are insufficient to state a fraud claim," particularly where the plaintiff "has alleged no facts or circumstances suggesting defendants' intent not to perform the alleged promise *when it was made*." *Reeder v. Specialized Loan Servicing LLC*, 52 Cal. App. 5th 795, 804, 266 Cal. Rptr. 3d 578, 585–86 (2020) (*emphasis added*). Moreover, even assuming for the purposes of this motion that Menzies' counsel said the settlement funds would be paid in thirty days, the sole fact that payment was not made within thirty days of execution of the release is not sufficient to show that Menzies' counsel knew at the time of responding to Plaintiff's inquiry regarding time of payment his honest estimate was inaccurate. It is well established that "[i]t is insufficient to show an unkept but honest promise, or mere subsequent failure of performance." *Id.*

### 3. Plaintiff Has Not Alleged Any Particular Facts Showing Intent To Defraud.

As to the third element, intent to defraud, Plaintiff also has not pled any particular facts or circumstances giving rise to an inference of intent to defraud or induce reliance on a fraudulent statement. In *Goodman v. Kennedy*, for instance, the plaintiffs sued an attorney for fraud after purchasing shares of stock from the defendant's clients, alleging that the defendant had omitted facts in an effort to fraudulently induce the plaintiffs into purchasing the stock shares. *Goodman v. Kennedy*, 18 Cal. 3d 335, 341, 556 P.2d 737, 741 (1976). The California Supreme Court has held that the plaintiffs' complaint failed to state any cause of action for fraud where it did not contain "any factual allegations showing that plaintiffs were reasonably induced to purchase the stock by defendant's omission of these matters from his statements in the conversation with [the attorney]. The mere conclusionary allegations that the omissions were intentional and for the purpose of defrauding and deceiving plaintiffs and bringing about the purchase of the stock and that plaintiffs relied on the omissions in making such purchase are insufficient for the foregoing purposes." *Id.* at 347; *see also Pemberton v. Nationstar Mortg. LLC*, 331 F. Supp. 3d 1018, 1047 (S.D. Cal. 2018) ("'[M]ere conclusory allegations' that representations "were intentional

1    and for the purpose of defrauding and deceiving plaintiffs ... are insufficient.'") (*quoting Linear*

2    *Tech. Corp. v. Applied Materials, Inc.*, 152 Cal. App. 4th 115, 61 Cal.Rptr.3d 221, 234 (2007)).

3         Plaintiff's allegations of intent in his SAC, like those in *Goodman* and *Pemberton*, are

4    equally conclusory and lack any particular facts to support even a slight inference of an intent to

5    defraud.  Again, Plaintiff's SAC only adds a bare allegation that Menzies' counsel stated

6    Plaintiff would receive payment within thirty days "in the act of fraud with the intent to

7    improperly induce [Plaintiff] into accepting the agreement."  *See* SAC, at ¶ 33.  However, this is

8    exactly the kind of bare and conclusory allegations which are consistently held to be insufficient

9    to state a plausible claim for fraud.  *Goodman*, 18 Cal. 3d at 347; *Pemberton*, 331 F. Supp. 3d at

10   1047.

11        Nor is Plaintiff's allegations that payment was not made within thirty days sufficient to

12   show fraudulent intent because, again, "'something more than nonperformance is required to

13   prove the defendant's intent not to perform his promise.'"  *Tenzer v. Superscope, Inc.*, 39 Cal. 3d

14   18, 30, 702 P.2d 212, 219 (1985) (*quoting People v. Ashley*, 42 Cal. 2d 246, 263, 267 P.2d 271,

15   282 (1954)).  As the California Supreme Court explained in *Tenzer*, "fraudulent intent must often

16   be established by circumstantial evidence," which can include "defendant's insolvency, his hasty

17   repudiation of the promise, his failure even to attempt performance, or his continued assurances

18   after it was clear he would not perform … However, if plaintiff adduces no further evidence of

19   fraudulent intent than proof of nonperformance of an oral promise, he will never reach a jury."

20   *Id*.

21        Here, the allegations in Plaintiff's SAC show no intent to defraud, but instead show an

22   intent to perform.  Plaintiff alleges that he contacted Menzies' counsel on April 24, 2024, thirty

23   days after execution of the release, and Menzies' counsel responded that he would investigate as

24   to the payment.  *See* SAC, at ¶¶ 38, 39.  Over the next few days, Menzies' counsel kept in

25   contact with Plaintiff regarding the status of payment, explaining that there was a short delay,

26   and apologizing.  *Id*. at ¶¶ 40-41.  These allegations do not evince any intent to defraud, but they

27   do demonstrate an intent to perform despite uncontrolled circumstances.  To be sure, payment

28   was deposited into Plaintiff's account on May 6, 2024, the same day Plaintiff filed his first

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

1    amended complaint in this action.  *See* Maggio Decl., at ¶ 12.  Thus, Plaintiff's only allegations

2    of fraud are a non-performance of an alleged oral promise of payment within a time frame,

3    which was investigated, apologized for, and rectified as soon as possible.  *See* SAC at ¶¶ 37-40;

4    Maggio Decl. at ¶¶ 10-12.  Consequently, not only are Plaintiff's conclusory allegations of intent

5    and nonperformance insufficient to show any intent to defraud, but the circumstances

6    surrounding Plaintiff's claims negate any intent to defraud Plaintiff at any time.

