# EXHIBIT G

Frederick Marc Cooley
P.O. Box 4575
Vallejo, Ca 94590
(707) 373-6405
cooleyfrederickm@gmail.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK MARC COOLEY,<br><br>Plaintiff,<br><br>v.<br><br>**MENZIES AVIATION (USA) INC;<br>AMER SM ASIF; WILLIAM REVIS;<br>JOHN DOE; JANE DOE**,<br><br>Defendants. | No.<br><br>**FIRST AMENDED COMPLAINT FOR A<br>CIVIL CASE**<br><br>[DEMAND FOR JURY TRIAL] |

## A. JURISDICTION

1. This court has Federal jurisdiction over this action pursuant to 28 U.S.C. 1332 [**Diversity of Citizenship**] and 42 U.S.C 1981 [**Racial Discrimination**].

## B. PLAINTIFF

2. Plaintiff Frederick Marc Cooley is a Black American male and is domiciled in the United State of America and currently resides in the State of California, County of Contra Costa.

1

## C. DEFENDANTS

3. Defendant, Menzies Aviation (USA) Inc. is incorporated under the laws of the State of Florida at the Orlando International Airport, in Orange County, Orlando, Florida and has the principal place of business in the State of Texas at 4900 Diplomacy Road, Fort Worth, Tarrant, County.

4. Defendant Amer SM Asif is at all times mentioned employed as a gate agent at the Orlando International Airport, in Orange County, Orlando, Florida at 8450 Jeff Fuqua Blvd., Orlando, Florida 32819.

5. Defendant William Revis is at all times mentioned employed as a sky bridge operator at the Orlando International Airport, in Orange County, Orlando, Florida at 8450 Jeff Fuqua Blvd., Orlando, Florida 32819.

6. Defendant John Doe is at all times mentioned employed as a Menzies Aviation (USA) Inc. supervisor at the Orlando International Airport, in Orange County, Orlando, Florida at 8450 Jeff Fuqua Blvd., Orlando, Florida 32819.

7. Defendant Jane Doe is at all times mentioned employed as a Menzies Aviation (USA) Inc., supervisor at the Orlando International Airport, in Orange County, Orlando, Florida at 8450 Jeff Fuqua Blvd., Orlando, Florida 32819.

## D. PREVIOUS RELATED LAWSUITS

8. A previous related lawsuit alleging the same cause action alleged in this instant case was filed a civil action entitled **Cooley v. Amer SM Asif**, et., al., **6:23-299-CEM-LHP** in the United State District Court, Middle District of Florida. See attached "**Order of Dismissal Without Prejudice**".

9. Defendants Menzies Aviation (USA) Inc., Amer SM Asif, and Willams Revis was represented by John Maggio, Esq., 701 Brickell Avenue-Suite 1550, Miami, Florida, 33131, (305) 492-7303. See attached "Menzies Aviation (USA) Inc., Amer SM Asif and Williams Revis Notice of Lead Counsel Designation."

### E. CAUSE ACTION

10. (1) **Diversity of Citizenship**;(2) **Racial Discrimination**;(3) **Civil Battery under Florida State Law**;(4) **Slander/Defamation under Florida State Law**; (5) **Negligence Supervision under Florida State Law**; (6) **Vicarious liability under Florida State Law** (6) **Breach of Verbal Agreement under California law.**

### F. SUPPORTING FACTS

11. On November 26, 2022, Plaintiff Frederick Marc Cooley ("**COOLEY**"), a Black American adult and life-long resident of California, booked with Frontier Airline, Inc. through its agent "Justfly", an international roundtrip ticket from Oakland, California to Santo Domingo Dominican Republic with a departure date of December 12, 2022, and a return date of January 14, 2023.

12. On January 14, 2023, Frontier Airlines cancelled Cooley's departure at the Las Americas International Airport, Santo Domingo, Dominican Republic for an unknown reason and Frontier offered and provided to Cooley a hotel until the next day January 15, 2023, with the understanding his flight would depart at 10:00 am.

13. On January 15, 2023, Cooley returned to Las Americas International for the hotel prior to his flight's departure and paid $89 for a carry-on bag that was to be transported to Cooley's destination Oakland, California.

3

14. The flight was then delayed until 12:30 pm..
15. Cooley boarded the flight with the carry-on bag that he paid $89 for.
16. The flight included a layover at Orlando International Airport to Las Vegas, Nevada with another layover to Cooley's destination in Oakland, California.
17. Cooley arrived at about 3:00 pm and lay-over in Orlando International Airport located at 9102 Jeff Fuqua Blvd., Orlando, Florida, 32827 for approximately 8 hours at gate 10 waiting to depart.
18. While using his valid boarding pass, Cooley attempted to board Frontier Airline Flight F91 at gate 10, where he was greeted by Defendant Menzies Aviation (USA) ("**MENZIES**"), Amer SM Asif, ("**ASIF**") a non-Black American adult male, who is a citizen of the United States of America, and resides in the State of Florida, County of Orange, City of Orlando.
19. Menzies is a non-airline owned aviation support company providing aviation ground handling services, such as air cargo, baggage, passenger, and ramp handling services at multiple airports including Orlando International Airport.
20. Defendant Asif scanned Cooley's boarding pass and pointed out that the boarding pass did not describe a carry-on bag that was authorized for the flight.
21. Cooley attempted to offer proof that he had paid $89 for the carry-on-bag at the Las Americas International Airport in Santo Domingo, Dominican Republic but Cooley was told by an unidentified Black American adult male Menzies Aviation employee that he could see that Cooley paid $89 but he could not determine what Cooley paid $89 for and told Coley that he would have to pay $89 for the carry-on bag.
22. Cooley thereafter paid $89 for the carry-on bag a second time after a non-Black American woman boarding the flight also paid for a carry-on bag.
23. Asif took Cooley's receipt for his carry-on bag payment and subject Cooley to racial discrimination when Asif told Cooley that the non-Black American

4

woman could board the plane, but Cooley could not.

