UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK MARC COOLEY,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>MENZIES AVIATION (USA) INC; AMER SM ASIF; WILLIAM REVIS; JOHN DOE; JANE DOE,<br><br>　　　　Defendants. | Case No. 3:24-cv-01437-AMO<br><br>**[PROPOSED] ORDER GRANTING MOTION TO DISMISS OF DEFENDANT MENZIES AVIATION (USA) INC. PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**<br><br>Date:　　March 6, 2025<br>Time:　　2:00 p.m.<br>Place:　　Courtroom 10 - 19th Floor |

Defendant Menzies Aviation (USA) Inc. (hereinafter "Menzies"), by and through its attorneys of record, Condon & Forsyth LLP, has moved this Court for an order dismissing plaintiff Frederick Marc Cooley's (hereinafter "Plaintiff") Second Amended Complaint ("SAC"), with prejudice, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

This is a lawsuit seeking damages arising from the alleged discrimination and civil assault of Plaintiff during the course of boarding a flight from Orlando, Florida to his final destination of Oakland, California. Plaintiff alleges that on January 15, 2023, while boarding his flight at Orlando International Airport, Menzies' employees improperly impeded his travel and grabbed his arm without his consent and that the encounter resulted in his inability to board his flight. *See* SAC, ¶¶ 11-28.

1  I.      **Plaintiff's SAC is Dismissed For Failure to State a Claim Because The General**
2          **Release Between Plaintiff and Menzies Bars All Causes of Action in Plaintiff's SAC.**
3          Menzies and Plaintiff have reached a settlement agreement concerning Plaintiff's claims,
4  and, on March 25, 2024, Plaintiff signed a general release of all claims against Menzies and its
5  employees arising out of the incident on January 15, 2023.  Menzies requests judicial notice of
6  the release signed by Plaintiff releasing his claims against Menzies and its employees and moves
7  to dismiss Plaintiff's FAC pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.
8          The Court finds that it may take judicial notice of the release entered into by Plaintiff and
9  Menzies.  Generally, a court may not look beyond the four corners of the complaint, with the
10 exception of matters incorporated into the complaint by reference and any matters subject to
11 judicial notice.  See *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).  However, "[i]n
12 order to 'prevent plaintiff's from surviving a Rule 12(b)(6) motion by deliberately omitting
13 documents upon which their claims are based,' a court may consider a writing referenced in a
14 complaint but not explicitly incorporated therein if the complaint relies on the document and its
15 authenticity is unquestioned."  *See id*. (quoting *Parrino v. FHP, Inc*., 146 F.3d 699, 706 (9th Cir.
16 1998)).  *See also Coto Settlement v. Eisenberg*, 593 F.3d 103, 1038 (9th Cir. 2010) (court may
17 consider extrinsic documents on motion to dismiss outside the complaint "where the complaint
18 necessarily relies upon a document or the contents of the document are alleged in a complaint,
19 the document's authenticity is not in question and there are no disputed issues as to the
20 document's relevance.").
21         Here, Plaintiff's SAC details discussions leading up to and after execution of the release,
22 the SAC references the release at least six times, and Plaintiff's cause of action for breach of an
23 oral agreement is dependent upon the terms and conditions set forth in the release.  *See* SAC, ¶¶
24 31-43.  Thus, the Court finds that Plaintiff's SAC necessarily relies on the release, its
25 authenticity is not questioned and, therefore, the Court may take judicial notice of the release.
26         The Court also finds that Plaintiff has released all claims against Menzies and its
27 employees arising from the incident which is the subject of his SAC.  The release between
28 Plaintiff and Menzies provides that Plaintiff agrees to "release and forever discharge" Menzies

and Menzies' employees from "any claims, losses or damages resulting from or arising out of personal injuries and denial of boarding allegedly sustained by [Plaintiff] in connection with transportation on Frontier flight F91103 from Orlando, Florida to Oakland, California on January 15, 2023," which is the subject of this very lawsuit.  *See* Release, Ex. "D" to Maggio Decl.  The release further provides that it is meant to include "any and all claims, damages, remedies, actions, and causes of action alleged or brought, or which could have been alleged or brought" and "all unknown, unforeseen, unanticipated, and unsuspected injuries, damages, losses and liabilities, and the consequences thereof, as well as those now disclosed and known to exist." *See id*.  Thus, the plain and unambiguous language of the release leaves no doubt that it was the intent of the parties at the time of executing the release to bar all causes of action arising out of the incident, including those causes of action alleged in Plaintiff's SAC.

