# EXHIBIT D

FREDERICK MARC COOLEY
P.O. BOX 4575
VALLEJO, CA 94590
(707) 373-6405
cooleyfrederickm@gmail.com

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION

| | |
|---|---|
| FREDERICK MARC COOLEY, | No. 6:23-cv-299-CEM-LHP |
| Plaintiff, | PLAINTIFF'S REQUEST TO RE-OPEN CASE AGAINST DISMISSED DEFENDANT FRONTIER AIRLINE INC. |
| v. | |
| FRONTIER AIRLINE INC. et.al., | LOCAL RULE 3.09 (b) |
| Defendant. | |

Plaintiff Frederick Marc Cooley, in pro se, hereby submits his request for an order re-opening case against Frontier Airline Inc. for good cause in accordance with Local Rule 3.09(b). This request is made and based upon the Declaration of Frederick Marc Cooley.

### DECLARATION OF FREDERICK MARC COOLEY

1. My name is Frederick Marc Cooley, and I am the pro se Plaintiff named in the above-entitled civil action that was filed February 21, 2023.

2. Originally Frontier Airline Inc. was named as a defendant to the action but after

1

discussing the validity of my claims and Frontier's defenses with Frontier Airline Inc.'s attorney of record Brian T. Maye, I decided to settle the matter.

3. My decision to settle was based on Mr. Maye's representation that Asif SM Amer was not an employee of Frontier Airline Inc. and that a monetary payment would be made to me in about two weeks after signing the settlement agreement and Frontier would not have to file an answer to the complaint.

4. On May 1, 2023, the Court issued an order dismissing with prejudice my claims against Frontier Airline with an opportunity to re-open the case upon good cause in accordance with local rule 3.09 (b).

5. I discovered Mr. Maye was not being totally candid with me about Mr. Asif not being an employee of Employee of Frontier Airline Inc..

6. First, I obtained Orlando Police Department videos at my own expense that show Mr. Asif wearing a green shirt with a white Frontier Airlines embroidered logo.

7. I immediately contacted Mr. Maye and he assured me again that Mr. Asif was not an employee of Frontier Airlines but was employed by Menzies Aviation (USA) Inc.

8. Mr. Maye explained to me that Frontier Airline Inc. does not have any employees that work at the Orlando International Airport and that the only employees of Frontier Airlines are related to the plane such as the captain, his co-pilots and the Stewards and stewardesses.

9. While researching case law in the effort of amending Menzies Aviation (USA) Inc. to my civil complaint I discovered a cited case entitle **Menzies Aviation (USA) Inc. v. Wilcox**, 978 F. Supp. 2d 983 (D. Minn, 2013).

10. In the factual background of that case it states in pertinent part "Plaintiff Menzies Aviation (USA), Inc. ("Menzies") is a non-airline owned aviation support company providing aviation ground handling services, such as air cargo, baggage, passenger, and ramp handling services, at multiple airports.

11. "Mid-2013, Menzies added Frontier Airlines as a customer."

12. Not one time during negotiations or after I signed the agreement to settle the matter did Mr. Maye communicate that Frontier Airlines was customer of Menzies Aviation (USA) Inc. who paid Menzies for passenger services that Menzies provided at the Orlando International Airport.

13. Had Mr. Maye correctly communicated to me the relationship between Frontier Airline Inc and Menzies Aviation (USA) Inc. I would not have made the decision to settle on the terms of the current settlement and continued to litigate my claims if no settlement could be reached.

14. Moreover, I have not received the settlement check as of this date (06/07/2023) and Frontier Airlines refuses to provide me with a copy of the receipt of their payment retained by them showing that they sent a check.

15. I am requesting the court to find good cause to reopen the case against Frontier Airline Inc. due to the misrepresentations and lack of candor of Frontier and their attorney of record.

Date 6/7/2023

_Frederick M. Cooley_

FREDERICK MARC COOLEY

DECLARANT

3