# EXHIBIT N

Original Copy

Case 3:24-cv-01437-AMO   Document 41-14   Filed 11/07/24   Page 2 of 7
Case 2:12-cv-00591-LKK-AC   Document 1   Filed 03/07/12   Page 1 of 6

**FILED**

MAR −6 2012

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Frederick Marc Cooley
(Name of Plaintiff)
500 Union Avenue
(Address of Plaintiff)
Fairfield, CA 94533

2:12-CV-591
(Case Number)

vs.

City of Vallejo
Sean Kenny #620
Eric Jensen #574
(Names of Defendants)

COMPLAINT

Demand For Jury Trial

I. Previous Lawsuits:

   A. Have you brought any other lawsuits while a prisoner:   ☐ Yes   ☐ No

   B. If your answer to A is yes, how many?: _____ Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper using the same outline.)

      1. Parties to this previous lawsuit:

         Plaintiff _____

         Defendants _____

FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983           Rev'd 5/99

2. Court (if Federal Court, give name of District; if State Court, give name of County)

   _____

3. Docket Number _____

4. Name of judge to whom case was assigned _____

5. Disposition (For example: Was the case dismissed? Was it appealed? Is it still pending?)

   _____

6. Approximate date of filing lawsuit _____

7. Approximate date of disposition _____

II. Exhaustion of Administrative Remedies

   A. Is there a grievance procedure available at your institution?   ☑ Yes     ☐ No

   B. Have you filed a grievance concerning the facts relating to this complaint?
                                                                      ☐ Yes     ☑ No
   If your answer is no, explain why not All stated violations Occurred prior to incarceration.

   C. Is the grievance process completed?                             ☐ Yes     ☐ No

III. Defendants

   (In Item A below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use item B for the names, positions and places of employment of any additional defendants.)

   A. Defendant Sean Kenney #620 is employed as Vallejo Police Officer at Vallejo, California.

   B. Additional defendants Defendant Eric Jensen #574 is employed as a Vallejo Police Officer at Vallejo, California. Defendant Joel Kahn is employed as a medical Doctor at Sutter Solano Medical Center in Vallejo, California. The City of Vallejo and the Vallejo Police Department are the employment entities who employ defendants Sean Kenny #620 and Eric Kenny #574. The County of Solano and Sutter Solano ~~Psychiatric~~ Medical Center are the employment entities who employ defendant Joel Kahn.

IV. Statement of Claim

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach extra sheets if necessary.)

On 11/5/11, subsequent to being arrested and placed in handcuffs by Vallejo Police Officer Sean Kenny #620, while lying face down in a prone position Plaintiff was beat with a flashlight by Vallejo Police Officer Eric Jensen #574, resulting in the plaintiff suffering from a broken right hand, head contusion and concussion, multiple bruises and abrasions to his hands, wrists, legs and elbows on his left and right side of his body. Officer Sean Kenny #620 then pulled plaintiff to his feet, escorted plaintiff to a patrol car and slammed the plaintiff chin first into the rear of a patrol car (See Additional Sheets)

V. Relief.

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

Plaintiff is seeking compensatory and punitive damages. He is also seeking damages for emotional distress under California State law.

Signed this 1 day of March, 2012.

Frederick M. Cooley
(Signature of Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct.

3/1/12
(Date)

Frederick M. Cooley
(Signature of Plaintiff)

resulting in plaintiff receiving eight sutures in his chin. The plaintiff complained to officer Sean Kenny #620 that he believed that his hand was broke and that the handcuffs were to tight causing him extreme pain, requesting that officer Kenny #620 to losen the handcuffs. Defendant officer Sean Kenny #620, told plaintiff to "Shut the fuck up" and then officer Sean Kenny #620 tightened the handcuffs up on both plaintiff's hands, tight as he could get them causing plaintiff extreme pain. Officer Sean Kenny #620, roughly escorted plaintiff, by pushing, pulling and shoving plaintiff to the left rear driver side door of his patrol car and told plaintiff to "get in the fuckin car." When plaintiff failed to move fast enough, Officer Sean Kenny shoved plaintiff into the back of the patrol car and slammed the car door on plaintiff's left and right ankles causing additional pain and abrasions. Officers Eric Jensen #574 drove, plaintiff and Officer Sean Kenny to Sutter Solano Medical Center, Emergency Room. Officer Sean Kenny #620, aggressively pulled plaintiff out of the patrol car and was escorted by both officers Sean Kenny #620 and Eric Jensen #574 into the emergency room. Officer Sean Kenny #620 handcuffed plaintiff's right hand to a hospital bed without losening the handcuff. A unidentified nurse entered the hospital room and asked plaintiff how he got his injuries. Before plaintiff could respond officer Eric Jensen #620 told the nurse that plaintiff "got his injuries during a car crash". Plaintiff then told the nurse that "no all my injuries came from

police beating me with a flashlight and other acts of excessive force". Plaintiff identified all his injuries to the nurse and requested that the handcuff be removed from his right hand which was swollen, because he was in extreme pain. The handcuff was not removed upon that request. Medical Doctor, Joel Kahn examined plaintiff and ordered ex-rays be taken of plaintiff's injuries. The handcuff was taken off by officer Sean Kenny for the first time and only for purpose of taking ex-rays but immediately placed tightly back on plaintiff swollen right hand. The plaintiff was returned back to the hospital room, escorted by officer Sean Kenny #620, while officer Eric Jensen #574 stood outside the room. Plaintiff saw officer officer Eric Jensen #574, stop Doctor Joel Kahn before he could enter plaintiffs' hospital room and stated to Dr. Kahn in a audible but low volumne tone of voice that "plaintiff was in a car crash and that his injuries were caused by the crash, and not by flashlights like the plaintiff describe to him." Without adequately evaluating plaintiff's ex-rays, Dr. Kahn cleared plaintiff to the custody of the Vallejo Police Department. Officer Sean Kenney placed the left cuff on plaintiff extremely tight. Plaintiff complained to the Dr. Joel Kahn that the handcuffs were hurting him and asked if

ignored him. Plaintiff was transported to the Vallejo Police Department and placed in a holding cell, handcuffed and in severe pain for approximately two additional hours. A unidentified Vallejo Police Officer communicated to plaintiff that "he was directed to transport plaintiff back to the emergency room because something was wrong with his hand." Upon returning back to the hospital plaintiff was told he suffered from a broke hand.

At all times mention the acts described above occured in Vallejo, California.