FREDERICK MARC COOLEY
P.O. BOX 4575
VALLEJO, CA 94590
(707) 373-6405
cooleyfrederickm@gmail.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK MARC COOLEY,<br><br>Plaintiff,<br><br>vs.<br><br>MENZIES AVIATION (USA) INC; AMER SM ASIF; WILLIAM REVIS; JOHN DOE; JANE DOE, JOHN MAGGIO,<br><br>Defendants. | No.  3:24-cv-01437-AMO<br><br>**PLAINTIFF'S OPPOSITION TO MENZIES AVIATION (USA) INC.'S MOTION TO DISMISS HIS SECOND AMENDED COMPLAINT**<br><br>Date: March 6, 2025<br>Time: 2:00 p.m.<br>Crtrm: 10, 19 Floor |

Plaintiff Frederick Marc Cooley ("Cooley"), in pro se, hereby serves his opposition to defendants Menzies Aviation (USA) Inc.'s ("Menzies") Motion to Dismiss Plaintiff's Second Amended Complaint ("SAC") under Federal Rules of Civil Procedure, Rule 12 (b)(6).

This opposition is made and based upon the attached Memorandum of Points and Authorities, the Declaration of Frederick Marc Cooley, exhibits and any oral arguments made at the hearing on this matter.

1

# I.

## **STATEMENT OF FACTS**

Defendant Menzies Aviation (USA) Inc. brings this instant motion to dismiss the Second Amended Complaint under Federal Rules of Civil Procedure, Rule 12 (b)(6), specifically Plaintiff Frederick Mar Cooley has failed to state a claim of Fraud in the inducement to enter into a written Release Agreement.

Contrary to Menzies arguments Cooley has stated sufficient facts in his SAC to state a viable claim for relief specifically at issue the fact that Menzies and their attorney of record, John Maggio ("Maggio") fraudulently induced Cooley into entering a written Release Agreement when Maggio made an oral promise to Cooley that Cooley would receive payment within 30 days of signing and returning the Release Agreement back to Maggio.

On March 25, 2024, Cooley honored the agreement by signing the agreement and returning it to Maggio. Cooley relied on Maggio oral agreement and when Cooley did not receive the payment with 30 days, Cooley contacted Maggio by phone and pointed to the fact that agreement was contingent on the oral promise to pay within days. On April 25, 2024, 31 days after Cooley returned the signed released Maggio sent Cooley an email stating "Further to our call yesterday, I have been told that we should have funds Monday, April 29, 2024.  Apologies for the short delay, but I will touch base next week."

1    When Cooley did not receive the funds by April 29, 2024, on
2   May 1, 2024, Cooley sent to Maggio by U.S. Mail a letter giving
3   notice of his withdrawal from the agreement and his decision to
4   litigate his claims against all the Maggio's clients. Due to the valid
5   recission of the agreement, the Release Agreement is no longer
6   binding and any funds that were sent after Cooley mailed his letter
7   withdrawing from the agreement are outside the scope of the
8   Release Agreement and therefore not enforceable.

10    Maggio has made declarations subsequent to Cooley's recission
11  of the agreement, that no oral agreement was made to Cooley that
12  he would receive funds within 30 days. In support of Menzies'
13  motion to dismiss Cooley's First Amended Complaint, Maggio
14  declared that "After Mr. Cooley returned the release, he telephoned
15  me almost daily to ask when his settlement funds would be paid".
16  This declaration is materially false and is evidence that Maggio
17  knowingly intended to deceive the court into believing that no oral
18  agreement was made to Cooley that within 30 days he would receive
19  payment.

21    In support of this instant motion to dismiss Cooley's SAC,
22  Maggio submits another declaration that mentions nothing about
23  Cooley calling him almost daily to ask when his settlement funds
24  would be paid because Maggio knew this was not true. There are
25  significant discrepancies in Maggio's versions of facts related to the
26  oral agreement that suggests that there are credibility issue that
27  only be resolved by the court or jury.

