Jennifer J. Johnston (State Bar No.: 125737)
Email: jjohnston@condonlaw.com
Justin M. Schmidt (State Bar No.: 309656)
Email: jschmidt@condonlaw.com
Christina V. Ferreiro (State Bar No.: 349562)
Email: cferreiro@condonlaw.com
CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067
Telephone: (310) 557-2030
Facsimile: (310) 557-1299

Attorneys for Defendant
MENZIES AVIATION (USA) INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK MARC COOLEY,<br><br>    Plaintiff,<br><br>    vs.<br><br>MENZIES AVIATION (USA) INC; AMER SM ASIF; WILLIAM REVIS; JOHN DOE; JANE DOE,<br><br>    Defendants. | Case No. 3:24-cv-01437-AMO<br><br>**REPLY OF DEFENDANT MENZIES AVIATION (USA) INC. IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**<br><br>Date:     March 6, 2025<br>Time:    2:00 p.m.<br>Place:    Courtroom 10 - 19th Floor |

Defendant Menzies Aviation (USA) Inc. ("Menzies"), by and through its attorneys of record, Condon & Forsyth LLP, hereby submits its Reply in support of its Motion to Dismiss plaintiff Frederick Marc Cooley's Second Amended Complaint with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure as follows:

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. ii

INTRODUCTION ............................................................................................................... 1

ARGUMENT ....................................................................................................................... 2

    I.    PLAINTIFF'S CLAIMS ARE BARRED BY THE GENERAL RELEASE ......... 2

    II.    PLAINTIFF STILL HAS NOT ALLEGED ANY FACTS SUFFICIENT TO STATE ANY PLAUSIBLE CLAIM FOR FRAUD UNDER THE FEDERAL RULES OF CIVIL PROCEDURE AND CALIFORNIA LAW ........................... 3

    III.    PLAINTIFF'S ACTION IS BARRED BECAUSE HE HAS NOT RESCINDED THE RELEASE ................................................................................................. 5

CONCLUSION .................................................................................................................... 7

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Cisco Sys., Inc. v. STMicroelectronics, Inc.*,
    77 F. Supp. 3d 887 (N.D. Cal. 2014) .......................................................................................... 3

*Citicorp Real Est., Inc. v. Smith*,
    155 F.3d 1097 (9th Cir. 1998) .................................................................................................... 5

*Cooper v. Pickett*,
    137 F.3d 616 (9th Cir.1997) ....................................................................................................... 3

*Freedman v. Brutzkus,*
    182 Cal. App. 4th 1065, 106 Cal. Rptr. 3d 371 (2010) .............................................................. 4

*Hinesley v. Oakshade Town Center*,
    135 Cal. App. 4th 289, 37 Cal. Rptr. 3d 364 (2005) .................................................................. 3

*Linear Tech. Corp. v. Applied Materials, Inc.*,
    152 Cal. App. 4th 115, 61 Cal. Rptr. 3d 221 (2007) .................................................................. 4

*Mangindin v. Washington Mut. Bank*,
    637 F. Supp. 2d 700 (N.D. Cal. 2009) ....................................................................................... 3

*McClure v. McClure*,
    100 Cal. 339, 34 P. 822 (1893) ................................................................................................... 7

*Pemberton v. Nationstar Mortg. LLC*,
    331 F. Supp. 3d 1018 (S.D. Cal. 2018) ...................................................................................... 4

*Rheinhart v. Nissan N. Am., Inc.*,
    92 Cal. App. 5th 1016, 309 Cal. Rptr. 3d 859 (2023) ............................................................ 6, 7

*Rosenthal v. Great Western Fin. Securities Corp.*,
    14 Cal. 4th 394, 58 Cal. Rptr. 2d 875, 926 P.2d 1061 (1996) ................................................... 3

*Shafer v. Berger, Kahn, Shafton, Moss, Figler, Simon & Gladstone*,
    107 Cal. App. 4th 54, 131 Cal. Rptr. 2d 777 (2003) .................................................................. 4

*Swartz v. KPMG LLP*,
    476 F.3d 756 (9th Cir. 2007) ...................................................................................................... 2

