1  Jennifer J. Johnston (State Bar No.: 125737)
   Email: jjohnston@condonlaw.com
2  Justin M. Schmidt (State Bar No.: 309656)
   Email: jschmidt@condonlaw.com
3  Christina V. Ferreiro (State Bar No.: 349562)
   Email: cferreiro@condonlaw.com
4  CONDON & FORSYTH LLP
   1901 Avenue of the Stars, Suite 1050
5  Los Angeles, California 90067
   Telephone: (310) 557-2030
6  Facsimile: (310) 557-1299

7  Attorneys for Defendant
   MENZIES AVIATION (USA) INC.
8

9                   UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11

12 | FREDERICK MARC COOLEY, | Case No. 3:24-cv-01437-AMO |
|---|---|
13 | Plaintiff, | **DEFENDANT MENZIES AVIATION (USA) INC.'S NOTICE OF MOTION AND MOTION FOR SANCTIONS AND ATTORNEYS' FEES** |
14 | vs. | |
15 | MENZIES AVIATION (USA) INC; AMER SM ASIF; WILLIAM REVIS; JOHN DOE; JANE DOE, | Date:  July 10, 2025<br>Time:  2:00 p.m.<br>Place: Courtroom 10 - 19th Floor |
17 | Defendants. | |

20 TO PLAINTIFF IN PRO PER:

21     PLEASE TAKE NOTICE THAT on July 10, 2025, at 2:00 p.m., in the above captioned

22 court, located at 450 Golden Gate Avenue, Courtroom 10 – 19th Floor, San Francisco, California

23 94102, defendant Menzies Aviation (USA) Inc. ("Menzies"), by and through its attorneys,

24 Condon & Forsyth LLP, will move this Court for an award for sanctions and attorneys' fees

25 pursuant to Federal Rule of Civil Procedure 11, Ninth Circuit common law, and Civil L.R. 54-5.

26     This motion will be based upon this Notice of Motion and Motion, the Memorandum of

27 Points and Authorities, the Declaration of Jennifer J. Johnston and exhibits thereto, and on all

28

1  papers and records on file in the above-entitled action, as well as such oral and documentary
2  evidence as may be presented at the hearing of this motion.
3
4  Dated: March 11, 2025                           CONDON & FORSYTH LLP
5
6                                                  By: /s/Jennifer J. Johnston
7                                                      JENNIFER J. JOHNSTON
                                                       JUSTIN M. SCHMIDT
                                                       CHRISTINA V. FERREIRO
8                                                      Attorneys for Defendant
                                                       MENZIES AVIATION (USA) INC.

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................ii-iii

INTRODUCTION ........................................................................................................................ 1

FACTUAL BACKGROUND ....................................................................................................... 1

    A.    Plaintiff Filed a First Amended Complaint and Second Amended Complaint Against Menzies After Entering a Valid Settlement Agreement Releasing All Claims Against Menzies That Were the Subject of Plaintiff's Complaints Against Menzies ................................................................................................... 1

    B.    Menzies Incurred Considerable Time and Expense in Defending Against Plaintiff's Frivolous Claims Which Were Brought in Bad Faith ........................... 5

    C.    Counsel for Menzies Met and Conferred with Plaintiff Prior to Bringing the Instant Motion for Attorneys' Fees ...................................................................... 7

LEGAL STANDARD .................................................................................................................. 7

ARGUMENT ................................................................................................................................ 8

    I.    PLAINTIFF SHOULD BE REQUIRED TO PAY MENZIES' ATTORNEYS' FEES INCURRED IN BRINGING MOTIONS TO DISMISS PLAINTIFF'S FAC AND SAC BECAUSE PLAINTIFF'S CLAIMS WERE FRIVOLOUS AND BROUGHT FOR THE IMPROPER PURPOSE OF HARASSING MENZIES INTO PAYING PLAINTIFF MORE MONEY ................................ 8

    II.    PLAINTIFF SHOULD BE REQUIRED TO PAY THE ENTIRETY OF MENZIES' ATTORNEYS' FEES INCURRED IN BRINGING MOTIONS TO DISMISS PLAINTIFF'S FAC AND SAC BECAUSE MENZIES SPENT A REASONABLE NUMBER OF HOURS AT A REASONABLE RATE AND ACHIEVED EXCELLENT RESULTS ........................................................... 12

CONCLUSION ........................................................................................................................... 13

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

DEFENDANT MENZIES AVIATION (USA) INC.'S NOTICE OF MOTION AND MOTION FOR SANCTIONS AND ATTORNEYS' FEES
CASE NO.: 3:24-cv-01437-AMO

i

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Altmann v. Homestead Mortg. Income Fund*,
  887 F. Supp. 2d 939 (E.D. Cal. 2012) ............................................................................. 8, 9

