# EXHIBIT A

| | |
|---|---|
| **From:** | Jennifer Johnston |
| **Sent:** | Thursday, March 6, 2025 12:20 PM |
| **To:** | Frederick Cooley |
| **Cc:** | Justin Schmidt; Christina Ferreiro |
| **Subject:** | RE: Frederick Marc Cooley v. Menzies Aviation (USA) Inc., et al., U.S. Dist. Court Northern Dist. of Calif., Case No. 3:24-cv-01437-AMO |
| **Attachments:** | Decl. of Jennifer J. Johnston ISO Def. Menzies Aviation (USA) Inc.'s Mot. to Dismiss Pltff's 2nd Amd. Complaint Per Rule(b)(6) of FRCP.pdf |

Dear Mr. Cooley,

Thank you for your response to Menzies' meet and confer e-mail which was sent in an attempt to resolve the disputed issues related to Menzies' attorney's fees as required by Civil Local Rule 54-5(a).  Based upon your response, it does not appear that the parties will be able to resolve these issues and Menzies will be required to file its motion for award of attorney's fees.

Your e-mail suggests that in order to meet and confer, Menzies was required to provide you with the declaration in support of the motion for award of attorney's fees required by Civil Local Rule 54-5(b).  Civil Local Rule 54-5(a), however, merely states that, "Counsel for the respective parties must meet and confer for the purpose of resolving all disputed issues relating to attorney's fees before making a motion for award of attorney's fees."  We also remind you that Menzies' motion to dismiss was supported by a declaration from Menzies' counsel that contains information required by Civil Local Rule 54-5(b). (See attached.)  Menzies will be submitting a similar declaration with its motion for award of attorney's fees.

Lastly, Menzies' rejects your demand for $6,000 in return for a dismissal of your appeal.

Very truly yours,


Jennifer J. Johnston



Jennifer J. Johnston
Partner

Condon & Forsyth LLP
1901 Avenue of the Stars, Suite 1050  /  Los Angeles, CA 90067 Direct 310.407.2351 Main 310.557.2030  /  Fax 310.557.1299 condonlaw.com


*********************************************
NOTICE: This message is intended only for use by the named addressee and may contain privileged and/or confidential information. If you are not the named addressee you should not disseminate, copy or take any action in reliance on it. If you have received this message in error please notify info@condonlaw.com and delete this message and any attachments accompanying it immediately.  Thank you.

-----Original Message-----
From: Frederick Cooley <cooleyfrederickm@gmail.com>

1

Sent: Wednesday, March 5, 2025 1:46 AM
To: Jennifer Johnston <JJohnston@condonlaw.com>
Subject: Re: Frederick Marc Cooley v. Menzies Aviation (USA) Inc., et al., U.S. Dist. Court Northern Dist. of Calif., Case No. 3:24-cv-01437-AMO

CAUTION: External email


You could not truly be seeking to meet and confer in good faith and mention $30,000 in attorney fees. As you know I am pending appeal and I am currently preparing my opening brief. Pursuant to local rule 54-5
(b) states in relevant part the application for attorney fees must be accompanied with:

(1)     A statement of the services rendered by each person for
whose services fees are claimed, together with a summary of the time spent by each person, and a statement describing the manner in which time records were maintained. Depending on the circumstances, the Court may require production of an abstract of or the contemporary time records for inspection, including in camera inspection, as the Judge deems appropriate; and

(2)     A brief description of relevant qualifications and
experience and a statement of the customary hourly charges of each such person or of comparable prevailing hourly rates or other indication of value of the services.I

In order for me to effectively meet and confer with you in an attempt to resolve disputes I would need the same information that the court requires.The Ninth Circuit has "repeatedly cautioned that district courts should not engage in post hoc reasoning, awarding fees simply because a plaintiff did not ultimately prevail." Kohler v. Bed Bath & Beyond of Cal., LLC, (2015) 780 F.3d 1260. Fees may be awarded to a prevailing defendant only when "the plaintiff's action was frivolous, unreasonable, or without foundation." Kohler Id. Your attorney fee motion does not look strong to me. You will have to show me something I don't see.

As for my appeal I will dismiss it in exchange for $6000. I will need to know your position because I am preparing my opening brief.

On Tue, Mar 4, 2025 at 3:32 PM Jennifer Johnston <JJohnston@condonlaw.com> wrote:
>
> Dear Mr. Cooley,
>
>
>
> We are writing pursuant to Civil Local Rule 54-5(a) of the Civil Rules of the U.S. District Court for the Northern District of California to meet and confer for the purpose of resolving all disputed issues relating to Menzies' attorney's fees before making a Motion for Attorney's Fees.
>
>
>
> As you know, on February 25, 2025, U.S. District Court Judge Araceli Martinez-Olguin granted Menzies Aviation (USA) Inc.'s, motion to dismiss plaintiff's second amended complaint.  The order granting Menzies' motion states that defendants may file their request for attorney's fees in compliance with Civil Local Rule 54-5.  On February 25, 2025, the court also signed a judgement in favor of Menzies.  Menzies, therefore, will be filing a Motion for Attorney's Fees pursuant to Civil Local Rule 54-5.  In its motion, Menzies will be requesting an award of attorney's fees in the sum of $30,425 for fees incurred in bringing its motions to dismiss plaintiff's first and second amended complaints.
>
>

>
> Before making the motion, we are writing on behalf of Menzies in an attempt to resolve the disputed issues related to the attorney's fees.  In a good faith effort to resolve this issue and avoid the expenditure of additional fees and costs, Menzies will agree to waive its right to seek attorney's fees in return for your agreement to dismiss with prejudice your appeal filed in the U.S. Court of Appeals for the Ninth Circuit.  Menzies' offer is contingent upon you signing by March 6, 2025, a release, in a form acceptable to Menzies, agreeing to dismiss with prejudice your appeal in return for Menzies' waiver of its right to seek attorney's fees and upon your filing also by March 6, 2025, a dismissal with prejudice of your appeal in the Ninth Circuit.
>
>
>
> Please let us know if you are amenable to reaching this resolution of the disputed issues related to Menzies' attorney's fees by no later than March 5, 2025, so that we may send you a release.  If we do not hear from you by March 5, 2025, we will assume that you are not interested in this resolution and we will proceed with filing Menzies' Motion for Attorney's Fees.
>
>
>
> Thank you.
>
>
>
> Jennifer Johnston
>
>
>
> Jennifer J. Johnston
> Partner
>
>
> Condon & Forsyth LLP
> 1901 Avenue of the Stars, Suite 1050  /  Los Angeles, CA 90067 Direct
> 310.407.2351 Main 310.557.2030  /  Fax 310.557.1299 condonlaw.com
>
> **********************************************
> NOTICE: This message is intended only for use by the named addressee and may contain privileged and/or confidential information. If you are not the named addressee you should not disseminate, copy or take any action in reliance on it. If you have received this message in error please notify info@condonlaw.com and delete this message and any attachments accompanying it immediately.  Thank you.
>
>