UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| FREDERICK MARC COOLEY, | Case No. 24-cv-01437-AMO |
|---|---|
| Plaintiff, | **ORDER DENYING MOTION FOR SANCTIONS AND ATTORNEYS' FEES** |
| v. | |
| AMER SM ASIF, et al., | Re: Dkt. No. 48 |
| Defendants. | |

On February 25, 2025, the Court dismissed the above-captioned case with prejudice. Order Granting Motion to Dismiss ("Order") (Dkt. No. 44). In the Order, the Court permitted Defendants to "file their request for attorney's fees in compliance with Civil Local Rule 54-5." *Id.* at 7. On March 11, 2025, Defendant Menzies Aviation (USA) Inc. filed a motion for sanctions and attorneys' fees, with a supporting declaration of Jennifer J. Johnston. Motion for Sanctions and Attorneys' Fees ("Mot.") (Dkt. No. 48); Declaration of Jennifer J. Johnston in Support of Motion for Sanctions and Attorneys' Fees ("Johnston Decl.") (Dkt. No. 49). Pro se Plaintiff Frederick Marc Cooley filed an opposition on March 25, 2025. Opposition to Motion for Sanctions and Attorneys' Fees (Dkt. No. 51). Menzies' reply followed on March 31, 2025. Reply in Support of Motion for Sanctions and Attorneys' Fees ("Reply") (Dkt. No. 53). Having reviewed the parties' submissions, the Court finds that Menzies' motion does not comply with Civil Local Rule 54-5 and denies it on this basis.

Civil Local Rule 54-5 requires, in pertinent part:

> Form of Motion. Unless otherwise ordered, the motion for attorney fees must be supported by declarations or affidavits containing the following information:

>>(1) A statement that counsel have met and conferred for the purpose of attempting to resolve any disputes with respect to the motion or a statement that no conference was held, with certification that the applying attorney made a good faith effort to arrange such a conference, setting forth the reason the conference was not held; and
>
>>(2) A statement of the services rendered by each person for whose services fees are claimed, together with a summary of the time spent by each person, and a statement describing the manner in which time records were maintained. Depending on the circumstances, the Court may require production of an abstract of or the contemporary time records for inspection, including in camera inspection, as the Judge deems appropriate; and
>
>>(3) A brief description of relevant qualifications and experience and a statement of the customary hourly charges of each such person or of comparable prevailing hourly rates or other indication of value of the services.

Civil Local Rule 54-5(b). This "local rule govern[s] the form of attorney fee motions." *Edwards v. Marin Park, Inc.*, 91 F. App'x 14, 16 (9th Cir. 2004). It "essentially requires that a party seeking fees submit the information required for a proper lodestar calculation . . . ." *Id.* (citation omitted).

The Johnston Declaration Menzies offers in support of its fee motion falls short of this standard. Johnston generally declares that "Ms. Ferreiro has spent in excess of 65 hours conducting legal research and drafting the motion and supporting papers for both motions," and she has "spent in excess of 30 hours instructing Ms. Ferreiro and reviewing and revising the motion and supporting papers for both motions, reviewing plaintiff's opposition to the first motion and assisting in the research and review of other lawsuits." Johnston Decl. ¶ 6. According to Johnston, "Ms. Ferreiro has billed in excess of $15,275 in fees in connection with the drafting of both motions and supporting papers," and Johnston has "billed in excess of $15,150 in fees in connection with the review of both motions and supporting papers and other associated tasks." *Id.* ¶ 7. These statements do not provide "a statement of the services rendered by each person" or "a summary of the time spent by each person" in a manner required for a proper lodestar calculation. The declaration also fails to provide either attorney's "relevant qualifications and experience."

1  Denial of the instant motion is therefore warranted for failure to comply with Civil Local Rule 54-
2  5.
3        Denial of the motion is additionally warranted because, in light of the limited information
4  provided, the number of hours spent, more than 95, for a total of $30,425.00 in fees as claimed in
5  the Johnston Declaration is unreasonable on its face in light of the nature of the motion to dismiss
6  briefing submitted in this case and reflects no exercise of reasonable billing judgment.  Menzies'
7  assertion, in reply, that "if th[e] Court requires further evidence, Menzies' counsel can provide the
8  Court with its internal time records or billing invoices for an *in camera* review[,]" Reply at 6, is
9  not well-taken, as the Court put Menzies on notice that any motion for fees was to be submitted in
10 compliance with the governing local rule.  *See* Order at 7.
11       For these reasons, Menzies' motion for sanctions and attorneys' fees is **DENIED**.
12       **IT IS SO ORDERED.**
13 Dated: October 14, 2025

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**