7         **4.        Plaintiff Has Not Alleged Any Particular Facts Showing Justifiable Reliance.**

8         Finally, as to the fourth element, justifiable reliance, Plaintiff cannot show that he was

9    justified in relying on an alleged oral promise made outside the terms of the release, but which

10   was not contained in the release supplied to him.  California courts often hold that where, as

11   here, a plaintiff is supplied a written contractual agreement and provided an opportunity to

12   review the agreement, the plaintiff is not justified in relying on alleged misrepresentations that

13   are at odds with the terms in the agreement.  *See Guido v. Koopman*, 1 Cal. App. 4th 837, 843-

14   44, 2 Cal. Rptr. 2d 437, 440-41 (1991) (the plaintiff could not establish justifiable reliance as a

15   matter of law on alleged misrepresentations concerning a release that were at odds with the

16   written terms of the release that was supplied to the plaintiff prior to execution); *Davis v. HSBC

17   Bank Nevada, N.A.*, 691 F.3d 1152, 1163-1164 (9th Cir. 2012)  (the plaintiff could not

18   demonstrate justifiable reliance on purported fraudulent failure to disclose annual fee because the

19   fee was disclosed in terms of the contract that was supplied to plaintiff, regardless of the fact that

20   plaintiff did not read the contract).  Thus, the rule for parties dealing at arms-length, as in this

21   case, is that "when a plaintiff asserts that the defendant misrepresented the nature of the contract,

22   *the contract is not considered void due to the fraud if the plaintiff had a reasonable opportunity

23   to discover the true terms of the contract*. The contract is only considered void when the

24   plaintiff's failure to discover the true nature of the document executed was without negligence on

25   the plaintiff's part." *Brown v. Wells Fargo Bank, N.A.*, 168 Cal. App. 4th 938, 958–59, 85 Cal.

26   Rptr. 3d 817, 833–34 (2008) (*emphasis added*).

27        Here, Plaintiff alleges that he was provided with the release, and he signed and dated the

28   release, had the release notarized, and he mailed the release via priority mail from the U.S. postal

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

1  office, but that "by mistake" he did not "realiz[e] the release did not include the payment in 30-

2  days clause which should have been included in the release." *See* SAC, at ¶ 35.  Plaintiff's

3  allegations demonstrate that not only did he receive the entire release and its terms prior to

4  executing the release, but he had ample opportunity to read and discover the true terms of the

5  release during the several steps he undertook in executing the release.  Thus, Plaintiff cannot

6  seriously argue reasonable reliance on an alleged oral agreement not contained in the written

7  release where he had plenty of opportunities to simply read the release and discover that: (1) the

8  existence of the alleged oral agreement is at odds with the express terms of the release which

9  states that all of the parties' obligations under the settlement agreement are contained in the

10  release and there are no oral agreements related to the settlement agreement that are not stated in

11  the release; and (2) that the release did not contain any "payment in 30-days clause," despite the

12  fact that Plaintiff claims this term was critical to his agreement to any settlement with Menzies.

13  *See* SAC, at ¶ 38.  Under these circumstances, Plaintiff's SAC on its face fails to show any

14  reasonable reliance on an alleged oral misrepresentation, where he had every opportunity to

15  discover the true terms of the release prior to executing the release.

16  Moreover, "in determining whether one can reasonably or justifiably rely on an alleged

17  misrepresentation, the knowledge, education and experience of the person claiming reliance must

18  be considered." *Guido*, 1 Cal. App. 4th at 843.  As noted above and as further explained below,

19  Plaintiff is not a stranger to the judicial system; he has been an active pro se litigant in state and

20  federal courts, including in this case.  *See* Request for Judicial Notice.  Further, Plaintiff was

21  sophisticated enough to engage in arms lengths negotiations on his own with counsel for

22  Menzies.  *See* SAC, at ¶ 31.  As part of these negotiations, Plaintiff alleges that payment in thirty

23  days was an essential condition to his agreement to settle.  *See* SAC, at ¶ 38.  Therefore, Plaintiff

24  cannot argue that after months of negotiations on his own behalf, he was justified in relying on

25  an oral agreement that was essential to his assent, but that was conspicuously missing from the

26  release itself.