24. Cooley continued down the jet bridge to board the plane and Asif subjected Cooley to civil battery under Florida state law when Asif intentionally and offensively grabbed Cooley without his consent and unsuccessfully attempted to push and pull Cooley back subjecting Cooley to substantial pain in his right arm.

25. As Cooley made his way down the jet bridge, on at least two more occasions Asif subjected Cooley to civil battery by intentionally and offensively grabbing Cooley by his right arm and without his consent, as Cooley repeatedly told Asif to let him go and to stop touching him, which Asif continued to do in effort to impede Cooley's travel, resulting in substantial pain.

26. Asif and his co-worker defendant William Revis ("**REVIS**") both slandered/defamed Cooley by submitting false, sworn handwritten statements and verbal accusations against Cooley to Orlando Police Officers and defendant Menzies Aviation supervisors ("**John Doe**") and ("**Jane Doe**") and other airport employees that Cooley assaulted Asif, resulting in Cooley being denied the opportunity to complete his travel or rebooking with Frontier Airlines.

27. After reviewing airport video surveillance of the encounter and with Cooley and Asif, and other witnesses the Orlando Police officers determined that Cooley had not violated any Florida state laws and terminated Cooley's detention.

28. Cooley was forced to purchase an airline ticket from United Airlines for a one-way $538.90 plane ticket to San Francisco International Airport to complete his travel and $162 for a hotel room at La Quintan by Wyndham until the next morning.

29. Menzies, John Doe and Jane Doe are all vicariously liable for Asif and Revis' actions that resulted in substantial monetary, emotional and physical injuries to Cooley, as defendants learned of the false allegations against Cooley at the

5

scene, when John Doe and Jane Doe in their supervisory roles disputed the Orlando Police Officers decision to not arrest Cooley then verbally threating to place Cooley on a black list where Cooley could not fly with any airline ever again.

30. Menzies, John Doe and Jane Doe are all liable for their negligence in supervising Asif, Revis and other Menzies subordinates because they were aware or should have been aware that Asif, Revis and other Menzies employees were unfit and defendants failed to take action to investigate, discharge or reassign.

31. On March 18, 2024, Defendant Menzies Aviation (USA) Inc.'s attorney of record, John Maggio Florida State Bar No.: 125425, Florida State Bar No.: 116142, 701 Brickell Avenue, Suite 1550 Miami, FL 33131 (305) 492-7303, jmaggio@condonlaw.com, contacted Cooley by telephone and communicated a settlement offer to Cooley, after negotiating a settlement agreement since November 2023.

32. Cooley specifically asked how long it would take for him to receive payment to resolve the matter?

33. Mr. Maggio communicated that Cooley would receive payment within 30 days of notarizing the general release and mailing it back to Mr. Maggio.

34. On March 25, 2024, Mr. Maggio sent Cooley an email and attached to the email was a "General Release of all claims".

35. On March 25, 2024, Cooley signed, dated and had the agreement notarized, then mailed the agreement priority mail and sent Mr. Maggio a copy of the notarized release agreement and U.S. Postal receipt showing that Cooley mailed to Mr. Maggio the release agreement by priority mail.

36. On April 4, 2024, Cooley provided his banking information so the settlement payment would be deposited in Cooley's banking institution electronically.

37. When Cooley did not receive the payment from Menzies to his savings

6

account Cooley by April 23, 2024, on April 24, 2024, Cooley called Mr. Maggio to inquire about the non-payment, due the verbal agreement that Cooley would receive the funds within 30 days of sending the notarized general release.

38. Cooley communicated to Mr. Maggio that his decision to accept the agreement was contingent on receiving the payment within 30 days and he did not agree with the delay.

39. Mr. Maggio communicated to Cooley that he would check on the non-payment.

40. On April 25, 2024, Mr. Maggio sent Cooley an email assuring that payment would be made on April 29, 2024.

41. When the payment was not made on April 29, 2024, on May 1, 2024, Cooley mailed Mr. Maggio a letter pointing the fact that the non-payment was breach of the oral agreement to pay Cooley within 30 days and that Cooley was withdrawing from the agreement.

42. As of the date of this First Amended Complaint, May 6, 2024, Cooley still has not received the payment.

43. The non-payment has caused substantial damage to Cooley's ability to pay off existing debt that Cooley anticipated that he would pay off upon receipt of the payment from defendants, which negatively impacts Cooley's credit score.

## G. RELIEF

Cooley seeks compensatory and punitive damages for the violation of Florida and California state and Federal protected rights. Specifically, Cooley "**Demands a Jury Trial**" and Cooley seeks the following damage awards from each individual defendant:

1. An award in the amount of $125,000 in Compensatory Damages and $25,000

7

in Punitive Damages against defendant Amer SM Asif.

2. An award in the amount of $75,000 in Compensatory Damages and $15,000 in Punitive Damages against defendant William Revis.

3. An award in the amount of $75,000 in Compensatory Damages and $15,000 in Punitive Damages against defendant John Doe.

4. An award in the amount of $75,000 in Compensatory Damages and $15,000 in Punitive Damages against defendant Amer Jane Doe.

5. An award in the amount of $75,000 in Compensatory Damages against defendant Menzies Aviation (USA) Inc.

## H. CERTIFICATION AND CLOSING

Under Federal Rules of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint; (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law ;(3) the factual contentions have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11. I agree to provide the Clerk's office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's office may result in the dismissal of my case.

Date 5/5/24

*Frederick M. Cooley* (signature)

**FREDERICK MARC COOLEY**
**PLAINTIFF**