Further, the release itself states it is the entire agreement between the parties, and that "no promises or agreements or assignments not herein expressed have been made and that this General Release of All Claims contains the entire agreement between the parties hereto and that that [sic] the terms of this General Release of All Claims are contractual and not a mere recital." *See id*., p.3.  Thus, no oral promises or agreements alleged in Plaintiff's SAC may constitute additional or conditional terms to the release.  *See Hollywood Foreign Press Ass'n v. Red Zone Cap. Partners II*, 870 F. Supp. 2d 881, 918 (C.D. Cal. 2012) (*quoting* Cal. Civ. Proc. Code § 1856 (West 2024)) (terms of a writing may be "'explained or supplemented by extrinsic evidence of consistent additional terms,' but not if 'the writing is intended also as a complete and exclusive statement of the terms of the agreement.'").  Nor may any alleged oral promises add, subtract to, or vary the written terms in the release.  *Id*.

Accordingly, Plaintiff's claims alleged against Menzies and Menzies' employees in the SAC are barred by the release signed by Plaintiff, and Plaintiff's SAC must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

//

//

## II. Plaintiff's Fraud Claims Are Dismissed Because Plaintiff Has Not Alleged Facts Giving Rise to Any Plausible Claim for Fraud, And Plaintiff Has Not Rescinded The Release or Returned The Settlement Funds.

This Court finds that Plaintiff's SAC does not allege any facts with sufficient particularly as required by Federal Rule of Civil Procedure 9(b) to establish any plausible claim sounding in fraud. Specifically, Plaintiff's causes of action for Fraud in the Inducement and Fraudulent Misrepresentation fail because Plaintiff has not sufficiently alleged the first four elements of both causes of action: (1) a misrepresentation; (2) knowledge of falsity; (3) intent induce reliance, or (4) justifiable reliance. *Cisco Sys., Inc. v. STMicroelectronics, Inc.*, 77 F. Supp. 3d 887, 897 (N.D. Cal. 2014) (applying California law); *See Hinesley v. Oakshade Town Center*, 135 Cal. App. 4th 289, 295, 37 Cal. Rptr. 3d 364 (2005).

The Court finds that Plaintiff has not alleged any actionable misrepresentation of a past or existing fact. The only alleged "misrepresentation" found in Plaintiff's SAC is a purported statement from counsel for Menzies' that Plaintiff will receive payment within thirty days of execution of the release. *See* SAC at ¶¶ 32-33. However, it is "'hornbook law that an actionable misrepresentation must be made about past or existing facts; statements regarding future events are merely deemed opinions.'" *Graham v. Bank of Am., N.A.*, 226 Cal. App. 4th 594, 606, 172 Cal. Rptr. 3d 218, 228 (2014) (*quoting Neu–Visions Sports Inc. v. Soren/McAdam/Bartells*, 86 Cal. App. 4th 303, 308, 103 Cal. Rptr. 2d 159, 164 (2000)). The court finds that this statement regarding time of payment, even if made, was a mere opinion or prediction of a future event, it is not an actionable misrepresentation.

The Court also finds that Plaintiff has not pled any facts showing that the statement by Menzies's counsel that payment would be made within thirty days of execution of the release was a knowingly false statement at the time it was made. Plaintiff's SAC only makes general and conclusory allegations that counsel for Menzies "fraudulently misrepresented to [Plaintiff]" that he would receive payment within thirty days of executing the release and that Counsel for Menzies sent Plaintiff the release "knowing that he and his clients Menzies had no intentions on performing" the alleged oral agreement to make payment within thirty days of execution of the

1  release.  *See* SAC, at ¶¶ 33-34.  These general and conclusory allegations are insufficient to state
2  a fraud claim, particularly as Plaintiff has not alleged any facts or circumstances suggesting any
3  intent by Menzies of Menzies' counsel not to perform the alleged promise of payment within
4  thirty days at the time it was made.  *See Reeder v. Specialized Loan Servicing LLC*, 52 Cal. App.
5  5th 795, 804, 266 Cal. Rptr. 3d 578, 585–86 (2020).  Further, the mere fact that payment was not
6  made within thirty days is insufficient to state a claim for fraud, as it is well established that "[i]t
7  is insufficient to show an unkept but honest promise, or mere subsequent failure of
8  performance." *Id*.