28

On October 24, 2025, the District Court issued an order denying Menzies motion to dismiss Cooley FAC, where Menzies sought attorney fees and costs of litigation. Now Menzies seeks an order for fees and costs of litigation for the denied motion to dismiss Cooley's FAC and the instant motion to dismiss Cooley's SAC, which appears to be edited version of the denied motion. Menzies is not entitled to attorney fees and cost because as their first motion to dismissed was denied this instant motion should also be denied also.

## II.

### THE DISTRICT COURT SHOULD NOT JUDICIAL NOTICE OF THE RELEASE AGREEMENT BECAUSE THE RELEASE IS THE RECORDS OF PRIVATE PARTIES AND HAVE NO IMPRIMATUR OF RELIABILITY

A court may take judicial notice "of court filings and other matters of public record." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); see *Dehoog v. Anheuser-Busch InBev SA/NV*, 899 F.3d 758, 763 n.5 (9th Cir. 2018) (taking judicial notice of "government documents, court filings, press releases, and undisputed matters of public record"). Specifically, "the court can take judicial notice of 'public records and government documents available from reliable sources on the Internet, such as websites run by governmental agencies.'" *Romero v. Securus Techs., Inc.*, 216 F. Supp. 3d 1078, 1084 n.1 (S.D. Cal. 2016) (quoting *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015)) Government records are often appropriate for judicial notice, but "the records of private parties have no such

4

1    imprimatur of reliability." *Rollins v. Dignity Health*, (N.D. Cal. 2018)

2    338 F. Supp. 3d 1032.

3

4    In this instant case, Defendant Menzies Aviation (USA) Inc.,

5    requests that the District Court take judicial notice of a written

6    release agreement between Menzies and Plaintiff Frederick Marc

7    Cooley who are private parties. The release has no imprimatur of

8    reliability, and the District Court should not take judicial notice.

9

10                                 **III.**

11   **THE PAROL EVIDENCE RULE DOES NOT APPLY BECAUSE**
     **COOLEY SHOULD BE ABLE TO INTRODUCE EVIDENCE**

12   **ORAL REPRESENTATION TO SHOW HE WAS**

13   **FRAUDULENTLY INDUCED TO ENTER AGREEMENT**

14

15   Although parol evidence is not available to vary express terms

16   of written agreement, it is admissible to show fraudulent

17   inducement to enter into a contract, and this is true even though

18   contract recites that all conditions and representations are

19   embodied therein. *Bell v. Exxon Co. U.S.A.*, (1978) 575 F.2d 714.

20   *Ron Greenspan Volkswagen, Inc. v. Ford Motorland Development*

21   *Corporation,* (1995) 32 Cal.App.4th 985, 995).

22

23   In *Hardisty v. Moore*, (S.D. Cal 2014) 6 F.Supp.3d 1044,

24   Plaintiff John T. Hardisty contended that the parol evidence rule did

25   not apply because he should have been able to introduce evidence of

26   oral representations to show that Defendants fraudulently induced

27   him to enter agreements. The District Court agreed with Hardisty

28

"that parol evidence is admissible to show fraudulent inducement to enter a contract" and cited _Bank of Am. Nat. Trust & Sav. Ass'n v. Lamb Fin. Co.,_ (1960) 179 Cal.App.2d 498, 503; _Edwards v. Centex Real Estate Corp.,_ (1997) 53 Cal.App.4th 15, 42, (parol evidence admissible on issue of fraud in the inducement). This rule applies "even [if] the contract recites that all conditions and representations are embodied therein." _Morris v. Harbor Boat Bldg. Co.,_ (1952) 112 Cal.App.2d 882, 888.

In this instant case, Menzies argues that the General Release bars all cause of action in Cooley's second amended complaint. Cooley argues that he sufficiently alleged in his complaint that "on behalf of Menzies their attorney John Maggio in the act of fraud with the intent to improperly induce Cooley into accepting the agreement, fraudulently misrepresented to Cooley that Cooley would receive payment within 30 days of notarizing the general release and mailing it back to Maggio". Doc. 34-2. At the pleading stage these statements are adequate to state a claim of fraud in the inducement and Cooley should be allowed the opportunity to produce admissible parol evidence to show that Cooley was fraudulent induced into a written agreement with a separate oral promise.