*The Swahn Group, Inc. v. Segal*,
    183 Cal. App. 4th 831, 108 Cal. Rptr. 3d 651 (2010) ................................................................ 5

*Vill. Northridge Homeowners Assn. v. State Farm Fire & Cas. Co.*,
    50 Cal. 4th 913, 114 Cal. Rptr. 3d 280, 237 P.3d 598 (2010) ............................................... 6, 7

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

**Statutes**

Fed. R. Civ. P. 12(b)(6) (West 2024) ................................................................................................ 7

Cal. Civ. Code § 1691 (West 2024) ..........................................................................................1, 5, 6

Cal. Civ. Proc. Code § 1689 (West 2024) ........................................................................................ 5

**Other Authorities**

*B.E. Witkin, Summary of California Law*, Contracts § 403 (9th ed.1987, Supp.1997) .................. 5

# MEMORANDUM AND POINTS OF AUTHORITIES

## INTRODUCTION

Plaintiff's Opposition to Menzies' Motion to Dismiss is devoid of any allegations to support his claims. Plaintiff does not dispute the authenticity of the release entered into between Plaintiff and Menzies which bars all claims against Menzies or its employees arising out of the incident on January 15, 2023, the same incident alleged in Plaintiff's Second Amended Complaint ("SAC"). Plaintiff attempts to attack the validity of the release by claiming it was a product of fraud; however, Plaintiff still has not set forth any specific facts or allegations supporting any plausible claim for fraud as required by the Federal Rules of Civil Procedure and California law.

Moreover, Plaintiff's fraud claims are barred by California Code of Civil Procedure Section 1691 because Plaintiff has neither: (a) given notice of recission of the release or filed an action for recission of the release; or (b) restored to Menzies everything of value he received under the release, the settlement funds. Plaintiff's allegation that he has given notice via a letter sent to Menzies counsel is deliberately misleading, as Plaintiff is aware Menzies did not receive the letter because it was returned to Plaintiff due to insufficient address and inability to forward. Further, Plaintiff fallaciously argues that he is entitled to retain the settlements funds while pursuing the claims he released in exchange for the settlement funds, in direct contravention of California statutes, case law, and public policy.

Plaintiff's Opposition misrepresents the facts and attempts to circumvent firmly established California precedent. In so doing, Plaintiff only confirms that his SAC is being brought for the improper purpose of squeezing more money out of Menzies after execution of a good faith settlement. If allowed to continue, Plaintiff's action against Menzies would jeopardize California public policy encouraging resolution of claims through settlement and would deter defendants from participating in good faith settlement agreements for fear of being nonetheless subjected to litigation after a settlement is reached and settlement funds are paid. Plaintiff's misuse of the judicial system should not be condoned, and his SAC should be dismissed with prejudice and Menzies should be awarded its attorneys' fees. *See* Declaration of

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

1  Jennifer J. Johnson ("Johnson Decl."), at ¶¶ 4-6.

## ARGUMENT

## I

## PLAINTIFF'S CLAIMS ARE BARRED BY THE GENERAL RELEASE

Plaintiff incorrectly argues that the Court should not take judicial notice of the release entered into between Plaintiff and Menzies because the settlement agreement is not a public record but, instead, is a private record between the parties. *See* Opp'n, p. 4. However, Plaintiff ignores the other well recognized category of judicially noticeable documents, a "writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned." *See Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). As explained in Menzies' Motion to Dismiss, the release falls squarely within this category of judicially noticeable documents because Plaintiff's SAC dedicates thirteen (13) paragraphs to allegations surrounding negotiations and execution of the release and specifically references the release six (6) times. *See* SAC at ¶¶ 31 – 43. Plaintiff's SAC also alleges three (3) causes of action for breach of an "oral agreement," fraudulent inducement, and fraudulent misrepresentation which are founded upon the release and its terms. *Id*. at ¶ 10. Thus, as Plaintiff's SAC necessarily relies on the release and Plaintiff has not disputed the authenticity of the release, this Court may properly take notice of the release in ruling on Menzies' Motion to Dismiss.