*Bonnel v. Best Buy Stores, L.P.*,
  881 F. Supp. 2d 1164 (N.D. Cal. 2012) ............................................................................ 10

*Burnette v. Godshall*,
  828 F. Supp. 1439 (N.D. Cal. 1993) ................................................................................... 7

*Chambers v. NASCO, Inc.*,
  501 U.S. 32, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991) ..................................................... 7

*Charlebois v. Angels Baseball LP*,
  993 F. Supp. 2d 1109 (C.D. Cal. 2012) ............................................................................ 12

*Cooter & Gell v. Hartmarx Corp.*,
  496 U.S. 384, 110 S. Ct. 2447 (1990) ................................................................................ 7

*Golden Eagle Distributing Corp. v. Burroughs Corp.*,
  801 F.2d 1531 (9th Cir.1986) ............................................................................................ 7

*Ibrahim v. U.S. Dep't of Homeland Sec.*,
  912 F.3d 1147 (9th Cir. 2019) ......................................................................................... 13

*In re Keegan Management Co., Sec. Litig.*,
  78 F.3d 431 (9th Cir.1996) ................................................................................................ 8

*Mitchell v. Cnty. of Contra Costa*,
  600 F. Supp. 3d 1018 (N.D. Cal. 2022) ........................................................................... 10

*Primus Auto. Fin. Servs., Inc. v. Batarse*,
  115 F.3d 644 (9th Cir.1997) .............................................................................................. 8

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.*,
  442 F.3d 741 (9th Cir. 2006) ........................................................................................... 10

*Simmonds v. Wells Fargo Bank*,
  No. SACV18-01280-JVS-JDEx, 2019 WL 856862 (C.D. Cal., Jan. 22, 2019) .................... 12

*Townsend v. Holman Consulting Corp.*,
  929 F.2d 1358 (9th Cir.1990) ............................................................................................ 8

DEFENDANT MENZIES AVIATION (USA) INC.'S NOTICE OF MOTION AND MOTION FOR SANCTIONS AND ATTORNEYS' FEES
CASE NO.: 3:24-cv-01437-AMO

ii

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

**Statutes and Local Rules**

FED. R. CIV. P. 11 (West 2025) ........................................................................................1, 7, 8, 13

FED. R. CIV. P. 11(b) (West 2025)................................................................................................ 7

Fed. R. Evid. 201 (West 2025)..................................................................................................... 10

Civil. L.R 54-5 .......................................................................................................................1, 7, 13

DEFENDANT MENZIES AVIATION (USA) INC.'S NOTICE OF MOTION AND MOTION FOR SANCTIONS AND ATTORNEYS' FEES
CASE NO.: 3:24-cv-01437-AMO

iii

## INTRODUCTION

Plaintiff Frederick Marc Cooley (hereinafter "Plaintiff") filed this lawsuit seeking damages arising from the alleged discrimination and civil assault of Plaintiff during the course of boarding a flight from Orlando, Florida to his final destination of Oakland, California. Plaintiff alleges that on January 15, 2023, while boarding his flight at Orlando International Airport, Menzies' employees improperly impeded his travel and grabbed his arm without his consent and that the encounter resulted in his inability to board his flight. On November 7, 2024, Defendant Menzies Aviation (USA) Inc. ("Menzies") moved to dismiss Plaintiff's Second Amended Complaint ("SAC"), with prejudice, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the grounds that Plaintiff entered into a settlement agreement with Menzies and signed a release releasing all of his claims against defendants and Menzies has paid Plaintiff all settlement funds owed to him under the settlement agreement. On February 25, 2025, this Court granted Menzies' motion to dismiss Plaintiff's SAC with prejudice.

Pursuant to Federal Rule of Civil Procedure 11, Ninth Circuit common law, and Northern District Court of California Civil Local Rule 54-5, Defendant Menzies brings this Motion for Attorneys' Fees incurred in moving dismissing Plaintiff's action against Menzies. Menzies seeks an award of $30,425.00 on the grounds that Plaintiff's claims against Menzies were frivolous, had no basis in law or fact, and were brought for the sole purposes of harassing Menzies.

## FACTUAL BACKGROUND

**A.  Plaintiff Filed a First Amended Complaint and Second Amended Complaint Against Menzies After Entering a Valid Settlement Agreement Releasing All Claims Against Menzies That Were the Subject of Plaintiff's Complaints Against Menzies.**

Plaintiff's underlying action concerned an incident in which Plaintiff alleged that on January 15, 2023, while boarding a Frontier Airlines flight at Orlando International Airport, a Menzies employee subjected Plaintiff to discrimination and civil battery. *See* Plaintiff's First Amended Complaint ("FAC"), ECF No. 10.