27  Based on all of the above, Plaintiff has failed to plead any plausible claim sounding in

28  fraud, and his Fraudulent Inducement and Fraudulent Misrepresentation causes of action must be

dismissed for failure to state a claim.

**B.    Plaintiff's Fraud Claims Are Barred Because He Has Not Rescinded The Release Or Returned The Settlement Funds.**

The California Supreme Court has ruled that a plaintiff seeking relief from a settlement agreement on the grounds that the plaintiff was induced into the agreement by fraud must rescind the agreement and return consideration before suing for damages. *See Vill. Northridge Homeowners Assn. v. State Farm Fire & Cas. Co.*, 50 Cal. 4th 913, 931, 114 Cal. Rptr. 3d 280, 293, 237 P.3d 598, 608 (2010). In *Vill. Northridge Homeowners Assn.*, the plaintiff homeowners association entered into a settlement agreement for an earthquake claim with the defendant insurance company in which the defendant paid an additional $1.5 million for the claim in exchange for the plaintiff releasing the defendant from all known or unknown claims related in anyway to the earthquake claim. *Id*. at 917-18. However, two years later, the plaintiff sued the insurance company for breach of contract, alleging that the defendant had misrepresented the value of the earthquake claim and induced the plaintiff into signing the release of claims. *Id*. at 919-20. However, the plaintiff did not seek to rescind the settlement agreement and return the settlement funds; it simply wished to pursue additional damages based on the alleged fraud. *Id*. The defendant demurred to the complaint, arguing that the plaintiff could not affirm the release and retain the settlement funds and simultaneously pursue claims barred by the release. *Id*. The trial court agreed, finding that the plaintiff "sought to affirm the settlement agreement and keep the money paid in the settlement without releasing its additional claims, and that it 'can't have it both ways.'" *Id*.

The California Supreme Court affirmed the trial court's holding, explaining that the recission of a release that may have been induced by fraud is governed by California Civil Code § 1691, which "requires the party seeking rescission to give notice to the other party 'as to whom he rescinds,' and to restore all consideration or 'everything of value which he has received' under the contract." *Id*. at 921-22 (*quoting* Cal. Civ. Code § 1691 (West 2024). Thus, the Court held that while the more general contract rule allows a party allegedly induced into a contract by fraud to elect whether to rescind the contract and return consideration, or affirm the contract and

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

sue for damages, for release contracts in which the sole object of the contract for which consideration is paid is a release of all claims, the only option for a party seeking to pursue claims is to first rescind the release and restore all consideration. *Id*. at 931. The Court further reasoned that, to allow a plaintiff to "sign a release, keep the money, and then sue [the defendant] for alleged fraud without rescinding the release [] would violate the terms of the bargain and frustrate its purpose. It would also likely inhibit [the] practice of using a release as a settlement device." *Id*.

Plaintiff here is engaging in the exact same behavior that the California Supreme Court in *Vill. Northridge Homeowners Assn.* expressly barred. Like the plaintiff in that case, Plaintiff entered into a settlement agreement with Menzies in which he agreed to release Menzies and its employees from all known or unknown claims related in any way to incident on January 15, 2023, in exchange for reasonable consideration. Now, Plaintiff alleges he was induced into the agreement by fraud, but rather than follow the procedures to rescind the settlement agreement, including returning the settlement funds paid to him, Plaintiff wishes to affirm the parts of the release that benefit him while disaffirming the parts of the release that do not. This practice has been emphatically condemned by the California Supreme Court and the California legislature in enacting California Civil Code Section 1691. Accordingly, if Plaintiff wishes to elect the remedy to sue for damages, which is expressly barred by the release, he must disaffirm the release in its entirety and return the settlement funds to Menzies before pursuing any claims against Menzies.

## III

### PLAINTIFF SHOULD BE REQUIRED TO PAY MENZIES' ATTORNEYS' FEES INCURRED IN BRINGING MOTIONS TO DISMISS PLAINTIFFS FAC AND SAC

As noted above, Plaintiff is misusing the judicial system for personal gain and causing Menzies to incur needless attorneys' fees and cost. *See* Johnson Decl., at ¶¶ 2-6. This is not the first time Plaintiff has engaged in this behavior. In fact, Plaintiff's baseless accusations against Menzies and Menzies' counsel are identical to those made in his related lawsuit against Frontier. Menzies requests that this Court take judicial notice of the filings made in connection with

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

Plaintiff's lawsuit against Frontier in the Middle District Court of Florida arising out of the same incident that forms the basis of Plaintiff's lawsuit against Menzies. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (federal courts "may take judicial notice of court filings and other matters of public record."); *Bonnel v. Best Buy Stores, L.P.*, 881 F. Supp. 2d 1164, 1168-69 (N.D. Cal. 2012) (taking judicial notice of documents filed in another federal district court because documents were from sources whose accuracy cannot reasonably be questioned and were a matter of public record); *Mitchell v. Cnty. of Contra Costa*, 600 F. Supp. 3d 1018, 1025-26 (N.D. Cal. 2022) (taking judicial notice of seventeen previous lawsuits filed against the defendants and prior jury verdict against one defendant which related to the underlying lawsuit).