   The Court also finds that Plaintiff has not pled any particular facts or circumstances
10 giving rise to an inference of intent to defraud or induce reliance on a fraudulent statement.
11 Plaintiff's SAC only adds a bare allegation that Menzies' counsel stated that Plaintiff would
12 receive payment within thirty days "in the act of fraud with the intent to improperly induce
13 [Plaintiff] into accepting the agreement."  *See* SAC, at ¶ 33.  These are the very kind of bare and
14 conclusory allegations which are consistently held to be insufficient to state a plausible claim for
15 fraud.  *See Goodman v. Kennedy*, 18 Cal. 3d 335, 341, 556 P.2d 737, 741 (1976); *Pemberton v.*
16 *Nationstar Mortg. LLC*, 331 F. Supp. 3d 1018, 1047 (S.D. Cal. 2018) ("'[M]ere conclusory
17 allegations" that representations "were intentional and for the purpose of defrauding and
18 deceiving plaintiffs ... are insufficient.'") (*quoting Linear Tech. Corp. v. Applied Materials, Inc.*,
19 152 Cal. App. 4th 115, 61 Cal.Rptr.3d 221, 234 (2007)).  Once again, Menzies' failure to make
20 payment within thirty days is not sufficient to show fraudulent intent, "'something more than
21 nonperformance is required to prove the defendant's intent not to perform his promise.'"  *Tenzer*
22 *v. Superscope, Inc.*, 39 Cal. 3d 18, 30, 702 P.2d 212, 219 (1985) (*quoting People v. Ashley*, 42
23 Cal. 2d 246, 263, 267 P.2d 271, 282 (1954)).  Plaintiff's SAC does not put forth anything more
24 than failure of performance and conclusory allegations of fraudulent intent, neither of which are
25 sufficient to show fraudulent intent or scienter.

26 Finally, Plaintiff cannot show that he was justified in relying on an alleged oral promise
27 made outside the terms of the release, but which was not contained in the release supplied to
28 him.  Plaintiff admits that he was provided with the release, and he signed and dated the release,

1  had the release notarized, and he mailed the release via priority mail from the U.S. postal office,
2  but that "by mistake" he did not "realiz[e] the release did not include the payment in 30-days
3  clause which should have been included in the release."  *See* SAC, at ¶ 35.  However, where, as
4  here, the parties were dealing at arms-length, and Plaintiff was supplied with the entire release as
5  executed and had ample opportunity to read the release and discover its terms in full, he was not
6  justified in relying on any alleged oral promises made outside the release, which are at odds with
7  the express terms of the release.  *See See Guido v. Koopman*, 1 Cal. App. 4th 837, 843-44, 2 Cal.
8  Rptr. 2d 437, 440-41 (1991); *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1163-1164 (9th
9  Cir. 2012) (applying California law).  Further, the Court finds that Plaintiff's history of
10 representing himself in litigation in federal and state courts, combined with his sophistication in
11 negotiating a settlement agreement on his own behalf in this case, demonstrates that Plaintiff's
12 knowledge, education, and experience do not support any justifiable reliance on an alleged oral
13 misrepresentation which is at odds with the written terms of the release.
14     Accordingly, Plaintiff has failed to plead any plausible claim sounding in fraud, and his
15 Fraudulent Inducement and Fraudulent Misrepresentation causes of action must be dismissed
16 pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

17 **III.    Plaintiff is Ordered to Pay Menzies' Attorneys' Fees Incurred in Bringing Motions**
18 **        to Dismiss Plaintiff's FAC and SAC**
19     This Court finds that Plaintiff's claims are meritless and being brought for the improper
20 purpose of harassing Menzies into paying Plaintiff more money than what was fairly bargained
21 for in the release.  Further, this Court takes judicial notice of the court docket from the Middle
22 District Court of Florida, which bears strikingly similar facts to this case, as well as several
23 complaints filed by Plaintiff as a *pro se* litigant from the years of 2005 to 2017.  These court
24 filings show that Plaintiff has engaged in repeat offenses of misuse of the judicial system for
25 personal gain.
26 / /
27 / /
28 / /

[PROPOSED] ORDER GRANTING MOTION TO DISMISS OF   - 6 -
DEFENDANT MENZIES AVIATION (USA) INC.
CASE NO.: 3:24-cv-01437-AMO

1    Plaintiff's tactics have caused Menzies to incur needless attorneys' fees and, therefore, Plaintiff is ordered to pay Menzies the sum or $30,425, for the attorneys' fees it has incurred in bringing its motion to dismiss Plaintiff's FAC and the instant motion to dismiss Plaintiff's SAC.

**IT IS SO ORDERED.**

DATED: _____   _____
Honorable Araceli Martínez-Olguín
United States District Court Judge