As an offer of admissible parol evidence Cooley intends on introducing an email sent on April 25, 2024, by defendant Maggio assuring that payment would be made on April 29, 2024, which extended the original oral agreement, and apologizing for the "short delay" of the payment. See Exhibit "A".

Therefore, the District Court should reject Menzies' argument in efforts to bar all of Cooley's claims because the parol evidence rule does not apply due to fraudulent representations made by the defendants Menzies and Maggio. This parol evidence directly contradicts Maggio's later declaration denying any such agreement was made and shows that Maggio's intent was to deceive the court.

Cooley seeks to provide further parol evidence specifically defendant Maggio's June 27, 2024, declaration supporting Menzies Motion to Dismiss Cooley's First Amended Complaint, where Maggio declared not only that the no such oral agreement was made but that "<u>After Mr. Cooley returned the release, he telephoned me almost daily to ask when his settlement funds would be paid</u>. Doc. 21, ¶ 10. This statement is intentionally false and was made to deceive the court into believing that no oral agreement was made between Maggio and Cooley, to pay Cooley within 30 days of signing and returning the Release Agreement. Cooley disputed this deceptive statement in his own declaration in support of his opposition to the motion to dismiss FAC. Doc. 28-1, ¶5. Now Menzies attempts to take a second bite at a bad apple and motions to dismiss Cooley's SAC attaching a declaration from Maggio that mentions nothing about Cooley calling him daily to ask when his settlement funds would be paid. Both Maggio's declarations are additional parol evidence to support Menzies and Maggio's fraudulent intent to induce Cooley into making the agreement.

**IV.**

**PLAINTIFF SUFFICIENTLY ALLEGED A CAUSE OF ACTION
FOR FRAUD IN THE INDUCEMENT AGAINST MENZIES AND
THEIR ATTORNEY JOHN MAGGIO**

Common law fraud has five elements: "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." _Small v. Fritz Cos., Inc.,_ (2003) 30 Cal.4th 167, 173; _see also City Solutions Inc. v. Clear Channel Communications, Inc.,_ (9TH Cir. 2004) 365 F.3d 835, 839.

A lawyer communicating on behalf of a client with a nonclient may not knowingly make false statements of material fact to nonclient; misrepresentation can occur through direct statement or through affirmation of a misrepresentation of another, as when lawyer knowingly affirms client's false or misleading statement. _Freeman v. Freeman v. Brutzkus,_ (2010) 182 Cal. App. 4th 1065 citing _Shafer v. Berger, Kahn, Shafton, Moss, Figler, Simon & Gladstone,_ (2003) 107 Cal.App.4th 54. "A lawyer who makes a fraudulent misrepresentation is subject to liability ... when the other elements of the tort are established...." Freeman Id.

In this instant case, Cooley has alleged sufficient facts in his SAC that a.) On behalf of Menzies as their attorney of record, Maggio in the act of fraud with the intent to improperly induce Cooley into accepting the agreement, Maggio fraudulently misrepresented to Cooley that "Cooley would receive payment within 30 days of

8

notarizing the general release and mailing it back to Maggio. b. & c.) On March 25, 2024, Maggio knowing that he and his clients Menzies had no intentions on preforming the oral agreement to make payment in 30-days, and his intent that Cooley would rely on the agreement, Maggio sent Cooley an email and attached to the email was a "General Release of all claims" that purposely did not include any mention of payment in 30 days clause. d.) Cooley reminded Mr. Maggio that his decision to accept the agreement was contingent on receiving the payment within 30 days and he did not agree with the delay. e.) The non-payment has caused substantial damage to Cooley's ability to pay off existing debt that Cooley anticipated that he would pay off upon receipt of the payment from defendants, which negatively impacts Cooley's credit score.

Maggio's declaration that Menzies submits in support their motion to dismiss of Cooley's SAC creates a genuine dispute of material fact because Maggio declares that "no oral agreement was made with Cooley that Cooley would receive payment within 30 days." Admissible parol evidence contradicts Maggio's statement because he sent Cooley an email on April 25, 2024, apologizing for the short delay and communicated that they should have the funds April 29, 2024. Exhibit "A".