Plaintiff's Opposition does not address Menzies' argument that the general release entered into between Plaintiff and Menzies bars any and all claims against Menzies and Menzies' employees which were or could have been brought arising out of the incident on January 15, 2023, at Orlando International Airport, which is the same incident that is the basis for Plaintiff's lawsuit. *See* Motion to Dismiss, at pp. 6-9. Plaintiff's Opposition merely challenge the validity the release by making unfounded and conclusory allegations that it was a product of fraud, which, as addressed in Menzies' Motion to Dismiss and reiterated below, is not sufficient to state a claim for fraud so as to invalidate the release and its effect to bar Plaintiff's claims.

# II

# PLAINTIFF STILL HAS NOT ALLEGED ANY FACTS SUFFICIENT TO STATE ANY PLAUSIBLE CLAIM FOR FRAUD UNDER THE FEDERAL RULES OF CIVIL PROCEDURE AND CALIFORNIA LAW

Under California law, the elements of fraudulent misrepresentation are: (1) a misrepresentation; (2) scienter or knowledge of the misrepresentation's falsity; (3) intent to induce reliance on the misrepresentation, (4) justifiable reliance on the misrepresentation, and (5) resulting damages. *Cisco Sys., Inc. v. STMicroelectronics, Inc.*, 77 F. Supp. 3d 887, 897 (N.D. Cal. 2014) (applying California law). Fraud in the inducement is a subset of the tort of fraud, and encompasses the same elements, but it "occurs when 'the promisor knows what he is signing but his consent is induced by fraud, mutual assent is present and a contract is formed, which, by reason of the fraud, is voidable.'" *See Hinesley v. Oakshade Town Center*, 135 Cal. App. 4th 289, 295, 37 Cal. Rptr. 3d 364 (2005) (*quoting Rosenthal v. Great Western Fin. Securities Corp.*, 14 Cal. 4th 394, 415, 58 Cal. Rptr. 2d 875, 926 P.2d 1061 (1996)). Plaintiff's Opposition does not address Menzies' arguments in its Motion to Dismiss showing that Plaintiff has not alleged any factual misrepresentation as a matter of law and has not alleged any facts showing justifiable reliance as a matter of law. *See* Motion to Dismiss, at pp. 11-12, 15-16. Therefore, these points should be deemed conceded by Plaintiff. As both elements of a factual misrepresentation and justifiable reliance are required to state a claim for Plaintiff's causes of action for fraudulent misrepresentation and fraud in the inducement, these causes of action must be dismissed for failure to state a claim on this basis alone.

Additionally, Plaintiff still has not shown any particular facts or circumstances giving rise to a plausible inference of knowledge of falsity (scienter) or fraudulent intent to induce Plaintiff into the release. *Mangindin v. Washington Mut. Bank*, 637 F. Supp. 2d 700, 706 (N.D. Cal. 2009) ("[A] plaintiff seeking to state a claim for fraud must also plead knowledge of falsity, or scienter… nothing in the Federal Rules of Civil Procedure relieves a plaintiff of the obligation to "set forth facts from which an inference of scienter could be drawn.'") (*quoting Cooper v. Pickett*, 137 F.3d 616, 628 (9th Cir.1997)). Plaintiff's Opposition simply reiterates the same bare