On February 21, 2023, Plaintiff filed a lawsuit against Frontier Airlines and Amer SM Asif in the United Stated District Court for the Middle District of Florida. The complaint alleged that on January 15, 2023, while boarding a Frontier Airlines flight at Orlando International Airport, Mr. Asif subjected Plaintiff to discrimination and civil battery. The complaint erroneously alleged that Mr. Asif was an employee of Frontier, when, in fact, he was an employee of Menzies. Menzies provides employees to Frontier to work as gate agents for Frontier flights at Orlando, and Mr. Asif was working as a gate agent for Plaintiff's flight at the time of the alleged incident. *See* Declaration of John Maggio in Support of Menzies' Motion to Dismiss Plaintiff's SAC ("Maggio Decl."), ECF No. 40-2, ¶ 3; Complaint filed in the Middle District of Florida, Exhibit "A" to Maggio Decl., ECF No. 40-3.

On June 8, 2023, Plaintiff filed a First Amended Complaint in the Florida action, naming Menzies as a defendant, and correctly naming Mr. Asif as a Menzies employee, and adding William Revis, another Menzies employee, as a defendant. *See* Maggio Decl., ECF No. 40-2, ¶ 4; Amended Complaint filed in the Middle District of Florida, Exhibit "B" to Maggio Decl., ECF No. 40-4. Condon & Forsyth was retained by Menzies to represent Menzies and the Menzies' employees in Plaintiff's action. *See* Maggio Decl., ECF No. 40-2, ¶ 5. John Maggio, a member of Condon & Forsyth, appeared as counsel of record for Menzies, Mr. Asif, and Mr. Revis. *See id.*, ¶ 1, 5.

On January 30, 2024, the Court dismissed Plaintiff's complaint filed in the Middle District of Florida *sua sponte* on the grounds that Plaintiff failed to file a case management report as required by Florida court rules. *See id.*, ¶ 6; Order of Dismissal, Exhibit "C" to Maggio Decl., ECF No. 40-5. Thereafter, on March 8, 2024, Plaintiff filed his complaint in this Court repeating his allegations against Menzies, Mr. Asif, and Mr. Revis.

Before Plaintiff served the complaint he filed in the Northern District of California, Mr. Maggio engaged in settlement discussions on behalf of Menzies and its employees and insurers with Plaintiff and a settlement agreement was reached. *See* Maggio Decl., ECF No. 40-2, ¶ 8. At no time during the settlement discussions were any representations made to Plaintiff as to

1  when the settlement funds would be paid. *See id*.

2      On March 25, 2024, Mr. Maggio forwarded a release to Plaintiff for his review and
3  signature. In the release, Plaintiff agreed, in exchange for reasonable consideration, to "release
4  and forever discharge" Menzies and Menzies' employees from "any claims, losses or damages
5  resulting from or arising out of personal injuries and denial of boarding allegedly sustained by
6  [Plaintiff] in connection with transportation on Frontier flight F91103 from Orlando, Florida to
7  Oakland, California on January 15, 2023[.]" *See* Release, Exhibit "D" to Maggio Decl., ECF
8  No. 40-6, p. 1. The release covers "any and all claims, damages, remedies, actions, and causes
9  of action alleged or brought, or which could have been alleged or brought" and "all unknown,
10 unforeseen, unanticipated, and unsuspected injuries, damages, losses and liabilities, and the
11 consequences thereof, as well as those now disclosed and known to exist." *See id*.

12     The release does not contain any provisions as to when the settlement funds would be
13 paid. The release does, however, provide that "no promises or agreements or assignments not
14 herein expressed have been made and that this General Release of All Claims contains the entire
15 agreement between the parties hereto and that that [sic] the terms of this General Release of All
16 Claims are contractual and not a mere recital." *See id*., p. 3. Plaintiff signed and returned the
17 release on March 25, 2024. *See* Maggio Decl., ECF No. 40-2, ¶ 9.

18     After Plaintiff returned the release, he telephoned Mr. Maggio to ask when his settlement
19 funds would be paid. It was explained to him that the settlement funds were coming from
20 London, and it would take a bit of time for them to be transferred to the law firm's client trust
21 account, but, hopefully, they would arrive in thirty days. However, at no time were any promises
22 made to Plaintiff as to when the settlement funds would be paid. *See* Maggio Decl., ECF No. 40-
23 2, ¶ 10.