A review of the docket from the Middle District Court of Florida reveals that, as in this case, Plaintiff entered into settlement discussions with counsel for Frontier, and then signed a written settlement agreement releasing his claims against Frontier. *See* Frontier Airline's Opposition to Plaintiff's Motion to Reopen the Action, Ex. D to Request for Judicial Notice, at pp. 2-3. The Florida court then entered an order dismissing Plaintiff's claims against Frontier with prejudice, in accordance with the settlement agreement. *See* Order of Dismissal, Ex. B to Request for Judicial Notice, at p. 1. However, Plaintiff thereafter filed a motion to reopen his case against Frontier, claiming that his decision to settle was based on alleged oral promises from Frontier's counsel, including an oral promise that the settlement funds would be paid within two weeks, but that he had not received the settlement funds within that time frame, and thus the settlement agreement was breached. *See* Plaintiff's Request to Re-Open Case Against Dismissed Defendant Frontier Airline Inc., Ex. C to Request for Judicial Notice., at pp. 1-3.

Frontier opposed Plaintiff's motion to reopen the action, denying Plaintiff's accusations and explaining that counsel for Frontier offered proof to Plaintiff that the settlement check was sent to Plaintiff within two weeks, and that when Plaintiff claimed he had not received the check, counsel for Frontier issued a stop payment on the original settlement check and a new settlement check was mailed to Plaintiff. *See* Frontier Airline's Opposition to Plaintiff's Motion to Reopen the Action, Ex. D to Request for Judicial Notice., at pp. 3-4. The Florida court denied Plaintiff's

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

1  motion to reopen his case against Frontier airlines, reasoning that "Plaintiff and Frontier entered

2  into a settlement agreement, so any claims at this point would be based on that contract, not his

3  original Complaint." *See* Middle District of Florida Civil Docket, Order Denying Motion to

4  Reopen, Doc. No. 29, Ex. E to Request for Judicial Notice.

5        Here, Plaintiff is engaging in the same tactics in his case against Menzies as with his case

6  against Frontier.  In both instances, he signed releases only to then make unfounded claims that

7  the defendants breached the settlement agreements by not paying the settlement funds within a

8  certain time.  Moreover, in this case, Menzies brought a motion to dismiss Plaintiff's FAC, and

9  after all briefing was complete on both sides, Plaintiff has doubled down on his meritless claims

10  by moving to amend his complaint before Menzies' motion to dismiss Plaintiff's FAC could be

11  heard to avoid dismissal.  Plaintiff's SAC now alleges additional causes of action based on

12  entirely unfounded allegations that the release was induced by fraudulent misrepresentation.  In

13  doing so, Plaintiff not only has cast aspersions on the integrity of reputable attorneys who have

14  attempted to deal with him in good faith, but he also has wasted valuable court resources for

15  improper motives.

16        Plaintiff is no stranger to the judicial system having filed numerous pro se actions in the

17  past.  Menzies requests that this court take judicial notice of ten complaints filed by Plaintiff as a

18  pro se litigant from the years of 2005 to 2017.  *See Reyn's Pasta Bella, LL.*, 442 F.3d at 746 n.6;

19  *Bonnel*, 881 F. Supp. 2d at 1168-69; *Mitchell*, 600 F. Supp. 3d at 1025-26.  Plaintiff's misuse of

20  the judicial system here should not be condoned and Menzies requests that, in addition to

21  dismissal of Plaintiff's FAC, this Court award Menzies the attorney's fees it has incurred in

22  bringing Menzies' motion to dismiss Plaintiff's FAC and the instant motion to dismiss Plaintiff's

23  SAC.  *See* Johnson Decl., at ¶¶ 4-6.

24

25                                         **CONCLUSION**

26        Menzies respectfully requests that this Court dismiss Plaintiff's Second Amended

27  Complaint, with prejudice, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure,

28  and award Menzies attorneys fees and costs.

1

2    Dated: November 7, 2024                    CONDON & FORSYTH LLP

3

4                                              By:  /s/Jennifer J. Johnston
5                                                   JENNIFER J. JOHNSTON
                                                    JUSTIN M. SCHMIDT
6                                                   CHRISTINA V. FERREIRO
                                                    Attorneys for Defendant
7                                                   MENZIES AVIATION (USA) INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030