Due to the fraudulent misrepresentations made to Cooley by Menzies Aviation (USA) Inc. through their attorney of record John Maggio, Menzies' motion to dismiss should be denied.

**V.**

## COOLEY'S WRITTEN NOTICE OF HIS WITHDRAWAL FROM THE AGREEMENT SERVES AS VALID RECISSION UNDER CAL. CODE OF CIVIL § 1691

Pursuant to section 1691 of the California Civil Code, in order to effect a rescission, a party to a contract must (1) give notice of rescission and (2) restore the other party everything of value <u>which he has received under the contract</u>. Cal. Civ. Code § 1691. While "[i]t is not necessary that the notice to rescind shall be formal and explicit ... notice shall be given to the other party which clearly shows the intention of the person rescinding to consider the contract at an end." <u>Wilson v. Lewis</u>, ((1980) 106 Cal. App. 3d 802, 809 (quoting <u>Hull v. Ray</u>, (1930) 211 Cal. 164, 167; *see* <u>Zeller v. Milligan</u>, (1925) 71 Cal. App. 617, 625 ("The general rule is that the act of rescission by one party to the agreement implies some notice to the other party thereto of an intention and determination to extinguish the contract."). If facts exist that justify a rescission by one party, and he declares a rescission in some effectual manner, he terminates the contract.  <u>Wong v. Stoler,</u> (2015) 237 Cal.App.4th 1375. A court "does not rescind contracts but only affords *relief* based on a party's rescission." <u>Wong</u>. *Id. at* 1385–86. "If the court finds that the contract was rescinded, the aggrieved party shall be awarded <u>complete relief</u>, including restitution of benefits, if any, conferred by him as a result of the transaction and <u>any consequential damages to which he is entitled</u>." <u>Wong.</u> Id. at 1386. Rescission extinguishes a contract, rendering it void ab initio, as if it

never existed. *DuBeck v. California Physicians' Service*, (2015) 234 Cal.App.4th 1254. "Fraudulent inducement of contract is not a context where the traditional separation of tort and contract law obtains." *Rattagan v. Uber Technologies, Inc.*, (2024) 17 Cal.5th 1. "When two parties make a contract, they agree upon the rules and regulations which will govern their relationship, such as the risks inherent in the agreement and the likelihood of its breach. *Rattagan* Id.

In this instant case, on May 1, 2024, Cooley mailed Menzies attorney of record, John Maggio, a letter giving prompt notice that he was withdrawing his agreement and that he would be pursuing litigation against all of Maggio's clients. See Exhibit "B". When Cooley mailed the letter to Maggio, he effectively rescinded the Release Agreement. Therefore, the funds Menzies refers to are not subject to Release Agreement because no contract exists between Cooley and Menzies due to Cooley's May 1, 2024, recission. Cooley is not required to return the funds but is entitled to them as damages because the funds were deposited outside the scope of the rescinded Release Agreement and is subject to any future damage award for the harm suffered. Exhibit "B".

In anticipation of Menzies' potential argument that they did not receive Cooley's letter withdrawing from the agreement, Cooley points to the fact that letter was addressed to Menzies attorney of record John Maggio, 7 Times Square, New York, NY 10036. Exhibit "A". This address is displayed in emails sent by Maggio to Cooley.

Exhibit "A". Cooley argues that his rescission of the contract on May 1, 2024, was valid and effective. The use of the address provided by Maggio's email demonstrates Cooley's due diligence. As a result, any funds deposited by Menzies after the rescission are not governed by the rescinded Release Agreement. Exhibit "B".