1 allegations in his SAC that counsel for Menzies "'in the act of fraud with the intent to improperly
2 induce [Plaintiff] into a accepting the agreement, fraudulently misrepresented to [Plaintiff] that
3 [Plaintiff] would receive payment within 30 days of notarizing the general release and mailing it
4 back to [counsel for Menzies.]'" *See* Opp'n at p. 6 (*quoting* SAC at ¶ 33). However, as
5 explained in Menzies' Motion to Dismiss, these kinds of conclusory allegations, which do not
6 contain any particular facts to support even a slight inference of scienter or intent, are
7 consistently held to be insufficient to state a plausible claim for fraud. *See* Motion to Dismiss, at
8 pp. 12-15. *See also Pemberton v. Nationstar Mortg. LLC*, 331 F. Supp. 3d 1018, 1047 (S.D. Cal.
9 2018) ("'[M]ere conclusory allegations" that representations "were intentional and for the
10 purpose of defrauding and deceiving plaintiffs ... are insufficient.'") (*quoting Linear Tech. Corp.*
11 *v. Applied Materials, Inc.*, 152 Cal. App. 4th 115, 61 Cal.Rptr.3d 221, 234 (2007)). Nor does
12 Plaintiff's assertion that "a lawyer communicating with a nonclient may not knowingly make
13 false statements of material fact to the nonclient," provide any support to his fraud claims. *See*
14 Opp'n at p. 8. As stated in *Freedman v. Brutzkus*, cited in Plaintiff's Opposition, "[a] lawyer
15 who makes a fraudulent misrepresentation is subject to liability ... *when the other elements of the*
16 *tort are established*[.]" 182 Cal. App. 4th 1065, 1069, 106 Cal. Rptr. 3d 371, 374 (2010)
17 (*quoting Shafer v. Berger, Kahn, Shafton, Moss, Figler, Simon & Gladstone*, 107 Cal. App. 4th
18 54, 69, 131 Cal. Rptr. 2d 777 (2003)) (*emphasis added*). However, Plaintiff here has not
19 established any of the required elements of fraud.
20 In support of his claims, Plaintiff puts forth two pieces of parol evidence: (1) an email
21 from Mr. Maggio communicating the status of payment of the funds; and (2) a cherry-picked
22 statement from counsel for Menzies' declaration in support of Menzies' previously filed motion
23 to dismiss Plaintiff's First Amended Complaint. *See* Opp'n at pp. 6-7, Exhibit "A." However,
24 neither of these pieces of evidence offer any support for Plaintiff's fraud claims. First, the email
25 from counsel for Menzies was already provided to this Court in support of Menzies' Motion to
26 Dismiss precisely because the email shows no intent to defraud but shows a sincere and
27 courteous attempt to assist Plaintiff in obtaining the settlement funds promptly, despite the fact
28 that the release did not require any specific time for payment. Second, the statement contained in

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

1  a declaration submitted in support of Menzies' motion to dismiss Plaintiff's First Amended
2  Complaint, which was brought to defend against Plaintiff's litigation initiated in violation of the
3  release, is entirely irrelevant to Plaintiff's claims of fraudulent intent at the time of executing the
4  release.  Thus, Plaintiff still has failed to set forth any particular facts or circumstances to support
5  a claim for fraud, as required by the Federal Rules of Civil Procedure and California law.

### III
### PLAINTIFF'S ACTION IS BARRED BECAUSE HE HAS NOT RESCINDED THE RELEASE

9   Plaintiff's assertion that he has properly rescinded the release is factually and legally
10  incorrect.  *See* Opp'n, at pp. 10-12.  Under California Code of Civil Procedure Section
11  1689(b)(1), a party to a contract has grounds to rescind the contract if the consent of the party
12  seeking rescission was obtained through fraud.  *See* Cal. Civ. Code § 1689(b)(1) (West 2024).
13  However, "in order to escape from its obligation the aggrieved party must *rescind* by prompt
14  notice and offer to restore the consideration received, if any."  *Citicorp Real Est., Inc. v. Smith*,
15  155 F.3d 1097, 1103 (9th Cir. 1998) (*quoting B.E. Witkin, Summary of California Law*,
16  Contracts § 403 (9th ed.1987, Supp.1997); *see also* Cal. Civ. Code § 1691 (West 2024).
17  Alternatively, Plaintiff may rescind by "the service of a pleading in an action or proceeding that
18  seeks relief based on rescission."  Cal. Civ. Code § 1691 (West 2024).  Here, Plaintiff has not
19  fulfilled any of the statutory requirements for recission.

20   First, Plaintiff's purported "notice" is deficient because it does not state any grounds for
21  rescinding the release, but merely states Plaintiff is withdrawing from his agreement because
22  Menzies had "not finalized the general release of all claims including payment of $20,000."  *See*
23  Opp'n, Exhibit "B."  "The point of the notice requirement is to inform the party of the grounds of
24  rescission."  *The Swahn Group, Inc. v. Segal*, 183 Cal. App. 4th 831, 845, 108 Cal. Rptr. 3d 651,
25  662 (2010).  Here, Plaintiff's letter makes no mention of fraud or any other grounds for recession
26  found in California Code of Civil Procedure Section 1689.  Second, Plaintiff's "notice" is
27  ineffective because Menzies or its counsel never received the letter from Plaintiff attempting to
28  withdraw from the release.  Plaintiff's Exhibit "B" attached to his Opposition clearly shows a