24     On April 25, 2024, Mr. Maggio sent Plaintiff an e-mail advising him that the funds were
25 expected by April 29, 2024. There was a delay of a few days, however, and the settlement funds
26 were not received in the law firm's client trust account until Friday, May 3, 2024. On the
27 morning of Monday, May 3, Mr. Maggio sent Plaintiff an e-mail advising him that the firm
28

1  received the settlement funds, and they would be transferred to his account.  Later that same day,
2  Mr. Maggio sent Mr. Cooley another e-mail advising him that the wire payment had been set up
3  and requesting that he confirm receipt of the settlement funds.  *See* Maggio Decl., ECF No. 40-2,
4  ¶ 11; April 25, 2024, and May 3, 2024, e-mails, Exhibit "E" to Maggio Decl., ECF No. 40-7.  On
5  May 6, 2024, the settlement funds were deposited in Plaintiff's bank account.  *See* Maggio Decl.,
6  ECF No. 40-2, ¶ 12; Wire transfer confirmation, Exhibit "F" to Maggio Decl., ECF No. 40-8.

7  On that same day, May 6, 2024, instead of dismissing his complaint in the Northern
8  District of California, Plaintiff filed a First Amended Complaint ("FAC") in this action, in which
9  he alleged, incorrectly, that Menzies had breached the settlement agreement and he had
10 withdrawn from the settlement.  *See* FAC, ECF No. 10.  Plaintiff, however, never informed Mr.
11 Maggio by telephone or e-mail that he was "withdrawing" from the settlement agreement, and
12 Mr. Maggio never received the letter that Plaintiff alleges in his FAC that he sent withdrawing
13 from the settlement.  *See* Maggio Decl., ECF No. 40-2, ¶ 13.  Moreover, even if Plaintiff sent
14 any such communication, Plaintiff had no legal grounds for "withdrawing" from the settlement
15 after he had signed a release of all claims.

16 On June 17, 2024, after learning that Plaintiff filed his FAC making these allegations, Mr.
17 Maggio attempted to contact Plaintiff by telephone and e-mail to discuss the matter.  However,
18 Plaintiff failed to respond to either Mr. Maggio's telephone call or e-mail.  *See* Maggio Decl.,
19 ECF No. 40-2, ¶ 14; June 17, 2024 e-mail, Exhibit "H" to Maggio Decl., ECF No. 40-10.
20 Plaintiff also has retained the settlement funds that were wired to his account pursuant to the
21 settlement agreement.  *See* Maggio Decl., ECF No. 40-2, ¶ 15.

22 Plaintiff's FAC alleges causes of action against Menzies for: (1) Racial Discrimination;
23 (2) Civil Battery under Florida State Law; (3) Slander/Defamation under Florida State Law;
24 Negligence Supervision [sic] under Florida State Law; (5) Vicarious Liability under Florida State
25 Law; and (5) Breach of Verbal Agreement under California Law.  *See* FAC, ECF No. 10.

26 Menzies filed a motion to dismiss Plaintiff's FAC, and after all briefing was complete on
27 both sides, Plaintiff moved to amend his complaint and the Court entered an order allowing him
28

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

1  to file his SAC.  Plaintiff's SAC alleges two additional causes of action against Menzies for
2  Fraudulent Inducement under California State Law and Fraudulent Misrepresentation under
3  California State Law.  *See* Plaintiff's SAC, ECF No. 39.

4        Menzies then moved to dismiss Plaintiff's SAC on the grounds that all claims against
5  Menzies were barred by the express terms of the release, and that Plaintiff had alleged no facts
6  sufficient to show any fraudulent intent or behavior from Menzies or its counsel.  *See* Menzies'
7  Motion to Dismiss Plaintiff's SAC, ECF No. 40.

8        On February 25, 2025, this Court granted Menzies Motion to Dismiss Plaintiff's SAC,
9  finding that: (1) Plaintiff has released all claims against Menzies and its employees arising from
10 the incident which is the subject of his SAC; and (2) that Plaintiff's SAC does not allege any
11 facts with sufficient particularly as required by Federal Rule of Civil Procedure 9(b) to establish
12 any plausible claim sounding in fraud.  *See* Order Granting Menzies' Motion to Dismiss
13 Plaintiff's SAC, ECF No. 44.

14       On February 26, 2025, Plaintiff filed a notice of appeal of this Court's Order dismissing
15 his SAC with prejudice.  *See* Plaintiff's Notice of Appeal, ECF No. 46.