## VI

## COOLEY'S SAC ADEQUATELY STATES A CLAIM UNDER RULE 9 (b)

To avoid dismissal for inadequacy under Rule 9(b), the complaint must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation. _Edwards v.. Marin Park, Inc.,_ 356 F.3d 1058, 1066 (9th Cir.2004); _Alan Neuman Prods., Inc. v. Albright,_ 862 F.2d 1388, 1393 (9th Cir.1989). Mere conclusory allegations of a false representation are insufficient. "A plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." _In re GlenFed, Inc. Sec. Litig.,_ 42 F.3d 1541, 1548 (9th Cir.1994). "In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading" _Id._

In California the elements of a claim of fraudulent inducement to enter into a contract or breach a contract are (a) a misrepresentation, false representation, concealment or

nondisclosure; (b) knowledge of falsity; (c) intent to defraud or to induce plaintiff to enter into a contract or breach a contract; (d) justifiable reliance; and (e) resulting damage. _Lazar v. Superior Court,_ 12 Cal.4th 631, 638 (1996). Plaintiffs must identify the contract and the parties to the contract. They must also allege "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." _Swartz v. KPMG LLP,_ 476 F.3d 756, 764 (9th Cir.2007). Mere conclusory allegations of fraud will not suffice. _Moore v. Kayport Package Express, Inc.,_ (9th Cir.1989) 885 F.2d 531, 540; _Das v. WMC Mortgage Corp.,_ (N.D. Cal. 2011) 831 F.Supp.2d 1147, 1166. The allegations in the complaint "must be enough to raise a right to relief above the speculative level." _Bell Atlantic Corp. v. Twombly,_ (2007) 550 U.S. 544, 555.

A motion to dismiss should be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face. _Bell Atlantic Corp. v. Twombly, Id._ at 558–59. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." _Ashcroft v. Iqbal,_ (2009) 556 U.S. 662 at 678. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " _Id._ at 679. In the event dismissal is warranted, it is generally without prejudice, unless it is clear the complaint

13

cannot be saved by any amendment. _Sparling v. Daou,_ (9th Cir.2005) 11 F.3d 1006, 1013.


In this instant case, Cooley has alleged sufficient facts as to the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation. The SAC alleges that on March 18, 2024, Cooley received a telephone call from Maggio who communicated that his clients had a settlement offer for him, where Cooley specifically asked how long it would take for him to receive payment to resolve the matter? The SAC alleges that "on behalf of Menzies, Maggio in the act of fraud with the intent to improperly induce Cooley into accepting the agreement, Maggio fraudulently misrepresented to Cooley that "Cooley would receive payment within 30 days of notarizing the general release and mailing it back to Maggio." These statements are sufficient to state a claim under rule 9 (b). see _Edwards v.. Marin Park, Inc.,_ 356 F.3d 1058, 1066 (9th Cir.2004); _Alan Neuman Prods., Inc. v. Albright,_ 862 F.2d 1388, 1393 (9th Cir.1989).


The District Court should reject Menzies argument that "it is insufficient to show an unkept but honest promise, or mere subsequent failure of performance" because it is Menzies' position that no promise was ever made. The fact that Menzies' arguments supported by Maggio's declarations show that there was intent to defraud because they continue to deny that a promise was made to pay Cooley with 30 days of signing and returning the Release Agreement, Menzies should not be allowed to argue that it was

unkept but honest promise or a mere subsequent failure of performance.

Cooley requests that the District Court infer that he relied on the Maggio's promise because Cooley's sufficiently alleges in his SAC that Cooley reminded Mr. Maggio that his decision to accept the agreement was contingent on receiving the payment within 30 days and he did not agree with the delay.

## VII.

## <u>MENZIES IS NOT ENTITLED TO ATTORNEY FEES</u>

California courts liberally construe the term "on a contract" in Civil Code section 1717. <u>Yoon v. Cam IX Trust</u> (2021) 60 Cal.App.5th 388, 393. Civil Code section 1717 does not require an action for breach of contract, only an action "on a contract." <u>Andrade v. Western Riverside Council of Governments</u>, <u>supra</u>, 99 Cal.App.5th at p. 1026.) Generally, an action (or cause of action) may be deemed "on a contract" for purposes of Civil Code section 1717 "if (1) the action (or cause of action) 'involves' an agreement, in the sense that the action (or cause of action) arises out of, is based upon, or relates to an agreement by seeking to define or interpret its terms or to determine or enforce a party's rights or duties under the agreement; and (2) the agreement contains "<u>an attorney fees clause</u>"." <u>Douglas E. Barnhart, Inc. v. CMC Fabricators, Inc.</u> (2012) 211 Cal.App.4th 230, 242.) Our analysis focuses on the pleadings, the evidence, and the trial court's stated ground for relief to determine whether an

action was "on a contract" for purposes of Civil Code section 1717. _Hyduke's Valley Motors v. Lobel Financial Corp._ (2010) 189 Cal.App.4th 430, 436.