1  return to sender stamp dated May 22, 2024, which states the letter was returned to the sender to
2  due to "insufficient address" and "unable to forward." *See* Opp'n, Exhibit "B." Plaintiff is
3  aware that the letter was returned to him due to an inability to deliver to the recipient, as he
4  possesses the envelope with the return to sender stamp and attaches it to his Opposition.
5  However, Plaintiff conveniently leaves this dispositive fact out of his Opposition in a deliberate
6  effort to mislead the Court into believing that he provided effective notice to Menzies of his
7  recission. *See* Opp'n, pp. 11-12, Exhibit "B."
8       Moreover, Plaintiff's recission is invalid for the additional reason that he has not
9  "restore[d] to the other party everything of value which he has received from him under the
10 contract or offer to restore the same upon condition that the other party do likewise." *See* Cal.
11 Civ. Code § 1691(b) (West 2024). Incredulously, Plaintiff argues that because he "rescinded"
12 the release on May 1, 2024, the settlement funds that were deposited to Plaintiff's bank account
13 on May 6, 2024, which were sent solely in consideration of the release, are somehow
14 transformed into a gratuitous gift outside the scope of the release. *See* Opp'n, p. 11. As
15 explained in Menzies' Motion to Dismiss, Plaintiff's attempt to retain the benefit of his bargain
16 under the release, while also disavowing his obligations under the release, is a tactic that the
17 California Supreme Court has unequivocally condemned. *See* Motion to Dismiss, pp. 17-18;
18 *Vill. Northridge Homeowners Assn. v. State Farm Fire & Cas. Co.*, 50 Cal. 4th 913, 931, 114
19 Cal. Rptr. 3d 280, 293, 237 P.3d 598, 608 (2010) (holding a party seeking to rescind a release
20 contract must restore all consideration paid in exchange for the party's release of claims before
21 pursuing claims for damages). Lastly, Plaintiff has not rescinded the release because he has not
22 offered to return the settlement funds and file an action seeking relief based on recission, which
23 is an alternative means of effecting recission. *See* Cal. Civ. Code § 1691(b) (West 2024).
24      Plaintiff's fallacious argument that he may enter into a settlement agreement, retain the
25 settlement funds, and still pursue claims against Menzies, if accepted, would not only jeopardize
26 the agreement between these parties, but would jeopardize every settlement agreement in the
27 state of California. It is without question that "California has a strong public policy favoring the
28 voluntary settlement of disputes." *Rheinhart v. Nissan N. Am., Inc.*, 92 Cal. App. 5th 1016,

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

1027, 309 Cal. Rptr. 3d 859, 868 (2023).  "Settlement agreements 'are highly favored as productive of peace and good will in the community, and reducing the expense and persistency of litigation.'"  *Id*. (*quoting McClure v. McClure*, 100 Cal. 339, 343, 34 P. 822 (1893)).  As the California Supreme Court recognized in *Vill. Northridge Homeowners Assn.*, to allow plaintiffs to "sign a release, keep the money, and then sue [the defendant] for alleged fraud without rescinding the release [] would violate the terms of the bargain and frustrate its purpose. It would also likely inhibit [the] practice of using a release as a settlement device."  50 Cal. 4th at 931.  To be sure, if Plaintiff's claims are allowed to go forward, then no defendants could be assured in their ability to enter good faith settlements and buy their peace without the burden and expense of litigation, which is contrary to the public policy of California.

Accordingly, Plaintiff's SAC remains both substantively and procedurally barred, and must be dismissed.

## CONCLUSION

Menzies respectfully requests that this Court dismiss Plaintiff's Second Amended Complaint, with prejudice, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and award Menzies attorneys' fees and costs.

Dated: November 27, 2024              CONDON & FORSYTH LLP

By: */s/Jennifer J. Johnston*
JENNIFER J. JOHNSTON
JUSTIN M. SCHMIDT
CHRISTINA V. FERREIRO
Attorneys for Defendant
MENZIES AVIATION (USA) INC.