16 **B.  Menzies Incurred Considerable Time and Expense in Defending Against Plaintiff's**
17      **Frivolous Claims Which Were Brought in Bad Faith.**

18       Menzies incurred considerable time and expense bringing two motions to dismiss
19 Plaintiff's claims against it, which were brought in direct violation of a valid settlement
20 agreement between Menzies and Plaintiff.  *See* Declaration of Jennifer J. Johnston ("Johnston
21 Decl."), at ¶¶ 2-8.  Plaintiff's FAC and SAC filed against Menzies after signing a valid release
22 were frivolous pleadings filed in a bad faith effort to squeeze more money out of Menzies.
23 Plaintiff has engaged in the same vexatious litigation tactics before in his case against Frontier
24 Airlines arising out of the same incident on January 15, 2023, in which he entered into a valid
25 settlement agreement and later attempted to rescind the settlement agreement and reopen his case
26 against Frontier based on certain claims, including the claim that Frontier breached an agreement
27 to pay the settlement funds within two weeks.  A public record search reveals that the instant
28

action is but one of a long line of complaints filed by Plaintiff over the course of nearly two decades.

Menzies retained the undersigned counsel of the law firm of Condon & Forsyth, LLP to represent Menzies in Plaintiff's action against it. Christina Ferreiro is an associate with Condon & Forsyth, and she has conducted legal research related to Menzies' Motion to Dismiss Plaintiff's First Amended Complaint and Menzies' Motion to Dismiss Plaintiff's Second Amended Complaint and drafted the moving and supporting papers for both motions to dismiss. *See* Johnston Decl., at ¶ 2. Ms. Ferreiro's time is billed at the rate of $235 per hour, which is an ordinary and custom rate for an attorney of her level and experience. *Id*. at ¶ 4. Jennifer Johnston is a partner with the law firm of Condon & Forsyth, and she supervised Ms. Ferreiro's work by instructing her on relevant arguments and reviewing and revising both motions to dismiss and supporting papers and reviewing Plaintiff's opposing papers. *Id*. at ¶ 3. Ms. Johnston's time is billed at the rate of $505 per hour, which is an ordinary and custom rate for an attorney of her skill and experience. *Id*. at ¶ 4.

Condon & Forsyth LLP maintains its billing records through LMS, a computer program that is used to keep track of time spent by attorneys providing billable legal services to clients. *Id*. at ¶ 5. This information is stored and maintained in the firm's electronic files in the usual course of business and used for the purpose of issuing fee bills to clients. *Id*. Condon & Forsyth LLP's billing records show that Ms. Ferreiro has spent in excess of 65 hours conducting legal research and drafting the motion and supporting papers for both motions, and Ms. Johnston has spent in excess of 30 hours instructing Ms. Ferreiro and reviewing and revising the motion and supporting papers for both motions, reviewing plaintiff's opposition to the first motion and assisting in the research and review of other lawsuits. *Id*. at ¶ 6. Ms. Ferreiro has billed in excess of $15,275 in fees in connection with the drafting of both motions and supporting papers and Ms. Johnston has billed in excess of $15,150 in fees in connection with the review of both motions and supporting papers and other associated tasks. *Id*. at ¶ 7.

**C.  Counsel for Menzies Met and Conferred with Plaintiff Prior to Bringing the Instant Motion for Attorneys' Fees.**

On March 4, 2025, counsel for Menzies sent Plaintiff a meet and confer e-mail which advised of the Court's ruling dismissing Plaintiff's SAC with prejudice, and that this Court's Order states that Menzies may file a request for attorney's fees in compliance with Civil Local Rule 54-5. *See* Meet and Confer E-mail Exchange, Ex. A to Johnston Decl. In the same correspondence, counsel for Menzies advised that before bringing any motion for attorneys' fees, Menzies would be willing to resolve the disputed issues related to attorneys' fees. *Id.* Specifically, Menzies offered to waive its right to seeks attorney's fees return for Plaintiff's agreement to dismiss with prejudice his appeal filed in the U.S. Court of Appeals for the Ninth Circuit. *Id.* Plaintiff responded that he would consider dismissing with prejudice his appeal in exchange for $6,000.00. *Id.*

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 11, "every signature on a pleading, motion or other paper constitutes certification of the merits of the document. Sanctions are mandatory when the paper is (1) not 'well grounded in fact'; (2) not 'warranted by existing law'; or (3) filed for an 'improper purpose.' This certification is designed to deter dilatory or abusive pretrial tactics." *Burnette v. Godshall*, 828 F. Supp. 1439, 1447 (N.D. Cal. 1993) (*quoting Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 398, 110 S. Ct. 2447, 2457 (1990)); *see also* Fed. R. Civ. P. 11(b). "[W]here a Rule 11 violation is found, the court has no discretion to refuse sanctions but only to determine the nature and amount of sanctions imposed." *Burnette*, 828 F. Supp. at 1447 (*citing Golden Eagle Distributing Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1536 (9th Cir.1986)).