In this instant case, Menzies is not entitled to attorney fees because there was not an attorney fee clause related to the Release Agreement and more importantly the Release Agreement was effectively rescinded on May 1, 2024. Menzies provides no authority that entitles them to attorney fees because none exists.

Menzies references to prior litigations by Cooley is irrelevant to the issue of attorney fees. Not one of the actions that Menzies cites was determined to be brought for an improper purpose nor has it been determined that Cooley is a vexatious litigator or that Cooley misuses the judicial system.

Menzies' current attorneys have now decided to drive up their own cost by addressing irrelevant issues in this litigation. Menzies and their attorney Maggio are liable, and they are not entitled to attorney fees and the District Court should deny their request

## **CONCLUSION**

For the above-stated reasons, Menzies Motion to Dismiss Cooley SAC should be denied.

Date 1/21/24

Frederick Marc Cooley

# EXHIBIT

# "A"

 Gmail                                          **Frederick Cooley <cooleyfrederickm@gmail.com>**

## Settlement funds
1 message

**John Maggio <JMaggio@condonlaw.com>**                          Thu, Apr 25, 2024 at 7:18 AM
To: Frederick Cooley <cooleyfrederickm@gmail.com>

Dear Mr. Cooley,

Further to our call yesterday, I have been told that we should have funds Monday, April 29. Apologies for the short delay, but I will touch base next week.

Regards,

John

---

**John Maggio**
Partner

**Condon & Forsyth LLP**
7 Times Square  /  New York, NY 10036

701 Brickell Avenue  /  Suite 1550  /  Miami, FL 33131
NY 212.894.6792  /  FL 305.492.7303
Mobile 718.753.9536
condonlaw.com

**************************************************
NOTICE: This message is intended only for use by the named addressee and may contain privileged and/or confidential information. If you are not the named addressee you should not disseminate, copy or take any action in reliance on it. If you have received this message in error please notify info@condonlaw.com and delete this message and any attachments accompanying it immediately.

*Any U.S. federal tax advice contained in this correspondence (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

# EXHIBIT

# "B"

May 1, 202

Condon & Forsyth LLP
John Maggio
7 Times Square
New York, NY 10036
701 Brickell Avenue Suite 1550
Miami, FL 33131
NY 212.894.6792
FL 305.492.7303
Mobile 718.753.9536


Frederick Marc Cooley
P.O. Box 4575
Vallejo, Ca 94590
(707) 373-6405
cooleyfrederickm@gmail.com


**TO: DEFENDANTS MENZIES AVIATION (USA) INC., AMER SM ASIF, WILLIAM
REVIS, JOHN DOE, JANE DOE and/or their attorney of record
JOHN MAGGIO**


**RE: FREDERICK MARC COOLEY'S NOTICE OF WITHDRAWL OF GENERAL
RELEASE OF ALL CLAIMS**


Dear Defendants and Mr. Maggio,

In light of the fact that your clients have not finalized the general release of all
claims including the payment of $20,000, I am giving your clients notice that I
am withdrawing my agreement, and I will pursue litigation against all your
clients.

Sincerely

Frederick Marc Cooley,

*Frederick M. Cooley*

U.S. POSTAGE PAID
FCM LG ENV
VALLEJO, CA 94590
MAY 01, 2024

**$1.63**

R2303S 103251-11

10038

Retail

RDC 99

I/A

John Maggio, Esq.
7 Times Square
N.Y. K, NY 10038

Box 4575
Vallejo, Ca 94590

05/22/24

-R-T-S-  100385044-1N

RETURN TO SENDER
INSUFFICIENT ADDRESS
UNABLE TO FORWARD
RETURN TO SENDER