In additional to Rule 11, common law permits a court to assess attorney's fees against a losing party that has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO*, Inc., 501 U.S. 32, 45–46, 111 S. Ct. 2123 (1991). "A finding of bad faith is warranted where an attorney 'knowingly or recklessly raises a frivolous argument, or argues a

meritorious claim for the purpose of harassing an opponent.'" *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir.1997) (*quoting In re Keegan Management Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir.1996)). Although mere recklessness alone does not constitute bad faith, "an award of attorney's fees is justified when reckless conduct is combined with an additional factor such as frivolousness, harassment, or an improper purpose." *Id*.

# ARGUMENT

## I.

### PLAINTIFF SHOULD BE REQUIRED TO PAY MENZIES' ATTORNEYS' FEES INCURRED IN BRINGING MOTIONS TO DISMISS PLAINTIFF'S FAC AND SAC BECAUSE PLAINTIFF'S CLAIMS WERE FRIVOLOUS AND BROUGHT FOR THE IMPROPER PURPOSE OF HARASSING MENZIES INTO PAYING PLAINTIFF MORE MONEY

Menzies' should be awarded reasonable attorney's fees because Plaintiff acted in utter bad faith in bringing his FAC and SAC against Menzies after signing a release in which he agreed to release and forever discharge any and all claims which were or could have been brought arising out of the incident on January 15, 2023, at Orlando International Airport—the same incident that is the basis for Plaintiff's FAC and SAC. Plaintiff's behavior should be deterred with sanctions, and he should be required to pay Menzies' attorneys' fees for two reasons: (1) Plaintiff's claims brought after signing the release were entirely frivolous and had no basis in law or fact; and (2) Plaintiff's claims were brought for the sole purpose of squeezing more money out of Menzies than what he fairly bargained for in the release.

First, Plaintiff's FAC and SAC were entirely frivolous. A filing is "frivolous" where it is "both baseless and made without a reasonable and competent inquiry." *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir.1990). In *Altmann v. Homestead Mortg. Income Fund*, for instance, the court found that Rule 11 sanctions were warranted where the plaintiff, a loan borrower, brought causes of action against the defendant-lender arising out of the loan agreement, after entering into a forbearance agreement in which he agreed to release the lender

DEFENDANT MENZIES AVIATION (USA) INC.'S NOTICE OF MOTION AND MOTION FOR SANCTIONS AND ATTORNEYS' FEES
CASE NO.: 3:24-cv-01437-AMO

- 8 -

from claims arising out of the loan. 887 F. Supp. 2d 939, 953-54, 956-57 (E.D. Cal. 2012). The court reasoned that, because the forbearance agreement clearly barred the plaintiff's claims, the filings against the defendants were frivolous, had no chance of success, and the plaintiff's action was "a ploy to harass and vex the lender defendants." *Id.* at 957.

The same is true here. As this Court found in its Order dismissing Plaintiff's SAC, the "the plain and unambiguous language of the release leaves no doubt that it was the intent of the parties at the time of executing the release to bar all causes of action arising out of the incident, including those causes of action alleged in Plaintiff's SAC," which were the same causes of action alleged in Plaintiff's FAC. *See* Order Granting Menzies' Motion to Dismiss Plaintiff's SAC, ECF No. 44, p. 3. Thus, under clearly existing precedent, Plaintiff had absolutely no basis in law or fact for his bringing his FAC or SAC, where these filings were clearly barred by the release. Consequently, Plaintiff's claims arising out of the incident in Orlando, Florida on January 15, 2023, were entirely frivolous, and had no basis in law or fact.

Plaintiff's additional allegations in his SAC of fraud were also frivolous and had no basis in law or fact. As this Court found in its Order dismissing Plaintiff's SAC, Plaintiff's claims allegations of fraud were entirely conclusory, and Plaintiff did not plead any fact that could give rise to any claim for fraud. *See* Order Granting Menzies' Motion to Dismiss Plaintiff's SAC, ECF No. 44, pp. 4-6. In bringing entirely baseless accusations of fraud, Plaintiff not only has cast aspersions on the integrity of reputable attorneys who have attempted to deal with him in good faith, but he also has wasted valuable court resources for improper motives. Sanctions against Plaintiff are warranted to deter him from repeating such abusive tactics with other good standing members of the bar who in good faith attempt to settle with Plaintiff and avoid costly litigation, only to find themselves nonetheless tangled in litigation and defending their professionalism.

Second, Plaintiff's causes of action against Menzies were brought for the improper purpose of harassing Menzies. This is not the first time Plaintiff has engaged in this behavior. As described in Menzies' Motion to Dismiss Plaintiff's SAC and above, Plaintiff's baseless

DEFENDANT MENZIES AVIATION (USA) INC.'S NOTICE OF MOTION AND MOTION FOR SANCTIONS AND ATTORNEYS' FEES
CASE NO.: 3:24-cv-01437-AMO

- 9 -

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

accusations against Menzies and Menzies' counsel are identical to those made in his related lawsuit against Frontier in the Middle District Court of Florida. This Court may take judicial notice of the Plaintiff's prior court filings in connection with Menzies' Motion for Sanctions and Attorneys' Fees because under Federal Rule of Evidence 201, federal courts "may take judicial notice of court filings and other matters of public record." *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (federal courts "may take judicial notice of court filings and other matters of public record."); *Bonnel v. Best Buy Stores, L.P.*, 881 F. Supp. 2d 1164, 1168-69 (N.D. Cal. 2012) (taking judicial notice of documents filed in another federal district court because documents were from sources whose accuracy cannot reasonably be questioned and were a matter of public record); *Mitchell v. Cnty. of Contra Costa*, 600 F. Supp. 3d 1018, 1025-26 (N.D. Cal. 2022) (taking judicial notice of seventeen previous lawsuits filed against the defendants and prior jury verdict against one defendant which related to the underlying lawsuit).

A review of the docket from the Middle District Court of Florida reveals that, as in this case, Plaintiff entered into settlement discussions with counsel for Frontier, and then signed a written settlement agreement releasing his claims against Frontier. *See* Frontier Airline's Opposition to Plaintiff's Motion to Reopen the Action, Ex. D to Request for Judicial Notice, at pp. 2-3. The Florida court then entered an order dismissing Plaintiff's claims against Frontier with prejudice, in accordance with the settlement agreement. *See* Order of Dismissal, Ex. B to Request for Judicial Notice, at p. 1. However, Plaintiff thereafter filed a motion to reopen his case against Frontier, claiming that his decision to settle was based on alleged oral promises from Frontier's counsel, including an oral promise that the settlement funds would be paid within two weeks, but that he had not received the settlement funds within that time frame, and thus the settlement agreement was breached. *See* Plaintiff's Request to Re-Open Case Against Dismissed Defendant Frontier Airline Inc., Ex. C to Request for Judicial Notice., at pp. 1-3.

Frontier opposed Plaintiff's motion to reopen the action, denying Plaintiff's accusations and explaining that counsel for Frontier offered proof to Plaintiff that the settlement check was

sent to Plaintiff within two weeks, and that when Plaintiff claimed he had not received the check, counsel for Frontier issued a stop payment on the original settlement check and a new settlement check was mailed to Plaintiff. *See* Frontier Airline's Opposition to Plaintiff's Motion to Reopen the Action, Ex. D to Request for Judicial Notice., at pp. 3-4. The Florida court denied Plaintiff's motion to reopen his case against Frontier airlines, reasoning that "Plaintiff and Frontier entered into a settlement agreement, so any claims at this point would be based on that contract, not his original Complaint." *See* Middle District of Florida Civil Docket, Order Denying Motion to Reopen, Doc. No. 29, Ex. E to Request for Judicial Notice.

Here, Plaintiff is engaging in the same tactics in his case against Menzies as with his case against Frontier. In both instances, he signed releases only to then make unfounded claims that the defendants breached the settlement agreements by not paying the settlement funds within a certain time. Moreover, in this case, Menzies brought a motion to dismiss Plaintiff's FAC, and after all briefing was complete on both sides, Plaintiff doubled down on his meritless claims by moving to amend his complaint before Menzies' motion to dismiss Plaintiff's FAC could be heard to avoid dismissal. Plaintiff's SAC then alleged additional causes of action based on entirely unfounded allegations that the release was induced by fraudulent misrepresentation.

Plaintiff's improper motives of harassing Menzies through litigation is further evidenced by the fact that, after successfully dismissing Plaintiff's SAC on the merits, Menzies continued to engage in good faith settlement efforts with Plaintiff by offering to waive its right to seek attorney's fees return for Plaintiff's agreement to dismiss with prejudice his appeal filed in the U.S. Court of Appeals for the Ninth Circuit. *See* Meet and Confer E-mail Exchange, Ex. A to Johnston Decl. Plaintiff responded by Plaintiff responded that he would consider dismissing with prejudice his appeal in exchange for $6,000.00. *Id*. Thus, it is painfully clear that Plaintiff's pursuit of litigation against Menzies is nothing more than an effort to harass Menzies into paying Plaintiff more money than what the parties agreed to in their settlement agreement.

Plaintiff's misuse of the judicial system here should not be condoned and Menzies requests that this Court award Menzies the attorney's fees it has incurred in bringing Menzies'

motions to dismiss Plaintiff's FAC and SAC. *See* Johnston Decl., at ¶¶ 2-8.

## II.

## PLAINTIFF SHOULD BE REQUIRED TO PAY THE ENTIRETY OF MENZIES' ATTORNEYS' FEES INCURRED IN BRINGING MOTIONS TO DISMISS PLAINTIFF'S FAC AND SAC BECAUSE MENZIES SPENT A REASONABLE NUMBER OF HOURS AT A REASONABLE RATE AND ACHIEVED EXCELLENT RESULTS

To determine the amount awarded, courts routinely use the "lodestar method," under which the lodestar figure is calculated by multiplying the number of hours the prevailing party's attorneys reasonably expended by a reasonable hourly rate. *See Charlebois v. Angels Baseball LP*, 993 F. Supp. 2d 1109, 1115–18 (C.D. Cal. 2012). Once the lodestar figure is calculated, that figure is presumed to represent an appropriate fee. *Id.* at 1115. District courts applying California law may adjust the lodestar figure upward or downward by considering "the nature and difficulty of the litigation, the amount of money involved, the skill required and employed to handle the case, the attention given, the success or failure, and other circumstances in the case." *Simmonds v. Wells Fargo Bank*, No. SACV18-01280-JVS-JDEx, 2019 WL 856862, at *2 (C.D. Cal., Jan. 22, 2019) (internal citation omitted).

Here, Menzies spent a reasonable number of hours in defending against Plaintiff's bad faith claims, because Menzies was required to fully brief two motions to dismiss. As explained above, Plaintiff brought his SAC only after Menzies' motion to dismiss his FAC was completely briefed on both sides in order to avoid dismissal. As a direct result of Plaintiff's actions in bringing his SAC after both parties completed briefing on Menzies' motion to dismiss Plaintiff's FAC, counsel for Menzies spent a duplicate number of hours moving to dismiss Plaintiff's claims against Menzies.

In total, Menzies spent approximately 95 hours which included: reviewing Plaintiff's FAC and SAC; conducting research of Plaintiff's other lawsuits evidencing his vexatious propensity; conducting legal research, drafting, and revising Menzies' motions to dismiss

Plaintiff's FAC and SAC; reviewing Plaintiff's oppositions to Menzies' motions to dismiss Plaintiff's FAC and SAC; conducting legal research, drafting, and revising Menzies' reply in support of its motions to dismiss Plaintiff's FAC and SAC. *See* Johnston Decl., at ¶¶ 2-3, 6-7. The associate attorney and partner who completed these tasks bill at a reasonable rate for an attorney at their levels of skill and experience. *Id*. at ¶ 4.

Moreover, the Ninth Circuit has held that "[i]f the court concludes the prevailing party achieved 'excellent results,' it may permit a full fee award—that is, the entirety of those hours reasonably expended on both the prevailing and unsuccessful but related claims." *Ibrahim v. U.S. Dep't of Homeland Sec.*, 912 F.3d 1147, 1172 (9th Cir. 2019). Here, Menzies' attorney's fees should be paid in their entirety because Menzies was the prevailing party in dismissing all of Plaintiff's claims on the merits, and this Court granted Menzies' Motion to Dismiss Plaintiff's SAC nearly in its entirety, save for Menzies request for attorneys' fees which the Court advised Menzies may separately request pursuant to Civil Local Rule 54-5. *See* Order Granting Menzies' Motion to Dismiss Plaintiff's SAC, ECF No. 44. Thus, this Court should consider Menzies' to have achieved excellent results, permitting a full fee award.

**CONCLUSION**

For the reasons stated above, Menzies respectfully requests that this Court impose sanctions against Plaintiff in the form of paying Menzies' attorneys' fees pursuant to Federal Rule of Civil Procedure 11, Ninth Circuit common law, and Civil Local Rule 54-5.

Dated: March 11, 2025                                         CONDON & FORSYTH LLP

By: */s/Jennifer J. Johnston*
    JENNIFER J. JOHNSTON
    JUSTIN M. SCHMIDT
    CHRISTINA V. FERREIRO
    Attorneys for Defendant
    MENZIES AVIATION (USA) INC.